UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                    MDL NO.  2740
       PRODUCTS LIABILITY
       LITIGATION
                                   SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 1

      The cases listed on Attachment A may merit special attention as complex litigation.

Accordingly, the Court enters the following Order.

1.    **Scope of Order:**    This Order governs the practice and procedures in the actions

transferred to this Court by order of the Judicial Panel on Multidistrict Litigation dated October

4, 2016 and related actions filed in the Eastern District of Louisiana.  *See* Attachment A hereto

(listing transferred actions and related actions filed in this District).   Any related action later

filed in, removed to, or transferred to this Court also shall be subject to this Order.

2.    **Transmission of Records:**  Upon receipt of an electronically certified copy of a Panel

transfer order from the clerk of this Court (the transferee district), the clerk of the transferor

district shall transmit electronically (in PDF form) to the clerk of this Court a certified copy of

only (1) the docket sheet; and (2) the complaint, together with any amendments thereto.  This

shall satisfy the clerk of the transferor court's obligation to transmit the record pursuant to Rule

9.1(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and the

transferred action may be closed in the transferor district.

3.      **Consolidation:**      The cases listed on Attachment A are hereby consolidated for

pretrial purposes.  Related actions later filed in, removed to, or transferred to this Court will be

consolidated automatically with this action without the need of further motions or orders.  This

consolidation does not constitute a determination that the actions should be consolidated for trial,

nor does it have the effect of making any entity a party to any action in which he, she or it has

not been named, served or added in accordance with the Federal Rules of Civil Procedure.

4.      **Initial Conference:**      A conference shall be held in these proceedings on **Thursday,**

**November 10, 2016** at **10:00 a.m.** in Courtroom C351, United States Courthouse, 500 Poydras

Street, New Orleans, Louisiana 70130.

     **(a) Appearance at Initial Conference:**      Attendance at the initial conference will not

waive objections to jurisdiction, venue, or service. To minimize costs and facilitate a

manageable conference, parties with similar interests may designate an attending attorney

to represent their interests at the conference. Doing so will not preclude a party from

personally participating or selecting other representation in the future. However, parties

must inform the Court of any such designation no later than **Monday, November 7, 2016**

at **10:00 a.m. CST** via email to efile-Engelhardt@laed.uscourts.gov.

     **(b) Purposes and Agenda:**  The conference will be held for the purposes specified in

Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f).   A tentative agenda is set forth in

Attachment C.

     **(c) Preparations for Conference:**

        **(i)    Procedures for Complex Litigation:**  Counsel are expected to

            familiarize themselves with the *Manual for Complex Litigation, Fourth*

and to be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(ii) **Initial Conference of Counsel:**   Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) that contains expert discovery deadlines, and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of class action allegations, and motions under Rules 12, 23 and 56.  If the parties wish to suggest additions to the agenda and/or provisions for a case management order, they shall submit them by **5:00 p.m. on Wednesday, November 2, 2016**  via email to efile-Engelhardt@laed.uscourts.gov.

(iii) **Preliminary Reports:**   Counsel for the plaintiffs and the defendants shall separately submit to the Court by **noon on Wednesday,  November 2,  2016**  (via email to efile-Engelhardt@laed.uscourts.gov) a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.  These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings.  The statements shall list all motions pending as of the date of this Order, as well as all related cases pending in state or federal court and their current status.  The parties are limited to one submission for all plaintiffs and one such submission for all defendants.

3

**5.**   **Service List:**   Until the initial conference, service of all papers, including this Order, shall be upon the persons shown on Attachment B, which consists of counsel who made appearances before the Judicial Panel on Multidistrict Litigation and other counsel who were served with papers filed with the Panel.  Counsel on this list are requested to forward a copy of the Order to other attorneys who should be notified of the matters herein.   The parties shall prepare a corrected service list at the initial conference, which shall include street and e-mail addresses of counsel, as well as telephone and fax numbers.

**6.**   **Admission of Counsel:**   Attorneys admitted to practice and in good standing in any United States District Court are hereby admitted *pro hac vice* in this litigation.  Association of local co-counsel is not required.

**7.**   **Master Docket File:**   Any pleading or document that is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court.  The Clerk of this Court will maintain a master docket case file under the style "In Re:  Taxotere, Products Liability Litigation" and the identification "MDL No. 2740."   When a pleading is intended to be applicable to all of the actions, this shall be indicated by the words:  "This Document Relates to All Cases."  When a pleading is intended to apply to fewer than all of the cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates To."

  **(a)**   **Filing.**   All documents filed in this Court, after those initiating a new case, must be filed electronically pursuant to Local Rule 5.1 and this Court's Administrative Procedures for Electronic Filing.   Attorneys may register for electronic filing at www.laed.uscourts.gov/cmecf/cm_ecf_training.htm.   An attorney who, due to

exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption.  The application shall be in writing, filed with the Clerk of the Court, and shall state the reason for the attorney's inability to comply.  The Clerk of the Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be kept in the master file.

**(b)** **Docketing New Cases.**  When an action that properly belongs in *In Re:  Taxotere, Products Liability Litigation* is hereafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

> **(i)**    File a copy of this Order in the separate file for such action;
>
> **(ii)**   Make an appropriate entry on the master docket sheet;
>
> **(iii)**  Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;
>
> **(iv)**   Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

**8.**    **Extension of Time:**   The defendants are hereby granted an extension of time to respond to the complaints by motion or by answer, until a date to be set following the initial conference.

**9.**    **Pending and New Discovery.**    Pending the initial conference, all outstanding disclosure and discovery requirements are hereby stayed, and no further discovery shall be initiated.  This Order does not preclude voluntary, informal discovery regarding the identification

5

and location of relevant documents and witnesses, nor does it prevent a party from voluntarily making disclosures or responding to an outstanding discovery request under Federal Rules of Civil Procedure 33, 34, or 36.

**10.     Pending Motions:**     Regarding pending motions in cases transferred or removed to this MDL from another court, such motions must be re-filed in the master docket in order to receive consideration by this Court.  Regarding pending motions in cases filed in this District, such motions are hereby denied without prejudice.   Such motions must be re-filed in the master docket in order to receive consideration.   Re-filing of all such motions (in both transferred and E.D. La. cases) shall be done <u>after</u> the initial conference and pursuant to the scheduling order to be entered by the Court.

**11.     Orders of Transferor Courts:**     All orders by transferor courts that impose dates for hearings, pleadings, discovery, or conferences are hereby vacated.

**12.     Preservation of Evidence:**     All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.   "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers,

6

check statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.   Preservation includes the obligation not to alter any such thing as to its form, content or manner of filing.   Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph.  Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any devices, tangible things, documents, and other records that are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved.  If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

**13.**    **<u>Discovery Shall Not Be Filed</u>.**        Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses shall not be filed with the Clerk or sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

14.   **Motions to Certify Class**:     The Court is unaware of any class action allegations asserted in the transferred actions.   Nevertheless, the time limit for filing a motion for class certification set forth in Local Rule 23.1(B) is hereby suspended pending entry of a scheduling order following the initial conference.

15.   **Liaison Counsel**:       The Court will appoint a liaison counsel for plaintiffs and for defendants, respectively, who will be charged with essentially administrative functions.  By **9:00 a.m. on Tuesday, October 25, 2016**, counsel for the plaintiffs and counsel for defendants shall confer (plaintiffs' counsel amongst themselves, defense counsel amongst themselves) and seek consensus regarding the nomination of candidates for liaison counsel for each group. Nominations for liaison counsel shall be submitted to the Court no later than **9:00 a.m. on Thursday, October 27,  2016**  (via email to efile-Engelhardt@laed.uscourts.gov), with notice to all counsel named in Attachment B (or an updated service list if one has been prepared). Appointment of liaison counsel shall be made by the Court after full consideration of the nominations; the Court shall <u>not</u> be limited to those nominated.

        Liaison counsel shall be authorized to receive orders and notices from the Court and from the Judicial Panel on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks set by the Court.  Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request.  The expenses incurred in performing the services of liaison counsel shall be shared by all members of the liaison group in a manner agreeable to the parties or as set by the Court failing such agreement.

16.      **Plaintiffs' Steering Committee.**      It is the Court's intent to appoint a Plaintiffs'

Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with

the defendants' representatives or committee.   Applications and nominations for PSC positions

must be filed electronically in the master docket no later than **5:00 p.m. on Monday, October**

**24, 2016**.  Notice must also be served upon all counsel named in Attachment B (or an updated

service list if one has been prepared).   The main criteria for membership on the PSC will be:

(a) willingness and availability to commit to a time-consuming project; (b) ability to work

cooperatively with others; (c) professional experience in this type of litigation; and (d)

willingness to commit the necessary resources to pursue this matter.   Applications and

nominations should succinctly address each of the above criteria, as well as any other relevant

matters, including any agreements among counsel bearing on service on committees or relating

to fees or costs.  No submissions longer than four (4) pages will be considered.  The Court will

consider only attorneys who have filed a civil action that has been made part of this MDL.

Objections to the appointment of a proposed applicant or nominee will be considered

only if made in writing and electronically filed in the master docket by **5:00 p.m. on**

**Wednesday,  October 26,  2016**, with notice to all counsel named in Attachment B (or an

updated service list if one has been prepared).   Such objections, if there are any, must be short,

yet specific in nature, and must be supported by necessary documentation.

The PSC will have the following responsibilities:

(a)      **Discovery:**

**(i)**    Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all of the actions that are consolidated in this proceeding.

**(ii)**    Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

**(iii)**    Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues.  Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

**(iv)**    Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.  No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings.  Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

**(b)**    <u>**Hearings and Meetings**</u>**:**

**(i)**    Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court.

10

**(ii)**   Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

**(iii)**   Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

**(c)**   <u>**Miscellaneous**</u>**:**

**(i)**   Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

**(ii)**   Submit and argue any motions presented to the Court or Magistrate Judge on behalf of the PSC, as well as oppose, when necessary, any motions submitted by the defendants or other parties that involve matters within the sphere of the responsibilities of the PSC.

**(iii)**   Negotiate and enter into stipulations with Defendants regarding this litigation.  All of the stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted to the Court for approval and will not be binding until the Court has ratified the stipulation.  Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he/she knows or should have reasonably become aware of the stipulation.  Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

11

12

**(iv)**    Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

**(v)**    Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

**(vi)**    Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiff's Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys.

**(vii)**    Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

**(viii)**    Perform such other functions as may be expressly authorized by further orders of this Court.

**(ix)**    Reimbursement for costs and/or fees for services will be set at a time and in a manner to be set by the Court.

**(d)**  <u>**Common Benefit Fees and Expenses:**</u>  Forthwith following appointment of the PSC, it shall formulate and submit to the Court for approval proposed rules and procedures for governing eligibility, record-keeping, submission, and reimbursement of costs and fees incurred for the common benefit of all plaintiffs.

**17.**  <u>**Website.**</u>  A website for MDL 2740 has been created and can be accessed by going to http://www.laed.uscourts.gov/case-information/mdl-mass-class-action/taxotere or by going to this Court's website located at www.laed.uscourts.gov and clicking on the tab labeled "Mass

13

Litigation." The website will contain orders, a calendar of upcoming events, and other relevant information.

**18.** __Communication with the Court__:    Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel.

**19.** __Professionalism__:    The attorneys listed on Attachment B are highly expert professionals who are known for their ability to work with other counsel in a collegial manner. This type of litigation places a premium on these qualities and requires counsel to fulfill their obligations as advocates in a manner that will maintain positive working relationships with fellow counsel and the Court.   The Court expects, indeed demands, that professionalism and courteous cooperation permeate this proceeding throughout.  The Court expects that this objective will be achieved without judicial intervention.   Those who fail to comport shall be subject to sanction, or disqualification from participation in these proceedings.

**20.** __Cell Phone Policy__:    The following items are strictly prohibited from entry into the courtroom or the conference room of the undersigned:    (1) any portable communication device, including any and all cellular devices (e.g., cell phones, smartphones, personal digital assistants, BlackBerrys, iPhones, Droids, etc.); (2) all ear piece devices (such as Bluetooth); (3) all laptop computers and tablet devices (such as iPads, etc.); (4) any digital or other video camera or recorder; and (5) any other similarly functioning device.   Upon arrival, counsel shall turn in all such devices to Susan Adams, judicial assistant in Section "N", and may retrieve them upon completing business in Section "N."

14

The only exception to the above provision shall be that counsel of record (or their assistants) who are seated at counsel tables (not in the public gallery) may use laptop computers or tablet-type devices provided that the device (1) shall be used strictly and solely as an aid to the proceeding being conducted by the undersigned and (2) shall not access or be accessed by or connected to the internet, any cellular network, broad band, Wifi, or any other outside network designed to transmit or receive messages, sounds, or visual images.

Any person possessing or using a prohibited device in violation of the above paragraphs shall be subject to (1) monetary sanction and (2) expulsion and permanent prohibition from entry into the courtroom or conference room for the duration of the proceeding, both in addition to having such device confiscated and retained by the Court until the proceeding is complete.

New Orleans, Louisiana, this 13th day of October, 2016.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

## ATTACHMENT A

MDL No. 2740

IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION

### Central District of California

COLLINS v. SANOFI S.A., ET AL., C.A. No. 2:16-05418

### Northern District of California

DODSON v. SANOFI S.A., ET AL., C.A. No. 4:16-01251

### District of Colorado

GAHAN v. SANOFI S.A., ET AL., C.A. No. 1:15-02777

LEITH v. SANOFI S.A., ET AL., C.A. No. 1:16-00741

### Northern District of Illinois

SPANN v. SANOFI S.A., ET AL., C.A. No. 1:16-03038

PISTONE v. SANOFI S.A., ET AL., C.A. No. 1:16-04028

TRAYLOR v. SANOFI S.A., ET AL., C.A. No. 1:16-05651

JOHNSON v. SANOFI-AVENTIS U.S. LLC, ET AL., C.A. No. 1:16-06754

WYSOCKI v. SANOFI S.A., ET AL., C.A. No. 1:16-07059

### Southern District of Illinois

CHASE v. SANOFI S.A., ET AL., C.A. No. 3:16-00588

DALTON v. SANOFI S.A., ET AL., C.A. No. 3:16-00718

KOONTZ v. SANOFI S.A., ET AL., C.A. No. 3:16-00805

### District of Kansas

DETRIXHE v. SANOFI S.A., ET AL., C.A. No. 2:16-02250

**Eastern District of Louisiana**

BEMISS v. SANOFI S.A., ET AL., C.A. No. 2:16-06425

SMITH v. SANOFI S.A., ET AL., C.A. No. 2:16-07794

WEBB v. SANOFI S.A., ET AL., C.A. No. 2:16-10763

WALTER v. SANOFI S.A., ET AL., C.A. No. 2:16-12706

SMITH v. SANOFI S.A., ET AL., C.A. No. 2:16-12943

**Middle District of Louisiana**

BURNEY v. SANOFI S.A., ET AL., C.A. No. 3:16-00388

**District of Minnesota**

TOUCHI-PETERS v. SANOFI S.A., ET AL., C.A. No. 0:16-02464

**Southern District of Mississippi**

JONES v. SANOFI S.A., ET AL., C.A. No. 3:16-00288

CARPENTER v. SANOFI S.A., ET AL., C.A. No. 3:16-00289

CHASE v. SANOFI S.A., ET AL., C.A. No. 3:16-00404

TOLEFREE v. SANOFI S.A., ET AL., C.A. No. 3:16-00412

GRINES v. SANOFI S.A., ET AL., C.A. No. 3:16-00488

**Western District of North Carolina**

MOTTOLA v. SANOFI S.A., ET AL., C.A. No. 3:16-00255

WOOD v. SANOFI S.A., ET AL., C.A. No. 3:16-00261

**Northern District of Ohio**

CARSON v. SANOFI S.A., ET AL., C.A. No. 1:16-00165

**District of South Carolina**

MEYERS v. SANOFI SA, ET AL., C.A. No. 3:16-02536

CLINKSCALES v. SANOFI SA, ET AL., C.A. No. 6:16-02376

**Eastern District of Tennessee**

ADAMS v. SANOFI-AVENTIS, S.A., ET AL., C.A. No. 3:16-00365

**Northern District of Texas**

FREE v. SANOFI S.A., ET AL., C.A. No. 2:16-00074

**Western District of Texas**

GORNIAK v. SANOFI S.A., ET AL., C.A. No. 1:16-00637

ATTACHMENT B

IN RE:TAXOTERE(DOCETAXEL)                    MDL DOCKET NO. 2740
PRODUCTS LIABILITY LITIGATION               SECTION  N(5)

## SERVICE LIST

| | CASE | JURISDICTION | CASE NO. | COUNSEL |
|---|---|---|---|---|
| 1. | *Collins, Valesta v. Sanofi, SA, et al* | Central District of California | 2:16-cv-05418 | **Plaintiff**<br>Karen Barth Menzies<br>kbm@classlawgroup.com<br>Gibbs Law Group LLP<br>400 Continental Blvd, 6th Floor<br>El Segundo, CA  90245<br>(510) 350-9240<br><br>Eric H. Gibbs<br>ehg@classlawgroup.com<br>Amy M. Zeman<br>amz@classlawgroup.com<br>Gibbs Law Group LLP<br>505 14th Street, Suite 1110<br>Oakland, CA  94612<br><br>Normal E. Siegel<br>siegel@stuevesiegel.com<br>Todd Hilton<br>hilton@stuevesiegel.com<br>Lisa Joyce<br>joyce@stuevesiegel.com<br>Abby McClelland<br>mcclellan@stuevesiegel.com<br>Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO  64112<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 2. | *Dodson, Ami v. Sanofi, SA, et al* | Northern District of California | 4:16-cv-01251 | **Plaintiff**<br>Anna Dubrovsky<br>anna@dubrovskylawyers.com<br>Anna Dubrovsky Law Group, Inc.<br>601 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 746-1477<br><br>Darin Lee Schanker<br>dschanker@coloradolaw.net<br>Jere Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker  LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 3. | *Gahan, Kelly v. Sanofi, SA, et al* | District of<br><br>Colorado | 1:15-cv-02777 | **Plaintiff**<br><br>Jere Kyle Bachus<br>kyle.bachus@coloradolaw.net<br>Darin Lee Schanker<br>dschanker@coloradolaw.net<br>Bachus & Schanker, LLC-Denver<br>1899 Wynkoop Street, Suite 700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 4. | *Leith, Melissa F. v. Sanofi, SA, et al.* | District of Colorado | 1:16-cv-00741 | **Plaintiff**<br>Jere Kyle Bachus<br>kyle.bachus@coloradolaw.net<br>John Christopher Elliott<br>celliott@coloradolaw.net<br>Darin Lee Schanker<br>dschanker@coloradolaw.net<br>Bachus & Schanker, LLC-Denver<br>1899 Wynkoop Street, Suite 700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 5. | *Wysocki, Theresa v. Sanofi SA, et al.* | Northern District of Illinois | 1:16-cv-07059 | **Plaintiff** Peter J. Flowers pjf@meyers-flowers.com Brian J. Perkins bjp@meyers-flowers.com Kimberly Brancato kb@meyers-flowers.com Frank V. Cesarone fvc@meyers-flowers.com Meyers & Flowers, LLC 3 North Second Street , Suite 300 St. Charles, IL 60174 (630) 232-6333 **Defendant** Jon Strongman jstrongman@shb.com Eric Anthony Swan eswan@shb.com Harley Victor Ratliff hratliff@shb.com Shook, Hardy & Bacon LLP 2555 Grand Blvd. Kansas City, MO 64108 816-474-6550 Fax: (816) 421-5547 |
| 6. | *Johnson, Renita v. Sanofi, SA., et al.* | Northern District of Illinois | 1:16-cv-06754 | **Plaintiff** Michelle L. Kranz michelle@toledolaw.com Zoll & Kranz, LLC 6620 W. Central Ave., Suite 100 Toledo, OH 43617 (419) 841-9623 **Defendant** No Attorney Appearance |

| 7. | *Pistone, Christine v. Sanofi, SA, et al.* | Northern District of Illinois | 1:16-cv-04028 | **Plaintiff**<br>Peter J. Flowers<br>pjf@meyers-flowers.com<br>Meyers & Flowers, LLC<br>3 North Second Street , Suite 300<br>St. Charles, IL 60174<br>(630) 232-6333<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 8. | *Spann, Erma v. Sanofi, SA, et al.* | Northern District of Illinois | 1:16-cv-03038 | **Plaintiff**<br>David M. Hundley<br>dmh@hundleylaw.com<br>Hundley Law Group<br>1620 W. Chicago Ave., Ste 307<br>Chicago, IL 60622<br>(312) 212-3343<br><br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>Nicholas Ryan Rockforte<br>nrockforte@pbclawfirm.com<br>Pendley, Baudin & Coffin, LLP<br>24110 Eden Street, Drawer 71<br>Plaquemine, LA   70765<br>(225) 687-6396<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 9. | *Traylor, Linda v. Sanofi, SA, et al* | Northern District of Illinois | 1:16-cv-05651 | **Plaintiff**<br>David M. Hundley<br>dmh@hundleylaw.com<br>Pendley, Baudin & Coffin, LLP<br>1620 W. Chicago Ave., Ste 307<br>Chicago, IL 60622<br>(312) 212-3343<br><br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>Pendley, Baudin & Coffin, LLP<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br>(504) 355-0086<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |
| 10. | *Chase, Mary Renee v. Sanofi, SA, et al* | Southern District of Illinois | 3:16-cv-00588 | **Plaintiff**<br>Trent Miracle<br>tmiracle@simmonsfirm.com<br>Simmons Hanly Conroy<br>One Court Street<br>Alton, IL 62002<br>(618) 259-2222<br><br>**Defendant**<br><br>No Attorney Appearance |

| 11. | *Dalton, Barbara v. Sanofi, SA, et al* | Southern District of Illinois | 3:16-cv-00718 | **Plaintiff**<br>Mark R. Niemeyer<br>niemeyer@ngklawfirm.com<br>Michael S. Kruse<br>kruse@ngklawfirm.com<br>Niemeyer, Grebel & Kruse LLC<br>10 S. Broadway, Suite 1125<br>St. Louis, MO 63102<br>(314) 241-1919<br><br>**Defendant**<br>Molly Leigh McIntosh Troutman Sanders LLP<br>301 S. College Street, Suite 3400<br>Charlotte, NC 28202<br>704-998-4074<br>Fax: 704-998-4051<br>molly.jagannathan@troutmansanders.com |
| 12. | *Koontz, Debra v. Sanofi, SA, et al* | Southern District of Illinois | 3:16-cv-00805 | **Plaintiff**<br>Mark R. Niemeyer<br>niemeyer@ngklawfirm.com<br>Michael S. Kruse<br>kruse@ngklawfirm.com<br>Niemeyer, Grebel & Kruse LLC<br>10 S. Broadway, Suite 1125<br>St. Louis, MO 63102<br>(314) 241-1919<br><br>**Defendant**<br>No Attorney Appearance |

| 13. | *Detrixhe, Karen v. Sanofi, SA, et al* | District of Kansas | 2:16-cv-02250 | **Plaintiff**<br><br>David D. Burkhead<br><br>david@burkheadlaw.com<br>The Law Office of David Burkhead<br>P.O. Box  23243<br>Overland Park, KS 66283<br>(913) 953-0464<br><br>Jere Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker  LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 14. | *Bemiss, Yvonne v. Sanofi SA, et al* | Eastern District of Louisiana | 2:16-cv-06425 | **Plaintiff**<br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>Jessica A. Perez<br>jperez@pbclawfirm.com<br>Nicholas Ryan Rockforte<br>nrockforte@pbclawfirm.com<br>Pendley, Baudin & Coffin, LLP<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br>(504) 355-0086<br><br>Andrew Allen Lemmon<br>andrew@lemmonlawfirm.com<br>Lemmon Law Firm<br>15058 River Rd.<br>PO Box 904<br>Hahnville, LA  70057<br>(985) 783-6789<br><br>Jere Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker  LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br>James B. Irwin , V<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br>Email: jirwin@irwinllc.com<br><br>Douglas J. Moore<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br><br>Kelly E. Brilleaux<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130 |
| --- | --- | --- | --- | --- |

| 15. | *Smith, Veronica A., v. Sanofi, SA, et al.* | Eastern District of Louisiana | 2:16-cv-12943 | **Plaintiff**<br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com Jessica A. Perez jperez@pbclawfirm.com<br>Nicholas Ryan Rockforte<br>nrockforte@pbclawfirm.com Pendley, Baudin & Coffin, LLP 1515 Poydras Street, Suite 1400 New Orleans, LA 70112<br>(504) 355-0086<br><br>Val Patrick Exnicios<br>vpexnicios@exnicioslaw.com Liska, Exnicios & Nungesser 1515 Poydras St. Suite 1400<br>New Orleans, LA 70112 (504) 410-9611<br><br>**Defendant**<br>James B. Irwin , V<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br>Email: jirwin@irwinllc.com<br><br>Douglas J. Moore<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br><br>Kelly E. Brilleaux<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br>Email: kbrilleaux@irwinllc.com |

| 16. | *Smith, Wanda v. Sanofi, SA, et al.* | Eastern District of Louisiana | 2:16-cv-07794 | **Plaintiff**<br><br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>Jessica A. Perez<br>jperez@pbclawfirm.com<br>Nicholas Ryan Rockforte<br>nrockforte@pbclawfirm.com<br>Pendley, Baudin & Coffin, LLP<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br>(504) 355-0086<br><br>Andrew Allen Lemmon<br>andrew@lemmonlawfirm.com<br>Lemmon Law Firm<br>15058 River Rd.<br>PO Box 904<br>Hahnville, LA 70057<br><br>Jere Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br><br>No Attorney Appearance |

| 17. | *Walter, Alma v. Sanofi SA, et al.* | Eastern District of Louisiana | 2:16-cv-12706 | **Plaintiff**<br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>Jessica A. Perez<br>jperez@pbclawfirm.com<br>Nicholas Ryan Rockforte<br>nrockforte@pbclawfirm.com<br>Pendley, Baudin & Coffin, LLP<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br>(504) 355-0086<br><br>Darin Lee Schanker<br>dschanker@coloradolaw.net<br>Jere Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker  LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br>James B. Irwin , V<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br>Email: jirwin@irwinllc.com<br><br>Douglas J. Moore<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br><br>Kelly E. Brilleaux<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br>Email: kbrilleaux@irwinllc.com |

| 18. | *Webb, Carol v. Sanofi, SA, et al.* | Eastern District of Louisiana | 2:16-cv-10763 | **Plaintiff**<br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>Jessica A. Perez<br>jperez@pbclawfirm.com<br>Nicholas Ryan Rockforte<br>nrockforte@pbclawfirm.com<br>Pendley, Baudin & Coffin, LLP<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br>(504) 355-0086<br><br>**Defendant**<br>James B. Irwin , V<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br>Email: jirwin@irwinllc.com<br><br>Douglas J. Moore<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br><br>Kelly E. Brilleaux<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br>Email: kbrilleaux@irwinllc.com |

| 19. | *Burney, Brenda v. Sanofi, SA, et al* | Middle District of Louisiana | 3:16-cv-00388 | **Plaintiff**<br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>Jessica A. Perez<br>jperez@pbclawfirm.com<br>Nicholas Ryan Rockforte<br>nrockforte@pbclawfirm.com<br>Pendley, Baudin & Coffin, LLP<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br>(504) 355-0086<br><br>**Defendant**<br>James B. Irwin , V<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br>Email: jirwin@irwinllc.com<br><br>Douglas J. Moore<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br><br>Kelly E. Brilleaux<br>Irwin Fritchie Urquhart & Moore, LLC<br>400 Poydras St.<br>Suite 2700<br>New Orleans, LA 70130<br>504-310-2100<br>Email: kbrilleaux@irwinllc.com |

| 20. | *Touchi-Peters, Karen v. Sanofi, SA, et al.* | District of Minnesota | 0:16-cv-02464 | **Plaintiff**<br>Timothy J. Becker<br>tbecker@johnsonbecker.com<br>Michael K. Johnson<br>mjohnson@johnsonbecker.com<br>Peter C. Snowdon<br>psnowdon@johnsonbecker.com<br>Johnson Becker, PLLC<br>33 South 6th Street, Suite 4530<br>Minneapolis, MN  55402<br>(612) 436-1800<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |
| 21. | *Carpenter, Homer v. Sanofi SA, et al* | Southern District of Mississippi | 3:16-cv-00289 | **Plaintiff**<br>Michael P. McGartland<br>mike@mcgartland.com<br>MCGARTLAND LAW FIRM, PLLC<br>1300 South University, Suite 500<br>Fort Worth, TX 76107<br>(817) 332-9300<br><br>**Defendant**<br>Mark J. Goldberg<br>COSMICH, SIMMONS & BROWN, PLLC - Jackson P. O. Box 22626<br>One Eastover Center<br>100 Vision Drive, Suite 200 (39211)<br>Jackson, MS 39225-2626<br>601/863-2100<br>Fax: 601/863-0078<br>Email: markgoldberg@cs-law.com |

| 22. | *Chase, Florine v. Sanofi SA, et al* | Southern District of Mississippi | 3:16-cv-00404 | **Plaintiff**<br>Michael P. McGartland<br>mike@mcgartland.com<br>MCGARTLAND LAW FIRM, PLLC<br>1300 South University, Suite 500<br>Fort Worth, TX 76107<br>(817) 332-9300<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |
|---|---|---|---|---|
| 23. | *Grines, Hattie B. v. Sanofi, SA, et al.* | Southern District of Mississippi | 3:16-cv-00488 | **Plaintiff**<br>Michael P. McGartland<br>mike@mcgartland.com<br>MCGARTLAND LAW FIRM, PLLC<br>1300 South University, Suite 500<br>Fort Worth, TX 76107<br>(817) 332-9300<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 24. | *Jones, Angela v. Sanofi, SA, et al.* | Southern District of Mississippi | 3:16-cv-00288 | **Plaintiff**<br>Michael P. McGartland<br>mike@mcgartland.com<br>MCGARTLAND LAW FIRM, PLLC<br>1300 South University, Suite 500<br>Fort Worth, TX 76107<br>(817) 332-9300<br><br>**Defendant**<br>Richard A. Brown<br>COSMICH, SIMMONS & BROWN, PLLC - Jackson P. O. Box 22626<br>One Eastover Center<br>100 Vision Drive, Suite 200 (39211)<br>Jackson, MS 39225-2626<br>601/863-2100<br>Fax: 601/863-0078 |
| --- | --- | --- | --- | --- |
| 25. | *Tolefree, Christine v. Sanofi, SA, et al.* | Southern District of Mississippi | 3:16-cv-00412 | **Plaintiff**<br>Michael P. McGartland<br>mike@mcgartland.com<br>MCGARTLAND LAW FIRM, PLLC<br>1300 South University, Suite 500<br>Fort Worth, TX 76107<br>(817) 332-9300<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 26. | *Mottola, Kathy v. Sanofi, SA, et al.* | Western District of North Carolina | 3:16-cv-00255 | **Plaintiff**<br>Daniel Kent Bryson<br>dan@wbmllp.com<br>Whitfield, Bryson & Mason, LLP<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>(919) 600-5000<br><br>Darin Lee Schanker<br>dschanker@coloradolaw.net Jere<br>Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br>Molly Leigh McIntosh<br>Troutman Sanders LLP<br>301 S. College Street, Suite 3400<br>Charlotte, NC 28202<br>704-998-4074<br>Fax: 704-998-4051<br>Molly.jagannathan@troutmansanders.com |

| 27. | *Wood, Delight v Sanofi, SA, et al.* | Western District of North Carolina | 3:16-cv-00261 | **Plaintiff**<br>Daniel Kent Bryson<br>dan@wbmllp.com<br>Whitfield, Bryson & Mason, LLP<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>(919) 600-5000<br><br>Darin Lee Schanker<br>dschanker@coloradolaw.net<br>Jere Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br>Molly Leigh McIntosh<br>Troutman Sanders LLP<br>301 S. College Street, Suite 3400<br>Charlotte, NC 28202<br>704-998-4074<br>Fax: 704-998-4051<br>Email:<br>molly.jagannathan@troutmansanders.com |
|-----|-----|-----|-----|-----|

| 28. | *Carson, Hattie* | Northern District of Ohio | 1:16-cv-00165 | **Plaintiff**<br>Ned C. Gold , Jr.<br>gold@neo-lawgroup.com<br>Thomas D. Lambros<br>tdlambros@gmail.com<br>Ford, Gold, Kovoor & Simon<br>8872 East Market Street Warren, OH 44484<br>(330) 856-6888<br><br>Jere Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br>(303) 893-9800<br>Fax: (303) 893-9900<br><br><br>**Defendant**<br>Joshua A. Klarfeld<br>Ulmer & Berne - Cleveland<br>1100 Skylight Office Tower<br>1660 West Second Street<br>Cleveland, OH 44113<br>216-583-7192<br>Fax: 216-583-7193<br>Email: jklarfeld@ulmer.com |

| 29. | *Clinkscales, Jennifer L. v. Sanofi, SA, et al* | District of South Carolina | 6:16-cv-02376 | **Plaintiff**<br><br>Elizabeth Middleton Burke<br>bburke@rpwb.com<br>Christiaan A Marcum<br>cmarcum@rpwb.com<br>H Blair Hahn bhahn@rpwb.com<br>Richardson, Patrick, Westbrook & Brickman, LLC<br>1037 Chuck Dawley Blvd, Bldg A.<br>PO Box 1007<br>Mt Pleasant, SC 29465 (843) 727-6500<br><br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>Pendley Baudin and Coffin<br>24110 Eden Street<br>Plaquemine, LA 70765<br><br>**Defendant**<br>Keith D Munson<br>Womble Carlyle Sandridge and Rice<br>PO Box 10208<br>Greenville, SC 29603<br>864-255-5400<br>Fax: 864-255-5440<br><br>Email: kmunson@wcsr.com |
| --- | --- | --- | --- | --- |

| 30. | *Meyers, Monica v. Sanofi, SA, et al.* | District of South Carolina | 3:16-cv-02536 | **Plaintiff**<br>Elizabeth Middleton Burke<br>bburke@rpwb.com<br>Christiaan A Marcum<br>cmarcum@rpwb.com<br>H Blair Hahn<br>bhahn@rpwb.com<br>Richardson, Patrick, Westbrook & Brickman, LLC<br>1037 Chuck Dawley Blvd, Bldg A. PO Box 1007<br>Mt Pleasant, SC 29465<br>(843) 727-6500<br>Jere Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br><br>(303) 893-9800<br><br><br>**Defendant**<br>No Attorney Appearance |

| 31. | *Adams, Christa v. Sanofi SA, et al* | Eastern District of Tennessee | 3:16-cv-00365 | **Plaintiff** Jere Kyle Bachus Kyle.bachus@coloradolaw.net Bachus and Schanker LLC 1899 Wynkoop Street, Suite700 Denver, CO 80202 (303) 893-9800 Jennifer K. O'Connell joconnell@easttennlaw.com Ogle, Elrod, & Baril PLLC 706 Walnut Street, Suite 700 Knoxville, TN 37902 (865) 546-1111 **Defendant** Crews Townsend Miller & Martin 832 Georgia Avenue Suite 1000, Volunteer Building Chattanooga, TN 37402-2289 Email: ctownsend@millermartin.com Meredith Corey Lee Miller & Martin, PLLC (Chattanooga) 832 Georgia Avenue 1200 Volunteer Building Chattanooga, TN 37402 423-785-8289 Email: meredith.lee@millermartin.com |
| --- | --- | --- | --- | --- |

| 32. | *Free Kinberly v. Sanofi, SA, et al.* | Northern District of Texas | 2:16-cv-00074 | **Plaintiff**<br>Gabriel A. Assaad<br>gassaad@kennedyhodges.com<br>Kennedy Hodges LLP<br>711 W Alabama St<br>Houston, TX 77006<br>(713) 523-0001<br><br>Jere Kyle Bachus<br>Kyle.bachus@coloradolaw.net<br>Bachus and Schanker LLC<br>1899 Wynkoop Street, Suite700<br>Denver, CO 80202<br>(303) 893-9800<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

| 33. | *Gorniak, Alina S. v. Sanofi, SA, et al.* | Western District of Texas | 1:16-cv-00637 | **Plaintiff**<br>Grant D. Blaies<br>grantblaies@bhilaw.com  Blaies & Hightower, L.L.P.<br>421 W. 3rd Street, Suite 900<br>Fort Worth, TX  76102<br>(817) 334-0800<br><br>Christopher L. Coffin<br>ccoffin@pbclawfirm.com<br>Pendley,  Baudin & Coffin, LLP<br>1515 Poydras Street, Suite 1400<br>New Orleans, LA 70112<br><br>(504) 355-0086<br><br>Michael P. McGartland<br>mike@mcgartland.com<br>McGartland Law Firm, PLLC<br>1300 South University, Suite 500<br>Fort Worth, TX 76107<br><br>(817) 332-9300<br><br>**Defendant**<br>Jon Strongman<br>jstrongman@shb.com<br>Eric Anthony Swan<br>eswan@shb.com<br>Harley Victor Ratliff<br>hratliff@shb.com<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: (816) 421-5547 |

**ATTACHMENT C**

<u>Agenda for Initial Conference</u>

1. Appointment of Liaison Counsel and PSC

2. Service of Papers

    a.   Generate corrected service list

3. Pretrial Schedule

    a.   Master Complaint; amendment of pleadings; joinder of parties

    b.   Motion Practice

        i.   Schedule

        ii.   Rules

    c.   Discovery Plan and Schedule

    d.   Class Certification

4. Role of Magistrate Judge

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)      MDL NO.  2740
   PRODUCTS LIABILITY
   LITIGATION
              SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

<u>**PRETRIAL ORDER NO. 2**</u>

  Pursuant to Pretrial Order No. 1 (Rec. Doc. 4), issued by this Court on October 13, 2016, the Court has received many applications for Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel, and the Plaintiffs' Steering Committee (PSC). With regards to the PSC, the Court notes that there is not a predetermined or requisite number of committee positions. Furthermore, the number of committee members as well as the individuals comprising the committee, are subject to change by order of this Court. Having reviewed the parties' applications and recommendations, the Court makes the following initial appointments:

1. <u>**Plaintiffs' Liaison Counsel:**</u>

  The Court, having reviewed the applications and recommendations for this position and carefully considered the matter, finds that Dawn Barrios and Palmer Lambert are well qualified to carry out the various responsibilities of liaison counsel. Accordingly, the Court hereby appoints:

| | |
|---|---|
| **Dawn Barrios** | **Palmer Lambert** |
| Barrios, Kingsdorf & Casteix, LLP | Gainsburgh Benjamin David Meunier & |
| 701 Poydras Street | Warshauer, LLC |
| Suite 3650 | 2800 Energy Centre |
| New Orleans, Louisiana 70139 | 1100 Poydras Street |
| Phone: (504) 524-3300 | New Orleans, Louisiana 70163-2800 |
| Facsimile: (504) 524-3313 | Phone: (504) 522-2304 |
| Email: barrios@bkc-law.com | Facsimile: (504) 528-9973 |
| | Email: plambert@gainsben.com |

Liaison counsel shall have the responsibilities and authority set forth in Pretrial Order No. 1 (Rec. Doc. 4) at page 8.

**2.** **<u>Defendants' Liaison Counsel:</u>**

The Court, having reviewed the applications for this position and carefully considered the matter, finds that Douglas J. Moore is well qualified to carry out the various responsibilities of liaison counsel. Accordingly, the Court hereby appoints:

> **Douglas J. Moore**
> Irwin Fritchie Urquhart & Moore LLC
> 400 Poydras Street
> Suite 2700
> New Orleans, Louisiana 70130
> Phone: (504) 310-2163
> Facsimile: (504) 310-2101
> Email: dmoore@irwinllc.com

Liaison counsel shall have the responsibilities and authority set forth in Pretrial Order No. 1 (Rec. Doc. 4) at page 8.

**3.** **<u>Plaintiffs' Steering Committee:</u>**

Applications for PSC positions have been filed in accordance with the procedures set forth in Pretrial Order No. 1 (Rec. Doc. 4). The Court, having reviewed the applications and carefully considered the matter, hereby appoints the following members to the PSC, for a term commencing immediately until January 1, 2018:

> **Andrew Lemmon**
> Lemmon Law Firm, LLC
> P.O. Box 904
> Hahnville, Louisiana 70057
> Phone: (985) 783-6789
> Facsimile: (985) 783-1333
> Email: andrew@lemmonlawfirm.com

> **Emily Jeffcott**
> The Lambert Firm, PLC
> 701 Magazine Street
> New Orleans, Louisiana 70130
> Phone: (504) 581-1750
> Facsimile: (504) 529-2931
> Email: ejeffcott@thelambertfirm.com

**Christopher Coffin**
Pendley, Baudin & Coffin, LLP
1515 Poydras Street
Suite 1400
New Orleans, Louisiana 70112
Phone: (504) 355-0086
Facsimile: (504) 523-0699
Email: ccoffin@pbclawfirm.com

**Anne Andrews**
Andrews Thornton Higgins Razmara, LLP
2 Corporate Park
Suite 110
Irvine, California 92606
Phone: (949) 748-1000
Facsimile: (949) 315-3540
Email: aa@andrewsthornton.com

**Hunter J. Shkolnik**
Napoli Shkolnik PLLC
360 Lexington Avenue
11th Floor
New York, New York 10017
Phone: (212) 397-1000
Facsimile: Not Available
Email: hunter@napolilaw.com

**Abby E. McClellan**
Stueve Siegel Hanson LLP
460 Nichols Road
Suite 200
Kansas City, Missouri 64112
Phone: (816) 714-7100
Facsimile: (816) 714-7101
Email: mcclellan@stuevesiegel.com

**Alexander G. Dwyer**
Kirkendall Dwyer LLP
440 Louisiana
Suite 1901
Houston, Texas 77002
Phone: (713) 522-3529
Facsimile: (713) 495-2331
Email: adwyer@kirkendalldwyer.com

**J. Kyle Bachus**
Bachus & Schanker, LLC
1800 Wynkoop Street
Suite 700
Denver, Colorado 80202
Phone: (303) 893-9800
Facsimile: (303) 893-9900
Email: kyle.bachus@coloradolaw.net

**Karen Barth Menzies**
Gibbs Law Group LLP
400 Continental Boulevard
6th Floor
El Segundo, California 90245
Phone: (510) 350-9700
Facsimile: (510) 350-9701
Email: kbm@classlawgroup.com

**Genevieve Zimmerman**
Meshbesher & Spence LTD
1616 Park Avenue South
Minneapolis, Minnesota 55404
Phone: (612) 339-9121
Facsimile: (612) 339-9188
Email: gzimmerman@meshbesher.com

**Lawrence J. Centola, III**
Martzell, Bickford, & Centola
338 Lafayette Street
New Orleans, Louisiana 70130
Phone: (504) 581-9065
Facsimile: (504) 581-7635
Email: usdcedla@mbfirm.com

**David F. Miceli**
Simmons Hanly Conroy
One Court Street
Alton, Illinois 62002
Phone: (618) 259-2222
Facsimile: (618) 259-2251
Email: dmiceli@simmonsfirm.com

3

**Rand P. Nolen**
Fleming, Nolen & Jez, LLP
2800 Post Oak Boulevard
Suite 4000
Houston, Texas 77056
Phone: (713) 621-7944
Facsimile: (713) 621-9638
Email: rand_nolen@fleming-law.com

**Daniel Markoff**
Atkins & Markoff Law Firm
9211 Lake Hefner Parkway
Suite 104
Oklahoma City, Oklahoma 73120
Phone: (405) 607-8757
Facsimile: (405) 607-8749
Email: dmarkoff@atkinsandmarkoff.com

Appointment to the PSC is of a personal nature. Accordingly, the above appointees cannot be substituted by other attorneys, including members of the appointee's law firm, to perform the PSC's exclusive functions, such as committee meetings and court appearances, except with prior approval of the Court.

The PSC shall have the responsibilities set forth in Pretrial Order No. 1 (Rec. Doc. 4) at pages 9 through 12. Additionally, as mentioned herein, the Court may, in its discretion, add counsel to or subtract counsel from this committee as necessary.

**4. Defendants' Committee:**

At this time, the Court does not find that this litigation requires appointment of a Defendants' Steering Committee.

**5. All Appointments Herein Shall be for a Term:**

All appointments contained in this Order shall be for a term beginning from the date of this Order until January 1, 2018, at which time the Court will appoint or reappoint committee members, liaison counsel, and special counsel for the next one year term. Applications for the subsequent term shall be submitted no later than November 15, 2017.

New Orleans, Louisiana, this 17th day of November 2016.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO.  2740
       PRODUCTS LIABILITY
       LITIGATION
                                             SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 3
### (Filing Requests for Summons and Summons Returns)

The Court notes that requests for summons and summons returns have recently been filed in the master docket for MDL 2740, 16-md-2740. These filings will add an unnecessary amount of clutter in the master docket. Accordingly,

**IT IS ORDERED** that requests for summons shall be filed in the docket for the **member case**, as opposed to the master docket. The Clerk of Court shall make the necessary adjustments to CM/ECF to permit such filings.

**IT IS FURTHER ORDERED** that summons returns and waivers returned executed shall **NOT** be filed into any docket, master or member, unless filing the summons return becomes necessary (for example, in connection with a motion for default judgment). When it is necessary to file a summons return, the attorney shall avoid filing the summons return as a separate, stand-alone document in the master docket. Instead, the summons return shall be filed as an exhibit to the motion, etc., to which it relates.

New Orleans, Louisiana, this 30th day of November 2016.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------
IN RE: TAXOTERE (DOCETAXEL)  :  **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**  :
  :  **SECTION "N" (5)**
-------------------------------------------------------  :
  :  **HON. KURT D. ENGELHARDT**
**THIS DOCUMENT RELATES TO**  :
**ALL CASES**  :
-------------------------------------------------------  :

## PRETRIAL ORDER NO. 4
### (Direct Filing)

## I. SCOPE OF THE ORDER

This Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S. citizen or resident based on usage or purchase of Taxotere (Docetaxel) in the United States.

## II. DIRECT FILING OF CASES INTO MDL NO. 2740

A.  In order to eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency, any plaintiff whose case could originally have been filed in any United States District Court, and that would be subject to transfer to MDL No. 2740, may file his or her complaint directly in MDL No. 2740 in the Eastern District of Louisiana. In doing so, the plaintiff shall, by signing and filing pursuant to this Order, certify compliance with FRCP Rule 11, and be prepared to demonstrate due specific factual inquiry sufficient to immediately participate in discovery and/or substantive mediation, and demonstrate as much to this Court upon inquiry by the undersigned.

1

B.       Subject to the provisions of Paragraphs C and D,  Defendants shall not at this time assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any Taxotere-related cases filed directly in the Eastern District of Louisiana that emanate from districts outside the Eastern District of Louisiana, and that are filed in this multidistrict litigation proceeding. Defendants' right to do so shall be reserved and may be urged after receiving leave of Court.

C.       Each case filed directly in MDL No. 2740 that emanates from a district court outside the Eastern District of Louisiana will be filed in MDL No. 2740 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's October 4, 2016, Transfer Order.  (Rec. Doc. 1).

D.       Upon completion of all pretrial proceedings applicable to a case directly before this Court, pursuant to this Order, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer each case to the federal district court in the district where the plaintiff allegedly was injured or where plaintiff resided at the time of his or her alleged injury, after giving the parties an opportunity to meet and confer and be heard on the issue.  Defendants will not assert any objection of improper venue pursuant to FRCP 12(b) upon transfer consistent with the provisions in this paragraph and this Order, unless otherwise permitted by the court to which such case is transferred under this paragraph.

E.       Nothing contained in this Order shall preclude the parties from agreeing, at a future date, to try cases filed pursuant to this Order in this District.

F.       The inclusion of any action in *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740, whether such action was or will be filed originally or directly in the Eastern District of Louisiana, shall not constitute a determination by this Court that venue is proper in this District or that this Court has personal jurisdiction over any named party.  Likewise, nothing in this Order shall be construed as a waiver of personal jurisdiction by any named Defendant,

2

served or unserved.  The references to "Defendants" herein shall not constitute an appearance nor waiver of service by or for any Defendant, not otherwise properly served.

G. Any case filed directly in MDL No. 2740 pursuant to this Order will have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

H. When asserting a statute of limitations defense in response to any complaint filed directly into MDL No. 2740 pursuant to this order, the filing date will be deemed to be the date that the case was filed in the Eastern District of Louisiana.

I. The caption for any complaint that is directly filed in MDL No. 2740 before this Court shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF LOUISIANA**

```
--------------------------------------------------------
IN RE: TAXOTERE (DOCETAXEL)          :    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION        :
                                     :    SECTION "N" (5)
--------------------------------------------------------  :
                                     :    HON. KURT D. ENGELHARDT
THIS DOCUMENT RELATES TO             :
ALL CASES                            :
--------------------------------------------------------
```

New Orleans, Louisiana this 9th day of December, 2016.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

3

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)              MDL NO.  2740
       PRODUCTS LIABILITY
       LITIGATION

                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

<u>PRETRIAL ORDER NO. 5</u>
<u>("Direct Filing")</u>

## I.    SCOPE OF THE ORDER

This Order amends and supersedes this Court's previous "Pretrial Order No. 4" that was issued on December 9, 2016.[1] This Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court.  The Order only applies to claims brought by a U.S. citizen or resident based on usage or purchase of Taxotere (Docetaxel) in the United States.

## II.    DIRECT FILING OF CASES INTO MDL NO. 2740

A.    The Court is well aware of the delay(s) associated with awaiting the Panel on Multidistrict Litigation's transfer of cases (originally filed in or removed to other federal district courts) to the Eastern District of Louisiana for pre-trial consolidation in MDL No. 2740.  Accordingly, to promote judicial efficiency, and avoid the delays associated with awaiting transfer, **IT IS**

---

[1]    For simplicity purposes, this Order completely supersedes "Pretrial Order No. 4" and contains all information relevant to direct filing.

1

**ORDERED** that any plaintiff whose case would be subject to transfer to MDL No. 2740, and that could have been filed in any United States District Court, may instead directly file a complaint in the Eastern District of Louisiana, thereby commencing a separate civil action for consolidation, for pre-trial purposes, with MDL No. 2740.  In doing so, plaintiff's counsel shall, by signing and filing pursuant to this Order, certify compliance with FRCP Rule 11, and be prepared to demonstrate due specific factual inquiry sufficient to immediately participate in discovery and/or substantive mediation, and demonstrate as much to this Court upon inquiry by the undersigned.

B.      As stated in Paragraph II. A, any complaint that is filed directly in the Eastern District of Louisiana, pursuant to this Order,  shall be filed as a new civil action through the Court's electronic filing system. At the time of filing, the complaint shall bear the caption set forth in Paragraph J of this Order, and be accompanied by a civil cover sheet and summons.   The civil cover sheet shall specify under the "Related Case(s)" section that the case is related to MDL No. 2740. Once the case is filed, it shall be assigned a civil case number. After review by the Clerk of Court's office, the case will be automatically consolidated in MDL No. 2740.

C.      Subject to the provisions of Paragraphs D and E, Defendants shall not at this time assert any objection of improper venue pursuant to FRCP 12(b) as to any Taxotere-related cases that emanate from districts outside the Eastern District of Louisiana, but are filed pursuant to this Order for pretrial consolidation in this multidistrict litigation proceeding. Defendants' right to do so shall be reserved and may be urged after receiving leave of Court.

D.      Each case filed directly in the Eastern District of Louisiana, pursuant to this Order, that emanates from a district court outside the Eastern District of Louisiana will be consolidated in MDL No. 2740 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's October 4, 2016 Transfer Order.  (Rec. Doc. 1).

2

E.      Upon completion of all pretrial proceedings in any case before this Court by virtue of this "Direct Filing" Order, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer each case to the federal district court for the district where the plaintiff allegedly was injured or where plaintiff resided at the time of his or her alleged injury, after the parties are given an opportunity to meet and confer and be heard on the issue.  Defendants will not assert any objection of improper venue pursuant to FRCP 12(b), upon transfer consistent with the provisions in this paragraph and this Order, unless otherwise permitted by the court to which such case is transferred under this paragraph.

F.      Nothing contained in this Order shall preclude the parties from agreeing, at a future date, to try cases filed pursuant to this Order in this District.

G.      The inclusion of any action in *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740, whether such action was or will be filed originally or directly in the Eastern District of Louisiana, shall not constitute a determination by this Court that venue is proper in this District or that this Court has personal jurisdiction over any named party.  Likewise, nothing in this Order shall be construed as a waiver of personal jurisdiction by any named Defendant, served or unserved.  The references to "Defendants" herein shall not constitute an appearance nor waiver of service by or for any Defendant, not otherwise properly served.

H.      Any case filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this Order, shall have no impact on choice of law that otherwise would apply to an individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

I.      When asserting a statute of limitations defense in response to any complaint filed directly in the Eastern District of Louisiana for pretrial consolidation in MDL No. 2740, pursuant to this

3

order, the filing date will be deemed to be the date that the case was filed in the Eastern District of Louisiana.

J.      Any complaint that is directly filed in MDL No. 2740 before this Court shall bear the following caption:

UNITED  STATES  DISTRICT  COURT
EASTERN DISTRICT  OF LOUISIANA

_____

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2740 |
| | : | |
| | : | SECTION "N" (5) |
| _____ | : | JUDGE ENGELHARDT |
| _____, | : | MAG. JUDGE NORTH |
| | : | |
|         Plaintiff, | : | COMPLAINT & JURY DEMAND |
| | : | |
| vs. | : | Civil Action No.:_____ |
| | : | |
| _____ | : | |
| _____, | : | |
| | : | |
|         Defendant(s). | : | |
| ------------------------------------------------------ | : | |

4

K.      With regards to all other filings, as previously stated in Paragraph 7 of "Pretrial Order No. 1" (Rec. Doc. 4), the Clerk of Court shall maintain a master docket case file under the style "In Re: Taxotere, Products Liability Litigation" and the identification "MDL No. 2740." When a pleading is intended to be applicable to all of the actions, this shall be indicated by the words: "**This Document Relates to All Cases**." When a pleading is intended to apply to fewer than all of the cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "**This Document Relates To**."

New Orleans, Louisiana this 13th day of December 2016.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                        MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                                   SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 6
### (Order Appointing Settlement Committees)

The Court previously indicated to all counsel its intention to appoint committees for both

plaintiffs and defendants charged with engaging in continuous general settlement discussions on a

regular basis, as opposed to participating in detailed discovery, trial preparations, and presentations

at trial, wherein those time-consuming tasks would distract counsel from pursuing avenues for

potential resolution of some or all of the issues in this multi-district litigation.  The settlement

committees are expected to hold regular discussions, in an attempt to establish common

understandings, potential ground rules, component parts and concepts, anticipated relief, necessary

approvals, and ultimately financial details, including drafting of all pertinent documents, in an

attempt to resolve this matter prior to remand of some or all of the member cases. These discussions

are to be both among the separate committee members themselves and with each other across the

adversarial divide, as well as with and/or without the input of the assigned Magistrate Judge in this

matter.

Therefore, based upon the applications solicited by the undersigned and submitted by a

wide variety of highly competent counsel, the Court has narrowed down settlement committee

memberships and hereby appoints the following:

1

1.     <u>**Plaintiff Settlement Committee**</u>:

Ben W. Gordon, Jr.
**Levin Papantonio**
316 S. Baylen Street, #600
Pensacola, Florida  32502
(Phone):  850-432-7274
(Facsimile):  850-436-6010
Email:  bgordon@levinlaw.com

Mark R. Niemeyer
**Niemeyer, Grebel & Kruse, LLC**
10 S. Broadway, Suite 1125
St. Louis, Missouri  63102
(Phone):  314-241-1919
(Facsimile):  314-665-3017
Email:  niemeyer@ngklawfirm.com

Irving J. Warshauer
**Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.**
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana  70163
(Phone):  504-522-2304
(Facsimile):  504-528-9973
Email:  iwarshauer@gainsben.com

Dennis C. Reich
**Reich and Binstock LLP**
4265 San Felipe #1000
Houston, Texas  77027
(Phone):  713-622-7271
(Facsimile):  713-623-8724
Email:  dreich@reichandbinstock.com

Ashlea G. Schwarz
**Paul McInnes LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri  64106
(Phone):  816-984-8100
(Facsimile):  816-984-8101
Email:  ashlea@paulmcinnes.com

## 2.    <u>Defendant Settlement Committee</u>:

Anand Agneshwar
**Arnold & Porter**
399 Park Avenue
New York, New York 10022-4690
(Phone):  212-715-1107
(Facsimile):  212-715-1399
anand.agneshwar@aporter.com

Bruce H. Nagel
**Nagel Rice LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(Phone):  973-618-0400 (Ext. 110)
(Facsimile):  973-618-9194
bnagel@nagelrice.com

Harvey L. Kaplan
**Shook, Hardy & Bacon**
2555 Grand Boulevard
Kansas City, Missouri  64108
(Phone):  816-559-2214
(Facsimile):  816-421-5547
Email:  hkaplan@shb.com

John Strongman
**Shook, Hardy & Bacon**
2555 Grand Boulevard
Kansas City, Missouri  64108
(Phone):  816-559-2430
(Facsimile):  816-421-5547
Email:  jstrongman@shb.com

These committees are to convene separately (in person or by telephone) within thirty (30) days to select among them a spokesperson (or chair) whose responsibilities shall be to organize meetings and handle communication with the counterpart committee as well as with the Court. The terms of appointment to these committees shall be the same for the appointment of counsel to the liaison committees (see Pretrial Order No. 2, Rec. Doc. 104), i.e., the initial term shall extend until January 1, 2018, and all other provisions of Paragraph 5 of Pretrial Order No. 2 shall apply.

3

In addition, the Court will, from time to time, meet by phone and in person with the settlement committees as so desired.

New Orleans, Louisiana, this <u>13th</u> day of December 2016.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL) * MDL NO. 2740
  PRODUCTS LIABILITY LITIGATION *
            * SECTION "N" (5)
            *
THIS DOCUMENT RELATES TO: * JUDGE ENGELHARDT
ALL CASES       * MAG. JUDGE NORTH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PRETRIAL ORDER NO. 7

  All counsel shall provide to the appropriate Liaison Counsel their contact information using the MDL 2740 Counsel Contact Information form attached hereto. The information set forth in this form shall be updated as necessary so that the information made available to Liaison Counsel remains current and accurate on an ongoing basis. The contact information shall be used for service, and Liaison Counsel shall be entitled to rely on the information when distributing or circulating information in these proceedings. The obligation to provide accurate and updated information in the MDL 2740 Counsel Contact Information form rests solely on the part of counsel providing the information. Liaison Counsel is relieved of any responsibility for serving materials on, or distributing information to, any counsel failing to provide current and accurate information in a MDL 2740 Counsel Contact Information form.

  The Clerk of Court shall transmit a copy of this Order to all listed counsel of record herein. When an action is hereafter transferred into or consolidated with this MDL, the Clerk of Court shall: (i) file a copy of this Order in any such action; and (ii) forward a copy of this Order to counsel for the plaintiff(s) in the newly-filed or transferred action.

  New Orleans, Louisiana this 28th day of December, 2016.

                   KURT D. ENGELHARDT
                   UNITED STATES DISTRICT JUDGE

1

### IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION
**MDL 2740**                                                    **Judge Kurt D. Engelhardt**

| MDL 2740 Counsel Contact Information (Form PTO-7) |
|:---:|
| Please type below in the fillable form. |

| ATTORNEY INFORMATION |
|:---:|

| Check One: | ☐ Plaintiff Counsel | ☐ Defense Counsel | ☐ Third Party Defense Counsel |
|---|---|---|---|

| Last Name: | First Name: | Middle Initial /Maiden: | Suffix: |
|---|---|---|---|

**Firm Name:**

**Address:**

| City: | State: | Zip: |
|---|---|---|

| Phone: | Fax: |
|---|---|
| Direct Dial No.: | Cell Phone: |
| State/ Bar No.: | Email Address: |

**Party Representing:**

| Assistant/Paralegal Name: | Assistant/Paralegal Email: |
|---|---|

| Choose One Option Below: |
|---|

| ☐ | I elect to have Liaison Counsel transmit documents to me via email and consent on an ongoing basis to notify Liaison Counsel of any changes in the above information. |
|---|---|
| ☐ | I do not want to receive orders or other documents from Liaison Counsel. |

_____     _____
Signed                                                          Date
Print Name:_____
_____

**Please remit form to: Plaintiffs' Liaison Counsel (Dawn Barrios/Palmer Lambert), 701 Poydras St., Ste. 3650, New Orleans, Louisiana 70139, <u>dwhite@bkc-law.com</u>; or Defendants' Liaison Counsel (Douglas Moore), 400 Poydras Street, Suite 2700, New Orleans, LA 70170, <u>dmoore@irwinllc.com</u>**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO.  2740
PRODUCTS LIABILITY
LITIGATION
                                                     SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES


**PRETRIAL ORDER NO. 8**
**"Federal-State Coordination and Cooperation"**

Recognizing the benefits of Federal-State Coordination and Cooperation, the Court

hereby orders as follows:

1.  Dawn M. Barrios is appointed as Plaintiffs' Federal-State Liaison Counsel to interact

    between this Court and any court and litigant outside this MDL in an effort to coordinate

    the different litigations and foster cooperation between them.

2.  To assist the Court with Federal-State coordination and cooperation, five days before each

    Status Conference, counsel for each Defendant shall provide to Plaintiffs' Federal-State

    Liaison Counsel a chart identifying all cases not in the MDL which are pending against the

    Defendant in which it has been served, with the case name, venue, and the name and address

    of each counsel for each plaintiff on the pleadings and the contact information for each

    judge.  The chart shall also indicate whether a dispositive motion has been filed, a

    scheduling order entered, or a trial date set.  Should the Court not have a Status Conference

    in any month, the information and complaints described herein shall be due thirty (30)

    days after the preceding month's complaints and information were produced. By January

    18, 2017 counsel for each Defendant must provide to Plaintiffs' Federal-State Liaison

Counsel a copy of all complaints, including amended complaints, which are pending against and have been served upon Defendant as of December 31, 2016.  Thereafter, counsel for each Defendant shall continue to provide the information described in this Order for non-MDL cases.

3.  At each status conference, Plaintiffs' Federal-State Liaison Counsel shall give a report to the Court on the non-MDL cases, the contact information for the judge, and any other relevant information, such as dispositive motion hearing, trial scheduling order, or trial date.

New Orleans, Louisiana, this 30th day of December 2016.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION
                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 9
### (Streamlined Service on Sanofi-aventis U.S. LLC)

**I.**     **SCOPE OF THE ORDER**

      This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel

on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to

Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this

Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S.

citizen or resident based on usage or purchase of Taxotere® in the United States.

**II.**     **STREAMLINED SERVICE OF PROCESS FOR SANOFI-AVENTIS U.S. LLC**

      A.     Sanofi-aventis U.S. LLC agrees to waive formal service of process under Federal

Rule of Civil Procedure 4 and to accept service of Taxotere® cases that are properly commenced

in, removed to, or transferred to this MDL. By waiving formal service of process, Sanofi-aventis

U.S. LLC does not waive any defenses available to it.

      B.     These procedures for informal service of process are not available in cases in which

the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking

remand, all deadlines set forth in this Order run from the date on which remand is denied.

C.      Plaintiffs whose Complaints are not subject to Paragraph B above, who have not already served Sanofi-aventis U.S. LLC, and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint with a Summons. Plaintiffs whose cases already have been docketed in this MDL shall have sixty (60) days from entry of this Order to serve the Complaint with a Summons. The Complaint and a Summons shall be served by electronic mail ("email") to the following address: taxoterecomplaints@shb.com. Each email sent to this address shall only contain one Complaint and Summons, and the subject line of each email shall state the plaintiff's first and last name as well as the originating court. The body of each email must also include contact information for counsel of record.

D.      Plaintiffs should receive an automatic reply from the mailbox address when a complaint is served. If no such reply is received within twenty-four (24) hours, Plaintiffs should re-serve it pursuant to the terms of this Order. Upon successful e-mail service, the date of the initial effort to serve the Complaint via email shall be deemed the date of service.

E.      Service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service.  In accordance with Pretrial Order No. 1, Sanofi-aventis U.S. LLC is not required to respond to effectively served Complaints until a date to be set by the Court. Sanofi-aventis U.S. LLC agrees to provide thirty (30) days written notice before moving to dismiss for a technical defect in the service process described in this section. Failure to serve a Complaint within the time periods set forth above will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, Sanofi-aventis U.S.

LLC reserves all other rights and defenses available to it under federal or state law and under applicable treaties and conventions.

      F.      For cases in which plaintiffs have served Sanofi-aventis U.S. LLC, any applicable limitations in Fed. R. Civ. P. 4(m) are extended such that plaintiffs need not serve any other Sanofi entities, including but not limited to Sanofi US Services Inc., Aventis Pharma S.A., and Sanofi S.A., until further order of the Court after a meet and confer of the parties. Such extension shall not waive any rights, obligations, or defenses of the parties. Further, neither Sanofi-aventis U.S. LLC, nor the other Sanofi entities shall move to dismiss a complaint under Fed. R. Civ. P. 4(m) as to an unserved Sanofi entity until further order of the Court after a meet and confer of the parties.

      New Orleans, Louisiana, this 3rd day of January, 2017.

                                   _____
                                   KURT D. ENGELHARDT
                                   UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                            SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### PRETRIAL ORDER NO. 10
### (Order Regarding the Scope of the Taxotere (Docetaxel) MDL)

Upon inquiry by Liaison Counsel, this Court, on December 29, 2016, sought clarification from the Judicial Panel on Multidistrict Litigation relative to the scope of MDL No. 2740, *In re: Taxotere (Docetaxel) Products Liability Litigation*. See Attachment "A". On January 4, 2017, the Honorable Sarah S. Vance, Chair of the Judicial Panel on Multidistrict Litigation, issued a letter regarding the Panel's intent relative to the initial October 4, 2016 Transfer Order (Rec. Doc. 1). See Attachment "B". As stated in the December 29, 2016 letter, the Court will proceed accordingly.

New Orleans, Louisiana, this 10th day of January 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**



ATTACHMENT A

# UNITED STATES DISTRICT COURT

Eastern District of Louisiana
500 Poydras Street, Chambers 367
New Orleans, Louisiana 70130

Kurt D. Engelhardt
Chief Judge

December 29, 2016

The Honorable Sarah S. Vance, Chair
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20544-0005

Re: *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740

Dear Judge Vance,

I write to seek clarification concerning the scope of the October 4, 2016 Order of the Judicial Panel on Multidistrict Litigation forming MDL No. 2740, *In re: Taxotere (Docetaxel) Products Liability Litigation.* (Doc. No. 81).  I have been informed by counsel for Sanofi-Aventis U.S. LLC that branded Taxotere lost patent protection in late 2010.  I am also informed that approximately half of the cases currently pending in this MDL (which allege a date of exposure) assert product use during 2011 or later.  As a result, Counsel have indicated some of these actions either involve traditional generic manufacturers or quasi-generic manufacturers, whose products obtained FDA approval under 21 U.S.C. § 505(b)(2) rather than through the more traditional generic approval under 21 U.S.C. § 505(j).

In addition to the Sanofi entities, various other docetaxel manufacturers have been named as defendants in cases either transferred to, or directly filed, in this MDL.  I am informed by the parties that cases naming non-Sanofi docetaxel manufacturers were included within the inventory of cases originally transferred to this Court pursuant to the aforementioned order.  Counsel representing Sandoz Inc. and Hospira, Inc., both manufacturers of docetaxel, have since made appearances in MDL No. 2740.   Lastly, I am informed that cases naming no Sanofi entity, but only other docetaxel manufactures (i.e., Hospira), have recently been tagged for transfer to this MDL.

In light of the above, I request clarification whether it was the Panel's intention to include within this MDL cases against only the brand Sanofi entities or cases against all manufacturers

of docetaxel (other than the Sanofi entities)?  Upon notification, the Court will take action accordingly.  Either way, rest assured that this matter is and will continue to proceed with diligence.

       With kind regards, I remain

                 Very truly yours,

                 **KURT D. ENGELHARDT**
                 **United States District Judge**

KDE/sa

ATTACHMENT B

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**CHAIR:**
Sarah S. Vance
United States District Court
Eastern District of Louisiana

U.S. Courthouse
New Orleans, LA  70130

Telephone:  [504]589-7595
Fax:          [504]589-7598

sarah_vance@laed.uscourts.gov

**MEMBERS:**
Marjorie O. Rendell
United States Court of Appeals
Third Circuit

Charles R. Breyer
United States District Court
Northern District of California

Lewis A. Kaplan
United States District Court
Southern District of New York

Ellen Segal Huvelle
United States District Court
District of District of Columbia

R. David Proctor
United States District Court
Northern District of Alabama

Catherine D. Perry
United States District Court
Eastern District of Missouri

**PANEL OFFICES:**
Thomasenia P. Duncan
Panel Executive

One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C.  20544-0005

Telephone:  [202] 502-2801
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

January 4, 2017

Honorable Kurt D. Engelhardt
Chief Judge
United States District Court
Hale Boggs Federal Building
  United States Courthouse
500 Poydras Street, Room C-367
New Orleans, LA 70130

        Re:     Inquiry of December 29, 2016

Dear Kurt:

        I write in response to your inquiry of December 29, 2016 concerning whether the Panel's order in MDL No. 2740, In re: Taxotere (Docetaxel) Products Liability Litigation was intended to include within its scope only cases against the Sanofi brand entities or cases against all manufacturers of docetaxel.  The Panel's order, as reflected in the title of the MDL, was intended to include cases against non-Sanofi/generic manufacturers of docetaxel that allege common issues.  In addition, since the MDL was formed, we have reviewed potential tag alongs that named generic manufacturers and concluded that they shared sufficient factual questions (allegations of a common injury after taking the drug) with MDL 2740 to warrant placing them on Conditional Transfer Orders.

        Thank you again for taking this assignment.  Let us know if we can be of further assistance.

                                        Sincerely,

                                        *Sarah Vance*
                                        Sarah S. Vance
                                        Chair

cc:     Thomasenia Duncan, Panel Executive

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                    MDL NO.  2740
PRODUCTS LIABILITY
LITIGATION

                                                                              SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 11**
**(Order Extending Deadline to Submit Proposed Plaintiff Fact Sheets and Defendant Fact**
**Sheets)**

On January 10, 2017, the Court held a teleconference with Plaintiffs' Liaison Counsel,

Dawn Barrios and Palmer Lambert, and Defendants' Liaison Counsel, Douglas Moore. As

discussed during the teleconference, **IT IS ORDERED** that the deadline to submit proposed form

Plaintiff Fact Sheets and Defendant Fact Sheets, as ordered in this Court's December 21, 2016

Order (Rec. Doc. 140), is hereby extended from Friday, January 13, 2017 until **Friday, January**

**20, 2017**.

New Orleans, Louisiana, this 10th day of January 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                                SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 12**
**(1/19/17 Liaison Counsel Meeting)**

On January 19, 2017, the Court held a meeting with Plaintiffs' Liaison Counsel, Dawn Barrios and Palmer Lambert, and Defendants' Liaison Counsel, Douglas Moore. During the meeting, the Court discussed with counsel the topics listed on the attached agenda. **IT IS ORDERED** that:

(1) Service of process shall be made on all known, non-Sanofi Defendants on or before **Wednesday, February 15, 2017**.

(2) Liaison Counsel shall submit proposed deadlines to the Court for the submission of a Master Complaint, Short Form Complaint, Master Answer, and Motions to Dismiss at the next meeting of Liaison Counsel on **Friday, January 27, 2017 at 8:45 a.m**.

New Orleans, Louisiana, this 19th day of January, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

**MDL 2740 – *In Re: Taxotere (Docetaxel) Products Liability Litigation***
**Liaison Counsel Meeting Agenda**
**January 19, 2017**

I.        Status Report on Completed or Substantially Completed Issues

    1.        Proposed Procedural Pretrial Orders

        a.        Common Benefit Order

            i.    Special Master selection

        b.        MDL Centrality

        c.        PFS/DFS Forms

        d.        Service Waivers

    2.        State Court Litigation (CA, DE, MO)

        a.        Status/Census of each state court litigation

        b.        Additional venues?

        c.        Filing of State Court complaints by Plaintiff's steering committee

    3.        ESI Meeting with Magistrate Judge North (1/25/17)

    4.        Potential Science Presentation

    5.        Settlement Committee Update

II.       New Issues / Next Steps

    1.        Participation of non-Sanofi defendants

    2.        PFS/DFS Order (submission/notice/deficiency deadlines)

    3.        Service on non-Sanofi Defendants

    4.        Deadline for briefing on Louisiana Class Action (Matthews)

~~5.      Tracks for Brand and Hybrids/Generics~~

6.      Closing of Pleadings

      a.          Master and Short Form Complaint

      b.          Master Answer/Motions to Dismiss

7.      Timeline for Discovery

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION
                                                     SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 13
### (Order Appointing Brian S. Rudick to the Settlement Committee)

On December 13, 2016, the Court entered Pretrial Order No. 6, appointing a Settlement Committee for this MDL. On January 25, 2017, Counsel for the Sanofi Defendants informed the Court that Mr. Anand Agneshwar could no longer serve as a member of the Defendant Settlement Committee as a result of an unanticipated conflict that arose after the entry of Pretrial Order No. 6.  Defendants further proposed that the Court replace Mr. Agneshwar with Mr. Brian S. Rudick. Upon consideration of the reasons set forth by Counsel for the Sanofi Defendants, the Court adopts this proposal and appoints Mr. Rudick to the Defendant Settlement Committee in place of Mr. Agneshwar.

The terms of this appointment to the Defendant Settlement Committee shall be the same for the appointment of other counsel to the Defendant Settlement Committee (see Pretrial Order No. 6, Rec. Doc. 133) and liaison committees (see Pretrial Order No. 2, Rec. Doc. 104), i.e., the initial term shall extend until January 1, 2018, and all other provisions of Paragraph 5 of Pretrial Order No. 2 shall apply.

New Orleans, Louisiana, this 31st day of January 2017

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION
 
                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 14
### (Order from January 27, 2017 Status Conference)

A status conference was held on January 27, 2017, at 10:00 a.m. in Judge Kurt D. Engelhardt's courtroom. At the conference, Plaintiffs' Liaison Counsel, Dawn Barrios and Palmer Lambert, and Defendants' Liaison Counsel, Douglas Moore, reported to the Court on the topics listed in "Joint Report No. 1 of Liaison Counsel" (Rec. Doc. 198).

At the conference, liaison counsel also submitted "Joint Proposed Deadlines for Master and Short Form Complaint, Master Answer, and Motions to Dismiss," which is attached to this Order as "Attachment A." **IT IS ORDERED** that liaison counsel submit a final draft of a joint proposed order containing the aforementioned deadlines.

**IT IS FURTHER ORDERED** that the next status conference will take place on **Friday, March 17, 2017, at 10:00 a.m.** in Judge Engelhardt's courtroom, with the meeting of liaison counsel at 8:30 a.m. and meeting of the Plaintiffs' Steering Committee at 9:00 a.m.

**IT IS FURTHER ORDERED** that the Plaintiffs' Steering Committee has until **Wednesday, March 1, 2017**, to verify the information contained within Apotex Inc.'s affidavit that was presented to the committee during the January 27, 2017 status conference.

New Orleans, Louisiana, this 3rd day of February 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

ATTACHMENT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  **TAXOTERE (DOCETAXEL)**       MDL NO. 2740
       **PRODUCTS LIABILITY**
       **LITIGATION**       SECTION "N" (5)

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

### JOINT PROPOSED DEADLINES FOR MASTER AND SHORT FORM COMPLAINT, MASTER ANSWER, AND MOTIONS TO DISMISS

A.  Master Complaint Filing Deadline and Short Form Complaint (Exemplar) Submission: March 31, 2017.

B.  Short Forms filed in each case:

    a.  May 31, 2017 for all cases docketed in the MDL prior to April 1, 2017; or

    b.  30 days following the docketing of the case in the MDL docket for all cases filed from April 1, 207 forward.

C.  Motion to Dismiss regarding Personal Jurisdiction: 30 days after filing of the Master Complaint.[1]

D.  All other Motions to Dismiss: 60 days after filing of the Master Complaint.

E.  Opposition to Motions to Dismiss regarding Personal Jurisdiction: August 31, 2017.

F.  Oppositions to all other Motions to Dismiss: 60 days after filing of Motions to Dismiss.

G.  Master Answer:  May 31, 2017 or 30 days after ruling on all Motions to Dismiss.

---

[1] The parties have discussed whether discovery related to personal jurisdiction will be necessary and have agreed to defer setting a deadline for such discovery at this time. The parties have further agreed to meet and confer about this issue if defendants file a motion challenging personal jurisdiction.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**                    **MDL NO. 2740**
**PRODUCTS LIABILITY**
**LITIGATION**                                                      **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

**PRETRIAL ORDER NO. 15**
**(Deadlines for Master and Short Form Complaint, Motions to Dismiss and Master Answer)**

        This Order reflects the agreement to date between the parties with respect to case

management issues governing all proceedings in this matter. Several case management issues

remain under discussion between the parties.  Accordingly, it is hereby ORDERED that:

A.        Plaintiffs, through the PSC, shall file a Master Complaint on or before March 31, 2017;

B.        Plaintiffs, through the PSC, shall submit a proposed Pretrial Order with an attached
          exemplar Short Form Complaint on or before March 31, 2017;

C.        Plaintiffs, through their individual counsel, shall abide by the following instructions
          regarding filing of  Short Form Complaints:

        a.   For all cases docketed in the MDL prior to April 1, 2017, a Short Form Complaint may
             be filed as an amended complaint[1] in the plaintiff's individual case docket on or before
             May 31, 2017 (if the plaintiff does not file a Short Form Complaint, adopting
             allegations in the Master Complaint, that plaintiff's original Complaint shall remain the
             operative Complaint in that case); and

        b.   For all cases filed in or transferred to the MDL from April 1, 2017 forward, the Master
             Complaint shall apply and Plaintiffs shall file a Short Form Complaint; for such cases

---

[1]        As a logistical matter, short form/amended complaints should be filed in the applicable
member case.  Filing attorney should use the event, "Taxotere Amended Complaint", located
under the Service of Process Category. If further direction is needed, please contact the Court at
(504) 589-7715.

filed directly in the MDL in accordance with Pretrial Order No. 5 (R. Doc. 131), a Short Form Complaint shall be filed in lieu of a long format original complaint;

D.    Defendants shall file all Motions to Dismiss directed to the Master Complaint and regarding personal jurisdiction within 30 days after filing of the Master Complaint;[2]

E.    Defendants shall file all other Rule 12 Motions to Dismiss directed to the Master Complaint within 60 days after filing of the Master Complaint;

F.    Plaintiffs, through the PSC, shall file any Opposition Memoranda to the Defendants' Motions to Dismiss directed to the Master Complaint and regarding personal jurisdiction on or before August 31, 2017;

G.    Plaintiffs, through the PSC, shall file any Opposition Memoranda to all other Rule 12 Motions to Dismiss directed to the Master Complaint filed by Defendants within 60 days after filing of the Motions to Dismiss; and

H.    Each Defendant shall file a Master Answer on or before 60 days following the filing of the Master Complaint or within 30 days after the Undersigned's ruling on all Motions to Dismiss, whichever is later.

I.    A Defendant's Master Answer is not intended to and shall not waive any applicable defenses available to any Defendant, including any objections to service, jurisdiction or venue, and any defenses to any state law claims not otherwise set forth in the Master Complaint, and Defendants may respond to any such individual complaint, including Short Form Complaints, by way of motions permissible under the Federal Rules of Civil Procedure.  Defendants may also file counterclaims, cross-claims, and/or third-party complaints, pursuant to Rules 13 and 14 of the Federal Rules of Civil Procedure, in connection with any particular individual action, with such filing to be made within 60 days of transfer of the action to the MDL or, for those actions currently pending in the MDL, within sixty (60) days of the filing of the Master Answer, unless good cause is shown for filing at a later date.

J.    Because each Defendant shall be deemed to have answered all cases pending in, filed in, or subsequently transferred to the MDL upon filing of a Master Answer, cases may only be voluntarily dismissed against such Defendant by order of the Court pursuant to Federal

---

[2]    The parties have discussed whether discovery related to personal jurisdiction will be necessary and have agreed to defer setting a deadline for such discovery at this time. The PSC and defendants shall meet and confer in an attempt to reach a consensus regarding this issue if defendants file any motion challenging personal jurisdiction.

Rules of Civil Procedure Rule 41 (a)(2) or a stipulation pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(ii), except that a complaint filed directly in the MDL may be voluntarily dismissed upon notice by Plaintiff within 20 days of the filing of the complaint.

K.     Neither the filing of a Master Answer, nor the filing of a Notice of Appearance or ECF registration in an action, nor the appearance at a status conference shall constitute a waiver of any defense of lack of personal jurisdiction.

New Orleans, Louisiana this 9th day of _____February_____, 2017.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION                              SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

## PRETRIAL ORDER NO. 16
[Intent to Enter Common Benefit, Time and Expense Rules, Appointment of CPA, Holdback, Assessments, and Related Issues]

Attached is a proposed Common Benefit Order, submitted to the Court by Plaintiffs' Liaison Counsel, the Plaintiffs' Steering Committee, and Defendants' Liaison Counsel, establishing guidelines for the monthly recordation and submission of common benefit time and expenses for eventual consideration of common benefit attorney fees and cost reimbursement, appointment of a Special Master for management, oversight, and substantive review of matters related to and claimed to be common benefit, appointment of a CPA, holdback provisions, and assessments. As set forth in the proposed Common Benefit Order, this Court retains all authority and jurisdiction as to the final decisions of awards and allocations of awards for common benefit fees and reimbursement of expenses.

Any response in opposition to this Court's entry of the proposed Common Benefit Order shall be filed by **Tuesday, February 21, 2017.**

New Orleans, Louisiana, this 13th day of February, 2017.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION                                        SECTION "N" (5)

<u>EXHIBIT A TO PRETRIAL ORDER NO. 16</u>
<u>COMMON BENEFIT, TIME AND EXPENSE RULES, APPOINTMENT OF CPA,
HOLDBACK, ASSESSMENTS, AND RELATED ISSUES</u>

**Proposed Common Benefit Order**

**I.  Governing Principles and the Common Benefit Doctrine**

      The common benefit governing principles are derived from the United States Supreme Court's common benefit doctrine, as initially established in *Trustees v. Greenough*, 105 U.S. 527 (1881) and as refined throughout the last century in cases including *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970), and *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939). *See also Turner v. Murphy Oil USA, Inc.*, 422 F.Supp.2d 676, 680 (E.D.La. 2006) *("*Thus, to avoid the problem of free-riding, the U.S. Supreme Court over 125 years ago approved the common benefit doctrine, which provides that when the efforts of a litigant or attorney create, preserve, protect, increase, or discover a common fund, all who benefit from that fund must contribute proportionately to the costs of the litigation. 'The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense.'" (citations omitted)). *See also* Manual for Complex Litigation (Fourth) § 14.121 (2004) (discussing the American Rule and the common-benefit exception in complex cases)."). *See also In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, on April 20, 2010, MDL No. 2179, 2012 WL

161194, at *1, (Rec. Doc. 5064) (E.D. La. Jan. 18, 2012)*; Eldon E. Fallon, Common Benefit Fees in Multidistrict Litigation, 74 La. L. Rev. 371, 374 (2014)* ("Because the work that the PSC performs inures to the common benefit of all plaintiffs and their primary counsel (the counsel that they employed), MDL transferee courts usually establish a procedure for creating a common benefit fee to compensate the members of the PSC and the members of any subcommittees who have done common benefit work."); Manual for Complex Litigation, § 14.215 (4th ed. 2004) (noting that "Lead and liaison counsel may have been appointed by the court to perform functions necessary for the management of the case but not appropriately charged to their clients" and encouraging an order early in the litigation that "establish[es] the arrangements for their compensation, including setting up a fund to which designated parties should contribute in specified proportions.").

The Court's authority to establish a fund and to order contributions also derives from its equitable authority and its inherent managerial power over this consolidated and multidistrict litigation. *See, e.g., In re Vioxx Products Liab. Litig.*, 802 F.Supp.2d 740, 769-71 (E.D. La. 2011); *In re Diet Drugs*, 582 F.3d 524, 546-47 (3rd Cir. 2009); *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1008 (5th Cir. 1977); Manual for Complex Litigation, § 20.312 (4th ed. 2004) ("MDL judges generally issue orders directing the defendants who settle MDL-related cases contribute a fixed percentage of the settlement to a general fund to pay national counsel."); Fallon, *supra*, at 378 (the common benefit doctrine is justified "on principles of equity or quantum merit or class action procedures or [a court's] inherent authority").

**II. Scope of Order**

This Order provides standards and procedures for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in MDL 2740; for the establishment of rules for compensable common benefit work and expenses; for the anticipated percentage of assessments determined as of this date collected to fund payment for common benefit fees and costs; for provisions governing a holdback on settlements or payments of judgments; for the procedures for reporting of time and expenses and review of those submissions by a Special Master appointed by the Court; for the appointment of a CPA; and, other related issues.

This Order applies to (1) all cases now pending, as well as to any cases later filed in, transferred to, or removed to this Court and included as part of the MDL 2740 Proceeding, and any attorney with a fee interest in those cases; (2) each attorney with a case in the MDL who has a fee interest in a plaintiffs' case in a jurisdiction outside the MDL or in any unfiled claims; and (3) all counsel who voluntarily sign the attached Participation Agreement (Exhibit A). Counsel with Taxotere (Docetaxel) cases pending only in the MDL are governed by this Order and are not obligated to sign the Participation Agreement as these counsel are deemed to have signed the Participation Agreement. Counsel with Taxotere (Docetaxel) cases outside MDL 2740 (even if counsel has cases in MDL 2740) must sign the Participation Agreement, if they want to receive common benefit work product and become Participating Counsel. All counsel who have signed or are deemed to have signed the Participation Agreement are classified as "Participating Counsel".

This Order is not intended to result in the payment of an assessment for a common benefit case in the MDL 2740 Proceeding and an additional assessment in any other

coordinated action in another jurisdiction. In the event two assessments cover any case or claim, MDL 2740 Leadership, Participating Counsel and Participating Law Firm shall attempt a mutually agreeable resolution to avoid multiple or excessive assessments. If the MDL Leadership and any plaintiff's counsel or law firm are unable to reach a mutually agreeable resolution, the issue will be brought to the attention of the MDL 2740 Court, which shall have authority to decide the issue after consultation with the jurist in the other jurisdiction.

Participating Counsel are prohibited from sharing work product of MDL 2740 with counsel who are not Participating Counsel.

Should any counsel who are not Participating Counsel obtain access to or receive the work product of MDL 2740, that counsel shall be bound by the terms, conditions and obligations of this Order, and its Exhibits.

### III. Common Benefit Work and Expenses – General Rules

The Court hereby adopts the following rules for the management of timekeeping, expense reimbursement, and related common benefit issues, and instructs Plaintiffs' Co-Liaison Counsel to distribute additional guidelines from time to time as may be necessary to ensure an efficient common benefit process in this litigation. The recovery of common benefit attorneys' fees and expenses will be limited to Participating Counsel, and only as provided herein.

Reimbursement for costs and payment of fees for services of all Participating Counsel performing functions in accordance with this Order will be set by the Court at a time and in a manner established by the Court in a separate Order after due notice to all counsel and a hearing. The standards and procedures set forth in this Order and Exhibits A and B are

to be utilized by every counsel seeking fees or expense reimbursement for the common benefit.

Work by attorneys who are hired as contract attorneys will not be compensable for the common benefit without the prior express authorization of members of the Plaintiffs' Executive Committee and at rates to be evaluated by the Special Master and ultimately determined by the Court.

Only Participating Counsel can do common benefit work or incur expenses for the common benefit, receive or have access to common benefit work product, and seek common benefit fees and reimbursement of common benefit expenses. Any attorney who is not Participating Counsel shall not be entitled to receive any common benefit work product or make a claim (or recovery) for any common benefit fees and expense reimbursements.

Participating Counsel shall only be eligible to claim common benefit attorneys' fees and cost reimbursement under the following conditions: if the time expended, costs incurred, and activity in question were (a) for the common benefit; (b) appropriately authorized by members of the Plaintiffs' Executive Committee, or by any Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee; (c) timely and properly submitted under the terms of this Order; and (d) ultimately approved by this Court.

Participating Counsel who seek to recover Court-awarded common benefit attorneys' fees and expenses in connection with this litigation shall keep a daily, contemporaneous record of their time and expenses, noting with specificity the amount of time in one tenth (.1) hour increments, name of attorney/paralegal performing the task, law firm name, professional level of attorney or paralegal performing the task, a description of the particular common benefit activity, the appropriate task code, and the name of the Plaintiffs' Executive

Committee member or Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee who authorized the activity in question. All Participating Counsel shall, by the 15th day of each month, submit their time and expenses for the prior month into a platform to be established by the Time and Expense Committee. No other form of submission for time and expenses will be accepted. The specific task codes which must be utilized and inputted into the platform are set forth in Exhibit B attached hereto, but are subject to modification by the Time and Expense Committee as necessary, the Special Master or by the Court.

Counsel shall retain original copies of all receipts that are uploaded into the platform. The Time and Expense Committee shall provide all necessary forms for electronic time and expense reporting, provide online and webinar training, and provide user information for access into the platform approximately 14 days after the entry of this Order. A Senior Partner in each Participating Firm shall also email to the Time and Expense Committee Co-Chairs (Stan Baudin (sbaudin@pbclawfirm.com) and Palmer Lambert (plambert@gainsben.com)), a signed affirmation sheet by the 15th of each month attesting to the accuracy of the data they have uploaded in the time and expense platform for the prior month.

The required data inputs for monthly expense reporting into the platform shall include: date expense incurred; name of attorney incurring the expense; law firm name; description of the expense; amount of the expense; Executive Committee member or Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee who approved the expense, if approval is required; and a confirmation that the receipt has been attached to the expense line item inputted on the platform.

By April 15, 2017, submissions shall be made for all common benefit time and "Held" expenses incurred from the date the first Motion for Transfer of Actions Pursuant to

28 U.S.C. Section 1407 was filed with the Judicial Panel on Multi-District Litigation, July 22, 2016, through March 31, 2017. The Court recognizes that there may be extraordinary circumstances in which Participating Counsel may have done significant work for the common benefit and incurred significant expenses for the common benefit prior to July 22, 2016, and in such event, this common benefit time and expense may be recommended to the Court to be included as compensable hours and reimbursable expenses. Counsel who believe that they have expended such extraordinary common benefit time or expense shall also submit these into the platform by April 15, 2017.

Any time or expense records submitted more than two (2) months in arrears may not be considered or included in any compilation of time or expense calculation for the submitting Participating Counsel and shall be disallowed, except for good cause shown, or by Court Order.

The failure to obtain authority to do common benefit work or incur common benefit expenses (if necessary), or maintain and timely provide such records in accord with this Order (or any Order supplementing or amending this Order) will be grounds for denial of common benefit attorneys' fees or expenses, in whole or in part.

## IV. Common Benefit Expense Rules

Advanced costs will be deemed as either "Shared" or "Held." Both Shared and Held Costs are those incurred for the common benefit of the MDL as a whole. Costs exceeding $1,000 require approval from a member of the Plaintiffs' Executive Committee or Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee, except for air fare. No individual client-related costs will be considered as Shared or Held Costs.

a. Shared Costs will be paid out of the Taxotere (Docetaxel) MDL Litigation Fund account to be established, which shall be funded by the periodic contributions/cash calls established by the Plaintiffs' Executive Committee. The Taxotere (Docetaxel) MDL Litigation Fund account will be administered by Pendley, Baudin and Coffin and Gainsburgh, Benjamin, David, Meunier, & Warshauer, and monitored by John R. Falgoust, Jr., CPA, DeMonte & Falgoust, CPAs, LLC.

b. Held Costs are those that will be carried by each attorney and incurred in connection with common benefit work in MDL 2740. These shall be reimbursed as and when determined by the Court.

c. Plaintiffs' Co-Liaison Counsel shall prepare and be responsible for distributing to Participating Counsel the reimbursement procedures for Shared Costs and the forms associated therewith.

## A. Shared Costs

All costs for the common benefit of MDL 2740 which fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the Taxotere (Docetaxel) MDL Litigation Fund account. Shared Costs include:

1. Court, filing and service costs;

2. Deposition and court reporter costs;

3. Document Depository: creation, operation, staffing, equipment and administration;

4.   Plaintiffs' Co-Liaison Counsel administrative matters approved by a member of the Executive Committee;

5.   Plaintiffs' Steering Committee group administration matters such as costs for Plaintiffs' Steering Committee meetings and conference calls;

6.   Legal, accounting and vendor fees;

7.   Expert witness and consultant fees and expenses;

8.   Common witness expenses, including travel;

9.   Translation costs;

10.   Bank or financial institution charges;

11.   Investigative services;

12.   Claims Administrator charges;

13.   Special Master charges; and

14.   CPA's charges.

Request for payments from the Taxotere (Docetaxel) MDL Litigation Fund account must be made on a Shared Expense Reimbursement Form to be provided by Plaintiffs' Co-Liaison Counsel, with sufficient information to allow the Plaintiffs' Executive Committee and the CPA to account properly for costs and to provide adequate detail to the Special Master and the Court.

**B. Held Costs**

Held costs are costs incurred by Participating Counsel that do not fall into the above Shared Costs categories but are incurred for the common benefit of all plaintiffs in MDL

2740. No specific client-related costs can be considered as Held Costs. Held Costs include the following which are governed by the Travel and Non-travel limitations set forth below:

1.  Postage, shipping, courier, certified mail;

2.  Printing and photocopying (in-house);

3.  Computerized research - Lexis/Westlaw (actual charges only);

4.  Telephone - long distance (actual charges only);

5.  Travel - pursuant to Travel Limitations set forth below, including travel for counsel to attend depositions or court;

6.  Airfare- pursuant to Travel Limitations set forth below;

7.  Reasonable ground transportation- pursuant to Travel Limitations set forth below;

8.  Hotel- pursuant to Travel Limitations set forth below;

9.  Reasonable meals; and

10. Other reasonable and necessary charges such as parking.

## C. Travel Limitations

Only reasonable expenses for the common benefit submitted by Participating Counsel will be reimbursed. Participating Counsel shall keep receipts for all expenses. Credit card receipts or monthly credit or debit card statements are an acceptable form of verification. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on any invoice may be redacted.

Except in extraordinary circumstances approved in advance by a member of the Plaintiffs' Executive Committee, all travel reimbursements are subject to the following limitations:

1. Airfare: Only the price of a full coach fare seat will be reimbursed except for international flights Business/First Class airfare, which requires prior written approval by a member of the Plaintiffs' Executive Committee. In the event non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the full coach fare, which counsel must contemporaneously document in the expense submission. Expenses incurred for upgrades to priority seating on a flight will not be reimbursed.

2. Hotel: Hotel room charges for the average available room rate of a business hotel, including but not limited to the Hyatt, Hilton, Sheraton, Westin, and Marriott hotels, in the city in which the stay occurred, will be reimbursed. Luxury hotels will not be fully reimbursed, but will be reimbursed at the average available rate of a business hotel.

3. Meals: Meal expenses must be reasonable and must contain a notation of who was present at the meal.

4. Cash Expenses: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $20.00 per trip, as long as the expenses are properly itemized.

5. Rental Automobiles: Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. Counsel must submit

11

evidence of the unavailability of non-luxury vehicles. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel. Any claim for private car service will be reimbursed at the non-luxury rate of a rental vehicle.

6. Mileage: Mileage claims must be documented by the starting origination point, destination, and total actual miles for each trip, and the reimbursed rate will be the maximum rate allowed by the IRS.

**D. Non-Travel Limitations**

Only reasonable common benefit expenses submitted by Participating Counsel will be reimbursed.

Except in extraordinary circumstances approved in advance by a member of the Plaintiffs' Executive Committee, all non-travel reimbursements are subject to the following limitations:

1. Long Distance, Conference Call Charges: Common benefit long distance and conference call telephone charges must be documented as a line item on the bill in order to be compensable. Copies of the telephone bills must be submitted with notations as to which charges relate to the Taxotere (Docetaxel) MDL 2740 Litigation. Such charges are to be reported at actual cost.

2. <u>Shipping, Overnight, Courier, and Delivery Charges:</u> All claimed common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, content of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

3. <u>Postage Charges:</u> A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

4. <u>Telefax:</u> Telefax should not be used and generally will not be reimbursed.

5. <u>In-House Photocopy:</u> A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $0.15 per page.

6. <u>Computerized Research - Lexis/Westlaw:</u> Claims for Lexis or Westlaw, and other computerized legal research expenses, should be in the exact amount charged to the firm for the common benefit work in this MDL, specify the topic of the research, and must be reasonable under the circumstances.

## V. Common Benefit Work Rules

Only previously authorized common benefit work is compensable. Authorized common benefit work is an assignment made by a member of the Plaintiffs' Executive Committee, or by any Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee, subject to the provisions of this Order. Confirmation of such authorization may be evidenced by an email or by notation in the electronic file sharing system to be utilized

by all Participating Counsel. No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted. Time spent on unauthorized work shall not be submitted or compensated.

Only Participating Attorneys can submit time for common benefit work. Counsel who are not Participating Counsel are precluded from doing common benefit work and from receiving common benefit fees for work done. Only attorneys and paralegals may submit time, as allowed in this Order. No time for clerical or technical support shall be common benefit, unless pre-approved by a member of the Plaintiffs' Executive Committee.

Examples of authorized and unauthorized work include, but are not limited to:

    a.   <u>Attendance at Depositions:</u> Only the time and expenses for Participating Counsel, both first and second chair (and paralegal, if necessary) designated as one of the authorized questioners or otherwise authorized to attend the deposition by a member of the Plaintiffs' Executive Committee shall be considered common benefit work.

    b.   <u>Periodic Plaintiffs' Steering Committee Conference Calls and meetings:</u> Plaintiffs' Steering Committee conference calls and meetings are common benefit. Only the Plaintiffs' Steering Committee member's time, and that of those invited from time to time by the Plaintiffs' Executive Committee or Chairs or Co-Chairs of the committees of the Plaintiffs' Steering Committee to participate in calls and meetings, shall be considered common benefit; however, the Co-Lead or Co-Liaison Counsel may submit as common benefit time that of a partner, associate, or paralegal to assist the

Co-Lead Counsel or Co-Liaison Counsel with their duties. During phone calls there is a presumption that only the Plaintiffs' Steering Committee attorney, or his/her designee, will qualify for common benefit time as it is expected that each Plaintiffs' Steering Committee member will attend the Plaintiffs' Steering Committee conference calls and meetings. Multiple timekeepers in Participating Counsel's or Plaintiffs' Steering Committee member's firm who monitor the Plaintiffs' Steering Committee Conference Calls or meetings will not be considered as doing common benefit work.

c.  <u>Periodic MDL Status Conferences:</u> Plaintiffs' Steering Committee members and other attorneys directed by the Court to appear, are expected to attend the MDL status conferences and are working for the common benefit and only their time will be considered for common benefit for such attendance.

d.  <u>Attendance at Seminars:</u> Attendance at seminars (i.e. AAJ Section Meetings, Mass Torts Made Perfect, Harris Martin and similar seminars and CLEs) does not qualify as common benefit work or a common benefit expense, unless authorized in advance by the Plaintiffs' Executive Committee.

e.  <u>Document Review:</u> Only document review specifically authorized by a member of the Plaintiffs' Executive Committee or its designee and assigned to an attorney (or paralegal previously approved by Plaintiffs' Executive Committee or its designee) will be considered common benefit work. Only

licensed attorneys or paralegals previously approved by Plaintiffs'
Executive Committee or its designee may conduct common benefit
document review. Descriptions associated with "document review" must
contain sufficient detail to allow those reviewing the submitted time entry
to generally ascertain what was reviewed. For example, indicating the
custodian, search query or number of document folders reviewed is the kind
of description needed.

f.   <u>Review of Pleadings and Orders:</u> Each attorney has an obligation to keep
themselves informed about the litigation so that they can best represent their
clients, and review of pleadings and orders is part of that obligation.
However, the members of the Plaintiff's Executive Committee are expected
to review pleadings and orders as part of their work for the common benefit
and their time will be considered as such. Additionally, those attorneys who
are working on assignments made by a member of the Plaintiffs' Executive
Committee or by any Chair or Co-Chair of a committee of the Plaintiffs'
Steering Committee which requires them to reasonably review, analyze, or
summarize certain filings and substantive Orders of this Court in connection
with their assignments are doing so for the common benefit.

g.   <u>Emails:</u> Except for members of the Plaintiffs' Executive Committee and
attorneys working on pre-approved common benefit work, time recorded
for reviewing emails is not compensable unless germane to specific
authorized and assigned (as provided herein) task being performed by the

16

receiving or sending attorney that is directly related to that email. Thus, for example, review of an email sent to numerous attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as common benefit work.

h. <u>Review of Discovery:</u> Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, but they should review discovery only to the extent required by their individual assignments and responsibility. Those attorneys working on assignments made by a member of the Executive Committee or by a Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee which require them to reasonably review, analyze, or summarize certain filings and substantive Orders of this Court in connection with their assignments are doing so for the common benefit.

## VI. Procedures to be Established by Plaintiffs' Executive Committee

Plaintiffs' Executive Committee will establish forms and procedures to implement and carry out the time and expense submissions required by this Order and necessary to compile, review, and maintain the records. As MDL 2740 progresses, there may be additional forms and procedures implemented by Plaintiffs' Executive Committee and distributed to all Participating Counsel regarding time and expense submissions.

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Co-Liaison Counsel: Dawn M. Barrios, Barrios, Kingsdorf & Casteix, LLP, 701 Poydras Street, Suite 3650, New Orleans, LA 70139, Phone: (504) 524-

3300, Fax: (504) 524-3313, or M. Palmer Lambert, Gainsburgh, Benjamin, David, Meunier, & Warshauer, 2800 Energy Center, 1100 Poydras St., New Orleans, LA 70163, Phone: (504) 522-2304, Fax: (504) 528-9973.

**VII. Review of Time and Expenses**

This Court is aware of the disputes that can arise when claims are made for common benefit fees and costs at the conclusion of an MDL. In an effort to eliminate or, at the very least, minimize these potential difficulties, this Court will appoint a Special Master under the authority of Fed. R Civ. P. 53 and the inherent powers of the Court. The Special Master will have the responsibility for management, oversight, and substantive review of matters related to and claimed to be common benefit, and, ultimately to make recommendations to the Court as directed by the Court.

The purpose of the Special Master's substantive review is to have time and expenses accepted or rejected as common benefit as MDL 2740 progresses and not wait for a substantive review by a fee committee appointed by the Court until nearly the end of the litigation. It is the Court's intent to avoid as much as possible any disputes over the classification of time and expenses as common benefit and the value of same.

This Time and Expense Special Master will be solely for the Plaintiffs' benefit so only the Plaintiffs shall bear the cost of this Special Master's charges.

The procedures to be employed by for the Special Master's review are as follows:

a.  On a monthly basis Participating Counsel shall submit the time and expenses claimed to be common benefit in the manner set forth in this Order.

b. Approximately every 60 days the Special Master shall review all time and expenses submitted in the month since his last review to determine whether the time and expenses submitted adhered to the requirements in this Order and whether the time and expenses are for the common benefit. The Special Master is encouraged to consult with members of the Time and Expense Committee in performing this task as the members of the Time and Expense Committee may be of assistance in these determinations, as well as attend status conferences, as necessary

c. Should the Special Master discover during his review of time and expenses any matter requiring further clarification, attention, or information in order to determine whether it is common benefit or whether it is compliant with this Order, he shall have the authority to confer ex parte with the counsel who submitted the report for the purpose of obtaining the necessary information to make the determination of whether all or part of the submission is common benefit or compliant with this Order. The Special Master shall also have the authority to consult with the Time and Expense Committee and Plaintiffs' Executive Committee on any issue.

d. After consultation with the Time and Expense Committee, Plaintiffs' Executive Committee or any counsel whose submission required additional information, the Special Master shall make a determination classifying each relevant time and expense entry in contention as compliant or non-compliant with this Order for

each month reviewed. If the Special Master disqualifies any time or expense submitted, he shall prepare a report and provide it to the Participating Counsel affected and the Time and Expense Committee. If the Participating Counsel disagrees with the decision of the Special Master, Participating Counsel shall have the right to submit the matter to the Court within thirty (30) days after the Special Master's decision and, in that event, the Special Master shall submit his report and all relevant documents used in his determination to the Court in camera.

e.   The Court shall determine the issues raised and shall issue a report to the Special Master, submitting Participating Counsel, the Executive Committee and the Time and Expense Committee of the determination.

f.   If after the Special Master makes his determination for any period of time and no Participating Counsel submits the Special Master's determination to the Court, the decisions of the Special Master shall not be submitted to the Court at that time, but retained by the Special Master. If a Participating Counsel submits the Special Master's determination to the Court to challenge it, the decision of the Court becomes final as set forth below. It is the intent of the Court that such determinations shall not be re-visited or later challenged.

g.   Any plaintiff's counsel with a Taxotere (Docetaxel) case may review the Special Master's conclusions of the months' time and expenses or, if challenged, ruled upon by the Court, upon reasonable request to the Special Master within thirty

(30)  days of the Special Master's review, if none are challenged, or the Court's ruling  if there is a challenge. The Time and Expense Committee will notify every Participating Counsel and non-Participating Counsel (by using the information provided to the Federal-State Liaison Counsel) that a period's submissions have been made, been reviewed by the Special Master, and if challenged, been ruled upon by the Court.

h.  The Special Master has the discretion upon a showing of good cause to allow the review of a summary of the Special Master's actions or the Court's ruling at a time and location convenient and shall charge all expenses, such as the Special Master's fees, to the counsel who seeks review. Any counsel seeking to review these decisions shall sign a confidentiality agreement.

i.  If no disagreement is submitted by counsel within thirty (30) days of the Court's determination in accordance with the above paragraphs, the decisions determining compliance with this Order and the classification of common benefit time and expenses shall be final and no Participating Counsel or non-Participating Counsel shall have the right to modify or seek modifications of these decisions.

j.  The Special Master shall meet with the Court at the request of the Court at any time to review all matters within the Special Master's scope of work and shall prepare reports for the Court at the direction of the Court. The time and expenses the Special Master or the Court accepts as complying with this Order and as being

common benefit will be used by the Special Master in any recommendation to the Court on matters the Court directs.

k.   This process of submission and substantive review is subject to modification should the Special Master make any recommended changes to the Court or should the Court issue any additional Orders to supplement or amend this Order.

l.   The Special Master shall confer with the Court appointed Certified Public Account regarding the common benefit expenses claimed, as needed.

m.   Any interpretation of this Order shall be guided by the Court's intent of this Order that all common benefit time and expenses periodically approved or rejected by the Special Master or Court will be final. This procedure of a review by the Special Master done periodically   should eliminate a review of all time and expenses at the end of the litigation by a fee committee. The opportunity to review the decisions of the Special Master or Court should eliminate a challenge by any plaintiffs' counsel at any point after the relevant thirty (30) day period has expired.

n.   The Court retains the sole authority to issue final rulings on all decisions made by the Special Master and all decisions regarding common benefit attorneys' fees and expenses.

## VIII.   Contributions

The Plaintiffs' Steering Committee and Co-Liaison Counsel are ultimately responsible for the costs related to all matters for the common benefit of the plaintiffs during

the course of MDL 2740. In order to fund these necessary activities, the Plaintiffs' Steering Committee, Co-Liaison Counsel, and other Participating Attorneys selected by the Executive Committee or the Plaintiffs' Steering Committee must periodically contribute to the Taxotere (Docetaxel) MDL Litigation Fund account at times and in amounts sufficient to cover the administration of the MDL, as determined by the Plaintiffs' Executive Committee. The amount set as a periodic contribution must be paid within sixty (60) days from the date of the written notification of the contribution and the amount of the contribution. . Should any firm fail to contribute its contribution, in whole or in part, within ninety (90) days after the written notification of the assessment, the Plaintiffs' Executive Committee has the authority to impose a prohibition on further work or other appropriate sanctions.

## IX. Assessments Withheld for Common Benefit Work and Costs

### A.   Establishing the Fee and Expense Funds and CPA Appointment

Plaintiffs' Executive Committee is directed to establish two interest-bearing accounts to receive and disburse holdback assessments to common benefit attorneys as approved by the Court. One fund shall be designated the "Taxotere (Docetaxel) Common Benefit Fee Fund" and the other fund shall be designated the "Taxotere (Docetaxel) Common Benefit Expense Fund." These two funds (collectively referred to herein as "Funds") will be held subject to the direction of this Court. The Plaintiffs' Steering Committee has retained and the Court approves the retention of the accounting firm of DeMonte & Falgoust, L.L.C., and hereby appoints John R. Falgoust, Jr. as the CPA to assist and provide accounting services to the Plaintiffs' Steering Committee and this Court. The Funds described above shall be monitored and overseen by the CPA.

The CPA shall submit quarterly detailed bills for his services to Plaintiffs' Co-Liaison Counsel and the Court. Upon approval by the Court, the CPA's bills shall be paid from the Taxotere (Docetaxel) MDL Litigation account and shall be considered Shared Costs.

The CPA shall maintain and keep detailed records of all deposits and withdrawals in any account described in this Order, and prepare tax returns and other tax filings in connection with any account, if needed.

### 1. General Standards

All counsel and plaintiffs who are subject to this Order who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to Taxotere (Docetaxel) claims or a Taxotere (Docetaxel) case, are subject to an assessment on the Gross Monetary Recovery, as provided herein, the amount subject to Court approval.

### 2.  Gross Monetary Recovery

Gross Monetary Recovery includes any and all amounts paid by defendants through settlement or pursuant to a judgment. In measuring the "Gross Monetary Recovery," the parties are to (a) exclude any court costs that are to be paid by the defendant(s), but include any attorneys' fee awards under any fee-shifting statute or rule; (b) include any payments to be made by the defendant(s) to a third party on behalf of the plaintiff; (c) include the present value of any fixed and certain payments to be made in the future; and (d) if applicable,

subtract any recovery paid by the plaintiff to a defendant through settlement or pursuant to a judgment for counterclaim(s) asserted in a Taxotere (Docetaxel) case by a defendant.

### 3.  Initial Assessment Amounts

The assessments in this Order represent a holdback (*see, e.g., In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256 (E.D.N.Y. 2006)) and may be altered only upon further orders of the Court. The obligations in this Section shall follow the case to its final disposition, including a court having jurisdiction in bankruptcy.

Defendants shall hold back [1] and set aside for placement into the Taxotere (Docetaxel) Common Benefit Fee Fund and the Taxotere (Docetaxel) Common Benefit Expense Fund the amounts in this section, unless otherwise amended by the Court. The Court is advised that the Plaintiffs' Steering Committee currently believes that a total assessment of 8% of the Gross Monetary Recovery recovered by any plaintiff(s) who is/are subject to this Order for receipt of the common benefit work product and plaintiff(s) counsel's eventual compensation of common benefit fees and reimbursement of common benefit expenses is fair and reasonable under the current circumstances and the law. Of this 8% total assessment, 6 percentage points shall be set aside for eventual payment of Court-approved common benefit attorneys' fees, and 2 percentage points will be set aside for reimbursement of common benefit costs approved for reimbursement by the Court. The 8% assessment set forth herein is preliminary in nature and made at the inception of MDL 2740 before any

---

[1] In the event any defendant fails to hold back the assessments required by this Order, plaintiffs' counsel has an equal duty to pay the appropriate holdback amounts to the Funds. Under all scenarios (except to the extent the attorney is being paid an hourly rate), the fee assessment shall be paid from the attorney's portion of the recovery and shall not be borne by the client.

discovery is done and is subject to revision, upward or downward, pursuant to subsequent Orders of this Court. Further, the 8% assessment shall not be a final determination of common benefit fees or expenses to ultimately be paid/reimbursed to plaintiffs' counsel performing functions in accordance with this Order; rather, such common benefit payments for fees and reimbursement for costs, if later supported by evidence of the outcome of the litigation, the extent of the work performed to achieve whatever the result, the caliber of counsel doing common benefit work, and the applicable jurisprudence, will later be awarded and set by the Court at a time and in a manner established by the Court in a separate Order after due notice to all counsel and a hearing.

Any case in the MDL 2740 proceeding that is subsequently resolved by settlement or trial as part of a class action pursuant to Federal Rule of Civil Procedure 23 will not be subject to this Order; rather in the event of a class action judgment or resolution, a separate order addressing class counsel fees and costs will be entered.

### B.      Defendants' Obligations to Pay Common Benefit Assessments

Pursuant to this Order, Defendants are directed to withhold the assessment amount set forth herein, unless otherwise amended by the Court from any amounts paid to plaintiffs and their counsel who are subject to this Order, and to pay the assessment directly into the Taxotere (Docetaxel) Common Benefit Fee Fund and the Taxotere (Docetaxel) Common Benefit Expense Fund as a credit against the settlement or judgment of a case or claim subject to this Order. If, for any reason, the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the Funds promptly.

Plaintiffs' Co-Liaison Counsel shall provide the Defendants' Liaison Counsel, the CPA, and the Court (or its designee) with a list of cases and/or counsel who have signed or is deemed to have signed the Participation Agreement (Exhibit A) or who are otherwise subject to this Order on a quarterly basis, beginning July 1, 2017. In the event there is a dispute as to whether a case or counsel are subject to this Order, the Plaintiffs' Steering Committee shall seek to resolve the matter with the particular plaintiff's counsel informally, and if that is unsuccessful upon motion to the MDL Court.

Although the settlement amounts are confidential, the settling defendant(s) must disclose the amounts to the CPA who shall provide Plaintiffs' Executive Committee at the appropriate time with written verification that defendant(s) have made full and complete payments to the appropriate Funds in accordance with this Order and with all procedures established by the Court. The full and complete payments and the required verification from the CPA shall discharge defendants' and defendants' counsel's obligations and responsibilities with respect to the deposited funds, including any disputes between or among plaintiffs and plaintiffs' counsel as to the allocation of such funds. Whether case(s) have been settled and the specifics of any settlement(s), including but not limited to amount(s) deposited into the appropriate Fund, shall be confidential and shall not be disclosed by the CPA to Plaintiffs' Co-Lead Counsel, Plaintiffs' Co-Liaison Counsel, the Plaintiffs' Steering Committee, any other plaintiffs' lawyer, the Court, the Court's designee, or to anyone else. However, it may be provided to the Court or the Court's designee, and to the Court or its designee only, should the Court request that information. Monthly statements from the CPA shall, however, be provided to Plaintiffs' Co-Lead and Co-Liaison Counsel and the Court

showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

The CPA shall provide Plaintiffs' Executive Committee with written verification that defendants have made full and complete payments to the appropriate Funds in accordance with this Order and with all procedures established by the Court; however, the CPA shall not disclose any settlement amounts to anyone, other than to the Court if requested by the Court.

## X.      Notice to All Prospective Participating Counsel

In order to ensure that all prospective Participating Counsel have due notice of the instant Order, Plaintiffs' Co-Liaison Counsel are ordered to provide immediate notice of the instant Order, and any other Order related to common benefit fees, expenses, or procedures, to all plaintiffs' counsel in Taxotere (Docetaxel) cases, without regard for whether the case is filed in federal or state court, so as to provide full notice as to the procedures which will govern this case.

THUS DONE AND SIGNED

New Orleans, Louisiana, this ___day of _____ 2017.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)          MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION                   SECTION "N" (5)

<u>**EXHIBIT B TO PRETRIAL ORDER NO. 16**</u>
<u>**COMMON BENEFIT, TIME AND EXPENSE RULES, HOLDBACK,**</u>
<u>**ASSESSMENTS, AND RELATED ISSUES**</u>

**Common Benefit Participation Agreement**

**THIS COMMON BENEFIT PARTICIPATION AGREEMENT** is made this \_\_\_\_ day

of _____, 2017, by and between the Plaintiffs' Steering Committee and Co-Liaison

Counsel, as appointed by the United States District Court for the Eastern District of Louisiana in

MDL 2740, and _____ **[Name of the Attorney and Law Firm**

**Executing the Agreement]** (the "Participating Counsel" or "Participating Firm"), on behalf of all

of his/their clients having claims relating to or arising from Taxotere, whether in the MDL or in

any non-MDL court including cases that are originally filed in or otherwise remanded to state

court, as well as unfiled claims.

NOW, THEREFORE, in consideration of the covenants and promises contained herein,

and intending to be legally bound hereby, the parties agree as follows:

**I.      SCOPE OF AGREEMENT**

    **A.      Purpose**

This Participation Agreement (the "Agreement") is a private cooperative agreement

between plaintiffs' attorneys to share common benefit work product pursuant to the Court's Case

Management Order No. \_\_\_\_ Common Benefit, Time and Expense Rules, Holdback, Assessments,

and Related Issues (the "Order"), which is incorporated herein.  By signing this Participation

Agreement, the Participating Counsel and Participating Firm  executing this Agreement are entitled to receive and use common benefit work product, regardless of the venue or jurisdiction in which Participating Counsel's cases are pending, or if the claim has not yet been filed.

**B.     Rights and Obligations of Participating Counsel**

Participating Counsel and Participating Firm shall be provided access to the common benefit work product, including access to the document depository.  Participating Counsel and Participating Firm agree that all Taxotere cases and/or claims in which Participating Counsel or Participating Firm has any fee interest, including unfiled cases, tolled cases, and/or cases filed in any state or federal court, are all subject to the terms of this Participation Agreement.

Participating Counsel and Participating Firm shall produce a list that correctly sets forth the name of each client represented by him/them or in which he/they have an interest in the attorney fee, regardless of what that interest is, whether the case if filed or not yet in suit.  Such list shall include the court and docket number of each such case; if the case is not yet filed, the list shall include the address of the claimant.  Participating Counsel and Participating Firm shall supplement the list on a quarterly basis and provide the list to Co-Liaison Counsel via electronic mail.  The initial list shall be provided within 14 calendar days of signing this Agreement and must be supplemented every 90 days thereafter.

**II.     AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY**

Subject to the terms of this Agreement and the terms of the Order, Participating Counsel and Participating Firm who agree to settle, compromise, dismiss, or reduce the amount of a claim, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, for any Taxotere claims on behalf of any client are subject to an assessment of the Gross Monetary Recovery, as provided herein, regardless of whether Participating Counsel or Participating Firm has actually accessed or used common benefit work

product at any time.

### A.   Gross Monetary Recovery Defined

"Gross Monetary Recovery" includes any and all amounts paid to plaintiffs' and/or their counsel by defendant(s) through a settlement or pursuant to a judgment.  In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs to be paid by the defendant(s), but include any attorneys' fee awards under any fee-shifting statute or rule; (b) include any payments to be made by defendant(s) to a third party on  behalf of a plaintiff; (c) include the present value of any fixed and certain payments to be made in the future; and (d) if applicable, subtract any recovery paid by the plaintiff to  defendant(s) through settlement or pursuant to a judgment for counterclaim(s) asserted by  defendant(s).

### B.   Assessment Amount

This assessment herein represents a holdback (*see, e.g., In re Zyprexa Prods. Liab.  Litig*., 467 F. Supp. 2d 256 (E.D.N.Y. 2006)).  The obligations in this Participation Agreement shall follow all cases or claims to their final disposition, including a court having jurisdiction in bankruptcy.  The assessment rules shall govern in accordance with the Order as a holdback for placement into the Taxotere Common Benefit Fee Fund and the Taxotere Common Benefit Expense Fund.

Regardless of where any case is filed or pending, or if a claim has not yet been filed,   the Participating Counsel, Participating Firm and his/their clients hereby agree to be bound by the assessment set by the Court.  At the present time that total assessment is 8% of the Gross Monetary Recovery by the Participating Counsel or Participating Firm for each client.  Of this 8% total assessment, 6% shall be paid by the attorney for attorneys' fees from the individual law firm's fee percentage with the client and 2% will be paid by the client for reimbursement of costs from the client's recovery.  Participating Counsel, Participating Firm and his/their clients believe the assessment and holdback is fair and reasonable under the circumstances and the law.

3

The 8% assessment set forth in the Order and this Participation Agreement is preliminary in nature and made at the inception of MDL 2740 before any discovery is done, and is subject to revision, upward or downward, pursuant to subsequent Orders of this Court.  Further, the 8% assessment shall not be a final determination of common benefit fees or expenses to ultimately be paid/reimbursed to plaintiffs' counsel performing functions in accordance with this Order; rather, common benefit assessments, if later supported by evidence, the outcome of the litigation, the extent of the work performed to achieve whatever the result, the caliber of counsel doing common benefit work, and the applicable jurisprudence, may later be awarded in the same or in a different amount and set by the Court at a time and in a manner established by the Court in a separate Order after due notice to all counsel and a hearing.

In the event any defendant fails to hold back the assessments required by this Participation Agreement, Participating Counsel and Participating Firm must pay the appropriate holdback amounts to the Taxotere Common Benefit Fee Fund and the Taxotere Common Benefit Expense Fund.  Under all scenarios the fee assessment shall be paid from the Participating Attorney's portion of the recovery and shall not be borne by Participating Attorney's client.

### C.    Covered Cases

By signing this Agreement, the Participating Counsel and Participating Firm agree that the assessment percentages set forth above or those ultimately set by the Court shall apply to all of Participating Counsel and Participating Firm's cases wherever filed or pending or claims not yet filed.  in which he/they have a fee interest, regardless of the size of that fee interest, and that the assessment percentages for MDL Counsel set forth in the Court's Order will apply to all Participating Counsel's and Participating Firm's cases in any federal or state court or unfiled claims.

### D.    Attorneys' Fee Lien

With respect to each client represented in connection with Taxotere related claims that are filed or pending in any federal or state court, are un-filed, or are subject to a tolling agreement, Participating Counsel

4

and Participating Firm agree to have defendants deposit or cause to be deposited in the Taxotere Common Benefit Fee Fund and Taxotere Common Benefit Expense Fund established by the District Court in  MDL 2740, a percentage of the Gross Monetary Recovery recovered by each such client that is equal to the assessment amount ultimately approved by the Court.  In the event defendants do not deposit the assessed percentage into the Funds, Participating Counsel and Participating Firm shall deposit or cause to be deposited in the Taxotere Common Benefit Fee Fund and Taxotere Common Benefit Expense Fund a percentage of the Gross Monetary Recovery recovered by each such client that is equal to the assessment amount ultimately approved by the Court.  Participating Counsel, on behalf of themselves, their firms, their affiliated counsel, and their clients, hereby grant and convey to Plaintiffs' Steering Committee and Co-Liaison Counsel a lien upon and/or a security interest in any fee  generated as a result of any recovery by any client who they represent in connection with any Taxotere-related claims and  any claims  they have any interest in, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Agreement and the Court's Order.  Participating Counsel and Participating Firm will undertake all actions and execute all documents are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

## III.    OTHER PROVISIONS

It is the intention of the MDL 2740 that Participating Counsel's and the Participating Law Firm's payment of these funds as described above be in full and final satisfaction of any present or future obligation on the part of each.

In accordance with the Orders of the Court in the MDL 2740 Proceeding, the amounts deposited in the Taxotere Common Benefit Fee Fund and Taxotere Common Benefit Expense Fund will be available for distribution to Participating Counsel who have performed common benefit work or incurred common benefit expenses pursuant to the Order. Such sums will be distributed only upon an Order of the Court in the MDL 2740, after full consideration by the Court, with notice and a hearing. Appropriate consideration will be given to the experience, talent, and contribution

made by all of those authorized to perform common benefit work and incur common benefit expenses.

Upon execution of this Participation Agreement, MDL 2740 Co-Liaison Counsel will provide to Participating Counsel and Participating Law Firm, to the extent developed, access to the common benefit work product. If the Court in MDL 2740 rules that a Participating Counsel or Participating Law Firm is not authorized to be a Participating Counsel or Participating Firm, then this Agreement shall be null and void and no access to common benefit work product will be permitted.

A Participating Counsel or Participating Law Firm will have access to the following resources, for use on behalf of their plaintiff cases:

a.    Research and testing information and other expert discovery materials relevant to the various issues alleged in MDL 2740;

b.    Legal research and memoranda on legal issues relevant to the various issues alleged in MDL 2740;

c.    Deposition database of all discovery depositions related to the MDL 2740 litigation;

d.    Transcript database of trial and court proceedings to the extent permissible;

e.    Any MDL 2740 trial package as it is developed or assistance with trial-related matters;

f.    Any other non-confidential or privileged work product of the Plaintiffs Steering Committee; and

g.    the Document Depository set up and maintained by the Plaintiffs Steering Committee.

This Agreement shall apply to each and every client who is a plaintiff in a Taxotere action in which Participating Counsel or Participating Law Firm has a right or claim to a fee.

Participating Counsel and Participating Law Firm understand and agree that by entering into the Participation Agreement, Participating Counsel and Participating Law Firm and its clients are bound by, and may not withdraw from, the Participation Agreement, provided they satisfy the requirements for Participating Counsel under the Order.

The MDL 2740 Court shall have exclusive and continuing jurisdiction to adjudicate any unresolved dispute arising under this Agreement.

I _____ [name of attorney] hereby represent that I have the authority to execute this Agreement on behalf of my law firm, _____ [insert name of law firm], and on behalf of all of my Taxotere clients.  I hereby represent that I have the authority to bind my law firm and all of my Taxotere clients to the terms of this Participation Agreement.

By: _____
Attorney at Participating Law Firm authorized to sign for
Participating Law Firm and clients listed on Exhibit 1
[Attorney Name and Law Firm Name and Address]

Dated: _____

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**                           **MDL NO. 2740**
         **PRODUCTS LIABILITY**
         **LITIGATION**                                      **SECTION "N" (5)**

**EXHIBIT C TO PRETRIAL ORDER NO. 16
COMMON BENEFIT TIME AND EXPENSE RULES, HOLDBACK,
ASSESSMENTS, AND RELATED ISSUES**

**Litigation Task Categories**

The following Litigation Task Codes/Categories are to be used to identify all tasks performed:

| Task Code | Litigation Category |
|---|---|
| 01. | Administration (data and file management) |
| 02. | ESI |
| 03. | Document Review |
| 04. | Legal Research |
| 05. | Pleadings, Briefs & Pretrial Motions |
| 06. | Written Discovery |
| 07. | Deposition Prep/Take/Defend |
| 08. | Experts/Consultants |
| 09. | Case Vetting/Bellwether |
| 10. | Trial Preparation and Trial |
| 11. | Court Appearances/Arguments before the Court |
| 12. | Status Conference Attendance |
| 13. | Litigation Strategy & Analysis |
| 14. | Settlement |
| 15. | Travel |
| 16. | Committee Meetings or Calls |
| 17. | PEC / Liaison Counsel Duties |
| 18. | Pre-MDL Common Benefit Work |
| 19. | Appeal |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION                                     SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

### PRETRIAL ORDER NO. 17
[Intent to Appoint Kenneth W. DeJean as Special Master]

On Monday, February 13, 2017, the Court issued a Show Cause Order (Pretrial Order No. 16) related to the Court's intent to enter the PSC's proposed Common Benefit Order. In that proposed common benefit order, guidelines are established for the monthly recordation and submission of common benefit time and expenses for eventual consideration of common benefit attorney fees and cost reimbursement.  Section VII of the proposed common benefit order also contemplates appointment of a Special Master for management, oversight, and substantive review of matters related to and claimed to be common benefit, and any other matters or recommendation as directed by the Court.

In accordance with Federal Rule of Civil Procedure 53(b)(1), the Court hereby gives notice of its intent to appoint Kenneth W. DeJean to serve as Special Master as contemplated in the proposed Common Benefit Order.  Mr. DeJean's curriculum vitae is attached to this Order as Exhibit A.  An affidavit by Mr. DeJean disclosing any ground for disqualification under 28 U.S.C. § 455 is attached to this Order as Exhibit B. *See* Fed. R. Civ. P. 53(b)(3)(A).  The proposed order appointing Mr. DeJean as Special Master is attached as Exhibit C.

1

Any response in opposition to this appointment shall be filed by **Tuesday, February 21, 2017.**

New Orleans, Louisiana, this 13th day of February, 2017.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

EXHIBIT A

# CURRICULUM VITAE
# OF KENNETH W. DEJEAN

## Work Address and Telephone Number:

417 West University Avenue
Post Office Box 4325
Lafayette, Louisiana 70502
(337) 235-5294 (Phone)
(337) 235-1095 (Fax)
kwdejean@kwdejean.com (E-Mail)

## EDUCATION AND DEGREES:

| | |
|---|---|
| May 1969 | Port Barre High School<br>Port Barre, Louisiana |
| May 1973 | University of Southwestern Louisiana<br>Lafayette, Louisiana<br>Bachelor of Arts Degree - Political Science |
| January 1976 | Loyola Law School<br>New Orleans, Louisiana<br>Juris Doctorate |

## EXPERIENCE:

| | |
|---|---|
| 1974 - 1976 | Law Clerk for Honorable Bernard Bagert,<br>Chief Judge, Orleans Parish Criminal Court<br>New Orleans, Louisiana |
| 02/76 - 06/77 | J. Minos Simon, Ltd.<br>Lafayette, Louisiana |
| 06/77 - 11/77 | Partner - Simon, Block, DeJean and Milligan<br>Lafayette, Louisiana |
| 12/77 - 01/80 | Sole Practitioner<br>Lafayette, Louisiana |
| 1980 - 1989 | Partner - Fruge' & DeJean<br>Lafayette, Louisiana |
| 06/89 to Present | Law Offices of Kenneth W. DeJean<br>Lafayette, Louisiana |

*(Rev'd.: 10/13/16)*

1

## COURTS IN WHICH ADMITTED TO PRACTICE:

Supreme Court of the United States - 11/13/1987
Supreme Court of the State of Louisiana - 04/23/1976
Colorado State Supreme Court - 05/09/1989
United States District Court for the Western - 05/25/1975, Middle - 11/02/1983 and Eastern - 07/16/1980 Districts of Louisiana
United States Court of Appeals, Fifth - 09/13/1976 and Eleventh - 11/03/1983 Circuits

## RATINGS

AV Preeminent Rating (Martindale Hubbell)

## MEMBERSHIPS:

1. Louisiana State Bar Association
2. Colorado State Bar Association
3. American Bar Association
4. American Association for Justice
5. Louisiana Association for Justice
6. Lafayette Parish Bar Association
7. Lafayette Trial Lawyers Association
8. Federal Bar Association - Lafayette Acadiana Chapter
9. Bar Association of the Fifth Federal Circuit
10. Louisiana Bar Foundation
11. Million Dollar Advocates Forum
12. National Trial Lawyers Association: Top 100 Trial Lawyers in Louisiana

## OTHER ACTIVITIES:

Past President - Federal Bar Association (Lafayette - Acadiana Chapter) (2014-2015)

Past President - Lafayette Trial Lawyers Association (1985-1986)

Who's Who in American Law - 1986

Board of Governors - Louisiana Association for Justice (formerly Louisiana Trial Lawyers Association) (1986 to Present)

Counsel of Directors - Louisiana Trial Lawyers Association (1999- 2000)

Advisory Board of the Louisiana Law Institute (1989)

John M. Duhe' American Inns of Court (Past Member & Founding Member)

Member: Coastal Conservation Assocation and past President of the Acadiana Chapter

Speaker at numerous Seminars and Professional Meetings on Torts, Evidence and Complex Litigation

U.S. Coast Guard Master Certificate (December 1985 - February 2008)

*(Rev'd.: 10/13/16)*                    2

**APPOINTMENTS:**

1.  Special Master - Eunice Trail Derailment Class Action - Civil Action Number: 00-1267, with approximately 12,000 claimants. I was appointed as Special Master to conduct settlement negotiations, prepare allocation awards and make special case awards. I also conducted hearings on allocation appeals and inquiry into suspect claims. I was appointed on April 26, 2002 by Judge Richard T. Haik, Sr.,United States District Court, Western District of Louisiana, Lafayette, Louisiana, (337) 593-5100.

2.  Special Master - Jimmy Valmont, Individually vs. Conoco Phillips Company - Civil Action Number 2003-6343 with approximately 612 claimants known as the Conoco Release. I was appointed as Special Master to handle the allocation and distribution of monies to all claimants arising out of a chemical release at a Conoco Plant. I was appointed on March 17, 2005 by Judge Wilford D. Carter, 14th JDC, Lake Charles, Louisiana. (337) 564-6990.

3.  Deputy Special Master - Bayou Sorrel Class Action - Civil Action Number: 04-1101. I was appointed as Deputy Special Master at the end of the litigation for purposes of mediation of fee disputes and claims. I was appointed on November 18, 2005 by Judge Richard T. Haik, Sr., United States District Court, Western District of Louisiana, Lafayette, Louisiana. (337)593-5100.

4.  Deputy Special Master - ACTOS MDL Number 2299- In RE: Actos (Pioglitazone) Products Liability Litigation. I was appointed as Deputy Special Master to manage and oversee matters related to the Plaintiffs' Steering Committee and review all Common Benefit Time and Expense submissions by all plaintiff attorneys involving approximately 10,000 claimants. I was appointed on April 11, 2012 by Judge Rebecca F. Doherty, United States District Court, Western District of Louisiana, Lafayette, Louisiana. (337)593-5050.

5.  Special Master - Lawtell Train Derailment - 27 th JDC, Opelousas LA - Docket #133656 et. al. Division C. I was appointed as Special Master to handle all pre trial matters including discovery motions through the liability trial set for December, 2016 before Judge Alonzo Harris. I was appointed on April 1, 2016 by Judges Alonzo Harris, James P, Doherty, Gerard Caswell and Jason Meche., involving approximately 900 claimants. (337)948-0584.

**REPORTED DECISIONS INCLUDE:**

1.  *In re Taira Lynn Marine, Ltd. No. 5, L.L.C.*, 444 F.3d 371, (5th Cir. 2006);

2.  *Squyres v. Our Lady of Lourdes Regional Medical Center, Inc.*, 954 So.2d 897, 2006-1517 (La.App. 3 Cir. 4/4/07);

3.  *Caldwell ex rel. State of Louisiana v. Janssen Pharmaceutical, Inc., et al*, 2011-1184 (La.App. 3 Cir. 8/31/12), 100 So.3d 865.

4.  *Succession of William A. Koch, Jr.*, Probate No. 20140504-E, 15th Judicial District Court, Parish of Lafayette

**Kenneth W. DeJean**
**Special Master & Deputy Special Master**
**Appointments as of June 1, 2016**

1.      Special Master - Eunice Trail Derailment Class Action - Civil Action Number: 00-1267, with approximately 12,000 claimants. I was appointed as Special Master to conduct settlement negotiations, prepare allocation awards and make special case awards. I also conducted hearings on allocation appeals and inquiry into suspect claims. I was appointed on April 26, 2002 by Judge Richard T. Haik, Sr.,United States District Court, Western District of Louisiana, Lafayette, Louisiana, (337) 593-5100.

2.      Special Master - Jimmy Valmont, Individually vs. Conoco Phillips Company - Civil Action Number 2003-6343 with approximately 612 claimants known as the Conoco Release. I was appointed as Special Master to handle the allocation and distribution of monies to all claimants arising out of a chemical release at a Conoco Plant. I was appointed on March 17, 2005 by Judge Wilford D. Carter, 14th JDC, Lake Charles, Louisiana. (337) 564-6990.

3.      Deputy Special Master - Bayou Sorrel Class Action - Civil Action Number: 04-1101. I was appointed as Deputy Special Master at the end of the litigation for purposes of mediation of fee disputes and claims. I was appointed on November 18, 2005 by Judge Richard T. Haik, Sr., United States District Court, Western District of Louisiana, Lafayette, Louisiana. (337)593-5100.

4.      Deputy Special Master - ACTOS MDL Number 2299- In RE: Actos (Pioglitazone) Products Liability Litigation. I was appointed as Deputy Special Master to manage and oversee matters related to the Plaintiffs' Steering Committee and review all Common Benefit Time and Expense submissions by all plaintiff attorneys involving approximately 10,000 claimants. I was appointed on April 11, 2012 by Judge Rebecca F. Doherty, United States District Court, Western District of Louisiana, Lafayette, Louisiana. (337)593-5050.

5.      Special Master - Lawtell Train Derailment - 27 th JDC, Opelousas LA - Docket #133656 et. al. Division C. I was appointed as Special Master to handle all pre trial matters including discovery motions through the liability trial set for December, 2016 before Judge Alonzo Harris. I was appointed on April 1, 2016 by Judges Alonzo Harris, James P, Doherty, Gerard Caswell and Jason Meche., involving approximately 900 claimants. (337)948-0584.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**          **MDL NO. 2740**
       **PRODUCTS LIABILITY**
       **LITIGATION**                         **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

<u>**AFFIDAVIT OF KENNETH W. DEJEAN**</u>
<u>**TENDERED PURSUANT TO FED. R. CIV. P. 53**</u>

STATE OF LOUISIANA

PARISH OF LAFAYETTE

      Kenneth W. DeJean, being first duly sworn according to law, states the following:

      I am an attorney at law, duly licensed to practice law in the States of Louisiana and

Colorado.  My bar admissions are as follows:

- Louisiana State Bar Association – 1976

- Colorado State Bar Association – 1989

- U.S. District Court for the Eastern District of Louisiana – 1976

- U.S. District Court for the Western District of Louisiana – 1976

- U.S. Court of Appeals for the Fifth Circuit – 1982

- U.S. Court of Appeals for the Eleventh Circuit – 1983

- U.S. Supreme Court – 1987

      I have thoroughly familiarized myself with the issues involved in the Multi-District

Litigation captioned In Re: Taxotere (Docetaxel) Products Liability Litigation 2:16-md-2740-

KDE-MBN.  As a result of my knowledge of that case, I attest and affirm that there are no non-

disclosed grounds for disqualification under 28 U.S.C. §455 that would prevent me from serving

as Special Master in the captioned matter.

_____
KENNETH W. DEJEAN

SWORN TO AND SUBSCRIBED before me, Notary Public, this 6th day of

February , 2017.

_____
NOTARY PUBLIC
Name: Adam R. Credeur
Notary Number: 136438
My Appointment Expires: at death

OFFICIAL SEAL
ADAM R. CREDEUR
NOTARY ID #136438
NOTARY PUBLIC
STATE OF LOUISIANA
COMMISSIONED FOR LIFE

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  **TAXOTERE (DOCETAXEL)**          **MDL NO. 2740**
       **PRODUCTS LIABILITY**
       **LITIGATION**                              **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

### [PROPOSED] ORDER
[Appointment of Kenneth W. DeJean as Special Master]

On _____, 2017, this Court entered an Order advising all counsel of record of the Undersigned's intent to appoint Kenneth W. DeJean as Special Master for the purposes set forth in Section VII of the Common Benefit Order (Pretrial Order No. __, R. Doc. ___).  All parties having had notice that the Court was considering the appointment of a special master in this matter, and having had an opportunity to be heard and make suggestions and objections concerning the naming of the special master,

**IT IS ORDERED** that Kenneth W. DeJean is hereby appointed as Special Master herein, pursuant to Rule 53 of the Federal Rules of Civil Procedure;

**IT IS FURTHER ORDERED** that the Special Master shall be responsible for all purposes set forth in Section VII of the Common Benefit Order (Pretrial Order No. __, R. Doc. ___) and any other duties later assigned by the Court;

**IT IS FURTHER ORDERED** that the Special Master shall be responsible for, and shall have the authority to engage appropriate support personnel to assist in carrying out his duties as Special Master;

**IT IS FURTHER ORDERED** that the Special Master may communicate *ex parte* with the Court or with the plaintiff attorneys, without providing notice to the attorneys or the parties;

**IT IS FURTHER ORDERED** that all recommendations to the Court rendered by the Special Master shall be in writing and shall be submitted to the Court;

**IT IS FURTHER ORDERED** that the Special Master's decisions will be done and reviewed in the manner described in in Section VII of the Common Benefit Order (Pretrial Order No. __, R. Doc. ___).

**IT IS FURTHER ORDERED** that the Special Master shall maintain those records upon which he bases his recommendations at his office, which is located at 417 W. University Avenue, Lafayette, LA 70506, or on the platform established by the PSC for entry of common benefit time and expenses, and shall make those records available for inspection as provided in the Common Benefit Order;

**IT IS FURTHER ORDERED** that the Special Master shall be invested with all powers incidental to the accomplishment of his duties as outlined above;

**IT IS FURTHER ORDERED** that the Special Master shall proceed with all reasonable diligence in accomplishing the above; and

**IT IS FINALLY ORDERED** that the Special Master and his staff shall be compensated by the Plaintiffs' Steering Committee (PSC) at the following rates: Special Master Kenneth W. DeJean: $400.00 per hour; paralegals: $50.00 per hour, all of which charges shall be billed on a monthly basis, except that the in-state travel charges of the Special Master shall not be billed.

New Orleans, Louisiana, this ___ day of _____, 2017.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  **TAXOTERE (DOCETAXEL)**                         **MDL NO. 2740**
       **PRODUCTS LIABILITY**
       **LITIGATION**                         **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

## PRETRIAL ORDER NO. 18
[Plaintiff Fact Sheet and Defendant Fact Sheet]

Pursuant to this Court's Orders of December 21, 2016 (R. Doc. 140) and January 11, 2017 (R. Doc. 170), on January 20, 2017, the parties submitted counterproposals on the form of the Plaintiff and Defendant Fact Sheets.  After reviewing the respective submissions of the parties,

**IT IS ORDERED** that the document attached to this Order as Exhibit A will be the operable Plaintiff Fact Sheet in this matter;

**IT IS FURTHER ORDERED** that the document attached to this Order as Exhibit B will be the operable Defendant Fact Sheet in this matter; and

**IT IS FINALLY ORDERED** that the parties will be required to complete and submit for the Court's consideration the authorizations to be attached to Exhibit A, and the deadlines and guideline/rules for implementation of these forms in a Proposed Order  through  Liaison Counsel no later than **Friday, March 3, 2017**.

New Orleans, Louisiana, this 14th day of February, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PLAINTIFF FACT SHEET

This Fact Sheet must be completed by each plaintiff who has filed a lawsuit related to the use of Taxotere® by the plaintiff or a plaintiff's decedent. Please answer every question to the best of your knowledge. In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect..

In filling out this form, please use the following definitions: (1) "**healthcare provider**" means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) "**document**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone-records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

**Information provided by plaintiff will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation. This Fact Sheet is completed pursuant to the Federal Rules of Civil Procedure governing discovery (or, for state court case, the governing rules of civil of the state in which the case is pending).**

## I.  CASE INFORMATION

Attorney Information

Please provide the following information for the civil action that you filed:

1

1.  Caption:_____

2.  Court and Docket No.:_____

3.  MDL Docket No. (if different):_____

4.  Date Lawsuit Filed:_____

5.  Plaintiff's Attorney:_____

6.  Attorney's Address:_____

7.  Attorney's Phone Number:_____

8.  Attorney's Email Address:_____

Plaintiff Information

Please provide the following information for the individual on whose behalf this action was filed:

9.  Name:_____

10. Street Address:_____

11. City:_____

12. State:_____

13. Zip code:_____

14. Date of Birth:_____

15. Place of Birth:_____

16. Social Security Number:_____

17. Maiden or other names you have used or by which you have been known:

_____

18. Sex:  Male: ☐ Female: ☐

19. Race:

| Race | ☐ |
|---|---|
| American Indian or Alaska Native | ☐ |
| Asian | ☐ |

2

| Race | ☐ |
|---|---|
| Black or African American | ☐ |
| Native Hawaiian or Other Pacific Islander | ☐ |
| White | ☐ |

20. Ethnicity:

| Ethnicity | ☐ |
|---|---|
| Hispanic or Latino | ☐ |
| Not Hispanic or Latino | ☐ |

21. Primary Language: _____

Representative Information

If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person), please state the following:

22. Name:_____

23. Address:_____

24. Capacity in which you are representing the individual:_____

25. If you were appointed as a representative by a court, identify the State, Court and Case Number:

    a) State:_____

    b) Court:_____

    c) Case Number:_____

26. Relationship to the Represented Person:_____

27. State the date of death of the decedent:_____

28. State the place of death of the decedent:_____

29. Are you filling this questionnaire out on behalf of an individual who is deceased and on whom an autopsy was performed? Yes ☐ No☐

3

*If you are completing this questionnaire in a representative capacity, please respond to these questions with respect to the person whose medical treatment involved Taxotere® or Docetaxel.*

## II. PERSONAL INFORMATION

Relationship Information

1. Are you currently: Married: ☐ Single: ☐ Engaged: ☐ Significant other: ☐ Divorced: ☐ Widowed: ☐ Same sex partner: ☐

2. Have you ever been married? Yes ☐ No☐

3. If yes, for EACH marriage, state the following:

| Spouse's Name | Date of Marriage | Date Marriage Ended | Nature of Termination |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Education

4. For each level of education you completed, please check below:

High School: ☐                Vocational School: ☐

College: AA: ☐ BA/BS: ☐ Masters: ☐ PhD: ☐ M.D.: ☐ Other:

Employment

5. Are you currently employed? Yes ☐ No☐

6. If yes, state the following:

   a) Current employer name:_____

   b) Address:_____

   c) Telephone number:_____

   d) Your position there:_____

7. Are you making a claim for lost wages or lost earning capacity? Yes ☐ No☐

8. Only if you are asserting a wage loss claim, please state the following for EACH employer for the last seven (7) years:

| Name of Employer | Address of Employer | Dates of Employment | Annual Gross Income | Your Position |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

9.  Have you ever been out of work for more than thirty (30) days for reasons related to your health in the last seven (7) years? Yes ☐ No☐

10. If yes, please state the following:

| Name of Employer | Dates | Health Reason |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

YOU MUST ATTACH TAX RETURNS, EMPLOYMENT AUTHORIZATIONS, AND IDENTIFY THE LOSS OF CONSORTIUM PLAINTIFF'S EMPLOYERS IF CLAIMING LOST WAGES OR LOST EARNING CAPACITY DAMAGES.

Worker's Compensation and Disability Claims

11. Within the last ten (10) years, have you ever filed for workers' compensation, social security, and/or state or federal disability benefits? Yes ☐ No☐

12. If yes, then as to EACH application, please state the following:

| Year Claim Filed | Court | Nature of Claimed Injury | Period of Disability | Award Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Military Service

13. Have you ever served in any branch of the military? Yes ☐ No☐

14. If yes, state the branch and dates of service:

| Branch | Dates of Service |
|---|---|
|  |  |
|  |  |
|  |  |

15. If yes, were you discharged for any reason relating to your health (whether physical, psychiatric, or other health condition)? Yes ☐ No☐

16. If yes, state the condition:_____

**Other Lawsuits**

17. Within the last ten (10) years, have you filed a lawsuit, relating to any bodily injury, or made a claim, OTHER THAN the present suit? Yes ☐ No ☐

**Computer Use**

18. Apart from communications to or from your attorney, have you communicated via email, visited any chat rooms, or publicly posted a comment, message or blog entry on a public internet site regarding your experience with or injuries you attribute to Taxotere®, other chemotherapies, or alopecia/hair loss during the past ten (10) years? You should include all postings on public social network sites including Twitter, Facebook, MySpace, LinkedIn, or "blogs" that address the topics above. Yes ☐ No☐

19. If yes, please state the following:

| Forum Name | Screen Name or User Handle | Date of Post | Substance of Post |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

20. Are you now or have you ever been a member of an alopecia support group? Yes ☐ No☐

   a)  If yes, identify the group by name:_____

   b)  When did you join the group?_____

## III. PRODUCT IDENTIFICATION

### I HAVE RECORDS DEMONSTRATING USE OF TAXOTERE® OR OTHER DOXETAXEL: Yes ☐ No☐

### YOU MUST UPLOAD THEM BEFORE YOU SUBMIT THIS FACT SHEET

**Taxotere®**

1.  Were you treated with brand name Taxotere®? Yes ☐ No ☐ Unknown ☐

6

Other Docetaxel

2. Were you treated with another Docetaxel or generic Taxotere®? Yes ☐ No☐

3. If yes, select all that apply:

| Name of Drug | |
|---|---|
| Docetaxel – Winthrop | ☐ |
| Docetaxel – Teva Pharms USA | ☐ |
| Docetaxel – Dr. Reddy's Labs Ltd. | ☐ |
| Docetaxel – Eagle Pharms | ☐ |
| Docetaxel – Actavis Inc. | ☐ |
| Docetaxel – Pfizer Labs | ☐ |
| Docetaxel – Sandoz | ☐ |
| Docetaxel – Accord Healthcare | ☐ |
| Docetaxel – Apotex Inc. | ☐ |
| Docetaxel – Hospira Inc. | ☐ |
| Docefrez – Sun Pharma Global | ☐ |
| Unknown | ☐ |

4. **IF YOU SELECTED "UNKNOWN" YOU MUST CERTIFY AS FOLLOWS:**

   **I certify that I have made reasonable, good faith efforts to identify the manufacturer of the Docetaxel used in my treatment, including requesting records from my infusion pharmacy, and the manufacturer either remains unknown at this time or I am awaiting the records:** ☐

## IV. MEDICAL INFORMATION

Vital Statistics

1. How old are you:_____

2. Age at the time of your alleged injury:_____

3. Current weight:_____

4. Current height:

   Feet:_____        Inches:_____

5. Weight at time of alleged injury:_____

Gynecologic and Obstetric History

6. Have you ever been pregnant? Yes ☐ No ☐

7

a) Number of pregnancies:_____

b) Number of live births:_____

7. If you have children, please state the following for EACH child:

| Child's Name | Address | Date of Birth |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

8. Date of first period (menses):_____     Age:_____

9. Date of last period (menses): _____     Age:_____

10. Are you menopausal, perimenopausal or postmenopausal? Yes ☐ No☐

11. For EACH year for the last seven (7) years before your first treatment with Taxotere® or Docetaxel and since then, who did you see for your annual gynecological exam? Also indicate whether an annual exam was skipped or missed.

| Doctor | Office | Year | Skipped or Missed |
|---|---|---|---|
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

12. For EACH year after age 40, or before then if applicable, who did you see for your annual mammogram? Also indicate whether an annual mammogram was skipped or missed.

| Doctor | Office | Year | Skipped or Missed |
|---|---|---|---|
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

Other Risk Factors

13. Have any family members been diagnosed with breast cancer?

| Family Member | Diagnosed | Age at Diagnosis |
|---|---|---|
| Mother | ☐ | |
| Sister | ☐ | |
| Daughter | ☐ | |
| Paternal grandmother | ☐ | |
| Maternal grandmother | ☐ | |

14. Have you ever been diagnosed as having genes or gene mutations that carry an increased cancer risk (e.g., BRCA1, BRCA2)? Yes ☐ No ☐

   a)  If yes, which? _____

15. Did you receive radiation treatments or exposure to radiation before the age of 30? Yes ☐ No ☐

   a)  If yes, describe the particulars of your treatment or exposure: _____

Tobacco Use History

For the ten (10) year period before your use of Taxotere® or Docetaxel up to the present, check the answer and fill in the blanks applicable to your history of tobacco use, including cigarettes, cigars, pipes, and/or chewing tobacco/snuff.

16. I currently use tobacco: Yes ☐ No ☐

17. I have never used tobacco: Yes ☐ No ☐

18. I used tobacco in the ten (10) years before Taxotere® or Docetaxel treatment: Yes ☐ No ☐

19. Identify types of tobacco use:

| Type | Used | Average Per Day | Duration of Use (Years) |
|---|---|---|---|
| Cigarettes | ☐ | | |
| Cigars | ☐ | | |
| Pipes | ☐ | | |
| Chewing tobacco/snuff | ☐ | | |

9

Prescription Medications

20. Apart from chemotherapy, are there prescription or over-the-counter medications that you took on a regular basis or more than three (3) times in the seven (7) year period before you first took Taxotere®? Yes ☐ No ☐

*For purposes of this question, "regular basis" means that you were directed by a healthcare provider to take a medication for at least forty-five (45) consecutive days.*

21. If yes, please provide the following for EACH prescription medication:

| Medication | Prescriber | Dates Taken |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## V.  CANCER DIAGNOSIS AND TREATMENT

Cancer Diagnosis & Treatment Generally

1. Have you ever been diagnosed with cancer? Yes ☐ No☐

2. Were you diagnosed with cancer more than once? Yes ☐ No☐

3. Did you undergo any of the following for cancer?

| Treatment | Treated |
|---|---|
| Surgery | ☐ |
| Radiation | ☐ |
| Chemotherapy | ☐ |

4. For surgery, specify:

| Type of Surgery | Treated |
|---|---|
| Double mastectomy | ☐ |
| Left-side mastectomy | ☐ |
| Right-side mastectomy | ☐ |
| Lumpectomy | ☐ |
| Other:_____ | ☐ |

5. Please state the following for EACH cancer diagnosis:

10

| Type of Cancer | |
|---|---|
| Date of Diagnosis | |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

| Type of Cancer | |
|---|---|
| Date of Diagnosis | |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

| Type of Cancer | |
|---|---|
| Date of Diagnosis | |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

Particulars of Chemotherapy

6.  When were you first diagnosed with the condition for which you were prescribed Taxotere® or Docetaxel?_____

7.  What was the diagnosis for which you were prescribed Taxotere® or Docetaxel?

| Diagnosis | Diagnosed |
|---|---|
| Breast cancer | ☐ |
| Non-small cell lung cancer | ☐ |
| Prostate cancer | ☐ |
| Gastric adenocarcinoma | ☐ |
| Head and neck cancer | ☐ |
| Other:_____ | ☐ |

8.  For breast cancer, specify:

a)  Tumor size:

| Tumor Size | Yes |
|---|---|
| TX | ☐ |

12

| T0 | ☐ |
|---|---|
| Tis | ☐ |
| T1 | ☐ |
| T2 | ☐ |
| T3 | ☐ |
| T4 (T4a, T4b, T4c, T4d) | ☐ |

b)  Metastasis:_____

c)  Node involvement:

| Node | Yes |
|---|---|
| Node + NX | ☐ |
| Node + N0 | ☐ |
| Node + N1 | ☐ |
| Node + N2 | ☐ |
| Node + N3 | ☐ |
| Node – (negative) | ☐ |

d)  HER2: + (positive): ☐  - (negative): ☐

e)  Estrogen receptor:  Positive (ER+): ☐ Negative (ER-): ☐

f)  Progesterone receptor: Positive (PR+): ☐ Negative (PR-): ☐

9.  Was Taxotere® or Docetaxel the only chemotherapy treatment that you ever received? Yes ☐ No☐ Unknown ☐

10. Have you ever been treated with other chemotherapy drugs, either alone or in combination with or sequentially with Taxotere® or Docetaxel? Yes ☐ No☐ Unknown ☐

11. If yes, check which of the following chemotherapy drugs you took:

| Drug | Yes |
|---|---|
| 5-Fluorouracil (Eludex) | ☐ |
| Actinomycin | ☐ |
| Altretamine (Hexalen) | ☐ |
| Amsacrine | ☐ |
| Bleomycin | ☐ |
| Busulfan (Busulfex, Myleran) | ☐ |
| Cabazitaxel: Mitoxantrone | ☐ |
| Carboplatin (Paraplatin) | ☐ |

13

| Drug | Yes |
|------|-----|
| Carmustine (BiCNU, Gliadel) | ☐ |
| Cetuximab (Erbitux) | ☐ |
| Chlorambucil (Leukeran) | ☐ |
| Cisplatin (Platinol) | ☐ |
| Cyclophosphamide (Neosar) | ☐ |
| Cytarabine (Depocyt) | ☐ |
| Dacarbazine | ☐ |
| Daunorubicin (Cerubidine, DaunoXome) | ☐ |
| Doxorubicin (Adriamycin, Doxil) | ☐ |
| Epirubicin (Ellence) | ☐ |
| Erlotinib (Tarceva) | ☐ |
| Etoposide (Etopophos, Toposar) | ☐ |
| Everolimus (Afinitor, Zortress) | ☐ |
| Faslodex (Fulvestrant) | ☐ |
| Gemcitabine (Gemzar) | ☐ |
| Hexamethylmelamine (Hexalen) | ☐ |
| Hydroxyurea (Hydrea, Droxia) | ☐ |
| Idarubicin (Idamycin) | ☐ |
| Ifosfamide (Ifex) | ☐ |
| L-asparginase (crisantaspase) | ☐ |
| Lomustine (Ceenu) | ☐ |
| Melphalan (Alkeran) | ☐ |
| Mercaptopurine (Purinethol, Purixan) | ☐ |
| Methotrexate (Trexall, Rasuvo) | ☐ |
| Mitomycin | ☐ |
| Mitoxantrone | ☐ |
| Nab-paclitaxel (Abraxane): Mitoxantrone | ☐ |
| Nitrogen mustard | ☐ |
| Paclitaxel (Taxol) | ☐ |
| Panitumumab (Vectibix) | ☐ |
| Procarbazine (Matulane) | ☐ |
| Sorafenib (Nexavar) | ☐ |
| Teniposide (Vumon) | ☐ |
| Thioguanine (Tabloid) | ☐ |
| Thiotepa (Tepadina) | ☐ |
| Topotecan (Hycamtin) | ☐ |
| Vemurafenib (Zelboraf) | ☐ |
| Vinblastine | ☐ |
| Vincristine (Mariqibo, Vincasar) | ☐ |

| Drug | Yes |
|---|---|
| Vindesine | ☐ |
| Vinorelbine (Alocrest, Navelbine) | ☐ |
| Unknown | ☐ |

12. Please provide the following information regarding Taxotere® or Docetaxel:

    a)  Number of cycles: _____

    b)  Frequency: Every week ☐ Every three weeks ☐ Other:_____

    c)  First treatment date:_____

    d)  Last treatment date:_____

    e)  Dosage:_____

        (1) Combined with another chemotherapy drug: ☐

        (2) Sequential with another chemotherapy drug: ☐

        (3) If so, describe the combination or sequence:_____

13. Prescribing Physician(s):

| Prescribing Physician | Address |
|---|---|
|  | Street:<br>City:<br>State:<br>Zip: |
|  | Street:<br>City:<br>State:<br>Zip: |
|  | Street:<br>City:<br>State:<br>Zip: |

14. Treatment Facility:

| Treatment Facility | Address |
|---|---|
|  | Street:<br>City:<br>State:<br>Zip: |
|  | Street: |

| | Street:<br>City:<br>State:<br>Zip: |
|---|---|
| | Street:<br>City:<br>State:<br>Zip: |

15. Identify EACH state where you resided when you began and while taking Taxotere® or Docetaxel:

| State | From Date | To Date |
|---|---|---|
| | | |
| | | |
| | | |

16. Was your Taxotere® or Docetaxel treatment part of a clinical trial? Yes ☐ No ☐ Unknown ☐

17. If yes, please provide the name and location of the trial site:

    a) Name of trial site:_____

    b) Location of trial site:_____

## VI. CLAIM INFORMATION

Current Status

1. Are you currently taking Taxotere® or Docetaxel? Yes ☐ No ☐

2. Are you currently cancer-free? Yes ☐ No ☐

3. If no, check those that apply to your CURRENT status:

| Current Status | Yes |
|---|---|
| In remission | ☐ |
| Currently receiving chemotherapy | ☐ |
| Currently receiving radiation therapy | ☐ |
| Currently hospitalized for cancer or cancer-related complications | ☐ |
| Currently in home health or hospice care for cancer or cancer-related complications | ☐ |
| Cancer returned after taking Taxotere® or Docetaxel | ☐ |

16

4.   When was the last (most recent) date you consulted with an oncologist:_____

Alleged Injury

5.   State the injury you allege in this lawsuit and the dates between which you experienced the alleged injury. Check all that apply:

| Alleged Injury | Yes | No | From | To |
|---|---|---|---|---|
| Persistent total alopecia – No hair growth on your head or body after six (6) months of discontinuing Taxotere® or Docetaxel treatment | ☐ | ☐ | | |
| Persistent alopecia of your head – No hair growth on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment.  Hair is present elsewhere on your body | ☐ | ☐ | | |
| Permanent/Persistent Hair Loss on Scalp | ☐ | ☐ | | |
| Diffuse thinning of hair:  partial scalp<br>    ☐ Top<br>    ☐ Sides<br>    ☐ Back<br>    ☐ Temples<br>    ☐ Other:_____ | ☐ | ☐ | | |
| Diffuse thinning of hair:  total scalp<br>    ☐ Top<br>    ☐ Sides<br>    ☐ Back<br>    ☐ Temples<br>    ☐ Other:_____ | ☐ | ☐ | | |
| Significant thinning of the hair on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment – There are visible bald spots on your head no matter how you style your hair | ☐ | ☐ | | |
| Moderate thinning of the hair on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment – There is noticeable hair loss but if you brush or style your hair, the hair loss is less evident | ☐ | ☐ | | |
| Small bald area in the hair on your head | ☐ | ☐ | | |
| Large bald area in the hair on your head | ☐ | ☐ | | |
| Multiple bald spots in the hair on your head | ☐ | ☐ | | |
| Change in the texture, thickness or color of your hair after Taxotere® or Docetaxel treatment | ☐ | ☐ | | |
| Other:_____ | ☐ | ☐ | | |
| Permanent/Persistent Loss of Eyebrows | ☐ | ☐ | | |
| Permanent/Persistent Loss of Eyelashes | ☐ | ☐ | | |

17

| Alleged Injury | Yes | No | From | To |
|---|---|---|---|---|
| Permanent/Persistent Loss of Body Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Genital Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Nasal Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Ear Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Hair in Other Areas Describe:_____ | ☐ | ☐ | | |

6. Have you ever received treatment for the injury you allege in this lawsuit?  Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

7. Were you diagnosed by a healthcare provider for the injury you allege in this lawsuit? Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

8. Have you discussed with any healthcare provider whether Taxotere® or Docetaxel caused or contributed to your alleged injury? Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

**Statement Information**

9. Were you ever given any written instructions, including any prescriptions, packaging, package inserts, literature, medication guides, or dosing instructions, regarding chemotherapy, Taxotere® or Docetaxel? Yes ☐ No☐

10. If yes, please describe the documents, if you no longer have them. If you have the documents, please produce them:

| Description of Document | I Have the Documents | I Do Not Have the Documents |
|---|---|---|
| | ☐ | ☐ |

| Description of Document | I Have the Documents | I Do Not Have the Documents |
|---|---|---|
| | ☐ | ☐ |
| | ☐ | ☐ |

11. Were you given any oral instructions from a healthcare provider regarding chemotherapy or your use of Taxotere® or Docetaxel? Yes ☐ No☐

12. If yes, please identify each healthcare provider who provided the oral instructions:

| Name of Healthcare Provider |
|---|
| |
| |
| |

13. Have you ever seen any advertisements (e.g., in magazines or television commercials) for Taxotere® or Docetaxel? Yes ☐ No☐

14. If yes, identify the advertisement or commercial, and approximately when you saw the advertisement or commercial:

| Type of Advertisement or Commercial | Date of Advertisement or Commercial |
|---|---|
| | |
| | |
| | |

15. Other than through your attorneys, have you had any communication, oral or written, with any of the Defendants or their representatives? Yes ☐ No☐

16. If yes, please identify:

| Date of Communication | Method of Communication | Name of Representative | Substance of Communication |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

17. Have you filed a MedWatch Adverse Event Report to the FDA? Yes ☐ No☐

**YOU MUST UPLOAD NOW ANY MEDICAL RECORDS IN YOUR POSSESSION DEMONSTRATING ALLEGED INJURY OR PHOTOGRAPHS SHOWING YOUR**

**HAIR BEFORE AND AFTER TREATMENT WITH TAXOTERE® ALONG WITH THE DATE(S) THE PHOTOGRAPHS WERE TAKEN.**

Other Claimed Damages

18. Mental or Emotional Damages: Do you claim that your use of Taxotere® or Docetaxel caused or aggravated any psychiatric or psychological condition? Yes ☐ No☐

19. If yes, did you seek treatment for the psychiatric or psychological condition? Yes ☐ No☐

| Provider | Date | Condition |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

20. Medical Expenses: Do you claim that you incurred medical expenses for the alleged injury that you claim was caused by Taxotere® or Docetaxel?  Yes ☐ No☐

21. If yes, list all of your medical expenses, including amounts billed or paid by insurers and other third-party payors, which are related to any alleged injury you claim was caused by Taxotere® or Docetaxel:

| Provider | Date | Expense |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

22. Lost Wages: Do you claim that you lost wages or suffered impairment of earning capacity because of the alleged injury that you claim was caused by Taxotere® or Docetaxel? Yes ☐ No☐

23. If yes, state the annual gross income you earned for each of the three (3) years before the injury you claim was caused by Taxotere® or Docetaxel.

| Year | Annual Gross Income |
|---|---|
|  |  |
|  |  |
|  |  |

24. State the annual gross income for every year following the injury or condition you claim was caused by Taxotere® or Docetaxel.

| Year | Annual Gross Income |
|------|---------------------|
|      |                     |
|      |                     |
|      |                     |

25. Out-of-Pocket Expenses: Are you making a claim for lost out-of-pocket expenses? Yes ☐ No☐

26. If yes, please identify and itemize all out-of-pocket expenses you have incurred:

| Expense | Expense Amount |
|---------|----------------|
|         |                |
|         |                |
|         |                |

## VII.   HAIR LOSS INFORMATION

Background

1.   Did you ever see a healthcare provider for hair loss BEFORE taking Taxotere® or Docetaxel? Yes ☐ No ☐

2.   Did your hair loss begin during chemotherapy treatment? Yes ☐ No☐

3.   If yes, did you FIRST experience hair loss:

    a)   After treatment with another chemotherapy agent: ☐

    b)   After treatment with Taxotere® or Docetaxel: ☐

4.   At any time before or during the hair loss were you:

| Condition | Yes | Description |
|-----------|-----|-------------|
| Pregnant | ☐ | |
| Seriously ill | ☐ | |
| Hospitalized | ☐ | |
| Under severe stress | ☐ | |
| Undergoing treatment for any other medical condition | ☐ | |

5.   When did you FIRST discuss with or see a healthcare provider about your hair loss? _____

6.   Have you started any special diets at any time before or during the hair loss? Yes ☐  No ☐ Describe:_____

21

Hair Loss History

| Question | No | Yes | Name of Healthcare Provider |
|---|---|---|---|
| Have you had a biopsy of your scalp to evaluate your hair loss problem? | ☐ | ☐ | |
| Have you had blood tests done to evaluate your hair loss problem? | ☐ | ☐ | |
| Have your hormones ever been checked to evaluate your hair loss problem? | ☐ | ☐ | |
| Have you ever been told by a doctor that you have a thyroid condition? | ☐ | ☐ | |
| Have you ever been treated with thyroid hormone? | ☐ | ☐ | |
| Have you ever been told by a doctor that you have a low iron level? | ☐ | ☐ | |

7.  Have you ever been on endocrine or hormonal therapy, either before or after chemotherapy with Taxotere® or Docetaxel? Yes ☐ No☐

8.  If yes, please identify:

| Treating Physician | Dates of Treatment | Treatment |
|---|---|---|
| | | |
| | | |
| | | |

9.  Do you have any autoimmune diseases? Yes ☐ No☐

10. If yes, check the following which describes you:

| Autoimmune Disease | Yes |
|---|---|
| Lupus | ☐ |
| Rheumatoid arthritis | ☐ |
| Celiac disease | ☐ |
| Type 1 diabetes | ☐ |
| Sjogrens disease | ☐ |
| Vitiligo | ☐ |
| Hashimoto's | ☐ |
| Other:_____ | ☐ |

11. Were you taking any medications when your hair loss began? Yes ☐ No☐

| Medication |
|---|
|  |
|  |
|  |

Hair Care

12. How often do you wash/shampoo your hair? Every _____ days

13. Check any of the following that apply to you currently or that have in the past:

| Hair Treatment | Yes | Period of Time | Frequency |
|---|---|---|---|
| Hair chemically processed or straightened (relaxers, keratin, Brazilian blowout, Japanese straightening, other) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair heat processed or straightened (blow drying/ flat ironing, curling) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair dyed | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair highlighted | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Braids | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Weaves | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |

| | | | |
|---|---|---|---|
| Tight hairstyles (ponytails) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Extensions | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Other:_____ | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |

14. Have you ever used the following?

| Hair Treatment | Yes |
|---|---|
| WEN Cleansing Conditioners | ☐ |
| Unilever Suave Professionals Keratin Infusion | ☐ |
| L'Oréal Chemical Relaxer | ☐ |

15. Has your hair care regimen been different in the past? Yes ☐  No☐

    a)  If yes, describe:_____

Hair Loss Treatment

16. Did you use any other methods to prevent hair loss during chemotherapy?

| Hair Treatment | Yes |
|---|---|
| Folic Acid supplementation | ☐ |
| Minoxidil | ☐ |
| Other:_____ | ☐ |

17. Did you wear a cool cap during chemotherapy treatment? Yes ☐ No☐

18. If yes, which cooling cap did you wear: _____

25

19. Have you used any over-the-counter medications, supplements, or cosmetic aides for your hair loss? Yes ☐ No☐

20. If yes, please state the following:

| Treatment | When was it tried? | How long did you try it? | Did it help? |
|-----------|-------------------|-------------------------|--------------|
|           |                   |                         | ☐ Yes<br>☐ No |
|           |                   |                         | ☐ Yes<br>☐ No |
|           |                   |                         | ☐ Yes<br>☐ No |

21. Has anything helped your hair loss? Yes ☐ No☐

22. If yes, please specify:

| Type of Product | Dates of Use | Place of Purchase | Results of Use |
|-----------------|-------------|-------------------|----------------|
|                 |             |                   |                |
|                 |             |                   |                |
|                 |             |                   |                |

23. As of the date you verify your PFS, how long have you had alopecia or incomplete hair re-growth?_____

24. Has any hair regrowth occurred? Yes ☐ No☐

25. Have you ever worn a wig to conceal your hair loss? Yes ☐ No☐

26. Specify:

| Dates Used | Period of Use | Place Purchased | Cost of Item |
|-----------|--------------|-----------------|--------------|
|           |              |                 |              |
|           |              |                 |              |
|           |              |                 |              |

## VIII.   RECORD HOLDER IDENTIFICATION

Healthcare Providers:

26

1. Identify each physician, doctor, or other healthcare provider who has provided treatment to you for any reason in the past eight (8) years and the reason for consulting the healthcare provider or mental healthcare provider.

**YOU MUST INCLUDE YOUR ONCOLOGIST, RADIOLOGIST, DERMATOLOGIST, DERMATOLOGIST-PATHOLOGIST, HAIR LOSS SPECIALIST, GYNECOLOGIST, OBSTETRICIAN, AND PRIMARY CARE PHYSICIAN, ALONG WITH ANY OTHER HEALTHCARE PROVIDERS IDENTIFIED ABOVE**

| Name | Area or Specialty | Address | Dates | Reason for Consultation |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Hospitals, Clinics, and Other Facilities:

2. Identify each hospital, clinic, surgery center, physical therapy or rehabilitation center, or other healthcare facility where you have received inpatient or outpatient treatment (including emergency room treatment) in the past eight (8) years:

**YOU MUST INCLUDE THE LOCATIONS FOR SURGERIES, RADIOLOGY, IMAGING, BIOPSIES, CHEMOTHERAPY, CHILD BIRTHS, GYNECOLOGIC PROCEDURES OR TREATMENT, ALONG WITH ANY OTHER HEALTHCARE FACILITIES**

| Name | Address | Dates | Reason for Treatment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Laboratories:

3. Identify each laboratory at which you had tests run in the past ten (10) years:

| Name | Address | Dates | Test | Reason for Tests |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Pharmacies:

4. To the best of your recollection, Identify each pharmacy, drugstore, and/or other supplier (including mail order) where you have had prescriptions filled or from

which you have ever received any prescription medication within three (3) years prior to and three (3) years after your first treatment with Taxotere:

| Name | Address | Dates | Medications |
|------|---------|-------|-------------|
|      |         |       |             |
|      |         |       |             |
|      |         |       |             |

Retailers:

5.  Identify each pharmacy, drugstore, and/or other retailer (including mail order) where you have purchased over-the-counter medications, or hair products in the past ten (10) years:

| Name | Address | Dates | Purchases |
|------|---------|-------|-----------|
|      |         |       |           |
|      |         |       |           |
|      |         |       |           |

Insurance Carriers:

6.  Identify each health insurance carrier which provided you with medical coverage and/or pharmacy benefits for the last ten (10) years:

| Carrier | Address | Name of Insured & SSN | Policy Number | Dates of Coverage |
|---------|---------|-----------------------|---------------|-------------------|
|         |         |                       |               |                   |
|         |         |                       |               |                   |
|         |         |                       |               |                   |

## IX. DOCUMENT REQUESTS AND AUTHORIZATIONS

*Please state which of the following documents you have in your possession. If you do not have the following documents but know they exist in the possession of others, state who has possession of the documents: Produce all documents in your possession (including writings on paper or in electronic form) and signed authorizations and attach a copy of them to this PFS.*

Requests

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---------------------|-----|-----|----------------------------------|
| Documents you reviewed to prepare your answers to this Plaintiff Fact Sheet. *Your attorney may withhold some documents on claims of attorney-client privilege or work product protection and, if so, provide a privilege log* | ☐ | ☐ | |

28

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Medical records or other documents related to the use of Taxotere® or Docetaxel at any time for the past twelve (12) years. | ☐ | ☐ | |
| Medical records or other documents related to your treatment for any disease, condition or symptom referenced above for any time in the past twelve (12) years. | ☐ | ☐ | |
| Laboratory reports and results of blood tests performed on you related to your hair loss. | ☐ | ☐ | |
| Pathology reports and results of biopsies performed on you related to your hair loss. *Plaintiffs or their counsel must maintain the slides and/or specimens requested in this subpart, or send a preservation notice, copying Defendants, to the healthcare facility where these items are maintained.* | ☐ | ☐ | |
| Documents reflecting your use of any prescription drug or medication at any time within the past eight (8) years. | ☐ | ☐ | |
| Documents identifying all chemotherapy agents that you have taken. | ☐ | ☐ | |
| Documents for any workers' compensation, social security or other disability proceeding at any time within the last five (5) years. | ☐ | ☐ | |
| Instructions, product warnings, package inserts, handouts or other materials that you were provided or obtained in connection with your use of Taxotere®. | ☐ | ☐ | |
| Advertisements or promotions for Taxotere®. | ☐ | ☐ | |
| Articles discussing Taxotere®. | ☐ | ☐ | |
| Any packaging, container, box, or label for Taxotere® or Docetaxel that you were provided or obtained in connection with your use of Taxotere®. *Plaintiffs or their counsel must maintain the originals of these items.* | ☐ | ☐ | |
| Documents which mention Taxotere® or Docetaxel or any alleged health risks related to Taxotere®. *Your attorney may withhold some legal documents, documents provided by your attorney, or documents obtained or created for the purpose of seeking legal advice or assistance on claims of attorney-client privilege or work product protection and, if so, provide a privilege log.* | ☐ | ☐ | |
| Documents obtained directly or indirectly from any of the Defendants. | ☐ | ☐ | |

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Communications or correspondence between you and any representative of the Defendants. | ☐ | ☐ | |
| Photographs, drawing, slides, videos, recordings, DVDs, or any other media that show your alleged injury or its effect in your life. | ☐ | ☐ | |
| Journals or diaries related to the use of Taxotere® or Docetaxel or your treatment for any disease, condition or symptom referenced above at any time for the past twelve (12) years. | ☐ | ☐ | |
| Social media or internet posts to or through any site (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Taxotere® or Docetaxel or any of your claims in this lawsuit. | ☐ | ☐ | |
| If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or Docetaxel, and every year thereafter or W-2s for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or Docetaxel, and every year thereafter. | ☐ | ☐ | |
| If you claim any medical expenses, bills from any physician, hospital, pharmacy or other healthcare providers. | ☐ | ☐ | |
| Records of any other expenses allegedly incurred as a result of your alleged injury. | ☐ | ☐ | |
| If you are suing in a representative capacity, letters testamentary or letters of administration. | ☐ | ☐ | |
| If you are suing in a representative capacity on behalf of a deceased person, decedent's death certificate and/or autopsy report. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **before** treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **during** treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **six months after conclusion** of treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **in present day.** | ☐ | ☐ | |

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Signed authorizations for medical records related to any cancer treatment identified herein and all pharmacy records from three (3) years before and three (3) years after your first treatment with Taxotere in the forms attached hereto. | ☐ | ☐ | |

## X.  DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in connection with this Plaintiff Profile Form is true and correct to the best of my knowledge information and belief at the present time.

_____          _____

Signature                                                          Date

## XI. AUTHORIZATIONS

See Attached Exhibit A.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  TAXOTERE (DOCETAXEL) **PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2740** |
| | **SECTION "N" (5)** |
| **THIS DOCUMENT RELATES TO:** | |
| **ALL CASES** | **HON. KURT D. ENGELHARDT** |

## DEFENDANT FACT SHEET – PRODUCT IDENTIFICATION

Within sixty (60) days of receiving a substantially completed Plaintiff Fact Sheet ("PFS"), Defendants Sanofi S.A., Aventis Pharma S.A., and Sanofi-Aventis U.S., LLC, and Winthrop US (collectively referred to as "Defendants") must complete and serve this Defendant Fact Sheet ("DFS") and identify or provide DOCUMENTS and/or data responsive to the questions set forth below for each such Plaintiff.  Defendants must supplement their responses to the extent that additional information is provided by Plaintiff in a supplemental PFS, within sixty (60) days of receiving the supplemental information.  In the event the DFS does not provide YOU with enough space to complete YOUR responses or answers, please attach additional sheets if necessary.  Please identify any DOCUMENTS that YOU are producing as responsive to a question or request by bates number.

## DEFINITIONS & INSTRUCTIONS

As used herein, "YOU," "YOUR," or "YOURS" means the responding DEFENDANTS.

"DEFENDANTS" shall mean and refer to those companies involved in the development, manufacture and distribution of the drugs known as Taxotere (Docetaxel) including Sanofi S.A., Aventis Pharma S.A., Sanofi-Aventis U.S., LLC, and Winthrop US shall each answer each document request and question that not only calls for YOUR knowledge, but also for all knowledge that is available to YOU by reasonable inquiry, including inquiry of YOUR "officers," "directors," "agents," "employees," and attorneys.

As used herein, the phrase "HEALTHCARE PROVIDER" means: any physician or other individual healthcare provider, health care facility, clinic, hospital or hospital pharmacy identified by full name and address in PFS Section Sections V. 13 and V.14 who administered, prescribed, and/or dispensed Taxotere (Docetaxel) to the Plaintiff.

"WHOLESALE DISTRIBUTION" means distribution of prescription drugs to persons other than a consumer or patient, as defined in U.S. Code of Federal Regulations, 21 CFR 205.3.

1

"WHOLESALE DISTRIBUTOR" means any one engaged in wholesale distribution of prescription drugs, including, but not limited to, manufacturers; repackers; own-label distributors; private-label distributors; jobbers; brokers; warehouses, including manufacturers' and distributors' warehouses, chain drug warehouses, and wholesale drug warehouses; independent wholesale drug traders; and retail pharmacies that conduct wholesale distributions, as defined in U.S. Code of Federal Regulations, 21 CFR 205.3.

"REMUNERATION" means anything of value, directly or indirectly, overtly or covertly, in cash or in kind, including but not limited to monetary payment, compensation, incentives, preceptorship fees, gifts, entertainment, sports and/or concert tickets, speaker fees, grants, SAMPLES, reimbursement assistance, beneficiary inducements, wellness programs, patience assistance programs, transportation and/or lodging assistance, adherence to treatment regimen programs, incentives or inducements to remain in network, navigator/care coordination programs, end of life and/or palliative care programs, third party payments of premiums, or any other inducements or programs.

As used herein, the term "DOCUMENT" SHALL, consistent with Federal Rule of Civil Procedure 34(a)(1)(A), refer to any "designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium form which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

If YOU are aware that any DOCUMENT that was, or might have been, responsive to any sections of this DFS which concern or relate to Plaintiff or Plaintiff's Named Facilities was destroyed, erased, surrendered or otherwise removed from YOUR possession, custody or control, at any time, provide, to the maximum extent possible, the following information: (a) the nature of the DOCUMENT (e.g., letter, memorandum, contract, etc.,) and a description of its subject matter; (b) the author or sender of the DOCUMENT; (c) the recipient(s) of the DOCUMENT; (d) the date that the DOCUMENT was authored, sent and received; (e) the circumstances surrounding the removal of the DOCUMENT from YOUR custody, possession or control; and (f) the identity of the person(s) having knowledge of such removal from YOUR custody, possession or control.

As used herein, "KEY OPINION LEADER" or "THOUGHT LEADER" shall mean and refer to physicians, often academic researchers, who are believed by DEFENDANTS to be effective at transmitting messages to their peers and others in the medical community. This term shall mean and refer to any doctors or medical professionals hired by, consulted with, or retained by DEFENDANTS to, amongst other things, consult, give lectures, respond to media inquiries, conduct clinical trials, write articles or abstracts, sign their names as authors to articles or abstracts written by others, sit on advisory boards and make presentations on their behalf at regulatory meetings or hearings.

The phrase "SAMPLES" refers to any medication or unit of a prescription drug not intended to be sold, which is given to promote the drug's sales.  This includes any vouchers or coupons that provide for the HEALTHCARE PROVIDERS or patients access to the medication for a specified period of time.

"PATIENT ASSISTANCE PROGRAM" means programs created by drug companies, such as Sanofi, to offer free or low cost drugs to individuals who are unable to pay for their medication. These Programs may also be called indigent drug programs, charitable drug programs or medication assistance programs.

The phrase "SALES REPRESENTATIVE" means any person presently or formerly engaged or employed by YOU whose job duties include calling on physicians or other health care professionals, healthcare facilities, hospitals, and/or physician practice groups; promoting drugs manufactured or licensed by YOU to physicians or other HEALTH CARE PROVIDERS; distributing drug SAMPLES to physicians or other HEALTH CARE PROVIDERS. "SALES REPRESENTATIVE" also includes those who occupy positions titled "Professional Sales Representative," "Sales Professional," "Specialty Sales Representative," "Senior Sales Representative," "Senior Health Care Representative," "Professional Representative," "Health Care Representative", "Institutional" or "Managed Care" sales representative, "Oncology Sales Representative" "Medical Service Representative", and "Medical Sales Representative" or any other titles used by Defendants and any of its divisions SALES REPRESENTATIVE also includes any contract employees or SALES REPRESENTATIVES from other companies involved in the promotion or co-promotion of Taxotere (Docetaxel) .

The phrase "SALES MANAGER" means any person presently or formerly engaged or employed by YOU whose job duties include managing SALES REPRESENTATIVES and/or the promotion or marketing of pharmaceutical products in a specific geographic region. "SALES MANAGER" includes those who occupy positions titled "District Sales Manager," "Senior Regional Sales Manager," "Regional Sales Manager" and "Area Business Manager", "Business Manager", or any other titles YOU use or have used in the past for managers involved in the promotion or marketing of Taxotere (Docetaxel).

The phrase "MEDICAL SCIENCE LIAISON(S)" means any person presently or formerly engaged or employed by YOU for the purpose of sales support and direct field communication with physicians or other HEALTH CARE PROVIDERS about medical and science information related to Taxotere (Docetaxel), and opinion leader management.  This includes employees with the titles of "Medical Science Liaison (MSL)", "Clinical Education Consultant (CEC)" or any other titles YOU use or have used in the past for these employees.

The phrase "MARKETING ORGANIZATION REPRESENTATIVE," means any person presently or formerly engaged or employed by YOU for the purpose of generating interest in Taxotere (Docetaxel) by creating and implementing a marketing campaign(s) to reach physicians or other HEALTHCARE PROVIDERS. This includes employees with the title of "Marketing Representative" or any other titles YOU use or have used in the past for these employees.

The phrase "CALL NOTES" means any and all writings, notations, electronically stored information, memoranda, DOCUMENTS, emails, database entries and reports or records, internal communications and any other information reflecting any contact with HEALTHCARE PROVIDERS, and/or information about or referring to HEALTHCARE PROVIDERS related to Taxotere (Docetaxel), oncology, treatment of cancer and chemotherapy.

3

The phrase "TARGETING INFORMATION" means any information the company uses to identify a particular person, group of people, type of health care provider or demographic within a larger audience regarding the promotion of Taxotere (Docetaxel).  This includes documentation, including electronically stored information, designating particular campaigns, PROMOTIONAL MATERIAL and/or other promotional efforts directed toward particular types or specialties of healthcare providers (e.g., oncologists) and/or specifically identified healthcare providers.

I.    **CASE INFORMATION**

This DFS pertains to the following case:

Case caption:_____

Civil Action No._____

Court in which action was originally filed:_____

Date this DFS was completed:_____

II.   **SALE OF TAXOTERE (DOCETAXEL) TO DISPENSER (HOSPITAL/PHARMACY) DIRECTLY AND/OR THROUGH GROUP PURCHASING ORGANIZATIONS**

A.    Did YOU sell, distribute, deliver or otherwise provide Taxotere (Docetaxel) to, any HEALTHCARE PROVIDER, either directly or pursuant to a Group Purchasing Organization ("GPO"), identified by the Plaintiff in Sections V. 13 and V.14 of the PFS, during the time period of twenty-four (24) months preceding Plaintiff's first administration of Taxotere through the Plaintiff's last administration of Taxotere (Docetaxel)?

Yes_____     No_____

B.    If YOUR answer is "Yes" to Question A. above, please provide a list of all deliveries or shipments of Taxotere (Docetaxel) sold, distributed or otherwise provided to each of the HEALTHCARE PROVIDERS, as identified by the Plaintiff in Sections V. 13 and V.14 of the PFS, for the time period spanning from twenty-four (24) months prior to Plaintiff's first administration of Taxotere (Docetaxel) through Plaintiff's last administration of Taxotere (Docetaxel).  Please include the name of each HEALTHCARE PROVIDER, the date of shipment/distribution of Taxotere (Docetaxel), and the amount of Taxotere (Docetaxel) distributed on said date.

| Name of Healthcare Provider | Date of Shipment Distribution | Amount of Taxotere Distributed |
|---|---|---|

|  |  |  |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |

C.   Please provide all DOCUMENTS reflecting sale or purchase agreements regarding Taxotere (Docetaxel) between DEFENDANTS and the HEALTHCARE PROVIDERS identified by Plaintiff in Section Sections V. 13 and V.14 of the PFS in effect during the time period spanning from twenty-four (24) months prior to Plaintiff's first administration of Taxotere (Docetaxel) through Plaintiff's last administration of Taxotere (Docetaxel).

D.   Please provide all DOCUMENTS, including product labels, patient information packets, order forms, purchase orders, billing records, invoices, and other DOCUMENTS related to the shipments of Taxotere (Docetaxel) shipped to the HEALTHCARE PROVIDERS identified by Plaintiff in Sections V. 13 and V.14of the PFS for the time period spanning from twenty-four (24) months prior to Plaintiff's first administration of Taxotere (Docetaxel) through to Plaintiff's last administration of Taxotere (Docetaxel), and associate each label with the code numbers to which they are applicable.  With regard to product labels, identification of the labels that applied to applicable lot numbers or dates is acceptable.

## IV.   COMMUNICATIONS AND CONTACTS WITH PLAINTIFF'S HEALTHCARE PROVIDERS

A.   For each HEALTHCARE PROVIDER identified in Sections V. 13 and V.14 of the PFS:

1.   Identify by name all of Defendants' Sale Representatives, Marketing Organizations Representatives, MEDICAL SCIENCE LIAISONS, and/or any other detail persons ("Representative") who came in contact with any of Plaintiff's HEALTHCARE PROVIDER(S) in connection with Taxotere (Docetaxel) during the timeframe for which such records are available, namely 1996 to present.

| Name of Representative | Title |
| --- | --- |
|  |  |
|  |  |
|  |  |

2.   Identify the time period, and specifically the dates, during which the Representative had any such contact with the HEALTHCARE PROVIDER.

| Name of Representative | Healthcare Provider | Dates of Contact |
| --- | --- | --- |

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

3.   If the Representative is no longer an employee, Defendants will provide the dates of employment for the employee and will also provide the last known address, telephone number, and email address for the Representative.

| Name of Representative | Dates of Employment | Last Known Address | Telephone Number | Email Address |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

4.   For each Representative, provide the names of the Representative's Supervising/District SALES MANAGER.  If the Representative's Supervising District SALES MANAGER is no longer an employee, Defendants will provide the dates of employment for the employee and will also provide the last known address, telephone number, and email address for the former employee.

| HEALTHCARE PROVIDER | Name of Representative | Date(s) of Contact | Current or Former Employee | Supervising/District SALES MANAGER |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

B.   For each Defendants' Sale Representatives, MARKETING ORGANIZATION REPRESENTATIVES, MEDICAL SCIENCE LIAISONS, and/or any other detail persons ("Representative"), previously identified in IV.A of this DFS please produce the following:

1.   His/her complete CALL NOTES for each such contact that relates to (a) Taxotere (Docetaxel); and/or (b) hair loss; and/or (c) permanent hair loss and/or alopecia.

2.   Produce all emails or other written correspondence with the HEALTHCARE PROVIDER(S) that relates to (a) Taxotere (Docetaxel); and/or (b) hair loss; and/or (c) permanent hair loss and/or alopecia.

3.   Produce any and all TARGETING INFORMATION related to the HEALTHCARE PROVIDER(S) identified by Plaintiff in Sections V. 13 and V.14 of the PFS.

C.     For the HEALTHCARE PROVIDERS identified by Plaintiff in Sections V. 13 and V.14of the PFS, please provide the following information related to SAMPLES of Taxotere (Docetaxel):

     1.     The date(s) on which such SAMPLES of Taxotere (Docetaxel) were provided;

     2.     The date(s) on which the Taxotere (Docetaxel) was provided through a PATIENT ASSISTANCE PROGRAM;

     3.     The amount, dosage, and lot numbers of such SAMPLES and/or Taxotere (Docetaxel) provided through a PATIENT ASSISTANCE PROGRAM;

     4.     The name(s) of the DEFENDANT representative(s) and/or department who provided such SAMPLES Taxotere (Docetaxel);

     5.     The name(s) of the DEFENDANT representative(s) and/or department who provided Taxotere (Docetaxel) through a PATIENT ASSISTANCE PROGRAM.

| HEALTHCARE PROVIDER | Date(s) Shipped and/or Provided | Amount and Dosage | Lot Number | Representative Who Provided |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## V.     CONSULTING WITH PLAINTIFF'S HEALTHCARE PROVIDER

For each HEALTHCARE PROVIDER identified in Plaintiff's PFS, please answer the following:

A.     If the HEALTHCARE PROVIDER has been consulted, retained, or compensated by Defendants as a "KEY OPINION LEADER," "THOUGHT LEADER," member of a "speaker's bureau," "clinical investigator," "consultant", advisory board member or in a similar capacity or otherwise has or had a financial relationship with or has been provided REMUNERATION by DEFENDANTS, please state the following for each:

     1.     Identify the HEALTHCARE PROVIDER.

     2.     Identify the date(s) that the HEALTHCARE PROVIDER was consulted, retained, or compensated.

7

3.      State the nature of the affiliation.

4.      State the type amount of REMUNERATION provided to the HEALTHCARE PROVIDER.

| HEALTHCARE PROVIDER | Date(s) Consulted, Retained, or Compensated | Nature of Affiliation | REMUNERATION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

5.      Please identify and produce any and all consulting agreements/contracts and/or retainer agreements/contracts entered into by DEFENDANTS with the HEALTHCARE PROVIDERS identified in Sections V. 13 and V.14of the PFS.

## VI.    PLAINTIFF'S HEALTHCARE PROVIDER'S PRACTICES

A.      Provide all chemotherapy related prescriber-level data designed to track prescribing or treating practices that YOU obtained on Plaintiff's HEALTHCARE PROVIDERS identified in Sections V. 13 and V.14 of the PFS.

B.      Was the HEALTHCARE PROVIDER(S) identified in Sections V. 13 and V.14 of the PFS involved in any clinical trial sponsored by DEFENDANTS related to the treatment of cancer?

\_\_\_\_\_Yes \_\_\_\_\_ No

If yes, provide the final Investigator Protocol related to any such trial(s).

A.      Did the Plaintiff's HEALTHCARE PROVIDER ever report any adverse events to DEFENDANTS as they pertain to Taxotere (Docetaxel)?

_____   Yes   _____   No

If yes, provide all DOCUMENTS related to the adverse event report/MedWatch form.

## CERTIFICATION

I am employed by _____, one of the DEFENDANTS in this litigation.   I am authorized by _____ [name of other DEFENDANTS] to execute this certification on each corporation's behalf.   The foregoing answers were prepared with the assistance of a number of individual, including counsel for

DEFENDANTS, upon whose advice and information I relied.  I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Defendant Fact Sheet is true and correct to the best of my knowledge and that I have supplied all requested DOCUMENTS to the extent that such DOCUMENTS are in my possession, custody and control (including the custody and control of my lawyers).

_____     _____     _____
Signature                                    Print Name                                 Date

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)              MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION                       SECTION "N" (5)


PRETRIAL ORDER NO. 19
COMMON BENEFIT, TIME AND EXPENSE RULES, APPOINTMENT OF CPA,
HOLDBACK, ASSESSMENTS, AND RELATED ISSUES

The Court, having received no response to "Pretrial Order No. 16" (Rec. Doc. 234), entered on February 13, 2017, adopts the proposed Common Benefit Order submitted by Liaison Counsel and the Plaintiffs' Steering Committee. Accordingly;

**I. Governing Principles and the Common Benefit Doctrine**

The common benefit governing principles are derived from the United States Supreme Court's common benefit doctrine, as initially established in *Trustees v. Greenough*, 105 U.S. 527 (1881) and as refined throughout the last century in cases including *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970), and *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939). *See also Turner v. Murphy Oil USA, Inc.*, 422 F.Supp.2d 676, 680 (E.D.La. 2006) *(*"Thus, to avoid the problem of free-riding, the U.S. Supreme Court over 125 years ago approved the common benefit doctrine, which provides that when the efforts of a litigant or attorney create, preserve, protect, increase, or discover a common fund, all who benefit from that fund must contribute proportionately to the costs of the litigation. 'The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense.'" (citations omitted)). *See also* Manual for Complex Litigation (Fourth) § 14.121 (2004) (discussing the American Rule and the

common-benefit exception in complex cases)."). *See also In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, on April 20, 2010, MDL No. 2179, 2012 WL 161194, at *1, (Rec. Doc. 5064) (E.D. La. Jan. 18, 2012)*;* Eldon E. Fallon, Common Benefit Fees in Multidistrict Litigation, 74 La. L. Rev. 371, 374 (2014) ("Because the work that the PSC performs inures to the common benefit of all plaintiffs and their primary counsel (the counsel that they employed), MDL transferee courts usually establish a procedure for creating a common benefit fee to compensate the members of the PSC and the members of any subcommittees who have done common benefit work."); Manual for Complex Litigation, § 14.215 (4th ed. 2004) (noting that "Lead and liaison counsel may have been appointed by the court to perform functions necessary for the management of the case but not appropriately charged to their clients" and encouraging an order early in the litigation that "establish[es] the arrangements for their compensation, including setting up a fund to which designated parties should contribute in specified proportions.").

The Court's authority to establish a fund and to order contributions also derives from its equitable authority and its inherent managerial power over this consolidated and multidistrict litigation. *See, e.g., In re Vioxx Products Liab. Litig.*, 802 F.Supp.2d 740, 769-71 (E.D. La. 2011); *In re Diet Drugs*, 582 F.3d 524, 546-47 (3rd Cir. 2009); *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1008 (5th Cir. 1977); Manual for Complex Litigation, § 20.312 (4th ed. 2004) ("MDL judges generally issue orders directing the defendants who settle MDL-related cases contribute a fixed percentage of the settlement to a general fund to pay national counsel."); Fallon, *supra*, at 378 (the common benefit doctrine

is justified "on principles of equity or quantum merit or class action procedures or [a court's] inherent authority").

## II. Scope of Order

This Order provides standards and procedures for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in MDL 2740; for the establishment of rules for compensable common benefit work and expenses; for the anticipated percentage of assessments determined as of this date collected to fund payment for common benefit fees and costs; for provisions governing a holdback on settlements or payments of judgments; for the procedures for reporting of time and expenses and review of those submissions by a Special Master appointed by the Court; for the appointment of a CPA; and, other related issues.

This Order applies to (1) all cases now pending, as well as to any cases later filed in, transferred to, or removed to this Court and included as part of the MDL 2740 Proceeding, and any attorney with a fee interest in those cases; (2) each attorney with a case in the MDL who has a fee interest in a plaintiffs' case in a jurisdiction outside the MDL or in any unfiled claims; and (3) all counsel who voluntarily sign the attached Participation Agreement (Exhibit A). Counsel with Taxotere (Docetaxel) cases pending only in the MDL are governed by this Order and are not obligated to sign the Participation Agreement as these counsel are deemed to have signed the Participation Agreement. Counsel with Taxotere (Docetaxel) cases outside MDL 2740 (even if counsel has cases in MDL 2740) must sign the Participation Agreement, if they want to receive common benefit work product and become Participating

Counsel. All counsel who have signed or are deemed to have signed the Participation Agreement are classified as "Participating Counsel".

This Order is not intended to result in the payment of an assessment for a common benefit case in the MDL 2740 Proceeding and an additional assessment in any other coordinated action in another jurisdiction. In the event two assessments cover any case or claim, MDL 2740 Leadership, Participating Counsel and Participating Law Firm shall attempt a mutually agreeable resolution to avoid multiple or excessive assessments. If the MDL Leadership and any plaintiff's counsel or law firm are unable to reach a mutually agreeable resolution, the issue will be brought to the attention of the MDL 2740 Court, which shall have authority to decide the issue after consultation with the jurist in the other jurisdiction.

Participating Counsel are prohibited from sharing work product of MDL 2740 with counsel who are not Participating Counsel.

Should any counsel who are not Participating Counsel obtain access to or receive the work product of MDL 2740, that counsel shall be bound by the terms, conditions and obligations of this Order, and its Exhibits.

**III. Common Benefit Work and Expenses – General Rules**

The Court hereby adopts the following rules for the management of timekeeping, expense reimbursement, and related common benefit issues, and instructs Plaintiffs' Co-Liaison Counsel to distribute additional guidelines from time to time as may be necessary to ensure an efficient common benefit process in this litigation. The recovery of common benefit attorneys' fees and expenses will be limited to Participating Counsel, and only as provided herein.

Reimbursement for costs and payment of fees for services of all Participating Counsel performing functions in accordance with this Order will be set by the Court at a time and in a manner established by the Court in a separate Order after due notice to all counsel and a hearing. The standards and procedures set forth in this Order and Exhibits A and B are to be utilized by every counsel seeking fees or expense reimbursement for the common benefit.

Work by attorneys who are hired as contract attorneys will not be compensable for the common benefit without the prior express authorization of members of the Plaintiffs' Executive Committee and at rates to be evaluated by the Special Master and ultimately determined by the Court.

Only Participating Counsel can do common benefit work or incur expenses for the common benefit, receive or have access to common benefit work product, and seek common benefit fees and reimbursement of common benefit expenses. Any attorney who is not Participating Counsel shall not be entitled to receive any common benefit work product or make a claim (or recovery) for any common benefit fees and expense reimbursements.

Participating Counsel shall only be eligible to claim common benefit attorneys' fees and cost reimbursement under the following conditions: if the time expended, costs incurred, and activity in question were (a) for the common benefit; (b) appropriately authorized by members of the Plaintiffs' Executive Committee, or by any Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee; (c) timely and properly submitted under the terms of this Order; and (d) ultimately approved by this Court.

Participating Counsel who seek to recover Court-awarded common benefit attorneys' fees and expenses in connection with this litigation shall keep a daily, contemporaneous record of their time and expenses, noting with specificity the amount of time in one tenth (.1) hour increments, name of attorney/paralegal performing the task, law firm name, professional level of attorney or paralegal performing the task, a description of the particular common benefit activity, the appropriate task code, and the name of the Plaintiffs' Executive Committee member or Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee who authorized the activity in question. All Participating Counsel shall, by the 15th day of each month, submit their time and expenses for the prior month into a platform to be established by the Time and Expense Committee. No other form of submission for time and expenses will be accepted. The specific task codes which must be utilized and inputted into the platform are set forth in Exhibit B attached hereto, but are subject to modification by the Time and Expense Committee as necessary, the Special Master or by the Court.

Counsel shall retain original copies of all receipts that are uploaded into the platform. The Time and Expense Committee shall provide all necessary forms for electronic time and expense reporting, provide online and webinar training, and provide user information for access into the platform approximately 14 days after the entry of this Order. A Senior Partner in each Participating Firm shall also email to the Time and Expense Committee Co-Chairs (Stan Baudin (sbaudin@pbclawfirm.com) and Palmer Lambert (plambert@gainsben.com)), a signed affirmation sheet by the 15th of each month attesting to the accuracy of the data they have uploaded in the time and expense platform for the prior month.

The required data inputs for monthly expense reporting into the platform shall include: date expense incurred; name of attorney incurring the expense; law firm name;

description of the expense; amount of the expense; Executive Committee member or Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee who approved the expense, if approval is required; and a confirmation that the receipt has been attached to the expense line item inputted on the platform.

By April 15, 2017, submissions shall be made for all common benefit time and "Held" expenses incurred from the date the first Motion for Transfer of Actions Pursuant to 28 U.S.C. Section 1407 was filed with the Judicial Panel on Multi-District Litigation, July 22, 2016, through March 31, 2017. The Court recognizes that there may be extraordinary circumstances in which Participating Counsel may have done significant work for the common benefit and incurred significant expenses for the common benefit prior to July 22, 2016, and in such event, this common benefit time and expense may be recommended to the Court to be included as compensable hours and reimbursable expenses. Counsel who believe that they have expended such extraordinary common benefit time or expense shall also submit these into the platform by April 15, 2017.

Any time or expense records submitted more than two (2) months in arrears may not be considered or included in any compilation of time or expense calculation for the submitting Participating Counsel and shall be disallowed, except for good cause shown, or by Court Order.

The failure to obtain authority to do common benefit work or incur common benefit expenses (if necessary), or maintain and timely provide such records in accord with this Order (or any Order supplementing or amending this Order) will be grounds for denial of common benefit attorneys' fees or expenses, in whole or in part.

**IV. Common Benefit Expense Rules**

Advanced costs will be deemed as either "Shared" or "Held." Both Shared and Held Costs are those incurred for the common benefit of the MDL as a whole. Costs exceeding $1,000 require approval from a member of the Plaintiffs' Executive Committee or Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee, except for air fare. No individual client-related costs will be considered as Shared or Held Costs.

    a.  Shared Costs will be paid out of the Taxotere (Docetaxel) MDL Litigation Fund account to be established, which shall be funded by the periodic contributions/cash calls established by the Plaintiffs' Executive Committee. The Taxotere (Docetaxel) MDL Litigation Fund account will be administered by Pendley, Baudin and Coffin and Gainsburgh, Benjamin, David, Meunier, & Warshauer, and monitored by John R. Falgoust, Jr., CPA, DeMonte & Falgoust, CPAs, LLC.

    b.  Held Costs are those that will be carried by each attorney and incurred in connection with common benefit work in MDL 2740. These shall be reimbursed as and when determined by the Court.

    c.  Plaintiffs' Co-Liaison Counsel shall prepare and be responsible for distributing to Participating Counsel the reimbursement procedures for Shared Costs and the forms associated therewith.

## A. Shared Costs

All costs for the common benefit of MDL 2740 which fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the Taxotere (Docetaxel) MDL Litigation Fund account. Shared Costs include:

1.    Court, filing and service costs;

2.    Deposition and court reporter costs;

3.    Document Depository: creation, operation, staffing, equipment and administration;

4.    Plaintiffs' Co-Liaison Counsel administrative matters approved by a member of the Executive Committee;

5.    Plaintiffs' Steering Committee group administration matters such as costs for Plaintiffs' Steering Committee meetings and conference calls;

6.    Legal, accounting and vendor fees;

7.    Expert witness and consultant fees and expenses;

8.    Common witness expenses, including travel;

9.    Translation costs;

10.   Bank or financial institution charges;

11.   Investigative services;

12.   Claims Administrator charges;

13.   Special Master charges; and

14.   CPA's charges.

Request for payments from the Taxotere (Docetaxel) MDL Litigation Fund account must be made on a Shared Expense Reimbursement Form to be provided by Plaintiffs' Co-Liaison Counsel, with sufficient information to allow the Plaintiffs' Executive Committee and the CPA to account properly for costs and to provide adequate detail to the Special Master and the Court.

**B. Held Costs**

Held costs are costs incurred by Participating Counsel that do not fall into the above Shared Costs categories but are incurred for the common benefit of all plaintiffs in MDL 2740. No specific client-related costs can be considered as Held Costs. Held Costs include the following which are governed by the Travel and Non-travel limitations set forth below:

1.  Postage, shipping, courier, certified mail;

2.  Printing and photocopying (in-house);

3.  Computerized research - Lexis/Westlaw (actual charges only);

4.  Telephone - long distance (actual charges only);

5.  Travel - pursuant to Travel Limitations set forth below, including travel for counsel to attend depositions or court;

6.  Airfare- pursuant to Travel Limitations set forth below;

7.  Reasonable ground transportation- pursuant to Travel Limitations set forth below;

8.  Hotel- pursuant to Travel Limitations set forth below;

9.  Reasonable meals; and

10. Other reasonable and necessary charges such as parking.

**C. Travel Limitations**

Only reasonable expenses for the common benefit submitted by Participating Counsel will be reimbursed. Participating Counsel shall keep receipts for all expenses. Credit card receipts or monthly credit or debit card statements are an acceptable form of

verification. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on any invoice may be redacted.

Except in extraordinary circumstances approved in advance by a member of the Plaintiffs' Executive Committee, all travel reimbursements are subject to the following limitations:

1. <u>Airfare:</u> Only the price of a full coach fare seat will be reimbursed except for international flights Business/First Class airfare, which requires prior written approval by a member of the Plaintiffs' Executive Committee. In the event non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the full coach fare, which counsel must contemporaneously document in the expense submission. Expenses incurred for upgrades to priority seating on a flight will not be reimbursed.

2. <u>Hotel:</u> Hotel room charges for the average available room rate of a business hotel, including but not limited to the Hyatt, Hilton, Sheraton, Westin, and Marriott hotels, in the city in which the stay occurred, will be reimbursed. Luxury hotels will not be fully reimbursed, but will be reimbursed at the average available rate of a business hotel.

3. <u>Meals:</u> Meal expenses must be reasonable and must contain a notation of who was present at the meal.

4. <u>Cash Expenses:</u> Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $20.00 per trip, as long as the expenses are properly itemized.

5.   <u>Rental Automobiles:</u> Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. Counsel must submit evidence of the unavailability of non-luxury vehicles. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel. Any claim for private car service will be reimbursed at the non-luxury rate of a rental vehicle.

6.   <u>Mileage:</u> Mileage claims must be documented by the starting origination point, destination, and total actual miles for each trip, and the reimbursed rate will be the maximum rate allowed by the IRS.

## D.  Non-Travel Limitations

Only reasonable common benefit expenses submitted by Participating Counsel will be reimbursed.

Except in extraordinary circumstances approved in advance by a member of the Plaintiffs' Executive Committee, all non-travel reimbursements are subject to the following limitations:

1.   <u>Long Distance, Conference Call Charges:</u> Common benefit long distance and conference call telephone charges must be documented as a line item on the bill in order to be compensable. Copies of the telephone bills must be submitted with notations as to which charges relate to the Taxotere

12

(Docetaxel) MDL 2740 Litigation. Such charges are to be reported at actual cost.

2.  <u>Shipping, Overnight, Courier, and Delivery Charges:</u> All claimed common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, content of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

3.  <u>Postage Charges:</u> A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

4.  <u>Telefax:</u> Telefax should not be used and generally will not be reimbursed.

5.  <u>In-House Photocopy:</u> A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $0.15 per page.

6.  <u>Computerized Research - Lexis/Westlaw:</u> Claims for Lexis or Westlaw, and other computerized legal research expenses, should be in the exact amount charged to the firm for the common benefit work in this MDL, specify the topic of the research, and must be reasonable under the circumstances.

**V.  Common Benefit Work Rules**

Only previously authorized common benefit work is compensable. Authorized common benefit work is an assignment made by a member of the Plaintiffs' Executive Committee, or by any Chair or Co-Chair of a committee of the Plaintiffs' Steering

Committee, subject to the provisions of this Order. Confirmation of such authorization may be evidenced by an email or by notation in the electronic file sharing system to be utilized by all Participating Counsel. No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted. Time spent on unauthorized work shall not be submitted or compensated.

Only Participating Attorneys can submit time for common benefit work. Counsel who are not Participating Counsel are precluded from doing common benefit work and from receiving common benefit fees for work done. Only attorneys and paralegals may submit time, as allowed in this Order. No time for clerical or technical support shall be common benefit, unless pre-approved by a member of the Plaintiffs' Executive Committee.

Examples of authorized and unauthorized work include, but are not limited to:

    a.  <u>Attendance at Depositions:</u> Only the time and expenses for Participating Counsel, both first and second chair (and paralegal, if necessary) designated as one of the authorized questioners or otherwise authorized to attend the deposition by a member of the Plaintiffs' Executive Committee shall be considered common benefit work.

    b.  <u>Periodic Plaintiffs' Steering Committee Conference Calls and meetings:</u> Plaintiffs' Steering Committee conference calls and meetings are common benefit. Only the Plaintiffs' Steering Committee member's time, and that of those invited from time to time by the Plaintiffs' Executive Committee or Chairs or Co-Chairs of the committees of the Plaintiffs' Steering Committee to participate in calls and meetings, shall be considered common

benefit; however, the Co-Lead or Co-Liaison Counsel may submit as common benefit time that of a partner, associate, or paralegal to assist the Co-Lead Counsel or Co-Liaison Counsel with their duties. During phone calls there is a presumption that only the Plaintiffs' Steering Committee attorney, or his/her designee, will qualify for common benefit time as it is expected that each Plaintiffs' Steering Committee member will attend the Plaintiffs' Steering Committee conference calls and meetings. Multiple timekeepers in Participating Counsel's or Plaintiffs' Steering Committee member's firm who monitor the Plaintiffs' Steering Committee Conference Calls or meetings will not be considered as doing common benefit work.

c.  <u>Periodic MDL Status Conferences:</u> Plaintiffs' Steering Committee members and other attorneys directed by the Court to appear, are expected to attend the MDL status conferences and are working for the common benefit and only their time will be considered for common benefit for such attendance.

d.  <u>Attendance at Seminars:</u> Attendance at seminars (i.e. AAJ Section Meetings, Mass Torts Made Perfect, Harris Martin and similar seminars and CLEs) does not qualify as common benefit work or a common benefit expense, unless authorized in advance by the Plaintiffs' Executive Committee.

e.  <u>Document Review:</u> Only document review specifically authorized by a member of the Plaintiffs' Executive Committee or its designee and assigned

15

to an attorney (or paralegal previously approved by Plaintiffs' Executive Committee or its designee) will be considered common benefit work. Only licensed attorneys or paralegals previously approved by Plaintiffs' Executive Committee or its designee may conduct common benefit document review. Descriptions associated with "document review" must contain sufficient detail to allow those reviewing the submitted time entry to generally ascertain what was reviewed. For example, indicating the custodian, search query or number of document folders reviewed is the kind of description needed.

f.   <u>Review of Pleadings and Orders:</u> Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. However, the members of the Plaintiff's Executive Committee are expected to review pleadings and orders as part of their work for the common benefit and their time will be considered as such. Additionally, those attorneys who are working on assignments made by a member of the Plaintiffs' Executive Committee or by any Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee which requires them to reasonably review, analyze, or summarize certain filings and substantive Orders of this Court in connection with their assignments are doing so for the common benefit.

g.   <u>Emails:</u> Except for members of the Plaintiffs' Executive Committee and attorneys working on pre-approved common benefit work, time recorded

for reviewing emails is not compensable unless germane to specific authorized and assigned (as provided herein) task being performed by the receiving or sending attorney that is directly related to that email. Thus, for example, review of an email sent to numerous attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as common benefit work.

h.  Review of Discovery: Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, but they should review discovery only to the extent required by their individual assignments and responsibility. Those attorneys working on assignments made by a member of the Executive Committee or by a Chair or Co-Chair of a committee of the Plaintiffs' Steering Committee which require them to reasonably review, analyze, or summarize certain filings and substantive Orders of this Court in connection with their assignments are doing so for the common benefit.

## VI. Procedures to be Established by Plaintiffs' Executive Committee

Plaintiffs' Executive Committee will establish forms and procedures to implement and carry out the time and expense submissions required by this Order and necessary to compile, review, and maintain the records. As MDL 2740 progresses, there may be additional forms and procedures implemented by Plaintiffs' Executive Committee and distributed to all Participating Counsel regarding time and expense submissions.

17

Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Co-Liaison Counsel: Dawn M. Barrios, Barrios, Kingsdorf & Casteix, LLP, 701 Poydras Street, Suite 3650, New Orleans, LA 70139, Phone: (504) 524-3300, Fax: (504) 524-3313, or M. Palmer Lambert, Gainsburgh, Benjamin, David, Meunier, & Warshauer, 2800 Energy Center, 1100 Poydras St., New Orleans, LA 70163, Phone: (504) 522-2304, Fax: (504) 528-9973.

## VII. Review of Time and Expenses

This Court is aware of the disputes that can arise when claims are made for common benefit fees and costs at the conclusion of an MDL. In an effort to eliminate or, at the very least, minimize these potential difficulties, this Court will appoint a Special Master under the authority of Fed. R Civ. P. 53 and the inherent powers of the Court. The Special Master will have the responsibility for management, oversight, and substantive review of matters related to and claimed to be common benefit, and, ultimately to make  recommendations to the Court as directed by the Court.

The purpose of the Special Master's substantive review is to have time and expenses accepted or rejected as common benefit as MDL 2740 progresses and not wait for a substantive review by a fee committee appointed by the Court until nearly the end of the litigation. It is the Court's intent to avoid as much as possible any disputes over the classification of time and expenses as common benefit and the value of same.

This Time and Expense Special Master will be solely for the Plaintiffs' benefit so only the Plaintiffs shall bear the cost of this Special Master's charges.

The procedures to be employed by for the Special Master's review are as follows:

a.  On a monthly basis Participating Counsel shall submit the time and expenses claimed to be common benefit in the manner set forth in this Order.

b.  Approximately every 60 days the Special Master shall review all time and expenses submitted in the month since his last review to determine whether the time and expenses submitted adhered to the requirements in this Order and whether the time and expenses are for the common benefit. The Special Master is encouraged to consult with members of the Time and Expense Committee in performing this task as the members of the Time and Expense Committee may be of assistance in these determinations, as well as attend status conferences, as necessary

c.  Should the Special Master discover during his review of time and expenses any matter requiring further clarification, attention, or information in order to determine whether it is common benefit or whether it is compliant with this Order, he shall have the authority to confer ex parte with the counsel who submitted the report for the purpose of obtaining the necessary information to make the determination of whether all or part of the submission is common benefit or compliant with this Order. The Special Master shall also have the authority to consult with the Time and Expense Committee and Plaintiffs' Executive Committee on any issue.

d.  After consultation with the Time and Expense Committee, Plaintiffs' Executive Committee or any counsel whose submission required additional information, the

Special Master shall make a determination classifying each relevant time and expense entry in contention as compliant or non-compliant with this Order for each month reviewed. If the Special Master disqualifies any time or expense submitted, he shall prepare a report and provide it to the Participating Counsel affected and the Time and Expense Committee. If the Participating Counsel disagrees with the decision of the Special Master, Participating Counsel shall have the right to submit the matter to the Court within thirty (30) days after the Special Master's decision and, in that event, the Special Master shall submit his report and all relevant documents used in his determination to the Court in camera.

e. The Court shall determine the issues raised and shall issue a report to the Special Master, submitting Participating Counsel, the Executive Committee and the Time and Expense Committee of the determination.

f. If after the Special Master makes his determination for any period of time and no Participating Counsel submits the Special Master's determination to the Court, the decisions of the Special Master shall not be submitted to the Court at that time, but retained by the Special Master. If a Participating Counsel submits the Special Master's determination to the Court to challenge it, the decision of the Court becomes final as set forth below. It is the intent of the Court that such determinations shall not be re-visited or later challenged.

g.  Any plaintiff's counsel with a Taxotere (Docetaxel) case may review the Special Master's conclusions of the months' time and expenses or, if challenged, ruled upon by the Court, upon reasonable request to the Special Master within thirty (30) days of the Special Master's review, if none are challenged, or the Court's ruling if there is a challenge. The Time and Expense Committee will notify every Participating Counsel and non-Participating Counsel (by using the information provided to the Federal-State Liaison Counsel) that a period's submissions have been made, been reviewed by the Special Master, and if challenged, been ruled upon by the Court.

h.  The Special Master has the discretion upon a showing of good cause to allow the review of a summary of the Special Master's actions or the Court's ruling at a time and location convenient and shall charge all expenses, such as the Special Master's fees, to the counsel who seeks review. Any counsel seeking to review these decisions shall sign a confidentiality agreement.

i.  If no disagreement is submitted by counsel within thirty (30) days of the Court's determination in accordance with the above paragraphs, the decisions determining compliance with this Order and the classification of common benefit time and expenses shall be final and no Participating Counsel or non-Participating Counsel shall have the right to modify or seek modifications of these decisions.

j.  The Special Master shall meet with the Court at the request of the Court at any time to review all matters within the Special Master's scope of work and shall

prepare reports for the Court at the direction of the Court. The time and expenses the Special Master or the Court accepts as complying with this Order and as being common benefit will be used by the Special Master in any recommendation to the Court on matters the Court directs.

k.  This process of submission and substantive review is subject to modification should the Special Master make any recommended changes to the Court or should the Court issue any additional Orders to supplement or amend this Order.

l.  The Special Master shall confer with the Court appointed Certified Public Account regarding the common benefit expenses claimed, as needed.

m.  Any interpretation of this Order shall be guided by the Court's intent of this Order that all common benefit time and expenses periodically approved or rejected by the Special Master or Court will be final. This procedure of a review by the Special Master done periodically   should eliminate a review of all time and expenses at the end of the litigation by a fee committee. The opportunity to review the decisions of the Special Master or Court should eliminate a challenge by any plaintiffs' counsel at any point after the relevant thirty (30) day period has expired.

n.  The Court retains the sole authority to issue final rulings on all decisions made by the Special Master and all decisions regarding common benefit attorneys' fees and expenses.

## VIII.  Contributions

The Plaintiffs' Steering Committee and Co-Liaison Counsel are ultimately responsible for the costs related to all matters for the common benefit of the plaintiffs during the course of MDL 2740. In order to fund these necessary activities, the Plaintiffs' Steering Committee, Co-Liaison Counsel, and other Participating Attorneys selected by the Executive Committee or the Plaintiffs' Steering Committee must periodically contribute to the Taxotere (Docetaxel) MDL Litigation Fund account at times and in amounts sufficient to cover the administration of the MDL, as determined by the Plaintiffs' Executive Committee. The amount set as a periodic contribution must be paid within sixty (60) days from the date of the written notification of the contribution and the amount of the contribution. . Should any firm fail to contribute its contribution, in whole or in part, within ninety (90) days after the written notification of the assessment, the Plaintiffs' Executive Committee has the authority to impose a prohibition on further work or other appropriate sanctions.

## IX. Assessments Withheld for Common Benefit Work and Costs

### A.      Establishing the Fee and Expense Funds and CPA Appointment

Plaintiffs' Executive Committee is directed to establish two interest-bearing accounts to receive and disburse holdback assessments to common benefit attorneys as approved by the Court. One fund shall be designated the "Taxotere (Docetaxel) Common Benefit Fee Fund" and the other fund shall be designated the "Taxotere (Docetaxel) Common Benefit Expense Fund." These two funds (collectively referred to herein as "Funds") will be held subject to the direction of this Court. The Plaintiffs' Steering Committee has retained and the Court approves the retention of the accounting firm of DeMonte & Falgoust, L.L.C., and hereby appoints John R. Falgoust, Jr. as the CPA to assist and provide accounting services

to the Plaintiffs' Steering Committee and this Court. The Funds described above shall be monitored and overseen by the CPA.

The CPA shall submit quarterly detailed bills for his services to Plaintiffs' Co-Liaison Counsel and the Court. Upon approval by the Court, the CPA's bills shall be paid from the Taxotere (Docetaxel) MDL Litigation account and shall be considered Shared Costs.

The CPA shall maintain and keep detailed records of all deposits and withdrawals in any account described in this Order, and prepare tax returns and other tax filings in connection with any account, if needed.

**1. General Standards**

All counsel and plaintiffs who are subject to this Order who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to Taxotere (Docetaxel) claims or a Taxotere (Docetaxel) case, are subject to an assessment on the Gross Monetary Recovery, as provided herein, the amount subject to Court approval.

**2.  Gross Monetary Recovery**

Gross Monetary Recovery includes any and all amounts paid by defendants through settlement or pursuant to a judgment. In measuring the "Gross Monetary Recovery," the parties are to (a) exclude any court costs that are to be paid by the defendant(s), but include any attorneys' fee awards under any fee-shifting statute or rule; (b) include any payments to be made by the defendant(s) to a third party on behalf of the plaintiff; (c) include the present

value of any fixed and certain payments to be made in the future; and (d) if applicable, subtract any recovery paid by the plaintiff to a defendant through settlement or pursuant to a judgment for counterclaim(s) asserted in a Taxotere (Docetaxel) case by a defendant.

### 3.  Initial Assessment Amounts

The assessments in this Order represent a holdback (*see, e.g., In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256 (E.D.N.Y. 2006)) and may be altered only upon further orders of the Court. The obligations in this Section shall follow the case to its final disposition, including a court having jurisdiction in bankruptcy.

Defendants shall hold back [1] and set aside for placement into the Taxotere (Docetaxel) Common Benefit Fee Fund and the Taxotere (Docetaxel) Common Benefit Expense Fund the amounts in this section, unless otherwise amended by the Court. The Court is advised that the Plaintiffs' Steering Committee currently believes that a total assessment of 8% of the Gross Monetary Recovery recovered by any plaintiff(s) who is/are subject to this Order for receipt of the common benefit work product and plaintiff(s) counsel's eventual compensation of common benefit fees and reimbursement of common benefit expenses is fair and reasonable under the current circumstances and the law. Of this 8% total assessment, 6 percentage points shall be set aside for eventual payment of Court-approved common benefit attorneys' fees, and 2 percentage points will be set aside for reimbursement of common benefit costs approved for reimbursement by the Court. The 8% assessment set

---

[1] In the event any defendant fails to hold back the assessments required by this Order, plaintiffs' counsel has an equal duty to pay the appropriate holdback amounts to the Funds. Under all scenarios (except to the extent the attorney is being paid an hourly rate), the fee assessment shall be paid from the attorney's portion of the recovery and shall not be borne by the client.

forth herein is preliminary in nature and made at the inception of MDL 2740 before any discovery is done and is subject to revision, upward or downward, pursuant to subsequent Orders of this Court. Further, the 8% assessment shall not be a final determination of common benefit fees or expenses to ultimately be paid/reimbursed to plaintiffs' counsel performing functions in accordance with this Order; rather, such common benefit payments for fees and reimbursement for costs, if later supported by evidence of the outcome of the litigation, the extent of the work performed to achieve whatever the result, the caliber of counsel doing common benefit work, and the applicable jurisprudence, will later be awarded and set by the Court at a time and in a manner established by the Court in a separate Order after due notice to all counsel and a hearing.

Any case in the MDL 2740 proceeding that is subsequently resolved by settlement or trial as part of a class action pursuant to Federal Rule of Civil Procedure 23 will not be subject to this Order; rather in the event of a class action judgment or resolution, a separate order addressing class counsel fees and costs will be entered.

### B.    Defendants' Obligations to Pay Common Benefit Assessments

Pursuant to this Order, Defendants are directed to withhold the assessment amount set forth herein, unless otherwise amended by the Court from any amounts paid to plaintiffs and their counsel who are subject to this Order, and to pay the assessment directly into the Taxotere (Docetaxel) Common Benefit Fee Fund and the Taxotere (Docetaxel) Common Benefit Expense Fund as a credit against the settlement or judgment of a case or claim subject to this Order. If, for any reason, the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the Funds promptly.

Plaintiffs' Co-Liaison Counsel shall provide the Defendants' Liaison Counsel, the CPA, and the Court (or its designee) with a list of cases and/or counsel who have signed or is deemed to have signed the Participation Agreement (Exhibit A) or who are otherwise subject to this Order on a quarterly basis, beginning July 1, 2017. In the event there is a dispute as to whether a case or counsel are subject to this Order, the Plaintiffs' Steering Committee shall seek to resolve the matter with the particular plaintiff's counsel informally, and if that is unsuccessful upon motion to the MDL Court.

Although the settlement amounts are confidential, the settling defendant(s) must disclose the amounts to the CPA who shall provide Plaintiffs' Executive Committee at the appropriate time with written verification that defendant(s) have made full and complete payments to the appropriate Funds in accordance with this Order and with all procedures established by the Court. The full and complete payments and the required verification from the CPA shall discharge defendants' and defendants' counsel's obligations and responsibilities with respect to the deposited funds, including any disputes between or among plaintiffs and plaintiffs' counsel as to the allocation of such funds. Whether case(s) have been settled and the specifics of any settlement(s), including but not limited to amount(s) deposited into the appropriate Fund, shall be confidential and shall not be disclosed by the CPA to Plaintiffs' Co-Lead Counsel, Plaintiffs' Co-Liaison Counsel, the Plaintiffs' Steering Committee, any other plaintiffs' lawyer, the Court, the Court's designee, or to anyone else. However, it may be provided to the Court or the Court's designee, and to the Court or its designee only, should the Court request that information. Monthly statements from the CPA shall, however, be provided to Plaintiffs' Co-Lead and Co-Liaison Counsel and the Court

showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

The CPA shall provide Plaintiffs' Executive Committee with written verification that defendants have made full and complete payments to the appropriate Funds in accordance with this Order and with all procedures established by the Court; however, the CPA shall not disclose any settlement amounts to anyone, other than to the Court if requested by the Court.

## X.   Notice to All Prospective Participating Counsel

In order to ensure that all prospective Participating Counsel have due notice of the instant Order, Plaintiffs' Co-Liaison Counsel are ordered to provide immediate notice of the instant Order, and any other Order related to common benefit fees, expenses, or procedures, to all plaintiffs' counsel in Taxotere (Docetaxel) cases, without regard for whether the case is filed in federal or state court, so as to provide full notice as to the procedures which will govern this case.

THUS DONE AND SIGNED

New Orleans, Louisiana, this 23rd day of February 2017.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION                                SECTION "N" (5)


**EXHIBIT A TO PRETRIAL ORDER NO. 19**
**COMMON BENEFIT, TIME AND EXPENSE RULES, HOLDBACK,**
**ASSESSMENTS, AND RELATED ISSUES**

**Common Benefit Participation Agreement**


      **THIS COMMON BENEFIT PARTICIPATION AGREEMENT** is made this _____ day

of _____, 2017, by and between the Plaintiffs' Steering Committee and Co-Liaison

Counsel, as appointed by the United States District Court for the Eastern District of Louisiana in

MDL 2740, and _____ **[Name of the Attorney and Law Firm**

**Executing the Agreement]** (the "Participating Counsel" or "Participating Firm"), on behalf of all

of his/their clients having claims relating to or arising from Taxotere, whether in the MDL or in

any non-MDL court including cases that are originally filed in or otherwise remanded to state

court, as well as unfiled claims.

      NOW, THEREFORE, in consideration of the covenants and promises contained herein,

and intending to be legally bound hereby, the parties agree as follows:

I.     **SCOPE OF AGREEMENT**

   A.    **Purpose**

      This Participation Agreement (the "Agreement") is a private cooperative agreement

between plaintiffs' attorneys to share common benefit work product pursuant to the Court's

Exhibit "A"

Pretrial Order No. 19 - Common Benefit, Time and Expense Rules, Holdback, Assessments, and Related Issues (the "Order"), which is incorporated herein.   By signing this Participation Agreement, the Participating Counsel and Participating Firm  executing this Agreement are entitled to receive and use common benefit work product, regardless of the venue or jurisdiction in which Participating Counsel's cases are pending, or if the claim has not yet been filed.

### B.      Rights and Obligations of Participating Counsel

Participating Counsel and Participating Firm shall be provided access to the common benefit work product, including access to the document depository.  Participating Counsel and Participating Firm agree that all Taxotere cases and/or claims in which Participating Counsel or Participating Firm has any fee interest, including unfiled cases, tolled cases, and/or cases filed in any state or federal court, are all subject to the terms of this Participation Agreement.

Participating Counsel and Participating Firm shall produce a list that correctly sets forth the name of each client represented by him/them or in which he/they have an interest in the attorney fee, regardless of what that interest is, whether the case if filed or not yet in suit.  Such list shall include the court and docket number of each such case; if the case is not yet filed, the list shall include the address of the claimant.  Participating Counsel and Participating Firm shall supplement the list on a quarterly basis and provide the list to Co-Liaison Counsel via electronic mail.  The initial list shall be provided within 14 calendar days of signing this Agreement and must be supplemented every 90 days thereafter.

## II.     AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

Subject to the terms of this Agreement and the terms of the Order, Participating Counsel and Participating Firm who agree to settle, compromise, dismiss, or reduce the amount of a claim, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, for any Taxotere claims on behalf of any client are subject

2

to an assessment of the Gross Monetary Recovery, as provided herein, regardless of whether Participating Counsel or Participating Firm has actually accessed or used common benefit work product at any time.

### A.  Gross Monetary Recovery Defined

"Gross Monetary Recovery" includes any and all amounts paid to plaintiffs' and/or their counsel by defendant(s) through a settlement or pursuant to a judgment.  In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs to be paid by the defendant(s), but include any attorneys' fee awards under any fee-shifting statute or rule; (b) include any payments to be made by defendant(s) to a third party on  behalf of a plaintiff; (c) include the present value of any fixed and certain payments to be made in the future; and (d) if applicable, subtract any recovery paid by the plaintiff to  defendant(s) through settlement or pursuant to a judgment for counterclaim(s) asserted by  defendant(s).

### B.  Assessment Amount

This assessment herein represents a holdback (*see, e.g., In re Zyprexa Prods. Liab.  Litig*., 467 F. Supp. 2d 256 (E.D.N.Y. 2006)).  The obligations in this Participation Agreement shall follow all cases or claims to their final disposition, including a court having jurisdiction in bankruptcy.  The assessment rules shall govern in accordance with the Order as a holdback for placement into the Taxotere Common Benefit Fee Fund and the Taxotere Common Benefit Expense Fund.

Regardless of where any case is filed or pending, or if a claim has not yet been filed,   the Participating Counsel, Participating Firm and his/their clients hereby agree to be bound by the assessment set by the Court.  At the present time that total assessment is 8% of the Gross Monetary Recovery by the Participating Counsel or Participating Firm for each client.  Of this 8% total assessment, 6% shall be paid by the attorney for attorneys' fees from the individual law firm's fee percentage with the client and 2% will be paid by the client for reimbursement of costs from the client's

recovery.  Participating Counsel, Participating Firm and his/their clients believe the assessment and holdback is fair and reasonable under the circumstances and the law.

The 8% assessment set forth in the Order and this Participation Agreement is preliminary in nature and made at the inception of MDL 2740 before any discovery is done, and is subject to revision, upward or downward, pursuant to subsequent Orders of this Court.  Further, the 8% assessment shall not be a final determination of common benefit fees or expenses to ultimately be paid/reimbursed to plaintiffs' counsel performing functions in accordance with this Order; rather, common benefit assessments, if later supported by evidence, the outcome of the litigation, the extent of the work performed to achieve whatever the result, the caliber of counsel doing common benefit work, and the applicable jurisprudence, may later be awarded in the same or in a different amount and set by the Court at a time and in a manner established by the Court in a separate Order after due notice to all counsel and a hearing.

In the event any defendant fails to hold back the assessments required by this Participation Agreement, Participating Counsel and Participating Firm must pay the appropriate holdback amounts to the Taxotere Common Benefit Fee Fund and the Taxotere Common Benefit Expense Fund.  Under all scenarios the fee assessment shall be paid from the Participating Attorney's portion of the recovery and shall not be borne by Participating Attorney's client.

### C.    Covered Cases

By signing this Agreement, the Participating Counsel and Participating Firm agree that the assessment percentages set forth above or those ultimately set by the Court shall apply to all of Participating Counsel and Participating Firm's cases wherever filed or pending or claims not yet filed. in which he/they have a fee interest, regardless of the size of that fee interest, and that the assessment percentages for MDL Counsel set forth in the Court's Order will apply to all Participating Counsel's and Participating Firm's cases in any federal or state court or unfiled claims.

4

### D.    Attorneys' Fee Lien

With respect to each client represented in connection with Taxotere related claims that are filed or pending in any federal or state court, are un-filed, or are subject to a tolling agreement, Participating Counsel and Participating Firm agree to have defendants deposit or cause to be deposited in the Taxotere Common Benefit Fee Fund and Taxotere Common Benefit Expense Fund established by the District Court in  MDL 2740, a percentage of the Gross Monetary Recovery recovered by each such client that is equal to the assessment amount ultimately approved by the Court.  In the event defendants do not deposit the assessed percentage into the Funds, Participating Counsel and Participating Firm shall deposit or cause to be deposited in the Taxotere Common Benefit Fee Fund and Taxotere Common Benefit Expense Fund a percentage of the Gross Monetary Recovery recovered by each such client that is equal to the assessment amount ultimately approved by the Court.  Participating Counsel, on behalf of themselves, their firms, their affiliated counsel, and their clients, hereby grant and convey to Plaintiffs' Steering Committee and Co-Liaison Counsel a lien upon and/or a security interest in any fee  generated as a result of any recovery by any client who they represent in connection with any Taxotere-related claims and  any claims  they have any interest in, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Agreement and the Court's Order.  Participating Counsel and Participating Firm will undertake all actions and execute all documents are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

## III.    OTHER PROVISIONS

It is the intention of the MDL 2740 that Participating Counsel's and the Participating Law Firm's payment of these funds as described above be in full and final satisfaction of any present or future obligation on the part of each.

In accordance with the Orders of the Court in the MDL 2740 Proceeding, the amounts deposited in the Taxotere Common Benefit Fee Fund and Taxotere Common Benefit Expense Fund will be available for distribution to Participating Counsel who have performed common benefit work

or incurred common benefit expenses pursuant to the Order. Such sums will be distributed only upon an Order of the Court in the MDL 2740, after full consideration by the Court, with notice and a hearing. Appropriate consideration will be given to the experience, talent, and contribution made by all of those authorized to perform common benefit work and incur common benefit expenses.

Upon execution of this Participation Agreement, MDL 2740 Co-Liaison Counsel will provide to Participating Counsel and Participating Law Firm, to the extent developed, access to the common benefit work product. If the Court in MDL 2740 rules that a Participating Counsel or Participating Law Firm is not authorized to be a Participating Counsel or Participating Firm, then this Agreement shall be null and void and no access to common benefit work product will be permitted.

A Participating Counsel or Participating Law Firm will have access to the following resources, for use on behalf of their plaintiff cases:

    a.    Research and testing information and other expert discovery materials relevant to the various issues alleged in MDL 2740;

    b.    Legal research and memoranda on legal issues relevant to the various issues alleged in MDL 2740;

    c.    Deposition database of all discovery depositions related to the MDL 2740 litigation;

    d.    Transcript database of trial and court proceedings to the extent permissible;

    e.    Any MDL 2740 trial package as it is developed or assistance with trial-related matters;

    f.    Any other non-confidential or privileged work product of the Plaintiffs

Steering Committee; and

g.      the Document Depository set up and maintained by the Plaintiffs Steering Committee.

This Agreement shall apply to each and every client who is a plaintiff in a Taxotere action in which Participating Counsel or Participating Law Firm has a right or claim to a fee.

Participating Counsel and Participating Law Firm understand and agree that by entering into the Participation Agreement, Participating Counsel and Participating Law Firm and its clients are bound by, and may not withdraw from, the Participation Agreement, provided they satisfy the requirements for Participating Counsel under the Order.

The MDL 2740 Court shall have exclusive and continuing jurisdiction to adjudicate any unresolved dispute arising under this Agreement.

I _____ [name of attorney] hereby represent that I have the authority to execute this Agreement on behalf of my law firm, _____ [insert name of law firm], and on behalf of all of my Taxotere clients.  I hereby represent that I have the authority to bind my law firm and all of my Taxotere clients to the terms of this Participation Agreement.

By: _____
Attorney at Participating Law Firm authorized to sign for
Participating Law Firm and clients listed on Exhibit 1
[Attorney Name and Law Firm Name and Address]

Dated: _____

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO. 2740
              PRODUCTS LIABILITY
              LITIGATION                                   SECTION "N" (5)


**EXHIBIT B TO PRETRIAL ORDER NO. 19**
**COMMON BENEFIT TIME AND EXPENSE RULES, HOLDBACK,**
**ASSESSMENTS, AND RELATED ISSUES**

**Litigation Task Categories**

The following Litigation Task Codes/Categories are to be used to identify all tasks performed:

| Task Code | Litigation Category |
|---|---|
| 01. | Administration (data and file management) |
| 02. | ESI |
| 03. | Document Review |
| 04. | Legal Research |
| 05. | Pleadings, Briefs & Pretrial Motions |
| 06. | Written Discovery |
| 07. | Deposition Prep/Take/Defend |
| 08. | Experts/Consultants |
| 09. | Case Vetting/Bellwether |
| 10. | Trial Preparation and Trial |
| 11. | Court Appearances/Arguments before the Court |
| 12. | Status Conference Attendance |
| 13. | Litigation Strategy & Analysis |
| 14. | Settlement |
| 15. | Travel |
| 16. | Committee Meetings or Calls |
| 17. | PEC / Liaison Counsel Duties |
| 18. | Pre-MDL Common Benefit Work |
| 19. | Appeal |

Exhibit "B"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In Re:  TAXOTERE (DOCETAXEL)**               **MDL NO. 2740**
           **PRODUCTS LIABILITY**
           **LITIGATION**                                      **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

<u>**PRETRIAL ORDER NO. 20**</u>
**[Appointment of Kenneth W. DeJean as Special Master]**

On February 13, 2017, this Court entered "Pretrial Order No. 17," advising all counsel of record of the Undersigned's intent to appoint Kenneth W. DeJean as Special Master for the purposes set forth in Section VII of the Common Benefit Order. *See* Pretrial Order No. 19, Rec. Doc. 262.  All parties having had notice that the Court was considering the appointment of a special master in this matter, and having had an opportunity to be heard and make suggestions and objections concerning the naming of the special master,

**IT IS ORDERED** that Kenneth W. DeJean is hereby appointed as Special Master herein, pursuant to Rule 53 of the Federal Rules of Civil Procedure;

**IT IS FURTHER ORDERED** that the Special Master shall be responsible for all purposes set forth in Section VII of the Common Benefit Order (Pretrial Order No. 19, Rec. Doc. 262) and any other duties later assigned by the Court;

**IT IS FURTHER ORDERED** that the Special Master shall be responsible for, and shall have the authority to engage appropriate support personnel to assist in carrying out his duties as Special Master;

**IT IS FURTHER ORDERED** that the Special Master may communicate *ex parte* with the Court or with the plaintiff attorneys, without providing notice to the attorneys or the parties;

**IT IS FURTHER ORDERED** that all recommendations to the Court rendered by the Special Master shall be in writing and shall be submitted to the Court;

**IT IS FURTHER ORDERED** that the Special Master's decisions will be done and reviewed in the manner described in in Section VII of the Common Benefit Order (Pretrial Order No. 19, Rec. Doc. 262).

**IT IS FURTHER ORDERED** that the Special Master shall maintain those records upon which he bases his recommendations at his office, which is located at 417 W. University Avenue, Lafayette, LA 70506, or on the platform established by the PSC for entry of common benefit time and expenses, and shall make those records available for inspection as provided in the Common Benefit Order;

**IT IS FURTHER ORDERED** that the Special Master shall be invested with all powers incidental to the accomplishment of his duties as outlined above;

**IT IS FURTHER ORDERED** that the Special Master shall proceed with all reasonable diligence in accomplishing the above; and

**IT IS FINALLY ORDERED** that the Special Master and his staff shall be compensated by the Plaintiffs' Steering Committee (PSC) at the following rates: Special Master Kenneth W. DeJean: $400.00 per hour; paralegals: $50.00 per hour, all of which charges shall be billed on a monthly basis, except that the in-state travel charges of the Special Master shall not be billed.

New Orleans, Louisiana, this 23rd day of February, 2017.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

2

## CURRICULUM VITAE
## OF KENNETH W. DEJEAN

### Work Address and Telephone Number:

417 West University Avenue
Post Office Box 4325
Lafayette, Louisiana 70502
(337) 235-5294 (Phone)
(337) 235-1095 (Fax)
kwdejean@kwdejean.com (E-Mail)

### EDUCATION AND DEGREES:

| | |
|---|---|
| May 1969 | Port Barre High School<br>Port Barre, Louisiana |
| May 1973 | University of Southwestern Louisiana<br>Lafayette, Louisiana<br>Bachelor of Arts Degree - Political Science |
| January 1976 | Loyola Law School<br>New Orleans, Louisiana<br>Juris Doctorate |

### EXPERIENCE:

| | |
|---|---|
| 1974 - 1976 | Law Clerk for Honorable Bernard Bagert,<br>Chief Judge, Orleans Parish Criminal Court<br>New Orleans, Louisiana |
| 02/76 - 06/77 | J. Minos Simon, Ltd.<br>Lafayette, Louisiana |
| 06/77 - 11/77 | Partner - Simon, Block, DeJean and Milligan<br>Lafayette, Louisiana |
| 12/77 - 01/80 | Sole Practitioner<br>Lafayette, Louisiana |
| 1980 - 1989 | Partner - Fruge' & DeJean<br>Lafayette, Louisiana |
| 06/89 to Present | Law Offices of Kenneth W. DeJean<br>Lafayette, Louisiana |

*(Rev'd.: 10/13/16)*                                      1

## COURTS IN WHICH ADMITTED TO PRACTICE:

Supreme Court of the United States - 11/13/1987
Supreme Court of the State of Louisiana - 04/23/1976
Colorado State Supreme Court - 05/09/1989
United States District Court for the Western - 05/25/1975, Middle - 11/02/1983 and Eastern -
07/16/1980 Districts of Louisiana
United States Court of Appeals, Fifth - 09/13/1976 and Eleventh - 11/03/1983 Circuits

## RATINGS

AV Preeminent Rating (Martindale Hubbell)

## MEMBERSHIPS:

1.  Louisiana State Bar Association
2.  Colorado State Bar Association
3.  American Bar Association
4.  American Association for Justice
5.  Louisiana Association for Justice
6.  Lafayette Parish Bar Association
7.  Lafayette Trial Lawyers Association
8.  Federal Bar Association - Lafayette Acadiana Chapter
9.  Bar Association of the Fifth Federal Circuit
10. Louisiana Bar Foundation
11. Million Dollar Advocates Forum
12. National Trial Lawyers Association: Top 100 Trial Lawyers in Louisiana

## OTHER ACTIVITIES:

Past President - Federal Bar Association (Lafayette - Acadiana Chapter) (2014-2015)

Past President - Lafayette Trial Lawyers Association (1985-1986)

Who's Who in American Law - 1986

Board of Governors - Louisiana Association for Justice (formerly Louisiana Trial Lawyers
Association) (1986 to Present)

Counsel of Directors - Louisiana Trial Lawyers Association (1999- 2000)

Advisory Board of the Louisiana Law Institute (1989)

John M. Duhe' American Inns of Court (Past Member & Founding Member)

Member: Coastal Conservation Assocation and past President of the Acadiana Chapter

Speaker at numerous Seminars and Professional Meetings on Torts, Evidence and Complex
Litigation

U.S. Coast Guard Master Certificate (December 1985 - February 2008)

**APPOINTMENTS:**

1.  Special Master - Eunice Trail Derailment Class Action - Civil Action Number: 00-1267, with approximately 12,000 claimants. I was appointed as Special Master to conduct settlement negotiations, prepare allocation awards and make special case awards. I also conducted hearings on allocation appeals and inquiry into suspect claims. I was appointed on April 26, 2002 by Judge Richard T. Haik, Sr.,United States District Court, Western District of Louisiana, Lafayette, Louisiana, (337) 593-5100.

2.  Special Master - Jimmy Valmont, Individually vs. Conoco Phillips Company - Civil Action Number 2003-6343 with approximately 612 claimants known as the Conoco Release. I was appointed as Special Master to handle the allocation and distribution of monies to all claimants arising out of a chemical release at a Conoco Plant. I was appointed on March 17, 2005 by Judge Wilford D. Carter, 14th JDC, Lake Charles, Louisiana. (337) 564-6990.

3.  Deputy Special Master - Bayou Sorrel Class Action - Civil Action Number: 04-1101. I was appointed as Deputy Special Master at the end of the litigation for purposes of mediation of fee disputes and claims. I was appointed on November 18, 2005 by Judge Richard T. Haik, Sr., United States District Court, Western District of Louisiana, Lafayette, Louisiana. (337)593-5100.

4.  Deputy Special Master - ACTOS MDL Number 2299- In RE: Actos (Pioglitazone) Products Liability Litigation. I was appointed as Deputy Special Master to  manage and oversee matters related to the Plaintiffs' Steering Committee and review all Common Benefit Time and Expense submissions by all plaintiff attorneys involving approximately 10,000 claimants. I was appointed on April 11, 2012 by  Judge Rebecca F. Doherty, United States District Court, Western District of Louisiana, Lafayette, Louisiana. (337)593-5050.

5.  Special Master - Lawtell Train Derailment - 27 th JDC, Opelousas LA - Docket #133656 et. al. Division C. I was appointed as Special Master to handle all pre trial matters including discovery motions  through the liability trial set for December, 2016 before Judge Alonzo Harris. I was appointed on April 1, 2016 by Judges Alonzo Harris, James P, Doherty, Gerard Caswell and Jason Meche., involving approximately 900 claimants.  (337)948-0584.

**REPORTED DECISIONS INCLUDE:**

1.  *In re Taira Lynn Marine, Ltd. No. 5, L.L.C.*, 444 F.3d 371, (5th Cir. 2006);

2.  *Squyres v. Our Lady of Lourdes Regional Medical Center, Inc.*, 954 So.2d 897, 2006-1517 (La.App. 3 Cir. 4/4/07);

3.  *Caldwell ex rel. State of Louisiana v. Janssen Pharmaceutical, Inc., et al*, 2011-1184 (La.App. 3 Cir. 8/31/12), 100 So.3d 865.

4.  *Succession of William A. Koch, Jr.*, Probate No. 20140504-E, 15th Judicial District Court, Parish of Lafayette

**Kenneth W. DeJean**
**Special Master & Deputy Special Master**
**Appointments as of June 1, 2016**

1.  Special Master - Eunice Trail Derailment Class Action - Civil Action Number: 00-1267, with approximately 12,000 claimants.  I was appointed as Special Master to conduct settlement negotiations, prepare allocation awards and make special case awards.  I also conducted hearings on allocation appeals and inquiry into suspect claims. I was appointed on April 26, 2002  by Judge Richard T. Haik, Sr.,United States District Court, Western District of Louisiana, Lafayette, Louisiana, (337) 593-5100.

2.  Special Master - Jimmy Valmont, Individually vs. Conoco Phillips Company - Civil Action Number 2003-6343 with approximately 612 claimants known as the Conoco Release. I was appointed as Special Master to handle the allocation and distribution of monies to all claimants arising out of a chemical release at a Conoco Plant.  I was appointed on March 17, 2005 by Judge Wilford D. Carter, 14th JDC,  Lake Charles, Louisiana. (337) 564-6990.

3.  Deputy Special Master - Bayou Sorrel Class Action - Civil Action Number: 04-1101.  I was appointed as Deputy Special Master at the end of the litigation for purposes of mediation of fee disputes and claims. I was appointed on November 18, 2005 by Judge Richard T. Haik, Sr., United States District Court, Western District of Louisiana, Lafayette, Louisiana. (337)593-5100.

4.  Deputy Special Master - ACTOS MDL Number 2299- In RE: Actos (Pioglitazone) Products Liability Litigation. I was appointed as Deputy Special Master to  manage and oversee matters related to the Plaintiffs' Steering Committee and review all Common Benefit Time and Expense submissions by all plaintiff attorneys involving approximately 10,000 claimants.  I was appointed on April 11, 2012 by Judge Rebecca F. Doherty, United States District Court, Western District of Louisiana, Lafayette, Louisiana. (337)593-5050.

5.  Special Master - Lawtell Train Derailment - 27 th JDC, Opelousas LA - Docket #133656 et. al. Division C. I was appointed as Special Master to handle all pre trial matters including discovery motions  through the liability trial set for December, 2016 before Judge Alonzo Harris. I was appointed on April 1, 2016 by Judges Alonzo Harris, James P, Doherty, Gerard Caswell and Jason Meche., involving approximately 900 claimants.  (337)948-0584.

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

In Re:  **TAXOTERE (DOCETAXEL)**         **MDL NO. 2740**
         **PRODUCTS LIABILITY**
         **LITIGATION**                    **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

### AFFIDAVIT OF KENNETH W. DEJEAN
### TENDERED PURSUANT TO FED. R. CIV. P. 53

STATE OF LOUISIANA

PARISH OF LAFAYETTE

Kenneth W. DeJean, being first duly sworn according to law, states the following:

I am an attorney at law, duly licensed to practice law in the States of Louisiana and Colorado.  My bar admissions are as follows:

- Louisiana State Bar Association – 1976

- Colorado State Bar Association – 1989

- U.S. District Court for the Eastern District of Louisiana – 1976

- U.S. District Court for the Western District of Louisiana – 1976

- U.S. Court of Appeals for the Fifth Circuit – 1982

- U.S. Court of Appeals for the Eleventh Circuit – 1983

- U.S. Supreme Court – 1987

I have thoroughly familiarized myself with the issues involved in the Multi-District Litigation captioned In Re: Taxotere (Docetaxel) Products Liability Litigation 2:16-md-2740-KDE-MBN.  As a result of my knowledge of that case, I attest and affirm that there are no non-

disclosed grounds for disqualification under 28 U.S.C. §455 that would prevent me from serving as Special Master in the captioned matter.

_____

KENNETH W. DEJEAN

SWORN TO AND SUBSCRIBED before me, Notary Public, this 6ᵗʰ day of February , 2017.

_____

NOTARY PUBLIC

Name: _Adam R. Credeur_

Notary Number: _136438_

My Appointment Expires: _at death_

OFFICIAL SEAL
ADAM R. CREDEUR
NOTARY ID #136438
NOTARY PUBLIC
STATE OF LOUISIANA
COMMISSIONED FOR LIFE

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                         MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                                    SECTION "N" (5)


THIS DOCUMENT RELATES TO
ALL CASES


**PRETRIAL ORDER NO. 21**
**(3/6/17 Liaison Counsel Meeting)**

On March 6, 2017, the Court held a meeting with Plaintiffs' Liaison Counsel, Palmer Lambert, and Defendants' Liaison Counsel, Douglas Moore. During the meeting, the Court discussed with counsel the topics listed on the attached agenda. **IT IS ORDERED** that:

(1) Defendants shall submit a proposal to the court regarding the appointment of Defendants' Liaison Counsel for the 505(b)(2) Defendants by **Friday, March 10, 2017**.

(2) Defendants shall submit a proposed order designating counsel who will attend each of the Plaintiffs' Steering Committee meetings, which take place prior to each status conference, by **Wednesday, March 15, 2017**.

(3) Liaison counsel shall confer and submit to the Court a proposed order regarding the streamlined service of non-Sanofi Defendants within twenty (20) days.

(4) Liaison counsel shall confer and submit a proposed briefing schedule to the Court regarding jurisdictional motions, i.e. motions to remand.

(5) Liaison counsel shall confer regarding the possible dates offered by the Court for

"Science Day," which include Wednesday, April 19, 2017 or Wednesday, May 3, 2017.

New Orleans, Louisiana, this 7th day of March, 2017.


**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

## <u>March 6, 2017 Meeting of Liaison Counsel Agenda</u>

1.      Filing of State Court Cases by PSC

         a. City of St. Louis

         b. Delaware

         c. California

2.      MDL Centrality Order and PFS/DFS Implementation Order

3.      Disclosure of Third-Party Funding by Plaintiffs

4.      Voluntary Dismissal of Claims/Potential Order

5.      Lack of Product Identification/Filing of Cases Not Properly Vetted

6.      Settlement Counsel Meeting – March 7, 2017 (NYC)

7.      Service on All Defendants Per Court Order/Appearance of Counsel/ Waivers of Service-Streamlined Service

8.      Defendants' Liaison Counsel for 505(b)(2) Defendants

9.      Science Day

10.     Status of ESI

Exhibit "A"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                    MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PLAINTIFF FACT SHEET

This Fact Sheet must be completed by each plaintiff who has filed a lawsuit related to the use of Taxotere® by the plaintiff or a plaintiff's decedent. Please answer every question to the best of your knowledge. In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect..

In filling out this form, please use the following definitions: (1) "**healthcare provider**" means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) "**document**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone-records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

**Information provided by plaintiff will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation. This Fact Sheet is completed pursuant to the Federal Rules of Civil Procedure governing discovery (or, for state court case, the governing rules of civil of the state in which the case is pending).**

## I.  CASE INFORMATION

Attorney Information

Please provide the following information for the civil action that you filed:

1

1.  Caption:_____

2.  Court and Docket No.:_____

3.  MDL Docket No. (if different):_____

4.  Date Lawsuit Filed:_____

5.  Plaintiff's Attorney:_____

6.  Attorney's Address:_____

7.  Attorney's Phone Number:_____

8.  Attorney's Email Address:_____

Plaintiff Information

Please provide the following information for the individual on whose behalf this action was filed:

9.  Name:_____

10. Street Address:_____

11. City:_____

12. State:_____

13. Zip code:_____

14. Date of Birth:_____

15. Place of Birth:_____

16. Social Security Number:_____

17. Maiden or other names you have used or by which you have been known:

    _____

18. Sex:  Male: ☐ Female: ☐

19. Race:

| Race | ☐ |
|------|---|
| American Indian or Alaska Native | ☐ |
| Asian | ☐ |

2

| Race | ☐ |
|---|---|
| Black or African American | ☐ |
| Native Hawaiian or Other Pacific Islander | ☐ |
| White | ☐ |

20. Ethnicity:

| Ethnicity | ☐ |
|---|---|
| Hispanic or Latino | ☐ |
| Not Hispanic or Latino | ☐ |

21. Primary Language: _____

Representative Information

If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person), please state the following:

22. Name:_____

23. Address:_____

24. Capacity in which you are representing the individual:_____

25. If you were appointed as a representative by a court, identify the State, Court and Case Number:

    a)  State:_____

    b)  Court:_____

    c)  Case Number:_____

26. Relationship to the Represented Person:_____

27. State the date of death of the decedent:_____

28. State the place of death of the decedent:_____

29. Are you filling this questionnaire out on behalf of an individual who is deceased and on whom an autopsy was performed? Yes ☐ No☐

3

*If you are completing this questionnaire in a representative capacity, please respond to these questions with respect to the person whose medical treatment involved Taxotere® or Docetaxel.*

## II.  PERSONAL INFORMATION

Relationship Information

1.  Are you currently: Married: ☐ Single: ☐ Engaged: ☐ Significant other: ☐ Divorced: ☐ Widowed: ☐ Same sex partner: ☐

2.  Have you ever been married? Yes ☐ No☐

3.  If yes, for EACH marriage, state the following:

| Spouse's Name | Date of Marriage | Date Marriage Ended | Nature of Termination |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Education

4.  For each level of education you completed, please check below:

High School: ☐                    Vocational School: ☐

College: AA: ☐ BA/BS: ☐ Masters: ☐ PhD: ☐ M.D.: ☐ Other:

Employment

5.  Are you currently employed? Yes ☐ No☐

6.  If yes, state the following:

a)  Current employer name:_____

b)  Address:_____

c)  Telephone number:_____

d)  Your position there:_____

7.  Are you making a claim for lost wages or lost earning capacity? Yes ☐ No☐

8.  Only if you are asserting a wage loss claim, please state the following for EACH employer for the last seven (7) years:

| Name of Employer | Address of Employer | Dates of Employment | Annual Gross Income | Your Position |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

9.  Have you ever been out of work for more than thirty (30) days for reasons related to your health in the last seven (7) years? Yes ☐ No☐

10. If yes, please state the following:

| Name of Employer | Dates | Health Reason |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

YOU MUST ATTACH TAX RETURNS, EMPLOYMENT AUTHORIZATIONS, AND IDENTIFY THE LOSS OF CONSORTIUM PLAINTIFF'S EMPLOYERS IF CLAIMING LOST WAGES OR LOST EARNING CAPACITY DAMAGES.

Worker's Compensation and Disability Claims

11. Within the last ten (10) years, have you ever filed for workers' compensation, social security, and/or state or federal disability benefits? Yes ☐ No☐

12. If yes, then as to EACH application, please state the following:

| Year Claim Filed | Court | Nature of Claimed Injury | Period of Disability | Award Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Military Service

13. Have you ever served in any branch of the military? Yes ☐ No☐

14. If yes, state the branch and dates of service:

| Branch | Dates of Service |
|---|---|
|  |  |
|  |  |
|  |  |

15. If yes, were you discharged for any reason relating to your health (whether physical, psychiatric, or other health condition)? Yes ☐ No☐

16. If yes, state the condition:_____

**Other Lawsuits**

17. Within the last ten (10) years, have you filed a lawsuit, relating to any bodily injury, or made a claim, OTHER THAN the present suit? Yes ☐ No ☐

**Computer Use**

18. Apart from communications to or from your attorney, have you communicated via email, visited any chat rooms, or publicly posted a comment, message or blog entry on a public internet site regarding your experience with or injuries you attribute to Taxotere®, other chemotherapies, or alopecia/hair loss during the past ten (10) years? You should include all postings on public social network sites including Twitter, Facebook, MySpace, LinkedIn, or "blogs" that address the topics above. Yes ☐ No☐

19. If yes, please state the following:

| Forum Name | Screen Name or User Handle | Date of Post | Substance of Post |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

20. Are you now or have you ever been a member of an alopecia support group? Yes ☐ No☐

   a) If yes, identify the group by name:_____

   b) When did you join the group?_____

## III. PRODUCT IDENTIFICATION

**I HAVE RECORDS DEMONSTRATING USE OF TAXOTERE® OR OTHER DOXETAXEL: Yes ☐ No☐**

**YOU MUST UPLOAD THEM BEFORE YOU SUBMIT THIS FACT SHEET**

Taxotere®

1. Were you treated with brand name Taxotere®? Yes ☐ No ☐ Unknown ☐

Other Docetaxel

2. Were you treated with another Docetaxel or generic Taxotere®? Yes ☐ No☐

3. If yes, select all that apply:

| Name of Drug | |
|---|---|
| Docetaxel – Winthrop | ☐ |
| Docetaxel – Teva Pharms USA | ☐ |
| Docetaxel – Dr. Reddy's Labs Ltd. | ☐ |
| Docetaxel – Eagle Pharms | ☐ |
| Docetaxel – Actavis Inc. | ☐ |
| Docetaxel – Pfizer Labs | ☐ |
| Docetaxel – Sandoz | ☐ |
| Docetaxel – Accord Healthcare | ☐ |
| Docetaxel – Apotex Inc. | ☐ |
| Docetaxel – Hospira Inc. | ☐ |
| Docefrez – Sun Pharma Global | ☐ |
| Unknown | ☐ |

4. **IF YOU SELECTED "UNKNOWN" YOU MUST CERTIFY AS FOLLOWS:**

   **I certify that I have made reasonable, good faith efforts to identify the manufacturer of the Docetaxel used in my treatment, including requesting records from my infusion pharmacy, and the manufacturer either remains unknown at this time or I am awaiting the records:** ☐

## IV. MEDICAL INFORMATION

Vital Statistics

1. How old are you:_____

2. Age at the time of your alleged injury:_____

3. Current weight:_____

4. Current height:

   Feet:_____   Inches:_____

5. Weight at time of alleged injury:_____

Gynecologic and Obstetric History

6. Have you ever been pregnant? Yes ☐ No ☐

7

a) Number of pregnancies:_____

b) Number of live births:_____

7. If you have children, please state the following for EACH child:

| Child's Name | Address | Date of Birth |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

8. Date of first period (menses):_____   Age:_____

9. Date of last period (menses): _____   Age:_____

10. Are you menopausal, perimenopausal or postmenopausal? Yes ☐ No☐

11. For EACH year for the last seven (7) years before your first treatment with Taxotere® or Docetaxel and since then, who did you see for your annual gynecological exam? Also indicate whether an annual exam was skipped or missed.

| Doctor | Office | Year | Skipped or Missed |
|---|---|---|---|
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

12. For EACH year after age 40, or before then if applicable, who did you see for your annual mammogram? Also indicate whether an annual mammogram was skipped or missed.

| Doctor | Office | Year | Skipped or Missed |
|---|---|---|---|
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

Other Risk Factors

13. Have any family members been diagnosed with breast cancer?

| Family Member | Diagnosed | Age at Diagnosis |
|---|---|---|
| Mother | ☐ | |
| Sister | ☐ | |
| Daughter | ☐ | |
| Paternal grandmother | ☐ | |
| Maternal grandmother | ☐ | |

14. Have you ever been diagnosed as having genes or gene mutations that carry an increased cancer risk (e.g., BRCA1, BRCA2)? Yes ☐ No☐

    a) If yes, which? _____

15. Did you receive radiation treatments or exposure to radiation before the age of 30? Yes ☐ No☐

    a) If yes, describe the particulars of your treatment or exposure:
    _____

Tobacco Use History

For the ten (10) year period before your use of Taxotere® or Docetaxel up to the present, check the answer and fill in the blanks applicable to your history of tobacco use, including cigarettes, cigars, pipes, and/or chewing tobacco/snuff.

16. I currently use tobacco: Yes ☐ No☐

17. I have never used tobacco: Yes ☐ No☐

18. I used tobacco in the ten (10) years before Taxotere® or Docetaxel treatment: Yes ☐ No☐

19. Identify types of tobacco use:

| Type | Used | Average Per Day | Duration of Use (Years) |
|---|---|---|---|
| Cigarettes | ☐ | | |
| Cigars | ☐ | | |
| Pipes | ☐ | | |
| Chewing tobacco/snuff | ☐ | | |

9

Prescription Medications

20. Apart from chemotherapy, are there prescription or over-the-counter medications that you took on a regular basis or more than three (3) times in the seven (7) year period before you first took Taxotere®? Yes ☐ No ☐

*For purposes of this question, "regular basis" means that you were directed by a healthcare provider to take a medication for at least forty-five (45) consecutive days.*

21. If yes, please provide the following for EACH prescription medication:

| Medication | Prescriber | Dates Taken |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## V.  CANCER DIAGNOSIS AND TREATMENT

Cancer Diagnosis & Treatment Generally

1. Have you ever been diagnosed with cancer? Yes ☐ No☐

2. Were you diagnosed with cancer more than once? Yes ☐ No☐

3. Did you undergo any of the following for cancer?

| Treatment | Treated |
|---|---|
| Surgery | ☐ |
| Radiation | ☐ |
| Chemotherapy | ☐ |

4. For surgery, specify:

| Type of Surgery | Treated |
|---|---|
| Double mastectomy | ☐ |
| Left-side mastectomy | ☐ |
| Right-side mastectomy | ☐ |
| Lumpectomy | ☐ |
| Other:_____ | ☐ |

5. Please state the following for EACH cancer diagnosis:

10

| Type of Cancer | |
|---|---|
| **Date of Diagnosis** | |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

| Type of Cancer | |
|---|---|
| **Date of Diagnosis** | |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

| Type of Cancer | |
|---|---|
| Date of Diagnosis | |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

Particulars of Chemotherapy

6.  When were you first diagnosed with the condition for which you were prescribed Taxotere® or Docetaxel?_____

7.  What was the diagnosis for which you were prescribed Taxotere® or Docetaxel?

| Diagnosis | Diagnosed |
|---|---|
| Breast cancer | ☐ |
| Non-small cell lung cancer | ☐ |
| Prostate cancer | ☐ |
| Gastric adenocarcinoma | ☐ |
| Head and neck cancer | ☐ |
| Other:_____ | ☐ |

8.  For breast cancer, specify:

a)  Tumor size:

| Tumor Size | Yes |
|---|---|
| TX | ☐ |

12

| T0 | ☐ |
|---|---|
| Tis | ☐ |
| T1 | ☐ |
| T2 | ☐ |
| T3 | ☐ |
| T4 (T4a, T4b, T4c, T4d) | ☐ |

b)  Metastasis:_____

c)  Node involvement:

| Node | Yes |
|---|---|
| Node + NX | ☐ |
| Node + N0 | ☐ |
| Node + N1 | ☐ |
| Node + N2 | ☐ |
| Node + N3 | ☐ |
| Node – (negative) | ☐ |

d)  HER2: + (positive): ☐  - (negative): ☐

e)  Estrogen receptor:  Positive (ER+): ☐ Negative (ER-): ☐

f)  Progesterone receptor: Positive (PR+): ☐ Negative (PR-): ☐

9.  Was Taxotere® or Docetaxel the only chemotherapy treatment that you ever received? Yes ☐ No☐ Unknown ☐

10. Have you ever been treated with other chemotherapy drugs, either alone or in combination with or sequentially with Taxotere® or Docetaxel? Yes ☐ No☐ Unknown ☐

11. If yes, check which of the following chemotherapy drugs you took:

| Drug | Yes |
|---|---|
| 5-Fluorouracil (Eludex) | ☐ |
| Actinomycin | ☐ |
| Altretamine (Hexalen) | ☐ |
| Amsacrine | ☐ |
| Bleomycin | ☐ |
| Busulfan (Busulfex, Myleran) | ☐ |
| Cabazitaxel: Mitoxantrone | ☐ |
| Carboplatin (Paraplatin) | ☐ |

13

| Drug | Yes |
|------|:---:|
| Carmustine (BiCNU, Gliadel) | ☐ |
| Cetuximab (Erbitux) | ☐ |
| Chlorambucil (Leukeran) | ☐ |
| Cisplatin (Platinol) | ☐ |
| Cyclophosphamide (Neosar) | ☐ |
| Cytarabine (Depocyt) | ☐ |
| Dacarbazine | ☐ |
| Daunorubicin (Cerubidine, DaunoXome) | ☐ |
| Doxorubicin (Adriamycin, Doxil) | ☐ |
| Epirubicin (Ellence) | ☐ |
| Erlotinib (Tarceva) | ☐ |
| Etoposide (Etopophos, Toposar) | ☐ |
| Everolimus (Afinitor, Zortress) | ☐ |
| Faslodex (Fulvestrant) | ☐ |
| Gemcitabine (Gemzar) | ☐ |
| Hexamethylmelamine (Hexalen) | ☐ |
| Hydroxyurea (Hydrea, Droxia) | ☐ |
| Idarubicin (Idamycin) | ☐ |
| Ifosfamide (Ifex) | ☐ |
| L-asparginase (crisantaspase) | ☐ |
| Lomustine (Ceenu) | ☐ |
| Melphalan (Alkeran) | ☐ |
| Mercaptopurine (Purinethol, Purixan) | ☐ |
| Methotrexate (Trexall, Rasuvo) | ☐ |
| Mitomycin | ☐ |
| Mitoxantrone | ☐ |
| Nab-paclitaxel (Abraxane): Mitoxantrone | ☐ |
| Nitrogen mustard | ☐ |
| Paclitaxel (Taxol) | ☐ |
| Panitumumab (Vectibix) | ☐ |
| Procarbazine (Matulane) | ☐ |
| Sorafenib (Nexavar) | ☐ |
| Teniposide (Vumon) | ☐ |
| Thioguanine (Tabloid) | ☐ |
| Thiotepa (Tepadina) | ☐ |
| Topotecan (Hycamtin) | ☐ |
| Vemurafenib (Zelboraf) | ☐ |
| Vinblastine | ☐ |
| Vincristine (Mariqibo, Vincasar) | ☐ |

| Drug | Yes |
|---|---|
| Vindesine | ☐ |
| Vinorelbine (Alocrest, Navelbine) | ☐ |
| Unknown | ☐ |

12. Please provide the following information regarding Taxotere® or Docetaxel:

    a)  Number of cycles: _____

    b)  Frequency: Every week ☐ Every three weeks ☐ Other:_____

    c)  First treatment date:_____

    d)  Last treatment date:_____

    e)  Dosage:_____

        (1) Combined with another chemotherapy drug: ☐

        (2) Sequential with another chemotherapy drug: ☐

        (3) If so, describe the combination or sequence:_____

13. Prescribing Physician(s):

| Prescribing Physician | Address |
|---|---|
| | Street:<br>City:<br>State:<br>Zip: |
| | Street:<br>City:<br>State:<br>Zip: |
| | Street:<br>City:<br>State:<br>Zip: |

14. Treatment Facility:

| Treatment Facility | Address |
|---|---|
| | Street:<br>City:<br>State:<br>Zip: |
| | Street: |

| | City:<br>State:<br>Zip: |
| --- | --- |
| | Street:<br>City:<br>State:<br>Zip: |

15. Identify EACH state where you resided when you began and while taking Taxotere® or Docetaxel:

| State | From Date | To Date |
| --- | --- | --- |
| | | |
| | | |
| | | |

16. Was your Taxotere® or Docetaxel treatment part of a clinical trial? Yes ☐ No ☐ Unknown ☐

17. If yes, please provide the name and location of the trial site:

    a)  Name of trial site:_____

    b)  Location of trial site:_____

## VI. CLAIM INFORMATION

Current Status

    1.  Are you currently taking Taxotere® or Docetaxel? Yes ☐ No ☐

    2.  Are you currently cancer-free? Yes ☐ No ☐

    3.  If no, check those that apply to your CURRENT status:

| Current Status | Yes |
| --- | --- |
| In remission | ☐ |
| Currently receiving chemotherapy | ☐ |
| Currently receiving radiation therapy | ☐ |
| Currently hospitalized for cancer or cancer-related complications | ☐ |
| Currently in home health or hospice care for cancer or cancer-related complications | ☐ |
| Cancer returned after taking Taxotere® or Docetaxel | ☐ |

16

4.   When was the last (most recent) date you consulted with an oncologist:_____

Alleged Injury

5.   State the injury you allege in this lawsuit and the dates between which you experienced the alleged injury. Check all that apply:

| Alleged Injury | Yes | No | From | To |
|---|---|---|---|---|
| Persistent total alopecia – No hair growth on your head or body after six (6) months of discontinuing Taxotere® or Docetaxel treatment | ☐ | ☐ | | |
| Persistent alopecia of your head – No hair growth on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment.  Hair is present elsewhere on your body | ☐ | ☐ | | |
| Permanent/Persistent Hair Loss on Scalp | ☐ | ☐ | | |
| Diffuse thinning of hair:  partial scalp<br>　　☐ Top<br>　　☐ Sides<br>　　☐ Back<br>　　☐ Temples<br>　　☐ Other:_____ | ☐ | ☐ | | |
| Diffuse thinning of hair:  total scalp<br>　　☐ Top<br>　　☐ Sides<br>　　☐ Back<br>　　☐ Temples<br>　　☐ Other:_____ | ☐ | ☐ | | |
| Significant thinning of the hair on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment – There are visible bald spots on your head no matter how you style your hair | ☐ | ☐ | | |
| Moderate thinning of the hair on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment – There is noticeable hair loss but if you brush or style your hair, the hair loss is less evident | ☐ | ☐ | | |
| Small bald area in the hair on your head | ☐ | ☐ | | |
| Large bald area in the hair on your head | ☐ | ☐ | | |
| Multiple bald spots in the hair on your head | ☐ | ☐ | | |
| Change in the texture, thickness or color of your hair after Taxotere® or Docetaxel treatment | ☐ | ☐ | | |
| Other:_____ | ☐ | ☐ | | |
| Permanent/Persistent Loss of Eyebrows | ☐ | ☐ | | |
| Permanent/Persistent Loss of Eyelashes | ☐ | ☐ | | |

17

| Alleged Injury | Yes | No | From | To |
|---|---|---|---|---|
| Permanent/Persistent Loss of Body Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Genital Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Nasal Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Ear Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Hair in Other Areas Describe:_____ | ☐ | ☐ | | |

6. Have you ever received treatment for the injury you allege in this lawsuit?  Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

7. Were you diagnosed by a healthcare provider for the injury you allege in this lawsuit? Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

8. Have you discussed with any healthcare provider whether Taxotere® or Docetaxel caused or contributed to your alleged injury? Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

Statement Information

9. Were you ever given any written instructions, including any prescriptions, packaging, package inserts, literature, medication guides, or dosing instructions, regarding chemotherapy, Taxotere® or Docetaxel? Yes ☐ No☐

10. If yes, please describe the documents, if you no longer have them. If you have the documents, please produce them:

| Description of Document | I Have the Documents | I Do Not Have the Documents |
|---|---|---|
| | ☐ | ☐ |

| Description of Document | I Have the Documents | I Do Not Have the Documents |
|---|---|---|
| | ☐ | ☐ |
| | ☐ | ☐ |

11. Were you given any oral instructions from a healthcare provider regarding chemotherapy or your use of Taxotere® or Docetaxel? Yes ☐ No☐

12. If yes, please identify each healthcare provider who provided the oral instructions:

| Name of Healthcare Provider |
|---|
| |
| |
| |

13. Have you ever seen any advertisements (e.g., in magazines or television commercials) for Taxotere® or Docetaxel? Yes ☐ No☐

14. If yes, identify the advertisement or commercial, and approximately when you saw the advertisement or commercial:

| Type of Advertisement or Commercial | Date of Advertisement or Commercial |
|---|---|
| | |
| | |
| | |

15. Other than through your attorneys, have you had any communication, oral or written, with any of the Defendants or their representatives? Yes ☐ No☐

16. If yes, please identify:

| Date of Communication | Method of Communication | Name of Representative | Substance of Communication |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

17. Have you filed a MedWatch Adverse Event Report to the FDA? Yes ☐ No☐

**YOU MUST UPLOAD NOW ANY MEDICAL RECORDS IN YOUR POSSESSION DEMONSTRATING ALLEGED INJURY OR PHOTOGRAPHS SHOWING YOUR**

**HAIR BEFORE AND AFTER TREATMENT WITH TAXOTERE® ALONG WITH THE DATE(S) THE PHOTOGRAPHS WERE TAKEN.**

Other Claimed Damages

18. Mental or Emotional Damages: Do you claim that your use of Taxotere® or Docetaxel caused or aggravated any psychiatric or psychological condition? Yes ☐ No☐

19. If yes, did you seek treatment for the psychiatric or psychological condition? Yes ☐ No☐

| Provider | Date | Condition |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

20. Medical Expenses: Do you claim that you incurred medical expenses for the alleged injury that you claim was caused by Taxotere® or Docetaxel?  Yes ☐ No☐

21. If yes, list all of your medical expenses, including amounts billed or paid by insurers and other third-party payors, which are related to any alleged injury you claim was caused by Taxotere® or Docetaxel:

| Provider | Date | Expense |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

22. Lost Wages: Do you claim that you lost wages or suffered impairment of earning capacity because of the alleged injury that you claim was caused by Taxotere® or Docetaxel? Yes ☐ No☐

23. If yes, state the annual gross income you earned for each of the three (3) years before the injury you claim was caused by Taxotere® or Docetaxel.

| Year | Annual Gross Income |
|---|---|
|  |  |
|  |  |
|  |  |

24. State the annual gross income for every year following the injury or condition you claim was caused by Taxotere® or Docetaxel.

| Year | Annual Gross Income |
|------|---------------------|
|      |                     |
|      |                     |
|      |                     |

25. Out-of-Pocket Expenses: Are you making a claim for lost out-of-pocket expenses? Yes ☐ No☐

26. If yes, please identify and itemize all out-of-pocket expenses you have incurred:

| Expense | Expense Amount |
|---------|----------------|
|         |                |
|         |                |
|         |                |

## VII.   HAIR LOSS INFORMATION

Background

1.  Did you ever see a healthcare provider for hair loss BEFORE taking Taxotere® or Docetaxel? Yes ☐ No ☐

2.  Did your hair loss begin during chemotherapy treatment? Yes ☐ No☐

3.  If yes, did you FIRST experience hair loss:

    a)  After treatment with another chemotherapy agent: ☐

    b)  After treatment with Taxotere® or Docetaxel: ☐

4.  At any time before or during the hair loss were you:

| Condition | Yes | Description |
|-----------|-----|-------------|
| Pregnant | ☐ | |
| Seriously ill | ☐ | |
| Hospitalized | ☐ | |
| Under severe stress | ☐ | |
| Undergoing treatment for any other medical condition | ☐ | |

5.  When did you FIRST discuss with or see a healthcare provider about your hair loss? _____

6.  Have you started any special diets at any time before or during the hair loss? Yes ☐ No ☐ Describe:_____

21

Hair Loss History

| Question | No | Yes | Name of Healthcare Provider |
|---|---|---|---|
| Have you had a biopsy of your scalp to evaluate your hair loss problem? | ☐ | ☐ | |
| Have you had blood tests done to evaluate your hair loss problem? | ☐ | ☐ | |
| Have your hormones ever been checked to evaluate your hair loss problem? | ☐ | ☐ | |
| Have you ever been told by a doctor that you have a thyroid condition? | ☐ | ☐ | |
| Have you ever been treated with thyroid hormone? | ☐ | ☐ | |
| Have you ever been told by a doctor that you have a low iron level? | ☐ | ☐ | |

7.  Have you ever been on endocrine or hormonal therapy, either before or after chemotherapy with Taxotere® or Docetaxel? Yes ☐ No☐

8.  If yes, please identify:

| Treating Physician | Dates of Treatment | Treatment |
|---|---|---|
| | | |
| | | |
| | | |

9.  Do you have any autoimmune diseases? Yes ☐ No☐

10. If yes, check the following which describes you:

| Autoimmune Disease | Yes |
|---|---|
| Lupus | ☐ |
| Rheumatoid arthritis | ☐ |
| Celiac disease | ☐ |
| Type 1 diabetes | ☐ |
| Sjogrens disease | ☐ |
| Vitiligo | ☐ |
| Hashimoto's | ☐ |
| Other:_____ | ☐ |

11. Were you taking any medications when your hair loss began? Yes ☐ No☐

| Medication |
| --- |
|  |
|  |
|  |

Hair Care

12. How often do you wash/shampoo your hair? Every _____ days

13. Check any of the following that apply to you currently or that have in the past:

| Hair Treatment | Yes | Period of Time | Frequency |
|---|---|---|---|
| Hair chemically processed or straightened (relaxers, keratin, Brazilian blowout, Japanese straightening, other) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair heat processed or straightened (blow drying/ flat ironing, curling) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair dyed | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair highlighted | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Braids | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Weaves | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |

| | | | |
|---|---|---|---|
| Tight hairstyles (ponytails) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Extensions | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Other:_____ | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |

14. Have you ever used the following?

| Hair Treatment | Yes |
|---|---|
| WEN Cleansing Conditioners | ☐ |
| Unilever Suave Professionals Keratin Infusion | ☐ |
| L'Oréal Chemical Relaxer | ☐ |

15. Has your hair care regimen been different in the past? Yes ☐  No☐

    a)  If yes, describe:_____

Hair Loss Treatment

16. Did you use any other methods to prevent hair loss during chemotherapy?

| Hair Treatment | Yes |
|---|---|
| Folic Acid supplementation | ☐ |
| Minoxidil | ☐ |
| Other:_____ | ☐ |

17. Did you wear a cool cap during chemotherapy treatment? Yes ☐ No☐

18. If yes, which cooling cap did you wear: _____

25

19. Have you used any over-the-counter medications, supplements, or cosmetic aides for your hair loss? Yes ☐ No☐

20. If yes, please state the following:

| Treatment | When was it tried? | How long did you try it? | Did it help? |
|-----------|--------------------|--------------------------|--------------|
|           |                    |                          | ☐ Yes<br>☐ No |
|           |                    |                          | ☐ Yes<br>☐ No |
|           |                    |                          | ☐ Yes<br>☐ No |

21. Has anything helped your hair loss? Yes ☐ No☐

22. If yes, please specify:

| Type of Product | Dates of Use | Place of Purchase | Results of Use |
|-----------------|--------------|-------------------|----------------|
|                 |              |                   |                |
|                 |              |                   |                |
|                 |              |                   |                |

23. As of the date you verify your PFS, how long have you had alopecia or incomplete hair re-growth?_____

24. Has any hair regrowth occurred? Yes ☐ No☐

25. Have you ever worn a wig to conceal your hair loss? Yes ☐ No☐

26. Specify:

| Dates Used | Period of Use | Place Purchased | Cost of Item |
|------------|---------------|-----------------|--------------|
|            |               |                 |              |
|            |               |                 |              |
|            |               |                 |              |

## VIII.   RECORD HOLDER IDENTIFICATION

Healthcare Providers:

26

1.  Identify each physician, doctor, or other healthcare provider who has provided treatment to you for any reason in the past eight (8) years and the reason for consulting the healthcare provider or mental healthcare provider.

**YOU MUST INCLUDE YOUR ONCOLOGIST, RADIOLOGIST, DERMATOLOGIST, DERMATOLOGIST-PATHOLOGIST, HAIR LOSS SPECIALIST, GYNECOLOGIST, OBSTETRICIAN, AND PRIMARY CARE PHYSICIAN, ALONG WITH ANY OTHER HEALTHCARE PROVIDERS IDENTIFIED ABOVE**

| Name | Area or Specialty | Address | Dates | Reason for Consultation |
|------|-------------------|---------|-------|-------------------------|
|      |                   |         |       |                         |
|      |                   |         |       |                         |
|      |                   |         |       |                         |

Hospitals, Clinics, and Other Facilities:

2.  Identify each hospital, clinic, surgery center, physical therapy or rehabilitation center, or other healthcare facility where you have received inpatient or outpatient treatment (including emergency room treatment) in the past eight (8) years:

**YOU MUST INCLUDE THE LOCATIONS FOR SURGERIES, RADIOLOGY, IMAGING, BIOPSIES, CHEMOTHERAPY, CHILD BIRTHS, GYNECOLOGIC PROCEDURES OR TREATMENT, ALONG WITH ANY OTHER HEALTHCARE FACILITIES**

| Name | Address | Dates | Reason for Treatment |
|------|---------|-------|----------------------|
|      |         |       |                      |
|      |         |       |                      |
|      |         |       |                      |

Laboratories:

3.  Identify each laboratory at which you had tests run in the past ten (10) years:

| Name | Address | Dates | Test | Reason for Tests |
|------|---------|-------|------|------------------|
|      |         |       |      |                  |
|      |         |       |      |                  |
|      |         |       |      |                  |

Pharmacies:

4.  To the best of your recollection, Identify each pharmacy, drugstore, and/or other supplier (including mail order) where you have had prescriptions filled or from

27

which you have ever received any prescription medication within three (3) years prior to and three (3) years after your first treatment with Taxotere:

| Name | Address | Dates | Medications |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Retailers:

5.   Identify each pharmacy, drugstore, and/or other retailer (including mail order) where you have purchased over-the-counter medications, or hair products in the past ten (10) years:

| Name | Address | Dates | Purchases |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Insurance Carriers:

6.   Identify each health insurance carrier which provided you with medical coverage and/or pharmacy benefits for the last ten (10) years:

| Carrier | Address | Name of Insured & SSN | Policy Number | Dates of Coverage |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## IX. DOCUMENT REQUESTS AND AUTHORIZATIONS

*Please state which of the following documents you have in your possession.  If you do not have the following documents but know they exist in the possession of others, state who has possession of the documents: Produce all documents in your possession (including writings on paper or in electronic form) and signed authorizations and attach a copy of them to this PFS.*

Requests

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Documents you reviewed to prepare your answers to this Plaintiff Fact Sheet. *Your attorney may withhold some documents on claims of attorney-client privilege or work product protection and, if so, provide a privilege log* | ☐ | ☐ |  |

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Medical records or other documents related to the use of Taxotere® or Docetaxel at any time for the past twelve (12) years. | ☐ | ☐ | |
| Medical records or other documents related to your treatment for any disease, condition or symptom referenced above for any time in the past twelve (12) years. | ☐ | ☐ | |
| Laboratory reports and results of blood tests performed on you related to your hair loss. | ☐ | ☐ | |
| Pathology reports and results of biopsies performed on you related to your hair loss. *Plaintiffs or their counsel must maintain the slides and/or specimens requested in this subpart, or send a preservation notice, copying Defendants, to the healthcare facility where these items are maintained.* | ☐ | ☐ | |
| Documents reflecting your use of any prescription drug or medication at any time within the past eight (8) years. | ☐ | ☐ | |
| Documents identifying all chemotherapy agents that you have taken. | ☐ | ☐ | |
| Documents for any workers' compensation, social security or other disability proceeding at any time within the last five (5) years. | ☐ | ☐ | |
| Instructions, product warnings, package inserts, handouts or other materials that you were provided or obtained in connection with your use of Taxotere®. | ☐ | ☐ | |
| Advertisements or promotions for Taxotere®. | ☐ | ☐ | |
| Articles discussing Taxotere®. | ☐ | ☐ | |
| Any packaging, container, box, or label for Taxotere® or Docetaxel that you were provided or obtained in connection with your use of Taxotere®. *Plaintiffs or their counsel must maintain the originals of these items.* | ☐ | ☐ | |
| Documents which mention Taxotere® or Docetaxel or any alleged health risks related to Taxotere®. *Your attorney may withhold some legal documents, documents provided by your attorney, or documents obtained or created for the purpose of seeking legal advice or assistance on claims of attorney-client privilege or work product protection and, if so, provide a privilege log.* | ☐ | ☐ | |
| Documents obtained directly or indirectly from any of the Defendants. | ☐ | ☐ | |

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Communications or correspondence between you and any representative of the Defendants. | ☐ | ☐ | |
| Photographs, drawing, slides, videos, recordings, DVDs, or any other media that show your alleged injury or its effect in your life. | ☐ | ☐ | |
| Journals or diaries related to the use of Taxotere® or Docetaxel or your treatment for any disease, condition or symptom referenced above at any time for the past twelve (12) years. | ☐ | ☐ | |
| Social media or internet posts to or through any site (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Taxotere® or Docetaxel or any of your claims in this lawsuit. | ☐ | ☐ | |
| If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or Docetaxel, and every year thereafter or W-2s for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or Docetaxel, and every year thereafter. | ☐ | ☐ | |
| If you claim any medical expenses, bills from any physician, hospital, pharmacy or other healthcare providers. | ☐ | ☐ | |
| Records of any other expenses allegedly incurred as a result of your alleged injury. | ☐ | ☐ | |
| If you are suing in a representative capacity, letters testamentary or letters of administration. | ☐ | ☐ | |
| If you are suing in a representative capacity on behalf of a deceased person, decedent's death certificate and/or autopsy report. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **before** treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **during** treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **six months after conclusion** of treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **in present day.** | ☐ | ☐ | |

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Signed authorizations for medical records related to any cancer treatment identified herein and all pharmacy records from three (3) years before and three (3) years after your first treatment with Taxotere in the forms attached hereto. | ☐ | ☐ | |

## X. DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in connection with this Plaintiff Profile Form is true and correct to the best of my knowledge information and belief at the present time.

_____          _____

Signature                                                    Date

## XI. AUTHORIZATIONS

See next page for Authorizations.

31

**LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION**
**Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03**
**(Excluding Psychiatric, Psychological, and Mental Health Treatment Notes/Records)**

TO:
Patient Name:
DOB:
SSN:

I, _____ , hereby authorize you to release and furnish to: Shook Hardy & Bacon LLP, Keogh Cox & Wilson Ltd., Ulmer & Berne LLP, Greenberg Traurig LLP, Wheeler Trigg O'Donnell LLP, Adams and Reese LLP, Chaffe McCall LLP, Quinn Emanuel Urquhart & Sullivan LLP, Morrison & Foerster LLP, Leake & Anderson LLP, Hinshaw & Culbertson LLP, Kirkland & Ellis LLP and/or their duly assigned agents, copies of the following records and/or information **from the time period of twelve (12) years prior to the date on which the authorization is signed**:

* All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians. Said medical records shall include all information regarding AIDS and HIV status.
* All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
* All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
* All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
* All billing records including all statements, itemized bills, and insurance records.
**\*\*Notwithstanding the broad scope of the above disclosure requests, the undersigned does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis as such terms are defined by HIPAA, 45 CFR §164.501.**

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV).

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5. A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name:_____ (plaintiff/representative)


Signature: _____ Date

7977065 v3

**LIMITED AUTHORIZATION TO DISCLOSE EMPLOYMENT
RECORDS AND INFORMATION (HIPAA COMPLIANT
AUTHORIZATION FORM PURSUANT TO 45 CFR 164.508)**

TO: _____

Name of Employer

_____

Address, City State and Zip Code

RE:   Employee Name: _____ AKA: _____

Date of Birth: _____ Social Security Number: _____

Address: _____

I authorize the <u>limited</u> disclosure of my employment records including medical information protected by HIPAA, 45 CFR 164.508, for the purpose of review and evaluation in connection with a legal claim.

**This authorization only authorizes release of records and/or information from the time period of seven (7)** years **prior to the date on which this authorization is signed.** I expressly request that all entities identified above disclose full and complete records from the time period of seven (7) years prior to the date on which this authorization is signed, including the following:

This will authorize you to furnish copies of all applications for employment; resumes; records of all positions held; job descriptions of positions held; wage and income statements and/or compensation records; wage increases and decreases; evaluations, reviews and job performance summaries; W-2s; employee health files, and correspondence and memoranda regarding the undersigned.

I authorize you to release the information to:

_____

Name (Records Requestor)

_____

Street Address                          City                  State and Zip Code

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the Records Requestor at that time.

I acknowledge the right to revoke this authorization by writing to you at the above referenced address. However, / understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein.

_____

Signature of Employee or Personal Representative     Date     Name of Employee or Personal Representative

_____

Description of Personal Representative's Authority to Sign for Employee (attach documents that show authority)

7977065 v3

## <u>LIMITED AUTHORIZATION FOR</u><br><u>RELEASE OF WORKERS'</u><br><u>COMPENSATION RECORDS</u>

T o :         _____

Name

_____

Address

_____

City, State and Zip Code

This will authorize you to furnish copies of any and all workers' compensation records of any sort **for any workers' compensation claims filed within the last ten (10) years**, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____

*Name of Claimant*

whose date of birth is _____and whose social security number is _____

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____

**Name of Representative**

Records Requestor
_____

**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

7977065 v3

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____

_____
Claimant Signature
*[NAME]*

Date: _____

_____
Witness Signature

## LIMITED AUTHORIZATION FOR RELEASE OF
## <u>DISABILITY CLAIMS RECORDS</u>

To: _____
Name

_____
Address

_____
City, State and Zip Code

This will authorize you to furnish copies of any and all records of disability claims of any sort **for any disability claim(s) filed within the last ten (10) years**, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____
*Name of Claimant*

whose date of birth is _____ and whose social security number is _____

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____
**Name of Representative**

Records Requestor _____
**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____
**Street Address**

_____
**City, State and Zip Code**

7977065 v3

       This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

Date: _____

                                     _____
                                     Claimant Signature
                                     *[NAME]*

Date: _____

                                     _____
                                     Witness Signature

**FOR RELEASE OF**
**<u>HEALTH INSURANCE RECORDS</u>**

T o :      _____

Name

_____

Address

_____

City, State and Zip Code

      This will authorize you to furnish copies of any and all insurance claims applications and benefits, and all medical, health, hospital, physicians, nursing or allied health professional reports, records or notes, invoices and bills, in your possession that pertain to the named insured identified below. **This authorization only authorizes release of Health Insurance records and/or information from the time period of ten (10) years prior to the date on which this authorization is signed.**

                _____

*Name of Claimant*

whose date of birth is _____and whose social security number is _____

      You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____

**Name of Representative**

Records Requestor

**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization is not valid unless the record requestor named above has executed the acknowledgement at the bottom of this authorization.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____        _____
                                      Claimant Signature
                                      *[NAME]*


Date: _____        _____
                                      Witness Signature

**LIMITED AUTHORIZATION TO DISCLOSE PSYCHIATRIC,**
**PSYCHOLOGICAL AND/OR MENTAL HEALTH TREATMENT NOTES/RECORDS**
**(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)**

TO:
Patient Name:
DOB:
SSN:

I, _____ , hereby authorize you to release and furnish to: Shook Hardy & Bacon LLP, Keogh Cox & Wilson Ltd., Ulmer & Berne LLP, Greenberg Traurig LLP, Wheeler Trigg O'Donnell LLP, Adams and Reese LLP, Chaffe McCall LLP, Quinn Emanuel Urquhart & Sullivan LLP, Morrison & Foerster LLP, Leake & Anderson LLP, Hinshaw & Culbertson LLP, Kirkland & Ellis LLP and/or their duly assigned agents, copies of the following records and/or information **from the time period of ten (10) years prior to the date on which the authorization is signed:**

- All "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversations during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize ex parte communication concerning same.

1. To my medical and/or mental health provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, mental health history, care, treatment, diagnosis, prognosis, information revealed by or in the medical or mental health records, or any other matter bearing on his or her medical, psychological, or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, mental health history, care, treatment, diagnosis, prognosis, information revealed by or in the medical or mental health records, or any other matter bearing on my medical, psychological, or physical condition at a deposition or trial.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5. A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____ Date _____

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION
                                       SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 22
### (Service of Plaintiff Fact Sheets and Defendant Fact Sheets)

In accordance with Pretrial Order No. 18, this Order governs the form and schedule for service of Plaintiff Fact Sheets ("PFS"), Record Document 236-1, and Defendant Fact Sheets ("DFS"), Record Document 236-2, in cases that were: (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) originally filed in this Court or transferred or removed to this Court.

1.  Considering the nature of the case and the difficulty of identifying the exact manufacturer, each side shall be given reasonable flexibility with the timeframes set forth herein. Accordingly, the Parties may agree to extensions of the below deadlines for the completion and service of PFSs, executed Authorizations, and DFSs.  If the Parties cannot agree on an extension of time after meeting and conferring, the requesting Party may apply to the Court for such relief upon a showing of good cause.

**<u>PLAINTIFF FACT SHEETS</u>**:

1

2. Plaintiffs shall each complete and serve upon Defendants a PFS and Authorizations for Release of Records of all healthcare providers and other sources of information and records (*e.g.* pharmacies, employers, etc.) using MDL Centrality in the form set forth in PFS. R. Doc. 236-1. In addition, any plaintiff asserting a claim for lost wages must complete an authorization for release of employment records. Those Plaintiffs shall also produce with their PFS all documents responsive to the document requests contained therein.

3. A complete and verified[1] PFS, signed and dated Authorizations, and all responsive documents in Plaintiff's possession shall be submitted to the Defendants using MDL Centrality on the following schedule: (a) within seventy-five (75) days from the date of this Order for any Plaintiff whose case has been docketed in this MDL on or before the date of this Order; (b) within seventy-five (75) days of the date the case is docketed in this MDL for any Plaintiff whose case is docketed in the MDL after the date of this Order.  The Authorizations are set forth in PFS Attachment A.

4. In the event any single law firm has more than twenty-five (25) PFSs due on the same date in accordance with the schedule set forth above, that firm shall submit to Defendants at least twenty-five (25) PFSs in accordance with the above schedule, an additional twenty-five (25) PFSs within sixty (60) days of those submissions; and any additional PFSs within sixty (60) days of those submissions.

5. Plaintiffs who fail to provide a complete and verified PFS, signed and dated Authorizations, and all responsive documents requested in the PFS within the time periods set forth herein

---

[1] Plaintiffs may verify a PFS by their handwritten signature or through the use of an electronic signature using an application such as DocuSign, and all subsequent amendments or supplements to the PFS may be verified by signature of the plaintiff's attorney.

8045767 v2

shall be given notice of deficiency[2] via MDL Centrality within forty-five (45) days of service of the PFS,[3] and shall be given thirty (30) additional days from the date the notice of deficiency is submitted through MDL Centrality to cure such deficiency. Afterwards, Defendants may add the name and case number of any Plaintiff who fails to cure deficiencies within the thirty-day cure period to the Agenda for the next Status Conference.  No briefing is required.  Any Plaintiff who remains deficient at the time of that Status Conference will be subject to an Order to Show Cause, returnable at the following Status Conference, which will require Plaintiff to show cause why her Complaint should not be dismissed with prejudice.  Failure to timely comply may result in a dismissal of Plaintiff's claim.

6. Authorizations shall be dated and signed. Defendants may use the Authorizations for all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) identified in the PFS, without further notice to Plaintiff's counsel. Within twenty (20) days of receipt of records by Defendants, DLC shall make said records received pursuant to the Authorizations available to Plaintiffs' Liaison Counsel ("PLC") and Plaintiff's counsel by uploading copy to MDL Centrality at a reasonable cost to the requesting Plaintiff of electronically reproducing records received by defendants.

7. If Defendants wish to use an Authorization to obtain medical records from a source that is not identified in the PFS, Defendants shall provide the Plaintiff's counsel for that particular

---

[2] Each party shall bring any and all deficiencies to the attention of the opposing counsel in one letter, and shall be barred from raising any additional deficiencies that were apparent at that time, absent good cause shown, except those arising from the response to/cure of the deficiency.

[3] Service of a completed Fact Sheet and Records Authorizations shall be deemed to occur when the submitting party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, and the submitting party has received confirmation on screen that the materials have been successfully submitted, and the receiving party has received notification of the submission via the MDL Centrality System.

case with fourteen (14) days written notice (email) of the intent to use an authorization to obtain records from that source. If Plaintiff's counsel fails to object to the request within fourteen (14) days, Defendants may use the authorization to request the medical records from the source identified in the notice. If Plaintiff's counsel objects to the use of the authorization to obtain records from the source identified in the notice within said fourteen (14) day period, Plaintiff's counsel and Defendants' counsel shall meet and confer in an attempt to resolve the objection. If counsel are unable to resolve the objection, Plaintiff shall file a motion for a protective order within thirty (30) days of the Defendants' notice of intent to use the authorization.

8. Plaintiffs' responses to the PFS shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

9. Defendants' use of the PFS and Authorizations shall be without prejudice to Defendants' right to serve additional discovery, if authorized in further Orders of the Court.

**DEFENDANT FACT SHEETS**:

10. Because of the naming of multiple defendants in individual cases and questions of product identification, the following limitations shall apply to which Defendant(s) serve DFSs, in the form set forth in DFS, Record Document 236-2, in which cases:

   a. *Pre-2011 – Sanofi Defendants only:* If the first treatment date and last treatment date identified by a Plaintiff in PFS Section V(12)(c-d) is 2011 or earlier and the PFS is submitted with the documentation required by PFS Section III and VI, only Defendants Sanofi S.A., Aventis Pharma S.A., and Sanofi-Aventis U.S., LLC, and Winthrop US (collectively "Sanofi Defendants") must complete and serve a

4

corresponding DFS.  Sanofi Defendants need not complete and serve a DFS in any case where it has not been properly served either with process and summons consistent with the Federal Rules of Civil Procedure or consistent with Pretrial Order No. 9 (R. Doc. 160).

b. ***Post-2011 with Product Identification – That Defendant Only:***

    i. If the first treatment date and last treatment date the Plaintiff identified in PFS Section V(12)(c-d) is 2011 or later; Plaintiff has provided the information request by PFS Section VI(12-14); and the PFS is submitted with the documentation required by PFS Section III and VI;

    ii. Only the Defendant(s) whose product the Plaintiff identified in PFS Section III(2-3) and for whom documentation required by PFS Section VI was provided must complete and serve a DFS.  No Defendant must complete and serve a DFS in any case where it has not been properly served either with process and summons consistent with the Federal Rules of Civil Procedure or by service through procedures for streamlined service as approved by Orders in this MDL.

c. ***Post-2011 without Product Identification – Named, Served Defendants But Limited DFS Only:***

    i. If the first treatment date and last treatment date the Plaintiff identified in PFS Section V(12)(c-d) is 2011 or later; Plaintiff has provided the information request by PFS Section VI(12-14); and the PFS is submitted with the documentation required by PFS Sections III and VI; and

    ii. If the Plaintiff selects "unknown" or does not identify the product allegedly taken in PFS Section III(2-3) and certifies in PFS Section III(4) that

5

reasonable, good faith efforts were made to identify the manufacturer of Docetaxel; then

   iii.  Each Defendants named by Plaintiff in her lawsuit Complaint and properly served either with process and summons consistent with the Federal Rules of Civil Procedure or by service through procedures for streamlined service as approved by Orders in this MDL must complete and serve a DFS, but only DFS Sections I - II.

   iv.  Notwithstanding the requirements of this Paragraph, no Defendant must complete and serve any DFS, including DFS Sections I – II, if their Docetaxel product was not FDA approved until after the last treatment date identified by the Plaintiff in PFS Section V(12)(c-d).

   v.  Defendants subject to the provisions of this paragraph need not complete any remaining DFS sections unless and until the product used in the Plaintiff's care is identified by supplementation of PFS Section III(2-3); Plaintiff has provided the information requested by PFS Section VI(12-14); and the PFS is submitted with the documentation required by PFS Section III and VI.  However, once the above-stated conditions are met, Defendant must complete and submit a DFS in accordance with the time period and requirements set forth herein.

11. Subject to the limitations set forth in Paragraph 10, Defendants shall submit a DFS to the Plaintiff using MDL Centrality within seventy-five (75) days of the date the Defendants receive a substantially completed PFS from a Plaintiff. Solely for the purpose of triggering the DFS submission deadline, the term "substantially completed" in this Order and in the

DFS (R. Doc. 236-2) is defined as service on Defendants of the PFS with Plaintiff's signed verification and the documentation required by PFS Sections III and VI, i.e., prescription and/or pharmacy records demonstrating use of Taxotere (or Docetaxel), as well as medical records in Plaintiff's possession demonstrating alleged injury or photographs showing Plaintiff's hair before and after treatment with Taxotere (Docetaxel) along with the dates the photographs were taken.

12. In the event any single Defendant has more than twenty-five (25) DFSs due on the same date in accordance with the schedule set forth above, that Defendant shall submit to Plaintiffs at least twenty-five (25) DFSs in accordance with the above schedule, an additional twenty-five (25) PFSs within sixty (60) days of those submissions; and any additional DFSs within sixty (60) days of those submissions.

13. If Defendants fail to provide a complete and verified DFS within the time period set forth hereinabove, Defendants shall be given notice of the deficiency[4] via MDL Centrality within forty-five (45) days of service of the DFS and shall be given thirty (30) additional days from the date the notice of deficiency is received through MDL Centrality to cure such deficiency. Afterwards, Plaintiffs may add the name and case number of any cases in which Defendants failed to cure deficiencies within the thirty-day cure period to the Agenda for the next Status Conference.  No briefing is required.  Any Defendant who remains deficient at the time of that Status Conference will be subject to an Order to Show Cause, returnable at the following Status Conference, which will require Defendant to

---

[4] Each party shall bring any and all deficiencies to the attention of the opposing counsel in one letter, and shall be barred from raising any additional deficiencies that were apparent at that time, absent good cause shown, except those arising from the response to/cure of the deficiency.

7

show cause why its defenses should not be stricken in that case. Failure to timely comply may result in a dismissal of defenses.

14. Defendants' responses on a DFS shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

15. It will be the responsibility of the counsel for the particular plaintiffs or defendants involved, as well as in coordination with Liaison Counsel for plaintiffs and defendants, to attempt to cure deficiencies and get a PFS/DFS served prior to raising the issue with the Court.

16. Plaintiffs' use of the DFS shall be without prejudice to the right of the Plaintiffs in a specific case to serve additional discovery, if authorized in further Orders of the Court.

New Orleans, Louisiana this 9th day of March, 2017.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                              MDL NO.  2740
PRODUCTS LIABILITY
LITIGATION

                                                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### PRETRIAL ORDER NO. 23
### [Amending Pretrial Order No. 18 Exhibit "A" to Include the Court Approved Authorizations]

Pursuant to Pretrial Order No. 18 (Rec. Doc. 236), the parties have submitted proposed

authorizations to be attached to the Plaintiff Fact Sheet (Exhibit "A" to Pretrial Order No. 18, Rec.

Doc. 236-1) for the Court's consideration.

**IT IS ORDERED** that the Plaintiff Fact Sheet (Exhibit "A" to Pretrial Order No. 18, Rec.

Doc. 236-1) be and hereby is updated to include the authorizations approved by the Court.

New Orleans, Louisiana, this 10th day of March 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PLAINTIFF FACT SHEET

This Fact Sheet must be completed by each plaintiff who has filed a lawsuit related to the use of Taxotere® by the plaintiff or a plaintiff's decedent. Please answer every question to the best of your knowledge. In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect..

In filling out this form, please use the following definitions: (1) "**healthcare provider**" means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) "**document**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone-records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

**Information provided by plaintiff will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation. This Fact Sheet is completed pursuant to the Federal Rules of Civil Procedure governing discovery (or, for state court case, the governing rules of civil of the state in which the case is pending).**

## I.  CASE INFORMATION

Attorney Information

Please provide the following information for the civil action that you filed:

1

1. Caption:_____

2. Court and Docket No.:_____

3. MDL Docket No. (if different):_____

4. Date Lawsuit Filed:_____

5. Plaintiff's Attorney:_____

6. Attorney's Address:_____

7. Attorney's Phone Number:_____

8. Attorney's Email Address:_____

Plaintiff Information

Please provide the following information for the individual on whose behalf this action was filed:

9. Name:_____

10. Street Address:_____

11. City:_____

12. State:_____

13. Zip code:_____

14. Date of Birth:_____

15. Place of Birth:_____

16. Social Security Number:_____

17. Maiden or other names you have used or by which you have been known:

_____

18. Sex:  Male: ☐ Female: ☐

19. Race:

| Race | ☐ |
|------|-----|
| American Indian or Alaska Native | ☐ |
| Asian | ☐ |

2

| Race | ☐ |
|------|---|
| Black or African American | ☐ |
| Native Hawaiian or Other Pacific Islander | ☐ |
| White | ☐ |

20. Ethnicity:

| Ethnicity | ☐ |
|-----------|---|
| Hispanic or Latino | ☐ |
| Not Hispanic or Latino | ☐ |

21. Primary Language: _____

Representative Information

If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person), please state the following:

22. Name:_____

23. Address:_____

24. Capacity in which you are representing the individual:_____

25. If you were appointed as a representative by a court, identify the State, Court and Case Number:

    a) State:_____

    b) Court:_____

    c) Case Number:_____

26. Relationship to the Represented Person:_____

27. State the date of death of the decedent:_____

28. State the place of death of the decedent:_____

29. Are you filling this questionnaire out on behalf of an individual who is deceased and on whom an autopsy was performed? Yes ☐ No☐

*If you are completing this questionnaire in a representative capacity, please respond to these questions with respect to the person whose medical treatment involved Taxotere® or Docetaxel.*

## II.  PERSONAL INFORMATION

Relationship Information

1. Are you currently: Married: ☐ Single: ☐ Engaged: ☐ Significant other: ☐ Divorced: ☐ Widowed: ☐ Same sex partner: ☐

2. Have you ever been married? Yes ☐ No☐

3. If yes, for EACH marriage, state the following:

| Spouse's Name | Date of Marriage | Date Marriage Ended | Nature of Termination |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Education

4. For each level of education you completed, please check below:

High School: ☐                    Vocational School: ☐

College: AA: ☐ BA/BS: ☐ Masters: ☐ PhD: ☐ M.D.: ☐ Other:

Employment

5. Are you currently employed? Yes ☐ No☐

6. If yes, state the following:

a) Current employer name:_____

b) Address:_____

c) Telephone number:_____

d) Your position there:_____

7. Are you making a claim for lost wages or lost earning capacity? Yes ☐ No☐

8. Only if you are asserting a wage loss claim, please state the following for EACH employer for the last seven (7) years:

| Name of Employer | Address of Employer | Dates of Employment | Annual Gross Income | Your Position |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

9.  Have you ever been out of work for more than thirty (30) days for reasons related to your health in the last seven (7) years? Yes ☐ No☐

10. If yes, please state the following:

| Name of Employer | Dates | Health Reason |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

YOU MUST ATTACH TAX RETURNS, EMPLOYMENT AUTHORIZATIONS, AND IDENTIFY THE LOSS OF CONSORTIUM PLAINTIFF'S EMPLOYERS IF CLAIMING LOST WAGES OR LOST EARNING CAPACITY DAMAGES.

Worker's Compensation and Disability Claims

11. Within the last ten (10) years, have you ever filed for workers' compensation, social security, and/or state or federal disability benefits? Yes ☐ No☐

12. If yes, then as to EACH application, please state the following:

| Year Claim Filed | Court | Nature of Claimed Injury | Period of Disability | Award Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Military Service

13. Have you ever served in any branch of the military? Yes ☐ No☐

14. If yes, state the branch and dates of service:

| Branch | Dates of Service |
|---|---|
|  |  |
|  |  |
|  |  |

15. If yes, were you discharged for any reason relating to your health (whether physical, psychiatric, or other health condition)? Yes ☐ No☐

16. If yes, state the condition:_____

## Other Lawsuits

17. Within the last ten (10) years, have you filed a lawsuit, relating to any bodily injury, or made a claim, OTHER THAN the present suit? Yes ☐ No ☐

## Computer Use

18. Apart from communications to or from your attorney, have you communicated via email, visited any chat rooms, or publicly posted a comment, message or blog entry on a public internet site regarding your experience with or injuries you attribute to Taxotere®, other chemotherapies, or alopecia/hair loss during the past ten (10) years? You should include all postings on public social network sites including Twitter, Facebook, MySpace, LinkedIn, or "blogs" that address the topics above. Yes ☐ No☐

19. If yes, please state the following:

| Forum Name | Screen Name or User Handle | Date of Post | Substance of Post |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

20. Are you now or have you ever been a member of an alopecia support group? Yes ☐ No☐

   a)  If yes, identify the group by name:_____

   b)  When did you join the group?_____

## III. PRODUCT IDENTIFICATION

### I HAVE RECORDS DEMONSTRATING USE OF TAXOTERE® OR OTHER DOXETAXEL: Yes ☐ No☐

### YOU MUST UPLOAD THEM BEFORE YOU SUBMIT THIS FACT SHEET

Taxotere®

1. Were you treated with brand name Taxotere®? Yes ☐ No ☐ Unknown ☐

6

Other Docetaxel

2. Were you treated with another Docetaxel or generic Taxotere®? Yes ☐ No☐

3. If yes, select all that apply:

| Name of Drug | |
|---|---|
| Docetaxel – Winthrop | ☐ |
| Docetaxel – Teva Pharms USA | ☐ |
| Docetaxel – Dr. Reddy's Labs Ltd. | ☐ |
| Docetaxel – Eagle Pharms | ☐ |
| Docetaxel – Actavis Inc. | ☐ |
| Docetaxel – Pfizer Labs | ☐ |
| Docetaxel – Sandoz | ☐ |
| Docetaxel – Accord Healthcare | ☐ |
| Docetaxel – Apotex Inc. | ☐ |
| Docetaxel – Hospira Inc. | ☐ |
| Docefrez – Sun Pharma Global | ☐ |
| Unknown | ☐ |

4. **IF YOU SELECTED "UNKNOWN" YOU MUST CERTIFY AS FOLLOWS:**

   **I certify that I have made reasonable, good faith efforts to identify the manufacturer of the Docetaxel used in my treatment, including requesting records from my infusion pharmacy, and the manufacturer either remains unknown at this time or I am awaiting the records:  ☐**

## IV. MEDICAL INFORMATION

Vital Statistics

1. How old are you:_____

2. Age at the time of your alleged injury:_____

3. Current weight:_____

4. Current height:

   Feet:_____     Inches:_____

5. Weight at time of alleged injury:_____

Gynecologic and Obstetric History

6. Have you ever been pregnant? Yes ☐ No ☐

7

a) Number of pregnancies:_____

b) Number of live births:_____

7. If you have children, please state the following for EACH child:

| Child's Name | Address | Date of Birth |
|---|---|---|
| | | |
| | | |
| | | |

8. Date of first period (menses):_____     Age:_____

9. Date of last period (menses): _____     Age:_____

10. Are you menopausal, perimenopausal or postmenopausal? Yes ☐ No☐

11. For EACH year for the last seven (7) years before your first treatment with Taxotere® or Docetaxel and since then, who did you see for your annual gynecological exam? Also indicate whether an annual exam was skipped or missed.

| Doctor | Office | Year | Skipped or Missed |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

12. For EACH year after age 40, or before then if applicable, who did you see for your annual mammogram? Also indicate whether an annual mammogram was skipped or missed.

| Doctor | Office | Year | Skipped or Missed |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

Other Risk Factors

13. Have any family members been diagnosed with breast cancer?

| Family Member | Diagnosed | Age at Diagnosis |
|---|---|---|
| Mother | ☐ | |
| Sister | ☐ | |
| Daughter | ☐ | |
| Paternal grandmother | ☐ | |
| Maternal grandmother | ☐ | |

14. Have you ever been diagnosed as having genes or gene mutations that carry an increased cancer risk (e.g., BRCA1, BRCA2)? Yes ☐ No☐

   a) If yes, which? _____

15. Did you receive radiation treatments or exposure to radiation before the age of 30? Yes ☐ No☐

   a) If yes, describe the particulars of your treatment or exposure: _____

Tobacco Use History

For the ten (10) year period before your use of Taxotere® or Docetaxel up to the present, check the answer and fill in the blanks applicable to your history of tobacco use, including cigarettes, cigars, pipes, and/or chewing tobacco/snuff.

16. I currently use tobacco: Yes ☐ No☐

17. I have never used tobacco: Yes ☐ No☐

18. I used tobacco in the ten (10) years before Taxotere® or Docetaxel treatment: Yes ☐ No☐

19. Identify types of tobacco use:

| Type | Used | Average Per Day | Duration of Use (Years) |
|---|---|---|---|
| Cigarettes | ☐ | | |
| Cigars | ☐ | | |
| Pipes | ☐ | | |
| Chewing tobacco/snuff | ☐ | | |

9

Prescription Medications

20. Apart from chemotherapy, are there prescription or over-the-counter medications that you took on a regular basis or more than three (3) times in the seven (7) year period before you first took Taxotere®? Yes ☐ No ☐

*For purposes of this question, "regular basis" means that you were directed by a healthcare provider to take a medication for at least forty-five (45) consecutive days.*

21. If yes, please provide the following for EACH prescription medication:

| Medication | Prescriber | Dates Taken |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## V.  CANCER DIAGNOSIS AND TREATMENT

Cancer Diagnosis & Treatment Generally

1. Have you ever been diagnosed with cancer? Yes ☐ No☐

2. Were you diagnosed with cancer more than once? Yes ☐ No☐

3. Did you undergo any of the following for cancer?

| Treatment | Treated |
|---|---|
| Surgery | ☐ |
| Radiation | ☐ |
| Chemotherapy | ☐ |

4. For surgery, specify:

| Type of Surgery | Treated |
|---|---|
| Double mastectomy | ☐ |
| Left-side mastectomy | ☐ |
| Right-side mastectomy | ☐ |
| Lumpectomy | ☐ |
| Other:_____ | ☐ |

5. Please state the following for EACH cancer diagnosis:

10

| Type of Cancer | |
|---|---|
| Date of Diagnosis | |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

| Type of Cancer | |
|---|---|
| Date of Diagnosis | |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

| Type of Cancer | |
|---|---|
| **Date of Diagnosis** | |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

Particulars of Chemotherapy

6.  When were you first diagnosed with the condition for which you were prescribed Taxotere® or Docetaxel?_____

7.  What was the diagnosis for which you were prescribed Taxotere® or Docetaxel?

| Diagnosis | Diagnosed |
|---|---|
| Breast cancer | ☐ |
| Non-small cell lung cancer | ☐ |
| Prostate cancer | ☐ |
| Gastric adenocarcinoma | ☐ |
| Head and neck cancer | ☐ |
| Other:_____ | ☐ |

8.  For breast cancer, specify:

    a)  Tumor size:

| Tumor Size | Yes |
|---|---|
| TX | ☐ |

| T0 | ☐ |
|----|----|
| Tis | ☐ |
| T1 | ☐ |
| T2 | ☐ |
| T3 | ☐ |
| T4 (T4a, T4b, T4c, T4d) | ☐ |

b) Metastasis:_____

c) Node involvement:

| Node | Yes |
|------|-----|
| Node + NX | ☐ |
| Node + N0 | ☐ |
| Node + N1 | ☐ |
| Node + N2 | ☐ |
| Node + N3 | ☐ |
| Node – (negative) | ☐ |

d) HER2: + (positive): ☐  - (negative): ☐

e) Estrogen receptor:  Positive (ER+): ☐ Negative (ER-): ☐

f) Progesterone receptor: Positive (PR+): ☐ Negative (PR-): ☐

9. Was Taxotere® or Docetaxel the only chemotherapy treatment that you ever received? Yes ☐ No☐ Unknown ☐

10. Have you ever been treated with other chemotherapy drugs, either alone or in combination with or sequentially with Taxotere® or Docetaxel? Yes ☐ No☐ Unknown ☐

11. If yes, check which of the following chemotherapy drugs you took:

| Drug | Yes |
|------|-----|
| 5-Fluorouracil (Eludex) | ☐ |
| Actinomycin | ☐ |
| Altretamine (Hexalen) | ☐ |
| Amsacrine | ☐ |
| Bleomycin | ☐ |
| Busulfan (Busulfex, Myleran) | ☐ |
| Cabazitaxel: Mitoxantrone | ☐ |
| Carboplatin (Paraplatin) | ☐ |

13

| Drug | Yes |
|------|-----|
| Carmustine (BiCNU, Gliadel) | ☐ |
| Cetuximab (Erbitux) | ☐ |
| Chlorambucil (Leukeran) | ☐ |
| Cisplatin (Platinol) | ☐ |
| Cyclophosphamide (Neosar) | ☐ |
| Cytarabine (Depocyt) | ☐ |
| Dacarbazine | ☐ |
| Daunorubicin (Cerubidine, DaunoXome) | ☐ |
| Doxorubicin (Adriamycin, Doxil) | ☐ |
| Epirubicin (Ellence) | ☐ |
| Erlotinib (Tarceva) | ☐ |
| Etoposide (Etopophos, Toposar) | ☐ |
| Everolimus (Afinitor, Zortress) | ☐ |
| Faslodex (Fulvestrant) | ☐ |
| Gemcitabine (Gemzar) | ☐ |
| Hexamethylmelamine (Hexalen) | ☐ |
| Hydroxyurea (Hydrea, Droxia) | ☐ |
| Idarubicin (Idamycin) | ☐ |
| Ifosfamide (Ifex) | ☐ |
| L-asparginase (crisantaspase) | ☐ |
| Lomustine (Ceenu) | ☐ |
| Melphalan (Alkeran) | ☐ |
| Mercaptopurine (Purinethol, Purixan) | ☐ |
| Methotrexate (Trexall, Rasuvo) | ☐ |
| Mitomycin | ☐ |
| Mitoxantrone | ☐ |
| Nab-paclitaxel (Abraxane): Mitoxantrone | ☐ |
| Nitrogen mustard | ☐ |
| Paclitaxel (Taxol) | ☐ |
| Panitumumab (Vectibix) | ☐ |
| Procarbazine (Matulane) | ☐ |
| Sorafenib (Nexavar) | ☐ |
| Teniposide (Vumon) | ☐ |
| Thioguanine (Tabloid) | ☐ |
| Thiotepa (Tepadina) | ☐ |
| Topotecan (Hycamtin) | ☐ |
| Vemurafenib (Zelboraf) | ☐ |
| Vinblastine | ☐ |
| Vincristine (Mariqibo, Vincasar) | ☐ |

| Drug | Yes |
|---|---|
| Vindesine | ☐ |
| Vinorelbine (Alocrest, Navelbine) | ☐ |
| Unknown | ☐ |

12. Please provide the following information regarding Taxotere® or Docetaxel:

    a)  Number of cycles: _____

    b)  Frequency: Every week ☐ Every three weeks ☐ Other:_____

    c)  First treatment date:_____

    d)  Last treatment date:_____

    e)  Dosage:_____

        (1) Combined with another chemotherapy drug: ☐

        (2) Sequential with another chemotherapy drug: ☐

        (3) If so, describe the combination or sequence:_____

13. Prescribing Physician(s):

| Prescribing Physician | Address |
|---|---|
| | Street:<br>City:<br>State:<br>Zip: |
| | Street:<br>City:<br>State:<br>Zip: |
| | Street:<br>City:<br>State:<br>Zip: |

14. Treatment Facility:

| Treatment Facility | Address |
|---|---|
| | Street:<br>City:<br>State:<br>Zip: |
| | Street: |

| | City:<br>State:<br>Zip: |
|---|---|
| | Street:<br>City:<br>State:<br>Zip: |

15. Identify EACH state where you resided when you began and while taking Taxotere® or Docetaxel:

| State | From Date | To Date |
|---|---|---|
| | | |
| | | |
| | | |

16. Was your Taxotere® or Docetaxel treatment part of a clinical trial? Yes ☐ No ☐ Unknown ☐

17. If yes, please provide the name and location of the trial site:

    a)  Name of trial site:_____

    b)  Location of trial site:_____

## VI. CLAIM INFORMATION

Current Status

    1.  Are you currently taking Taxotere® or Docetaxel? Yes ☐ No ☐

    2.  Are you currently cancer-free? Yes ☐ No ☐

    3.  If no, check those that apply to your CURRENT status:

| Current Status | Yes |
|---|---|
| In remission | ☐ |
| Currently receiving chemotherapy | ☐ |
| Currently receiving radiation therapy | ☐ |
| Currently hospitalized for cancer or cancer-related complications | ☐ |
| Currently in home health or hospice care for cancer or cancer-related complications | ☐ |
| Cancer returned after taking Taxotere® or Docetaxel | ☐ |

16

4.  When was the last (most recent) date you consulted with an oncologist:_____

Alleged Injury

5.  State the injury you allege in this lawsuit and the dates between which you experienced the alleged injury. Check all that apply:

| Alleged Injury | Yes | No | From | To |
|---|---|---|---|---|
| Persistent total alopecia – No hair growth on your head or body after six (6) months of discontinuing Taxotere® or Docetaxel treatment | ☐ | ☐ | | |
| Persistent alopecia of your head – No hair growth on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment.  Hair is present elsewhere on your body | ☐ | ☐ | | |
| Permanent/Persistent Hair Loss on Scalp | ☐ | ☐ | | |
| Diffuse thinning of hair:  partial scalp<br>　　☐ Top<br>　　☐ Sides<br>　　☐ Back<br>　　☐ Temples<br>　　☐ Other:_____ | ☐ | ☐ | | |
| Diffuse thinning of hair:  total scalp<br>　　☐ Top<br>　　☐ Sides<br>　　☐ Back<br>　　☐ Temples<br>　　☐ Other:_____ | ☐ | ☐ | | |
| Significant thinning of the hair on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment – There are visible bald spots on your head no matter how you style your hair | ☐ | ☐ | | |
| Moderate thinning of the hair on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment – There is noticeable hair loss but if you brush or style your hair, the hair loss is less evident | ☐ | ☐ | | |
| Small bald area in the hair on your head | ☐ | ☐ | | |
| Large bald area in the hair on your head | ☐ | ☐ | | |
| Multiple bald spots in the hair on your head | ☐ | ☐ | | |
| Change in the texture, thickness or color of your hair after Taxotere® or Docetaxel treatment | ☐ | ☐ | | |
| Other:_____ | ☐ | ☐ | | |
| Permanent/Persistent Loss of Eyebrows | ☐ | ☐ | | |
| Permanent/Persistent Loss of Eyelashes | ☐ | ☐ | | |

17

| Alleged Injury | Yes | No | From | To |
|---|---|---|---|---|
| Permanent/Persistent Loss of Body Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Genital Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Nasal Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Ear Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Hair in Other Areas Describe:_____ | ☐ | ☐ | | |

6.  Have you ever received treatment for the injury you allege in this lawsuit?  Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

7.  Were you diagnosed by a healthcare provider for the injury you allege in this lawsuit? Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

8.  Have you discussed with any healthcare provider whether Taxotere® or Docetaxel caused or contributed to your alleged injury? Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

Statement Information

9.  Were you ever given any written instructions, including any prescriptions, packaging, package inserts, literature, medication guides, or dosing instructions, regarding chemotherapy, Taxotere® or Docetaxel? Yes ☐ No☐

10. If yes, please describe the documents, if you no longer have them. If you have the documents, please produce them:

| Description of Document | I Have the Documents | I Do Not Have the Documents |
|---|---|---|
| | ☐ | ☐ |

18

| Description of Document | I Have the Documents | I Do Not Have the Documents |
|---|---|---|
| | ☐ | ☐ |
| | ☐ | ☐ |

11. Were you given any oral instructions from a healthcare provider regarding chemotherapy or your use of Taxotere® or Docetaxel? Yes ☐ No☐

12. If yes, please identify each healthcare provider who provided the oral instructions:

| Name of Healthcare Provider |
|---|
| |
| |
| |

13. Have you ever seen any advertisements (e.g., in magazines or television commercials) for Taxotere® or Docetaxel? Yes ☐ No☐

14. If yes, identify the advertisement or commercial, and approximately when you saw the advertisement or commercial:

| Type of Advertisement or Commercial | Date of Advertisement or Commercial |
|---|---|
| | |
| | |
| | |

15. Other than through your attorneys, have you had any communication, oral or written, with any of the Defendants or their representatives? Yes ☐ No☐

16. If yes, please identify:

| Date of Communication | Method of Communication | Name of Representative | Substance of Communication |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

17. Have you filed a MedWatch Adverse Event Report to the FDA? Yes ☐ No☐

**YOU MUST UPLOAD NOW ANY MEDICAL RECORDS IN YOUR POSSESSION DEMONSTRATING ALLEGED INJURY OR PHOTOGRAPHS SHOWING YOUR**

**HAIR BEFORE AND AFTER TREATMENT WITH TAXOTERE® ALONG WITH THE DATE(S) THE PHOTOGRAPHS WERE TAKEN.**

Other Claimed Damages

18. Mental or Emotional Damages: Do you claim that your use of Taxotere® or Docetaxel caused or aggravated any psychiatric or psychological condition? Yes ☐ No☐

19. If yes, did you seek treatment for the psychiatric or psychological condition? Yes ☐ No☐

| Provider | Date | Condition |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

20. Medical Expenses: Do you claim that you incurred medical expenses for the alleged injury that you claim was caused by Taxotere® or Docetaxel?  Yes ☐ No☐

21. If yes, list all of your medical expenses, including amounts billed or paid by insurers and other third-party payors, which are related to any alleged injury you claim was caused by Taxotere® or Docetaxel:

| Provider | Date | Expense |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

22. Lost Wages: Do you claim that you lost wages or suffered impairment of earning capacity because of the alleged injury that you claim was caused by Taxotere® or Docetaxel? Yes ☐ No☐

23. If yes, state the annual gross income you earned for each of the three (3) years before the injury you claim was caused by Taxotere® or Docetaxel.

| Year | Annual Gross Income |
|---|---|
|  |  |
|  |  |
|  |  |

24. State the annual gross income for every year following the injury or condition you claim was caused by Taxotere® or Docetaxel.

20

| Year | Annual Gross Income |
|------|---------------------|
|      |                     |
|      |                     |
|      |                     |

25. Out-of-Pocket Expenses: Are you making a claim for lost out-of-pocket expenses? Yes ☐ No☐

26. If yes, please identify and itemize all out-of-pocket expenses you have incurred:

| Expense | Expense Amount |
|---------|----------------|
|         |                |
|         |                |
|         |                |

## VII.   HAIR LOSS INFORMATION

Background

1. Did you ever see a healthcare provider for hair loss BEFORE taking Taxotere® or Docetaxel? Yes ☐ No ☐

2. Did your hair loss begin during chemotherapy treatment? Yes ☐ No☐

3. If yes, did you FIRST experience hair loss:

   a) After treatment with another chemotherapy agent: ☐

   b) After treatment with Taxotere® or Docetaxel: ☐

4. At any time before or during the hair loss were you:

| Condition | Yes | Description |
|-----------|-----|-------------|
| Pregnant | ☐ | |
| Seriously ill | ☐ | |
| Hospitalized | ☐ | |
| Under severe stress | ☐ | |
| Undergoing treatment for any other medical condition | ☐ | |

5. When did you FIRST discuss with or see a healthcare provider about your hair loss? _____

6. Have you started any special diets at any time before or during the hair loss? Yes ☐ No ☐ Describe:_____

21

Hair Loss History

| Question | No | Yes | Name of Healthcare Provider |
|---|---|---|---|
| Have you had a biopsy of your scalp to evaluate your hair loss problem? | ☐ | ☐ | |
| Have you had blood tests done to evaluate your hair loss problem? | ☐ | ☐ | |
| Have your hormones ever been checked to evaluate your hair loss problem? | ☐ | ☐ | |
| Have you ever been told by a doctor that you have a thyroid condition? | ☐ | ☐ | |
| Have you ever been treated with thyroid hormone? | ☐ | ☐ | |
| Have you ever been told by a doctor that you have a low iron level? | ☐ | ☐ | |

7.  Have you ever been on endocrine or hormonal therapy, either before or after chemotherapy with Taxotere® or Docetaxel? Yes ☐ No☐

8.  If yes, please identify:

| Treating Physician | Dates of Treatment | Treatment |
|---|---|---|
| | | |
| | | |
| | | |

9.  Do you have any autoimmune diseases? Yes ☐ No☐

10. If yes, check the following which describes you:

| Autoimmune Disease | Yes |
|---|---|
| Lupus | ☐ |
| Rheumatoid arthritis | ☐ |
| Celiac disease | ☐ |
| Type 1 diabetes | ☐ |
| Sjogrens disease | ☐ |
| Vitiligo | ☐ |
| Hashimoto's | ☐ |
| Other:_____ | ☐ |

11. Were you taking any medications when your hair loss began? Yes ☐ No☐

| Medication |
|---|
|  |
|  |
|  |

Hair Care

12. How often do you wash/shampoo your hair? Every _____ days

13. Check any of the following that apply to you currently or that have in the past:

| Hair Treatment | Yes | Period of Time | Frequency |
|---|---|---|---|
| Hair chemically processed or straightened (relaxers, keratin, Brazilian blowout, Japanese straightening, other) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair heat processed or straightened (blow drying/ flat ironing, curling) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair dyed | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair highlighted | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Braids | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Weaves | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |

| | | | |
|---|---|---|---|
| Tight hairstyles (ponytails) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Extensions | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Other:_____ | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |

14. Have you ever used the following?

| Hair Treatment | Yes |
|---|---|
| WEN Cleansing Conditioners | ☐ |
| Unilever Suave Professionals Keratin Infusion | ☐ |
| L'Oréal Chemical Relaxer | ☐ |

15. Has your hair care regimen been different in the past? Yes ☐  No☐

   a)  If yes, describe:_____

Hair Loss Treatment

16. Did you use any other methods to prevent hair loss during chemotherapy?

| Hair Treatment | Yes |
|---|---|
| Folic Acid supplementation | ☐ |
| Minoxidil | ☐ |
| Other:_____ | ☐ |

17. Did you wear a cool cap during chemotherapy treatment? Yes ☐ No☐

18. If yes, which cooling cap did you wear: _____

19. Have you used any over-the-counter medications, supplements, or cosmetic aides for your hair loss? Yes ☐ No☐

20. If yes, please state the following:

| Treatment | When was it tried? | How long did you try it? | Did it help? |
|---|---|---|---|
| | | | ☐ Yes <br> ☐ No |
| | | | ☐ Yes <br> ☐ No |
| | | | ☐ Yes <br> ☐ No |

21. Has anything helped your hair loss? Yes ☐ No☐

22. If yes, please specify:

| Type of Product | Dates of Use | Place of Purchase | Results of Use |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

23. As of the date you verify your PFS, how long have you had alopecia or incomplete hair re-growth?_____

24. Has any hair regrowth occurred? Yes ☐ No☐

25. Have you ever worn a wig to conceal your hair loss? Yes ☐ No☐

26. Specify:

| Dates Used | Period of Use | Place Purchased | Cost of Item |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## VIII.   RECORD HOLDER IDENTIFICATION

Healthcare Providers:

26

1.  Identify each physician, doctor, or other healthcare provider who has provided treatment to you for any reason in the past eight (8) years and the reason for consulting the healthcare provider or mental healthcare provider.

**YOU MUST INCLUDE YOUR ONCOLOGIST, RADIOLOGIST, DERMATOLOGIST, DERMATOLOGIST-PATHOLOGIST, HAIR LOSS SPECIALIST, GYNECOLOGIST, OBSTETRICIAN, AND PRIMARY CARE PHYSICIAN, ALONG WITH ANY OTHER HEALTHCARE PROVIDERS IDENTIFIED ABOVE**

| Name | Area or Specialty | Address | Dates | Reason for Consultation |
|------|------|------|------|------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Hospitals, Clinics, and Other Facilities:

2.  Identify each hospital, clinic, surgery center, physical therapy or rehabilitation center, or other healthcare facility where you have received inpatient or outpatient treatment (including emergency room treatment) in the past eight (8) years:

**YOU MUST INCLUDE THE LOCATIONS FOR SURGERIES, RADIOLOGY, IMAGING, BIOPSIES, CHEMOTHERAPY, CHILD BIRTHS, GYNECOLOGIC PROCEDURES OR TREATMENT, ALONG WITH ANY OTHER HEALTHCARE FACILITIES**

| Name | Address | Dates | Reason for Treatment |
|------|------|------|------|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Laboratories:

3.  Identify each laboratory at which you had tests run in the past ten (10) years:

| Name | Address | Dates | Test | Reason for Tests |
|------|------|------|------|------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Pharmacies:

4.  To the best of your recollection, Identify each pharmacy, drugstore, and/or other supplier (including mail order) where you have had prescriptions filled or from

27

which you have ever received any prescription medication within three (3) years prior to and three (3) years after your first treatment with Taxotere:

| Name | Address | Dates | Medications |
|------|---------|-------|-------------|
|      |         |       |             |
|      |         |       |             |
|      |         |       |             |

Retailers:

5.  Identify each pharmacy, drugstore, and/or other retailer (including mail order) where you have purchased over-the-counter medications, or hair products in the past ten (10) years:

| Name | Address | Dates | Purchases |
|------|---------|-------|-----------|
|      |         |       |           |
|      |         |       |           |
|      |         |       |           |

Insurance Carriers:

6.  Identify each health insurance carrier which provided you with medical coverage and/or pharmacy benefits for the last ten (10) years:

| Carrier | Address | Name of Insured & SSN | Policy Number | Dates of Coverage |
|---------|---------|------------------------|---------------|--------------------|
|         |         |                        |               |                    |
|         |         |                        |               |                    |
|         |         |                        |               |                    |

## IX. DOCUMENT REQUESTS AND AUTHORIZATIONS

*Please state which of the following documents you have in your possession. If you do not have the following documents but know they exist in the possession of others, state who has possession of the documents: Produce all documents in your possession (including writings on paper or in electronic form) and signed authorizations and attach a copy of them to this PFS.*

Requests

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---------------------|-----|----|---------------------------------|
| Documents you reviewed to prepare your answers to this Plaintiff Fact Sheet. *Your attorney may withhold some documents on claims of attorney-client privilege or work product protection and, if so, provide a privilege log* | ☐ | ☐ | |

28

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Medical records or other documents related to the use of Taxotere® or Docetaxel at any time for the past twelve (12) years. | ☐ | ☐ | |
| Medical records or other documents related to your treatment for any disease, condition or symptom referenced above for any time in the past twelve (12) years. | ☐ | ☐ | |
| Laboratory reports and results of blood tests performed on you related to your hair loss. | ☐ | ☐ | |
| Pathology reports and results of biopsies performed on you related to your hair loss. *Plaintiffs or their counsel must maintain the slides and/or specimens requested in this subpart, or send a preservation notice, copying Defendants, to the healthcare facility where these items are maintained.* | ☐ | ☐ | |
| Documents reflecting your use of any prescription drug or medication at any time within the past eight (8) years. | ☐ | ☐ | |
| Documents identifying all chemotherapy agents that you have taken. | ☐ | ☐ | |
| Documents for any workers' compensation, social security or other disability proceeding at any time within the last five (5) years. | ☐ | ☐ | |
| Instructions, product warnings, package inserts, handouts or other materials that you were provided or obtained in connection with your use of Taxotere®. | ☐ | ☐ | |
| Advertisements or promotions for Taxotere®. | ☐ | ☐ | |
| Articles discussing Taxotere®. | ☐ | ☐ | |
| Any packaging, container, box, or label for Taxotere® or Docetaxel that you were provided or obtained in connection with your use of Taxotere®. *Plaintiffs or their counsel must maintain the originals of these items.* | ☐ | ☐ | |
| Documents which mention Taxotere® or Docetaxel or any alleged health risks related to Taxotere®. *Your attorney may withhold some legal documents, documents provided by your attorney, or documents obtained or created for the purpose of seeking legal advice or assistance on claims of attorney-client privilege or work product protection and, if so, provide a privilege log.* | ☐ | ☐ | |
| Documents obtained directly or indirectly from any of the Defendants. | ☐ | ☐ | |

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Communications or correspondence between you and any representative of the Defendants. | ☐ | ☐ | |
| Photographs, drawing, slides, videos, recordings, DVDs, or any other media that show your alleged injury or its effect in your life. | ☐ | ☐ | |
| Journals or diaries related to the use of Taxotere® or Docetaxel or your treatment for any disease, condition or symptom referenced above at any time for the past twelve (12) years. | ☐ | ☐ | |
| Social media or internet posts to or through any site (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Taxotere® or Docetaxel or any of your claims in this lawsuit. | ☐ | ☐ | |
| If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or Docetaxel, and every year thereafter or W-2s for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or Docetaxel, and every year thereafter. | ☐ | ☐ | |
| If you claim any medical expenses, bills from any physician, hospital, pharmacy or other healthcare providers. | ☐ | ☐ | |
| Records of any other expenses allegedly incurred as a result of your alleged injury. | ☐ | ☐ | |
| If you are suing in a representative capacity, letters testamentary or letters of administration. | ☐ | ☐ | |
| If you are suing in a representative capacity on behalf of a deceased person, decedent's death certificate and/or autopsy report. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **before** treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **during** treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **six months after conclusion** of treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **in present day.** | ☐ | ☐ | |

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Signed authorizations for medical records related to any cancer treatment identified herein and all pharmacy records from three (3) years before and three (3) years after your first treatment with Taxotere in the forms attached hereto. | ☐ | ☐ | |

## X.  DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in connection with this Plaintiff Profile Form is true and correct to the best of my knowledge information and belief at the present time.

_____          _____

Signature                                             Date

## XI. AUTHORIZATIONS

See next page for Authorizations.

31

**LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION**
**Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03**
**(Excluding Psychiatric, Psychological, and Mental Health Treatment Notes/Records)**

TO:
Patient Name:
DOB:
SSN:

I, _____ , hereby authorize you to release and furnish to: Shook Hardy & Bacon LLP, Keogh Cox & Wilson Ltd., Ulmer & Berne LLP, Greenberg Traurig LLP, Wheeler Trigg O'Donnell LLP, Adams and Reese LLP, Chaffe McCall LLP, Quinn Emanuel Urquhart & Sullivan LLP, Morrison & Foerster LLP, Leake & Anderson LLP, Hinshaw & Culbertson LLP, Kirkland & Ellis LLP and/or their duly assigned agents, copies of the following records and/or information **from the time period of twelve (12) years prior to the date on which the authorization is signed**:

* All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians. Said medical records shall include all information regarding AIDS and HIV status.
* All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
* All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
* All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
* All billing records including all statements, itemized bills, and insurance records.
**\*\*Notwithstanding the broad scope of the above disclosure requests, the undersigned does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis as such terms are defined by HIPAA, 45 CFR §164.501.**

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV).

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5. A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name:_____ (plaintiff/representative)


Signature: _____ Date

**LIMITED AUTHORIZATION TO DISCLOSE EMPLOYMENT
RECORDS AND INFORMATION (HIPAA COMPLIANT
AUTHORIZATION FORM PURSUANT TO 45 CFR 164.508)**

TO: _____
Name of Employer


_____
Address, City State and Zip Code

RE:    Employee Name: _____ AKA: _____

Date of Birth: _____ Social Security Number: _____

Address: _____

I authorize the <u>limited</u> disclosure of my employment records including medical information protected by HIPAA, 45 CFR 164.508, for the purpose of review and evaluation in connection with a legal claim.

**This authorization only authorizes release of records and/or information from the time period of seven (7)** years **prior to the date on which this authorization is signed.** I expressly request that all entities identified above disclose full and complete records from the time period of seven (7) years prior to the date on which this authorization is signed, including the following:

This will authorize you to furnish copies of all applications for employment; resumes; records of all positions held; job descriptions of positions held; wage and income statements and/or compensation records; wage increases and decreases; evaluations, reviews and job performance summaries; W-2s; employee health files, and correspondence and memoranda regarding the undersigned.


I authorize you to release the information to:


_____
Name (Records Requestor)


_____
Street Address                              City                        State and Zip Code

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the Records Requestor at that time.

I acknowledge the right to revoke this authorization by writing to you at the above referenced address. However, / understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein.


_____
Signature of Employee or Personal Representative    Date    Name of Employee or Personal Representative


_____
Description of Personal Representative's Authority to Sign for Employee (attach documents that show authority)

## LIMITED AUTHORIZATION FOR RELEASE OF WORKERS' COMPENSATION RECORDS

T o :        _____

Name

_____

Address

_____

City, State and Zip Code

     This will authorize you to furnish copies of any and all workers' compensation records of any sort **for any workers' compensation claims filed within the last ten (10) years**, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____

*Name of Claimant*

whose date of birth is _____and whose social security number is _____

     You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____

**Name of Representative**

Records Requestor
_____
**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

     This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

7977065 v3

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____

_____
Claimant Signature
*[NAME]*

Date: _____

_____
Witness Signature

**LIMITED AUTHORIZATION FOR RELEASE OF
<u>DISABILITY CLAIMS RECORDS</u>**

T o :            _____

                 N a m e

                 _____

                 A d d r e s s

                 _____

                 City, State and Zip Code

      This will authorize you to furnish copies of any and all records of disability claims of any sort **for any disability claim(s) filed within the last ten (10) years**, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

                    _____

                           *Name of Claimant*

whose date of birth is _____and whose social security number is _____

      You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

      You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____

**Name of Representative**

Records Requestor_____

**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

Date: _____          _____
                                         Claimant Signature
                                         *[NAME]*

Date: _____          _____
                                         Witness Signature

**FOR RELEASE OF**
**<u>HEALTH INSURANCE RECORDS</u>**

T o :      _____
          Name

          _____
          Address

          _____
          City, State and Zip Code

This will authorize you to furnish copies of any and all insurance claims applications and benefits, and all medical, health, hospital, physicians, nursing or allied health professional reports, records or notes, invoices and bills, in your possession that pertain to the named insured identified below. **This authorization only authorizes release of Health Insurance records and/or information from the time period of ten (10) years prior to the date on which this authorization is signed.**

                    _____
                         *Name of Claimant*

whose date of birth is _____and whose social security number is _____

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____
**Name of Representative**

Records Requestor
_____
**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____
**Street Address**

_____
**City, State and Zip Code**

7977065 v3

This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization is not valid unless the record requestor named above has executed the acknowledgement at the bottom of this authorization.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____        _____
                                     Claimant Signature
                                     *[NAME]*

Date: _____        _____
                                     Witness Signature

**LIMITED AUTHORIZATION TO DISCLOSE PSYCHIATRIC,**
**PSYCHOLOGICAL AND/OR MENTAL HEALTH TREATMENT NOTES/RECORDS**
**(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)**

TO:
Patient Name:
DOB:
SSN:

I, _____ , hereby authorize you to release and furnish to: Shook Hardy & Bacon LLP, Keogh Cox & Wilson Ltd., Ulmer & Berne LLP, Greenberg Traurig LLP, Wheeler Trigg O'Donnell LLP, Adams and Reese LLP, Chaffe McCall LLP, Quinn Emanuel Urquhart & Sullivan LLP, Morrison & Foerster LLP, Leake & Anderson LLP, Hinshaw & Culbertson LLP, Kirkland & Ellis LLP and/or their duly assigned agents, copies of the following records and/or information **from the time period of ten (10) years prior to the date on which the authorization is signed:**

- All "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversations during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize ex parte communication concerning same.

1.   To my medical and/or mental health provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, mental health history, care, treatment, diagnosis, prognosis, information revealed by or in the medical or mental health records, or any other matter bearing on his or her medical, psychological, or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, mental health history, care, treatment, diagnosis, prognosis, information revealed by or in the medical or mental health records, or any other matter bearing on my medical, psychological, or physical condition at a deposition or trial.**

2.   I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3.   I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4.   I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5.   A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____ Date _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY
LITIGATION

                                                SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 24**
**[Service of Fact Sheets and Authorizations through MDL Centrality and PLC Distribution**
**of Orders and Notices per PTO No. 1]**

The Parties have agreed to accept online submission and service of Plaintiff and Defendant

Fact Sheets ("PFS" and "DFS") (collectively, "Fact Sheets"), attachments to Fact Sheets, and

transmittal by the PLC of Orders and notices described in PTO No. 1, paragraph 15 in actions filed

in or transferred to MDL No. 2740, and therefore, in the interest of efficiency and judicial

economy,

**IT IS HEREBY ORDERED** that:

**1.** *Manner of Completion and Service of Fact Sheets and Authorization Forms.* Plaintiffs

and Defendants shall use the online MDL Centrality System designed and provided by

BrownGreer PLC and accessible at www.mdlcentrality.com/Taxotere to complete and serve

Plaintiff and Defendant Fact Sheets, as follows:

(a) Each Plaintiff required to submit a Plaintiff Fact Sheet ("PFS"), shall, by counsel or as a *pro se* Plaintiff, obtain an authorized user name and secure login password to permit use of a secure online portal in the MDL Centrality online system by such counsel or *pro se* Plaintiff.  Except as set forth herein, Counsel for a Plaintiff or each *pro se* Plaintiff shall be permitted to view, search and download on MDL Centrality only those materials submitted by that Plaintiff and by Defendants relating to that Plaintiff, and not materials submitted by or relating to other Plaintiffs.

(b) Each Defendant, through their counsel, shall obtain an authorized user name and secure login password to permit use of a secure online portal with the MDL Centrality online system by such defendant's counsel.

(c) The Plaintiffs' Executive Committee and Attorney Designees appointed by the Plaintiffs' Executive Committee, shall have access to and be able to view, search and download all materials submitted by all Plaintiffs and by all Defendants.

(d) Each Plaintiff and Defendant shall use the MDL Centrality System to obtain, complete or upload data, and serve the appropriate Fact Sheet online (including the upload of PDFs or other electronic images, and photographs of any records required in the Fact Sheets), as well as any Fact Sheet Deficiency Notices, unless it is not reasonably practical due to international data privacy laws and requirements, in which case Defendants will produce by another medium.

(e) Each Plaintiff shall use the MDL Centrality System to obtain, complete and serve online the Plaintiff's Records Authorizations. Each Plaintiff shall sign each of the required Records Authorizations, which will then be uploaded and served through MDL Centrality.

(f) Service of a completed Fact Sheet and Records Authorizations shall be deemed to occur when the submitting party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, the submitting party has received confirmation on screen that the materials have been successfully submitted, and the receiving party has received notice of the submission via notification in the MDL Centrality System.

(g) If a party amends a previously served Fact Sheet, all subsequent versions must be named accordingly ("First Amended Fact Sheet", "Second Amended Fact Sheet", etc.), and all iterations of a party's Fact Sheet must remain available and accessible to all Parties to a case through trial, appeal (if any), or other resolution of the litigation.

(h) The Court may establish a secure online portal with the MDL Centrality online system and obtain an authorized user name and secure login password to permit use of MDL Centrality by the Court.

   **2.  *Payment for Centrality*.** For these services, BrownGreer will charge a $10 filing fee for each initial Plaintiff Fact Sheet submitted by Plaintiffs.  The first time Plaintiffs' Counsel or *pro se* Plaintiff submits a Plaintiff Fact Sheet, the platform will require the payment of this filing fee via credit card.  There will be no additional charge for any amendments or additional filings.

   For these services, BrownGreer will be paid by the Defendants a $10 fee for each Plaintiff Fact Sheet submitted by Plaintiffs, which will be allocated amongst all Defendants in a manner to be determined later and following further discussions between BrownGreer and Defendants.  The

time of payment will also be determined at a later date and following further discussions between BrownGreer and Defendants.

     **3.  *HIPAA Authorization.*** By using MDL Centrality, each Plaintiff authorizes the disclosure of his or her medical records and other health information submitted as part of the PFS or DFS to BrownGreer PLC as the administrator of the MDL Centrality System, the Court, Plaintiffs' Executive Committee and Attorney Designees Appointed by the Plaintiffs' Executive Committee and Defendants, and to the authorized agents, representatives and experts of the foregoing, for purposes of this litigation.

     **4**. *PLC Pleading Distribution to Other Plaintiff Counsel (PTO 1)- Email Addresses and Counsel Contact Form.* All attorneys of record for Plaintiffs in this litigation or any pro se Plaintiff who complies with the requirements of this Order on whom service of documents must be effectuated shall, within ten days of the entry of this Order, or of the entry of appearance for a new attorney of record for any Plaintiff or the entry of a pro se Plaintiff, or the docketing of their transferred case, whichever occurs earliest, (1) obtain an e-mail address and access to the Internet's World Wide Web (the "Web") if they do not have an e-mail address and Web access; (2) forward to Plaintiffs' Co-Liaison Counsel (Dawn M. Barrios and M. Palmer Lambert) (hereinafter "PLC") at **dwhite@bkc-law.com** a fully completed "MDL 2740 Counsel Contact Information Form," as required by Pretrial Order 7, and forward a copy to BrownGreer at **jswoody@browngreer.com**; and (3) sign up for electronic service in this litigation by registering with the BrownGreer MDL Centrality system by going to https://www.mdlcentrality.com/taxotere, and following the instructions on how to register.

Within five business days of the entry of this order, Plaintiffs' Co-Liaison Counsel shall provide MDL Centrality with the then current list of Plaintiffs' counsel who executed Counsel Contact Forms in the MDL 2740 via email to **jswoody@browngreer.com**.

Plaintiff Attorneys who fail to register with MDL Centrality and complete a Counsel Contact Form in accordance with Pre-Trial Order 7 or any pro se Plaintiff who fails to register with MDL Centrality will no longer receive service of documents filed in the MDL.

**5.** ***Interaction with Clerk of Court***.  When practicable, representatives of MDL Centrality shall meet and confer with the Clerk of Court for the United States District Court, Eastern District of Louisiana, to obtain a listing of all cases filed in MDL 2740, which listing should include the case name and number, original jurisdiction where filed, party name, party type, attorneys' names, firm names and addresses, phone numbers and e-mail addresses for each case in MDL 2740.

The Clerk of Court shall execute the steps necessary to include BrownGreer as the MDL Centrality Administrator as an interested party for purposes of receiving emailed ECF notifications related to this matter.

From time-to-time, the Court may call upon BrownGreer to run reports, statistics, and queries as directed by the Court.

**6.** ***PLC Pleading Distribution to Other Plaintiff Counsel - Access to Pleadings through MDL Centrality.*** Once BrownGreer advises PLC that the MDL Centrality system is in place, PLC will notify all Plaintiffs' counsel who have provided Counsel Contact Forms pursuant to Pre-Trial Order 7.  Upon such notice by PLC, PLC is no longer required to serve and distribute pleadings, orders, and motions on Plaintiffs' attorneys of record, as required by Pre-Trial Order 1. All distribution of documents filed in the MDL on individual Plaintiffs' counsel by PLC shall hereafter

be made via MDL Centrality.  This method of distribution will be deemed to satisfy any obligations of PLC to distribute pleadings and other documents to all other Plaintiff's counsel.

MDL Centrality's system will upload all documents (all references to "document" include exhibits, if any) in Adobe PDF electronic format onto an Internet website maintained by MDL Centrality, in MDL No. 2740, where counsel of record or pro se Plaintiffs who are registered users of the MDL Centrality system may access the copy. The MDL Centrality system shall contain an index of all served documents for the MDL No. 2740 litigation that is searchable and able to be sorted according to methods that provide useful 24 hour/seven day a week access to the documents via the Web.

Once a document is uploaded and submitted electronically, MDL Centrality shall send an e-mail to all registered users notifying them that the document has been posted to its Website (unless such registered user has declined to receive e-mails).

**7.  *Registered Users*.** Only registered users of MDL Centrality will be able to access the MDL No. 2740 documents hosted online with MDL Centrality. Registered users will include counsel of record for any party in the consolidated MDL No. 2740 or any pro se plaintiff who complies with the requirements of this Order.  Only counsel for a party in the Taxotere MDL or a pro se plaintiff shall be allowed to register or have access to the MDL Centrality system.

**8. *Administrative Agreement*.** MDL Centrality will also be bound by the terms of the Administrative Agreement(s) and all Confidentiality and Protective Orders.

**9. *Responsibility to Keep Current Contact Information*.** MDL Centrality shall perform all administrative functions to the system. Once initially registered, MDL Centrality shall be responsible for the registration and confirmation of all contact information for registered users. After initial enrollment/registration, it shall be the responsibility of the registered users to keep

current their contact information by noting any changes directly on the MDL Centrality Website and completing an amended Counsel Contact Form to be sent to **dwhite@bkc-law.com**.

10. ***Privileges or Work Product Protection Maintained.*** Nothing in this Order shall be interpreted to alter or waive any attorney-client privilege or work product doctrine protection, or any other privilege or protection otherwise applicable under the law.  Until material is served on or purposefully disclosed to the opposing party, any notations, comments, or documents stored or uploaded to MDL Centrality shall be afforded all applicable protections and limitations on waiver, including but not limited to those codified in Rule 502 of the Federal Rules of Evidence.  Pursuant to Rule 502(d) of the Federal Rules of Evidence, any disclosure connected with this Order that does not constitute waiver of any attorney-client privilege or work product doctrine protection, or any other privilege or protection in litigation pending before the Court, also does not constitute waiver in any other federal or state proceeding.

11. ***Effective Service.*** Defendants shall satisfy their service obligations for PFS deficiency notices, DFSs, and any accompanying documents as to any and all Plaintiffs' counsel or pro se Plaintiff by service through MDL Centrality. Other than service on Defendants of the initial PFS, any supplemental PFS, any documents uploaded in connection with completion of the PFS, including signature page(s), and any DFS Deficiency Notice(s), nothing in this Order shall be construed to alter or amend the requirements of Plaintiffs to serve Defendants with process, summons, discovery, motions, or any other pleadings or documents.  Service of process, summons, discovery, motions, or any pleadings or documents other than the initial PFS, any supplemental PFS, any documents uploaded in connection with completion of the PFS, including signature page(s), and any DFS Deficiency Notice(s) shall be in accordance with the applicable requirements of the Federal Rules of Civil Procedure or any other Orders of this Court regarding service. Any

documents served pursuant to this Order shall be deemed to be served pursuant to Federal Rule of Civil Procedure 5.

    **12.**   ***Confidentiality and Protective Orders***. All registered users shall be bound by any Confidentiality and Protective Orders that this Court may issue, as well as the terms and conditions for the use of the MDL Centrality system which includes adherence to the terms and conditions of the MDL Centrality User Agreement which will be one of the first matters counsel or pro se Plaintiff will see on the first time they log in. MDL Centrality will also be bound by the terms of said Confidentiality and Protective Orders.

    New Orleans, Louisiana, this 13th day of March 2017.

                              **KURT D. ENGELHARDT**
                              **UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | § | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | § | |
| | § | SECTION "N" (5) |
| *THIS DOCUMENT RELATES TO:* | § | |
| ALL CASES | § | HON. KURT D. ENGELHARDT |
| | § | |
| | § | |
| | § | |
| | § | |

**PRETRIAL ORDER NO. 25**
**[Appointment of John F. Olinde as Defense Liaison Counsel]**

Considering the foregoing joint motion of Defendants Hospira Worldwide, LLC (Rec. Doc. 281), formerly doing business as Hospira Worldwide, Inc., Pfizer Inc., and Sandoz Inc.,

**IT IS ORDERED** that the nomination of John F. Olinde as Defense Liaison Counsel to serve with current Defense Liaison Counsel Douglas J. Moore is hereby **GRANTED**.

Liaison counsel shall have the responsibilities and authority set forth in Pretrial Order No. 1 (Rec. Doc. 4) at page 8. In addition, this appointment shall be for a term beginning from the date of this Order until January 1, 2018, at which time the Court will appoint or reappoint committee members, liaison counsel, and special counsel for the next one year term. Applications for the subsequent term shall be submitted no later than November 15, 2017.

NEW ORLEANS, LOUISIANA, this  15th  day of _____March_____, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION

THIS DOCUMENT RELATES TO:                            SECTION "N" (5)
ALL CASES


<u>**PRETRIAL ORDER NO. 26**</u>
<u>**[Designating Defense Counsel to Attend Plaintiffs' Steering Committee Meetings]**</u>

Pursuant to Pretrial Order No. 21 (Rec. Doc. 276), the following counsel have been

designated by Defendants to attend each of the Plaintiffs' Steering Committee meetings, which

take place prior to each status conference:

| NAME | CLIENT |
|---|---|
| Douglas J. Moore (*Defense Liaison Counsel*) | sanofi-aventis, U.S. LLC |
| John F. Olinde (*proposed Co-Defense Liaison Counsel*) | Pfizer, Inc., Hospira Worldwide, LLC |
| Harley Ratliff | sanofi-aventis, U.S. LLC |
| Mark S. Cheffo | Pfizer, Inc., Hospira Worldwide, LLC |
| Cliff Merrell | Sandoz, Inc. |
| Chad A. Sullivan | Accord Healthcare, Inc. |
| Michael J. Suffern | Actavis Pharma, Inc. |
| Habib Nasrullah | Northstar Rx LLC |
| Geoffrey M. Coan | Sun Pharma Global, Inc. |
| Dmitriy Tishyevich | Eagle Pharmaceuticals, Inc. |

1

| Erin M. Bosman | McKesson Corporation d/b/a McKesson Packaging |
| Jon Strongman (*settlement counsel*) | sanofi-aventis, U.S. LLC |

New Orleans, Louisiana, this 16th day of March, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                        MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION
 
                                       SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 27
### (Order from March 17, 2017 Status Conference)

A status conference was held on March 17, 2017, at 10:00 a.m. in Judge Kurt D. Engelhardt's courtroom. At the conference, Plaintiffs' Liaison Counsel, Dawn Barrios and Palmer Lambert, and Defendants' Liaison Counsel, Douglas Moore and John Olinde, reported to the Court on the topics listed in "Joint Report No. 2 of Liaison Counsel" (Rec. Doc. 290). **IT IS ORDERED** that:

(1) The next status conference will take place on **Friday, May 12, 2017, at 10:00 a.m.** in Judge Engelhardt's courtroom, with the meeting of liaison counsel at 8:30 a.m. and meeting of the Plaintiffs' Steering Committee at 9:00 a.m. The Court has set up a conference line for the status conference. To participate, call (800) 260-0712 and enter access code 421090.

(2) "Science Day" with the Court, the purpose of which is to provide the Court with information that is educational in nature rather than adversarial, will take place on **Wednesday, May 3, 2017, at 8:30 a.m.** in Judge Engelhardt's courtroom.

(3) Liaison counsel shall provide a list of member cases with pending motions and where the issue of remand has been raised, but not yet been determined, prior to the action being transferred to the Eastern District of Louisiana and consolidated into MDL 2740. Furthermore, liaison counsel shall identify any briefing materials in the record of such member cases that may have already been submitted. Liaison counsel shall provide this list to the Court via email (chynna_anderson@laed.uscourts.gov) on or before **Friday, March 24, 2017.**

1

(4) Liaison counsel shall provide a list of cases that are currently pending outside of MDL 2740. Such list shall contain information regarding the status of the matter, e.g., awaiting transfer to MDL 2740 or pending in Delaware state court. Liaison counsel shall provide this list to the Court via email (chynna_anderson@laed.uscourts.gov) on or before **Friday, March 24, 2017.**

(5) Plaintiffs' Liaison Counsel shall submit a chart to Defendants' Liaison Counsel and to the Court via email (chynna_anderson@laed.uscourts.gov), which contains information regarding when a Defendant's product received FDA approval and when that product was placed on or entered the market.

(6) Counsel from the settlement committees shall email the Court (chynna_anderson@laed.uscourts.gov) to schedule a meeting with Judge Engelhardt.

(7) Liaison counsel shall contact the Court via email (chynna_anderson@laed.uscourts.gov) to schedule a meeting with the Court, which will take place within the next three (3) weeks.

(8) Liaison counsel shall confer regarding the development of a discovery schedule and possible dates for bellwether trials prior to the next status conference on **Friday, May 12, 2017**.

New Orleans, Louisiana, this 22nd day of March 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION
                                                     SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

<u>**PRETRIAL ORDER NO. 28**</u>
**[Setting a Meeting with Liaison Counsel]**

Pursuant to Pretrial Order No. 27 (Rec. Doc. 298), the next meeting of liaison counsel shall

take place on <u>**Friday, April 21, 2017, at 9:00 a.m.**</u> in Judge Kurt D. Engelhardt's chambers.

New Orleans, Louisiana, this 27th day of March 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
PRODUCTS LIABILITY
LITIGATION
                                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 29**
**[Streamlined Service on Accord Healthcare, Inc.]**

## I.      SCOPE OF THE ORDER

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel

on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to

Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this

Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S.

citizen or resident based on usage or purchase of docetaxel in the United States.

## II.     STREAMLINED SERVICE OF PROCESS FOR ACCORD HEALTHCARE, INC.

A.      Accord Healthcare, Inc. agrees to waive formal service of process under Federal

Rule of Civil Procedure 4 and to accept service of docetaxel cases that are properly commenced

in, removed to, or transferred to this MDL. By waiving formal service of process, Accord

Healthcare, Inc. does not waive any defenses available to it.

B.      These procedures for informal service of process are not available in cases in which

the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking

remand, all deadlines set forth in this Order run from the date on which remand is denied.

C.      Plaintiffs whose Complaints are not subject to Paragraph B above, who have not already served Accord Healthcare, Inc., and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint with a Summons. Plaintiffs whose cases already have been docketed in this MDL shall have sixty (60) days from entry of this Order to serve the Complaint with a Summons. The Complaint and a Summons shall be served by electronic mail ("email") to the following address: docetaxel@keoghcox.com. Each email sent to this address shall only contain one Complaint and Summons, and the subject line of each email shall state the plaintiff's first and last name as well as the originating court. The body of each email must also include contact information for counsel of record.

D.      Plaintiffs should receive an automatic reply from the mailbox address when a complaint is served. If no such reply is received within twenty-four (24) hours, Plaintiffs should re-serve it pursuant to the terms of this Order. Upon successful e-mail service, the date of the initial effort to serve the Complaint via email shall be deemed the date of service.

E.      Service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service.  In accordance with Pretrial Order No. 1, Accord Healthcare, Inc. is not required to respond to effectively served Complaints until a date to be set by the Court. Accord Healthcare, Inc. agrees to provide thirty (30) days written notice before moving to dismiss for a technical defect in the service process described in this section. Failure to serve a Complaint within the time periods set forth above will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, Accord Healthcare, Inc.

reserves all other rights and defenses available to it under federal or state law and under applicable

treaties and conventions.

New Orleans, Louisiana, this 27th day of March, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                     MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION
                                                                SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 30
### [Streamlined Service on Sandoz Inc.]

## I.     SCOPE OF THE ORDER

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S. citizen or resident based on usage or purchase of docetaxel in the United States.

## II.    STREAMLINED SERVICE OF PROCESS FOR SANDOZ INC.

A.     Sandoz Inc. agrees to waive formal service of process under Federal  Rule of Civil Procedure 4 and to accept service of docetaxel cases that are properly commenced  in, removed to, or transferred to this MDL. By waiving formal service of process, Sandoz Inc. does not waive any defenses available to it.

B.     These procedures for informal service of process are not available in cases in which the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking remand, all deadlines set forth in this Order run from the date on which remand is denied.

C.      Plaintiffs whose Complaints are not subject to Paragraph B above, who have not already served Sandoz Inc., and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint with a Summons. Plaintiffs whose cases already have been docketed in this MDL shall have sixty (60) days from entry of this Order to serve the Complaint with a Summons. The Complaint and a Summons shall be served by electronic mail ("email") to the following address: sandoz-taxotere-complaints@gtlaw.com. Each email sent to this address shall only contain one Complaint and Summons, and the subject line of each email shall state the plaintiff's first and last name as well as the originating court. The body of each email must also include contact information for counsel of record.

D.      Plaintiffs should receive an automatic reply from the mailbox address when a complaint is served. If no such reply is received within twenty-four (24) hours, Plaintiffs should re-serve it pursuant to the terms of this Order. Upon successful e-mail service, the date of the initial effort to serve the Complaint via email shall be deemed the date of service.

E.      Service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service. In accordance with Pretrial Order No. 1, Sandoz Inc. is not required to respond to effectively served Complaints until dates provided by Pretrial Order No. 15 (MDL Doc. No. 230). Any deadlines for Sandoz Inc. which are triggered by e-mail service of Complaints pursuant to this Order shall be extended by ten (10) days. Sandoz Inc. agrees to provide thirty (30) days written notice before moving to dismiss for a technical defect in the service process described in this section. Failure to serve a Complaint within the time periods set forth above will be subject to the standards governing Fed. R. Civ. P. 4(m). Other

than those based on formal service of process, Sandoz Inc. reserves all other rights and defenses available to it under federal or state law and under  applicable treaties and conventions.

New Orleans, Louisiana, this 27th day of March 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                 MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION

THIS DOCUMENT RELATES TO:                    SECTION "N" (5)
ALL CASES

## PRETRIAL ORDER NO. 31
### [Amended Task Codes for Common Benefit Order]

THE COURT being fully advised on the matter, hereby **GRANTS** Plaintiffs' Co-Liaison Counsel's Ex Parte Motion to Amend Exhibit B (Rec. Doc. 262-2) to Pretrial Order No. 19 (Rec. Doc. 262) regarding task codes for common benefit work and enters Pretrial Order No. 31.

**IT IS ORDERED** that Exhibit B to Pretrial Order No. 19 (Rec. Doc. 262-2) be and is hereby updated to include the amended list of Litigation Task Codes/Categories (Rec. Doc. 301-2).

New Orleans, Louisiana, this 27th day of March, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                              MDL NO. 2740
          PRODUCTS LIABILITY
          LITIGATION
                                                          SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 32
### [Streamlined Service on Actavis Pharma, Inc.]

## I.      SCOPE OF THE ORDER

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel

on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to

Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this

Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S.

citizen or resident based on usage or purchase of docetaxel in the United States.

## II.     STREAMLINED SERVICE OF PROCESS FOR ACTAVIS PHARMA, INC.

A.      Actavis Pharma, Inc. agrees to waive formal service of process under Federal Rule

of Civil Procedure 4 and to accept service of docetaxel cases that are properly commenced in,

removed to, or transferred to this MDL. By waiving formal service of process, Actavis Pharma,

Inc. does not waive any defenses available to it.

B.      These procedures for informal service of process are not available in cases in which

the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking

remand, all deadlines set forth in this Order run from the date on which remand is denied.

C.      Plaintiffs whose Complaints or Short Form Complaints are not subject to Paragraph B above, who have not already served Actavis Pharma, Inc., and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint or Short Form Complaint with a Summons. Plaintiffs whose cases already have been docketed in this MDL shall have sixty (60) days from entry of this Order to serve the Complaint or Short Form Complaint with a Summons. The Complaint or Short Form Complaint and a Summons shall be served by electronic mail ("email") to the following address: actdocecomp@ulmer.com. Each email sent to this address shall only contain one Complaint or Short Form Complaint and Summons, and the subject line of each email shall state the plaintiff's first and last name as well as the originating court. The body of each email must also include contact information for counsel of record.

D.      Plaintiffs should receive an automatic reply from the mailbox address when a complaint and summons is served. If no such reply is received within twenty-four (24) hours, Plaintiffs should re-serve it pursuant to the terms of this Order. Upon successful e-mail service, the date of the initial effort to serve the Complaint or Short Form Complaint and a Summons via email shall be deemed the date of service.

E.      Service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service.  In accordance with Pretrial Order No. 1, Actavis Pharma, Inc. is not required to respond to effectively served Complaints or Short Form Complaints until a date to be set by the Court. Actavis Pharma, Inc. agrees to provide thirty (30) days written notice before moving to dismiss for a technical defect in the service process described in this section. Failure to serve a Complaint or a Short Form Complaint within the time periods set forth

above will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, Actavis Pharma, Inc. reserves all other rights and defenses available to it under federal or state law and under applicable treaties and conventions.

New Orleans, Louisiana, this 31st day of March, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                        MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION
                                           SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 33**
**[Streamlined Service on McKesson Corporation]**

## I.   SCOPE OF THE ORDER

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel

on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to

Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this

Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S.

citizen or resident based on usage or purchase of docetaxel in the United States.

## II.   STREAMLINED SERVICE OF PROCESS FOR MCKESSON CORPORATION

A.   McKesson Corporation agrees to waive formal service of process under Federal

Rule of Civil Procedure 4 and to accept service of docetaxel cases that are properly commenced

in, removed to, or transferred to this MDL. By waiving formal service of process, McKesson

Corporation does not waive any defenses available to it.

B.   These procedures for informal service of process are not available in cases in which

the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking

remand, all deadlines set forth in this Order run from the date on which remand is denied.

1

C.      Plaintiffs whose Complaints are not subject to Paragraph B above, who have not already served McKesson Corporation, and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint with a Summons. Plaintiffs whose cases already have been docketed in this MDL shall have sixty (60) days from entry of this Order to serve the Complaint with a Summons. The Complaint and a Summons shall be served by electronic mail ("email") to the following address: McKessonTaxotere@mofo.com. Each email sent to this address shall only contain one Complaint and Summons, and the subject line of each email shall state the plaintiff's first and last name as well as the originating court. The body of each email must also include contact information for counsel of record.

D.      Plaintiffs should receive an automatic reply from the mailbox address when a complaint is served. If no such reply is received within twenty-four (24) hours, Plaintiffs should re-serve it pursuant to the terms of this Order. Upon successful e-mail service, the date of the initial effort to serve the Complaint via email shall be deemed the date of service.

E.      Service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service.  In accordance with Pretrial Order No. 1, McKesson Corporation is not required to respond to effectively served Complaints until a date to be set by the Court. McKesson Corporation agrees to provide thirty (30) days written notice before moving to dismiss for a technical defect in the service process described in this section. Failure to serve a Complaint within the time periods set forth above will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, McKesson Corporation

reserves all other rights and defenses available to it under federal or state law and under applicable treaties and conventions.

New Orleans, Louisiana, this 31st day of March, 2017.

_____

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)    )   Case No. 2:16-md-02740-KDE-MBN
     PRODUCTS LIABILITY    )
     LITIGATION    )   MDL No. 2740
                   )

THIS DOCUMENT RELATES TO ALL CASES

<u>**PRETRIAL ORDER NO. 34**</u>
<u>**[Extending the Deadline to Submit Proposed Orders for Streamlined Service as to Eagle**</u>
<u>**Pharmaceuticals, Inc. and NorthStar Rx LLC]**</u>

      Considering the Consent Motion for Extension of Time to Submit Proposed Orders Regarding the Streamlined Service of Defendants Eagle Pharmaceuticals, Inc. and NorthStar Rx LLC (Rec. Doc. 306), **IT IS HEREBY ORDERED** that the Motion is granted. Defendants Eagle Pharmaceuticals, Inc. and NorthStar Rx LLC shall have until **<u>Monday, April 3, 2017</u>** to submit their respective proposed orders regarding streamlined service, if resolution is not reached.

     New Orleans, Louisiana,  this  <u>31st</u> day of March, 2017

                                   **KURT D. ENGELHARDT**
                                   **UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                        MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION
                                     SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 35
### [Scheduling Meetings Between the Court and the Settlement Committees]

Pursuant to Pretrial Order No. 27 (Rec. Doc. 298), counsel from the Settlement Committees

have contacted the Court to schedule a meeting.

**IT IS ORDERED** that the Court will hold a meeting with the Settlement Committees on

**Wednesday, May 3, 2017**, following the conclusion of the "Science Day" presentations scheduled

for this date.

**IT IS FURTHER ORDERED** that the Court will hold a follow-up meeting with the

Settlement Committees on **Friday, May 12, 2017**, following the conclusion of the general status

conference scheduled for this date.

New Orleans, Louisiana, this 31st day of March 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: TAXOTERE (DOCETAXEL) | ) | Case No. 2:16-md-02740-KDE-MBN |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | MDL No. 2740 |
| | ) | |

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER NO. 36**
**[Withdrawal of Deadline to Submit Proposed Orders Regarding Streamlined**
**Service as to Eagle Pharmaceuticals, Inc. and NorthStar Rx LLC]**

Considering the Consent Motion for Withdrawal of Deadline to Submit Proposed Orders

Regarding the Streamlined Service of Defendants Eagle Pharmaceuticals, Inc. and NorthStar Rx

LLC (Rec. Doc. 311), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.  The

deadline to submit proposed orders regarding streamlined service is hereby withdrawn with

respect to Defendants Eagle Pharmaceuticals, Inc. and NorthStar Rx LLC.

New Orleans, Louisiana, this __6th__ day of _____April_____, 2017

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                     MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

**PRETRIAL ORDER NO. 37**
**[Exemplar Short Form Complaint]**

Pretrial Order 15 (R. Doc. 230) ordered the Plaintiffs, through the Plaintiffs' Steering Committee (PSC), to submit a proposed Pretrial Order with an attached exemplar Short Form Complaint. The exemplar Short Form Complaint provided to the Court is attached as Attachment A for Plaintiffs' counsel's use when filing their complaints. Short Form Complaints shall be used by Plaintiffs' counsel consistent with Pretrial Order No. 15, and counsel are encouraged to review it prior to using the form provided by the PSC. Only one Plaintiff (and any secondary/consortium/representative Plaintiff(s) claiming through or on behalf of the Plaintiff) is allowed on each Short Form Complaint.  The Short Form Complaint is intended to provide guidance for individual counsel who should refer to the Master Complaint in conjunction with the use of the Short Form Complaint.  Individual Plaintiffs' counsel shall tailor the form to correspond to each Plaintiff's claims/allegations.

If the Short Form Complaint is a Plaintiff's original pleading, it must be filed as a new complaint through the Court's CM/ECF system consistent with the Local Rules[1] and served with

---

[1]    *See* Eastern District of Louisiana website for instructions on opening a new case. http://www.laed.uscourts.gov/case-information/cmecf/efiling-new-case

1

a summons, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or pursuant to relevant Pretrial Orders regarding "streamlined" service of process entered in this MDL, and not in the master MDL docket.  If the Short Form Complaint is filed as an amending complaint, it should be filed in the member case,[2] and not in the MDL master file.  For any case in which no Defendant has filed a responsive pleading or a motion directed at the pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure, Plaintiff need not seek leave to amend until Defendants have filed a Master Answer pursuant to Pretrial Order No. 15.  For any case in which any Defendant has filed a responsive pleading or a motion directed at the pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure, whether Plaintiff must seek leave to amend a prior complaint, including by the filing of a Short Form Complaint, shall be governed by Rule 15 of the Federal Rules of Civil Procedure.

If further direction regarding filing is needed, please contact the Court at (504) 589-7715.

If further direction regarding the Short Form Complaint is needed, Counsel may contact Plaintiffs' Liaison Counsel, Dawn Barrios or Palmer Lambert, with any questions regarding the exemplar form.

NEW ORLEANS, LOUISIANA, this 6th day of April 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2]        Filing attorneys shall use the event "Taxotere Amended Complaint" found under the Service of Process Category in the Court's CM/ECF system.

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2740 SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: | : : : : : : | HON. KURT D. ENGELHARDT |

## **SHORT FORM COMPLAINT**

Plaintiff(s) incorporate by reference the Master Long Form Complaint and Jury Demand

filed in the above-referenced case on March 31, 2017. Pursuant to Pretrial Order No. 15, this Short

Form Complaint adopts allegations and encompasses claims as set forth in the Master Long Form

Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1.    Plaintiff:

    _____

2.    Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss

    of consortium):

    _____

3.    Other type of Plaintiff and capacity (i.e., administrator, executor, guardian,

    conservator):

    _____

4.    Current State of Residence: _____

5.    State in which Plaintiff(s) allege(s) injury: _____

1

**ATTACHMENT "A"**

6.       Defendants (check all Defendants against whom a Complaint is made):

    a.      Taxotere Brand Name Defendants

        ☐   A.     Sanofi S.A.

        ☐   B.     Aventis Pharma S.A.

        ☐   C.     Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

        ☐   D.     Sanofi-Aventis U.S. LLC

    b.      Other Brand Name Drug Sponsors, Manufacturers, Distributors

        ☐   A.     Sandoz, Inc.

        ☐   B.     Accord Healthcare, Inc.

        ☐   C.     McKesson Corporation d/b/a McKesson Packaging

        ☐   D.     Hospira Worldwide Inc.

        ☐   E.     Hospira Inc

        ☐   F.     Sun Pharma Global FZE

        ☐   G.     Sun Pharma Global Inc.

        ☐   H.     Caraco Pharmaceutical Laboratories Ltd.

        ☐   I.     Pfizer Inc.

        ☐   J.     Allergan Finance LLC f/k/a Actavis Inc.

        ☐   K.     Actavis Pharma Inc.

        ☐   L.     Other:

**ATTACHMENT "A"**

7.    Basis for Jurisdiction:

☐    Diversity of Citizenship

☐    Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.    Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

9.    Brand Product(s) used by Plaintiff (check applicable):

☐    A.    Taxotere

☐    B.    Docefrez

☐    C.    Docetaxel Injection

☐    D.    Docetaxel Injection Concentrate

☐    E.    Unknown

☐    F.    Other:

10.   First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

3

**ATTACHMENT "A"**

11.     State in which Product(s) identified in question 9 was/were administered:

12.     Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

13.     Counts in Master Complaint brought by Plaintiff(s):

☐ Count I – Strict Products Liability - Failure to Warn
☐ Count II – Strict Products Liability for Misrepresentation
☐ Count III – Negligence
☐ Count IV – Negligent Misrepresentation
☐ Count V – Fraudulent Misrepresentation
☐ Count VI – Fraudulent Concealment
☐ Count VII – Fraud and Deceit
☐ Count VIII – Breach of Express Warranty (Sanofi Defendants only)

☐ Other:  Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

4

**ATTACHMENT "A"**

14.     Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:

5

**ATTACHMENT "A"**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In Re: **TAXOTERE (DOCETAXEL)**
     **PRODUCTS LIABILITY**
     **LITIGATION**

**MDL NO. 2740**

**SECTION "N" (5)**

**THIS DOCUMENT RELATES TO**
**ALL CASES**

### AMENDED PRETRIAL ORDER NO. 22
### [Service of Plaintiff Fact Sheets and Defendant Fact Sheets]

This Order amends and supersedes this Court's previous Pretrial Order No. 22 (Rec. Doc. 279) that was issued on March 10, 2017.[1]

In accordance with Pretrial Order No. 18, this Order governs the form and schedule for service of Plaintiff Fact Sheets ("PFS"), Record Document 236-1, and Defendant Fact Sheets ("DFS"), Record Document 236-2, in cases that were: (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) originally filed in this Court or transferred or removed to this Court.

1.   Considering the nature of the case and the difficulty of identifying the exact manufacturer, each side shall be given reasonable flexibility with the timeframes set forth herein. Accordingly, the Parties may agree to extensions of the below deadlines for the completion and service of PFSs, executed Authorizations, and DFSs. If the Parties cannot agree on an

---

[1]    For simplicity purposes, this Order completely supersedes Pretrial Order No. 22 and contains all information relevant to form and schedule for service of the fact sheets.

1

extension of time after meeting and conferring, the requesting Party may apply to the Court for such relief upon a showing of good cause.

**PLAINTIFF FACT SHEETS**:

2.  Plaintiffs shall each complete and serve upon Defendants a PFS and Authorizations for Release of Records of all healthcare providers and other sources of information and records (*e.g.* pharmacies, employers, etc.) using MDL Centrality in the form set forth in PFS. R. Doc. 236-1. In addition, any plaintiff asserting a claim for lost wages must complete an authorization for release of employment records. Those Plaintiffs shall also produce with their PFS all documents responsive to the document requests contained therein.

3.  A complete and verified[2] PFS, signed and dated Authorizations, and all responsive documents in Plaintiff's possession shall be submitted to the Defendants using MDL Centrality on the following schedule: (a) within seventy-five (75) days from the date of this Order for any Plaintiff whose case has been docketed in this MDL on or before the date of this Order; (b) within seventy-five (75) days of the date the case is docketed in this MDL for any Plaintiff whose case is docketed in the MDL after the date of this Order.  The Authorizations are set forth in PFS Attachment A.

4.  In the event any single law firm has more than twenty-five (25) PFSs due on the same date in accordance with the schedule set forth above, that firm shall submit to Defendants at least twenty-five (25) PFSs in accordance with the above schedule, an additional twenty-five (25) PFSs within sixty (60) days of those submissions; and any additional PFSs within sixty (60) days of those submissions.

---

[2] Plaintiffs may verify a PFS by their handwritten signature or through the use of an electronic signature using an application such as DocuSign, and all subsequent amendments or supplements to the PFS may be verified by signature of the plaintiff's attorney.

5.  Plaintiffs who fail to provide a complete and verified PFS, signed and dated Authorizations, and all responsive documents requested in the PFS within the time periods set forth herein shall be given notice of deficiency[3] via MDL Centrality within forty-five (45) days of service of the PFS,[4] and shall be given thirty (30) additional days from the date the notice of deficiency is submitted through MDL Centrality to cure such deficiency. Afterwards, Defendants may add the name and case number of any Plaintiff who fails to cure deficiencies within the thirty-day cure period to the Agenda for the next Status Conference.  No briefing is required.  Any Plaintiff who remains deficient at the time of that Status Conference will be subject to an Order to Show Cause, returnable at the following Status Conference, which will require Plaintiff to show cause why her Complaint should not be dismissed with prejudice.  Failure to timely comply may result in a dismissal of Plaintiff's claim.

6.  Authorizations shall be dated and signed. Defendants may use the Authorizations for all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) identified in the PFS, without further notice to Plaintiff's counsel.  Within twenty (20) days of receipt of records by Defendants, Defendants' Liaison Counsel ("DLC") shall make said records received pursuant to the Authorizations available to Plaintiffs' Liaison Counsel ("PLC") and Plaintiff's counsel by uploading a copy to MDL

---

[3] Each party shall bring any and all deficiencies to the attention of the opposing counsel in one letter, and shall be barred from raising any additional deficiencies that were apparent at the time, absent good cause shown, except those arising from the response to/cure of the deficiency.

[4] Service of a completed Fact Sheet and Records Authorizations shall be deemed to occur when the submitting party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, and the submitting party has received confirmation on screen that the materials have been successfully submitted, and the receiving party has received notification of the submission via the MDL Centrality System.

Centrality at a reasonable cost to the requesting Plaintiff of electronically reproducing records received by defendants.

7. If Defendants wish to use an Authorization to obtain medical records from a source that is not identified in the PFS, Defendants shall provide the Plaintiff's counsel for that particular case with fourteen (14) days written notice (email) of the intent to use an authorization to obtain records from that source. If Plaintiff's counsel fails to object to the request within fourteen (14) days, Defendants may use the authorization to request the medical records from the source identified in the notice. If Plaintiff's counsel objects to the use of the authorization to obtain records from the source identified in the notice within said fourteen (14) day period, Plaintiff's counsel and Defendants' counsel shall meet and confer in an attempt to resolve the objection. If counsel are unable to resolve the objection, Plaintiff shall file a motion for a protective order within thirty (30) days of the Defendants' notice of intent to use the authorization.

8. Plaintiffs' responses to the PFS shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

9. Defendants' use of the PFS and Authorizations shall be without prejudice to Defendants' right to serve additional discovery, if authorized in further Orders of the Court.

**DEFENDANT FACT SHEETS**:

10. Because of the naming of multiple defendants in individual cases and questions of product identification, the following limitations shall apply to which Defendant(s) serve DFSs, in the form set forth in DFS, Record Document 236-2, in which cases:

4

a. ***Before 2011 – Sanofi Defendants only:*** If the first treatment date and last treatment date identified by a Plaintiff in PFS Section V(12)(c-d) is before 2011 and the PFS is submitted with the documentation required by PFS Section III and VI, only Defendants Sanofi S.A., Aventis Pharma S.A., and Sanofi-Aventis U.S., LLC, and Winthrop US (collectively "sanofi Defendants") must complete and serve a corresponding DFS.  Sanofi Defendants need not complete and serve a DFS in any case where it has not been properly served either with process and summons consistent with the Federal Rules of Civil Procedure or consistent with Pretrial Order No. 9 (R. Doc. 160).

b. ***2011 or Later with Product Identification – That Defendant Only:***

   i. If the first treatment date and last treatment date the Plaintiff identified in PFS Section V(12)(c-d) is 2011 or later; Plaintiff has provided the information request by PFS Section VI(12-14); and the PFS is submitted with the documentation required by PFS Section III and VI;

   ii. Only the Defendant(s) whose product the Plaintiff identified in PFS Section III(2-3) and for whom documentation required by PFS Section VI was provided must complete and serve a DFS.  No Defendant must complete and serve a DFS in any case where it has not been properly served either with process and summons consistent with the Federal Rules of Civil Procedure or by service through procedures for streamlined service as approved by Orders in this MDL.

c. ***2011 or Later without Product Identification – Named, Served Defendants But Limited DFS Only:***

5

i.   If the first treatment date and last treatment date the Plaintiff identified in PFS Section V(12)(c-d) is 2011 or later; Plaintiff has provided the information request by PFS Section VI(12-14); and the PFS is submitted with the documentation required by PFS Sections III and VI; and

ii.   If the Plaintiff selects "unknown" or does not identify the product allegedly taken in PFS Section III(2-3) and certifies in PFS Section III(4) that reasonable, good faith efforts were made to identify the manufacturer of Docetaxel; then

iii.   Each Defendant named by Plaintiff in her lawsuit Complaint and properly served either with process and summons consistent with the Federal Rules of Civil Procedure or by service through procedures for streamlined service as approved by Orders in this MDL must complete and serve a DFS, but only DFS Sections I - II.

iv.   Notwithstanding the requirements of this Paragraph, no Defendant must complete and serve any DFS, including DFS Sections I – II, if their Docetaxel product was not FDA approved until after the last treatment date identified by the Plaintiff in PFS Section V(12)(c-d).

v.   Defendants subject to the provisions of this paragraph need not complete any remaining DFS sections unless and until the product used in the Plaintiff's care is identified by supplementation of PFS Section III(2-3); Plaintiff has provided the information requested by PFS Section VI(12-14); and the PFS is submitted with the documentation required by PFS Section III and VI.  However, once the above-stated conditions are met, Defendant

6

must complete and submit a DFS in accordance with the time period and requirements set forth herein.

11. Subject to the limitations set forth in Paragraph 10, Defendants shall submit a DFS to the Plaintiff using MDL Centrality within seventy-five (75) days of the date the Defendants receive a substantially completed PFS from a Plaintiff. Solely for the purpose of triggering the DFS submission deadline, the term "substantially completed" in this Order and in the DFS (R. Doc. 236-2) is defined as service on Defendants of the PFS with Plaintiff's signed verification and the documentation required by PFS Sections III and VI, i.e., prescription and/or pharmacy records demonstrating use of Taxotere (or Docetaxel), as well as medical records in Plaintiff's possession demonstrating alleged injury or photographs showing Plaintiff's hair before and after treatment with Taxotere (Docetaxel) along with the dates the photographs were taken.

12. In the event any single Defendant has more than twenty-five (25) DFSs due on the same date in accordance with the schedule set forth above, that Defendant shall submit to Plaintiffs at least twenty-five (25) DFSs in accordance with the above schedule, an additional twenty-five (25) PFSs within sixty (60) days of those submissions; and any additional DFSs within sixty (60) days of those submissions.

13. If Defendants fail to provide a complete and verified DFS within the time period set forth hereinabove, Defendants shall be given notice of the deficiency[5] via MDL Centrality within forty-five (45) days of service of the DFS and shall be given thirty (30) additional days from the date the notice of deficiency is received through MDL Centrality to cure

---

[5] Each party shall bring any and all deficiencies to the attention of the opposing counsel in one letter, and shall be barred from raising any additional deficiencies that were apparent at the time, absent good cause shown, except those arising from the response to/cure of the deficiency.

such deficiency. Afterwards, Plaintiffs may add the name and case number of any cases in which Defendants failed to cure deficiencies within the thirty-day cure period to the Agenda for the next Status Conference.  No briefing is required.  Any Defendant who remains deficient at the time of that Status Conference will be subject to an Order to Show Cause, returnable at the following Status Conference, which will require Defendant to show cause why its defenses should not be stricken in that case. Failure to timely comply may result in a dismissal of defenses.

14. Defendants' responses on a DFS shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

15. It will be the responsibility of the counsel for the particular plaintiffs or defendants involved, as well as in coordination with Liaison Counsel for plaintiffs and defendants, to attempt to cure deficiencies and get a PFS/DFS served prior to raising the issue with the Court.

16. Plaintiffs' use of the DFS shall be without prejudice to the right of the Plaintiffs in a specific case to serve additional discovery, if authorized in further Orders of the Court.


New Orleans, Louisiana this 12th day of April, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### PRETRIAL ORDER NO. 38
### [Amending the Plaintiff Fact Sheet and Defendant Fact Sheet]

As the parties began completing the fact sheets, various typographical issues and inconsistencies were discovered in the Plaintiff Fact Sheet (Exhibit "A" to Pretrial Order No. 18, Rec. Doc. 236-1) and the Defendant Fact Sheet (Exhibit "B" to Pretrial Order No. 18, Rec. Doc. 236-2). In response, Plaintiffs' Liaison Counsel submitted revised versions of these documents to the Court for approval.

**IT IS ORDERED** that the Plaintiff Fact Sheet (Exhibit "A" to Pretrial Order No. 18, Rec. Doc. 236-1)and the Defendant Fact Sheet (Exhibit "B" to Pretrial Order No. 18, Rec. Doc. 236-2) be and are hereby updated in the record to reflect the revised version of these documents.

New Orleans, Louisiana, this 12th day of April 2017

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)          MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                       SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PLAINTIFF FACT SHEET**

  This Fact Sheet must be completed by each plaintiff who has filed a lawsuit related to the use of Taxotere® by the plaintiff or a plaintiff's decedent. Please answer every question to the best of your knowledge. In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect.

  In filling out this form, please use the following definitions: (1) "**healthcare provider**" means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) "**document**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone-records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

  **Information provided by plaintiff will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation. This Fact Sheet is completed pursuant to the Federal Rules of Civil Procedure governing discovery (or, for state court case, the governing rules of civil of the state in which the case is pending).**

**I.  CASE INFORMATION**

Attorney Information

  Please provide the following information for the civil action that you filed:

1

Exhibit "A"

1.  Caption:_____

2.  Court and Docket No.:_____

3.  MDL Docket No. (if different):_____

4.  Date Lawsuit Filed:_____

5.  Plaintiff's Attorney:_____

6.  Plaintiff's Law Firm: _____

7.  Attorney's Address:_____

8.  Attorney's Phone Number:_____

9.  Attorney's Email Address:_____

Plaintiff Information

Please provide the following information for the individual on whose behalf this action was filed:

10. Name:_____

11. Street Address:_____

12. City:_____

13. State:_____

14. Zip code:_____

15. Date of Birth:_____

16. Place of Birth:_____

17. Social Security Number:_____

18. Maiden or other names you have used or by which you have been known:

_____

19. Sex:  Male: ☐ Female: ☐

20. Race:

| Race | ☐ |
|------|---|
| American Indian or Alaska Native | ☐ |

2

| Race | ☐ |
|---|---|
| Asian | ☐ |
| Black or African American | ☐ |
| Native Hawaiian or Other Pacific Islander | ☐ |
| White | ☐ |

21. Ethnicity:

| Ethnicity | ☐ |
|---|---|
| Hispanic or Latino | ☐ |
| Not Hispanic or Latino | ☐ |

22. Primary Language: _____

**Representative Information**

If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person), please state the following:

23. Name:_____

24. Address:_____

25. Capacity in which you are representing the individual:_____

26. If you were appointed as a representative by a court, identify the State, Court and Case Number:

    a)  State:_____

    b)  Court:_____

    c)  Case Number:_____

27. Relationship to the Represented Person:_____

28. State the date of death of the decedent:_____

29. State the place of death of the decedent:_____

30. Are you filling this questionnaire out on behalf of an individual who is deceased and on whom an autopsy was performed? Yes ☐ No☐

3

*If you are completing this questionnaire in a representative capacity, please respond to these questions with respect to the person whose medical treatment involved Taxotere® or Docetaxel.*

## II. PERSONAL INFORMATION

Relationship Information

1. Are you currently: Married: ☐ Single: ☐ Engaged: ☐ Significant other: ☐ Divorced: ☐ Widowed: ☐ Same sex partner: ☐

2. Have you ever been married? Yes ☐ No☐

3. If yes, for EACH marriage, state the following:

| Spouse's Name | Date of Marriage | Date Marriage Ended | Nature of Termination |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Education

4. For each level of education you completed, please check below:

High School: ☐              Vocational School: ☐

College: AA: ☐ BA/BS: ☐ Masters: ☐ PhD: ☐ M.D.: ☐ Other:

Employment

5. Are you currently employed? Yes ☐ No☐

6. If yes, state the following:

   a) Current employer name:_____

   b) Address:_____

   c) Telephone number:_____

   d) Your position there:_____

7. Are you making a claim for lost wages or lost earning capacity? Yes ☐ No☐

8. Only if you are asserting a wage loss claim, please state the following for EACH employer for the last seven (7) years:

| Name of Employer | Address of Employer | Dates of Employment | Annual Gross Income | Your Position |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

9. Have you ever been out of work for more than thirty (30) days for reasons related to your health in the last seven (7) years? Yes ☐ No☐

10. If yes, please state the following:

| Name of Employer | Dates | Health Reason |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

YOU MUST ATTACH TAX RETURNS, EMPLOYMENT AUTHORIZATIONS, AND IDENTIFY THE LOSS OF CONSORTIUM PLAINTIFF'S EMPLOYERS IF CLAIMING LOST WAGES OR LOST EARNING CAPACITY DAMAGES.

Worker's Compensation and Disability Claims

11. Within the last ten (10) years, have you ever filed for workers' compensation, social security, and/or state or federal disability benefits? Yes ☐ No☐

12. If yes, then as to EACH application, please state the following:

| Year Claim Filed | Court | Nature of Claimed Injury | Period of Disability | Award Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Military Service

13. Have you ever served in any branch of the military? Yes ☐ No☐

14. If yes, state the branch and dates of service:

| Branch | Dates of Service |
|---|---|
|  |  |
|  |  |
|  |  |

15. If yes, were you discharged for any reason relating to your health (whether physical, psychiatric, or other health condition)? Yes ☐ No☐

16. If yes, state the condition:_____

**Other Lawsuits**

17. Within the last ten (10) years, have you filed a lawsuit, relating to any bodily injury, or made a claim, OTHER THAN the present suit? Yes ☐ No ☐

**Computer Use**

18. Apart from communications to or from your attorney, have you communicated via email, visited any chat rooms, or publicly posted a comment, message or blog entry on a public internet site regarding your experience with or injuries you attribute to Taxotere®, other chemotherapies, or alopecia/hair loss during the past ten (10) years? You should include all postings on public social network sites including Twitter, Facebook, MySpace, LinkedIn, or "blogs" that address the topics above. Yes ☐ No☐

19. If yes, please state the following:

| Forum Name | Screen Name or User Handle | Date of Post | Substance of Post |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

20. Are you now or have you ever been a member of an alopecia support group? Yes ☐ No☐

   a) If yes, identify the group by name:_____

   b) When did you join the group?_____

## III. PRODUCT IDENTIFICATION

**I HAVE RECORDS DEMONSTRATING USE OF TAXOTERE® OR OTHER DOCETAXEL: Yes ☐ No☐**

**YOU MUST UPLOAD THEM BEFORE YOU SUBMIT THIS FACT SHEET**

Taxotere®

1. Were you treated with brand name Taxotere®? Yes ☐ No ☐ Unknown ☐

6

Other Docetaxel

2. Were you treated with another Docetaxel or generic Taxotere®? Yes ☐ No☐

3. If yes, select all that apply:

| Name of Drug | |
|---|---|
| Docetaxel – Winthrop | ☐ |
| Docetaxel – Teva Pharms USA | ☐ |
| Docetaxel – Dr. Reddy's Labs Ltd. | ☐ |
| Docetaxel – Eagle Pharms | ☐ |
| Docetaxel – Actavis Inc. | ☐ |
| Docetaxel – Pfizer Labs | ☐ |
| Docetaxel – Sandoz | ☐ |
| Docetaxel – Accord Healthcare, Inc. | ☐ |
| Docetaxel – Apotex Inc. | ☐ |
| Docetaxel – Hospira Inc. | ☐ |
| Docefrez – Sun Pharma Global, Inc. | ☐ |
| Unknown | ☐ |

4. **IF YOU SELECTED "UNKNOWN" YOU MUST CERTIFY AS FOLLOWS:**

   **I certify that I have made reasonable, good faith efforts to identify the manufacturer of the Docetaxel used in my treatment, including requesting records from my infusion pharmacy, and the manufacturer either remains unknown at this time or I am awaiting the records:** ☐

## IV. MEDICAL INFORMATION

Vital Statistics

1. How old are you:_____

2. Age at the time of your alleged injury:_____

3. Current weight:_____

4. Current height:

   Feet:_____     Inches:_____

5. Weight at time of alleged injury:_____

Gynecologic and Obstetric History

6. Have you ever been pregnant? Yes ☐ No ☐

   a) Number of pregnancies:_____

   b) Number of live births:_____

7. If you have children, please state the following for EACH child:

| Child's Name | Address | Date of Birth |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

8. Date of first period (menses):_____        Age:_____

9. Date of last period (menses): _____        Age:_____

10. Are you menopausal, perimenopausal or postmenopausal? Yes ☐ No☐

11. For EACH year for the last seven (7) years before your first treatment with Taxotere® or Docetaxel and since then, who did you see for your annual gynecological exam? Also indicate whether an annual exam was skipped or missed.

| Doctor | Office | Year | Skipped or Missed |
|---|---|---|---|
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

12. For EACH year after age 40, or before then if applicable, who did you see for your annual mammogram? Also indicate whether an annual mammogram was skipped or missed.

| Doctor | Office | Year | Skipped or Missed |
|---|---|---|---|
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

| Doctor | Office | Year | Skipped or Missed |
|--------|--------|------|-------------------|
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

Other Risk Factors

13. Have any family members been diagnosed with breast cancer?

| Family Member | Diagnosed | Age at Diagnosis |
|---------------|-----------|------------------|
| Mother | ☐ |  |
| Sister | ☐ |  |
| Daughter | ☐ |  |
| Paternal grandmother | ☐ |  |
| Maternal grandmother | ☐ |  |

14. Have you ever been diagnosed as having genes or gene mutations that carry an increased cancer risk (e.g., BRCA1, BRCA2)? Yes ☐ No☐

    a) If yes, which? _____

15. Did you receive radiation treatments or exposure to radiation before the age of 30? Yes ☐ No☐

    a) If yes, describe the particulars of your treatment or exposure:
_____

Tobacco Use History

For the ten (10) year period before your use of Taxotere® or Docetaxel up to the present, check the answer and fill in the blanks applicable to your history of tobacco use, including cigarettes, cigars, pipes, and/or chewing tobacco/snuff.

16. I currently use tobacco: Yes ☐ No☐

17. I have never used tobacco: Yes ☐ No☐

18. I used tobacco in the ten (10) years before Taxotere® or Docetaxel treatment: Yes ☐ No☐

19. Identify types of tobacco use:

| Type | Used | Average Per Day | Duration of Use (Years) |
|------|------|-----------------|-------------------------|
| Cigarettes | ☐ |  |  |

| Type | Used | Average Per Day | Duration of Use (Years) |
|---|---|---|---|
| Cigars | ☐ | | |
| Pipes | ☐ | | |
| Chewing tobacco/snuff | ☐ | | |

Prescription Medications

20. Apart from chemotherapy, are there prescription or over-the-counter medications that you took on a regular basis or more than three (3) times in the seven (7) year period before you first took Taxotere®? Yes ☐ No ☐

*For purposes of this question, "regular basis" means that you were directed by a healthcare provider to take a medication for at least forty-five (45) consecutive days.*

21. If yes, please provide the following for EACH prescription medication:

| Medication | Prescriber | Dates Taken |
|---|---|---|
| | | |
| | | |
| | | |

## V.  CANCER DIAGNOSIS AND TREATMENT

Cancer Diagnosis & Treatment Generally

1. Have you ever been diagnosed with cancer? Yes ☐ No ☐

2. Were you diagnosed with cancer more than once? Yes ☐ No ☐

3. Did you undergo any of the following for cancer?

| Treatment | Treated |
|---|---|
| Surgery | ☐ |
| Radiation | ☐ |
| Chemotherapy | ☐ |

4. For surgery, specify:

| Type of Surgery | Treated |
|---|---|
| Double mastectomy | ☐ |
| Left-side mastectomy | ☐ |
| Right-side mastectomy | ☐ |
| Lumpectomy | ☐ |

10

Other:_____        ☐

5.   Please state the following for EACH cancer diagnosis:

| Type of Cancer | |
|---|---|
| **Date of Diagnosis** | |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| **Treatment Facility** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

| Type of Cancer | |
|---|---|
| **Date of Diagnosis** | |
| **Primary Oncologist** | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

| Type of Cancer | |
|---|---|
| Date of Diagnosis | |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Primary Oncologist | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |
| Treatment Facility | Name:<br>Address:<br>Dates of Treatment:<br>Treatment: |

Particulars of Chemotherapy

6.   When were you first diagnosed with the condition for which you were prescribed Taxotere® or Docetaxel?_____

7.   What was the diagnosis for which you were prescribed Taxotere® or Docetaxel?

| Diagnosis | Diagnosed |
|---|---|
| Breast cancer | ☐ |
| Non-small cell lung cancer | ☐ |
| Prostate cancer | ☐ |
| Gastric adenocarcinoma | ☐ |
| Head and neck cancer | ☐ |
| Other:_____ | ☐ |

8.   For breast cancer, specify:

12

a)  Tumor size:

| Tumor Size | Yes |
|---|---|
| TX | ☐ |
| T0 | ☐ |
| Tis | ☐ |
| T1 | ☐ |
| T2 | ☐ |
| T3 | ☐ |
| T4 (T4a, T4b, T4c, T4d) | ☐ |

b)  Metastasis:_____

c)  Node involvement:

| Node | Yes |
|---|---|
| Node + NX | ☐ |
| Node + N0 | ☐ |
| Node + N1 | ☐ |
| Node + N2 | ☐ |
| Node + N3 | ☐ |
| Node – (negative) | ☐ |

d)  HER2: + (positive): ☐  - (negative): ☐

e)  Estrogen receptor:  Positive (ER+): ☐ Negative (ER-): ☐

f)  Progesterone receptor: Positive (PR+): ☐ Negative (PR-): ☐

9.  Was Taxotere® or Docetaxel the only chemotherapy treatment that you ever received? Yes ☐ No☐ Unknown ☐

10. Have you ever been treated with other chemotherapy drugs, either alone or in combination with or sequentially with Taxotere® or Docetaxel? Yes ☐ No☐ Unknown ☐

11. If yes, check which of the following chemotherapy drugs you took:

| Drug | Yes |
|---|---|
| 5-Fluorouracil (Eludex) | ☐ |
| Actinomycin | ☐ |
| Altretamine (Hexalen) | ☐ |
| Amsacrine | ☐ |
| Bleomycin | ☐ |

13

| Drug | Yes |
|---|:---:|
| Busulfan (Busulfex, Myleran) | ☐ |
| Cabazitaxel: Mitoxantrone | ☐ |
| Carboplatin (Paraplatin) | ☐ |
| Carmustine (BiCNU, Gliadel) | ☐ |
| Cetuximab (Erbitux) | ☐ |
| Chlorambucil (Leukeran) | ☐ |
| Cisplatin (Platinol) | ☐ |
| Cyclophosphamide (Neosar) | ☐ |
| Cytarabine (Depocyt) | ☐ |
| Dacarbazine | ☐ |
| Daunorubicin (Cerubidine, DaunoXome) | ☐ |
| Doxorubicin (Adriamycin, Doxil) | ☐ |
| Epirubicin (Ellence) | ☐ |
| Erlotinib (Tarceva) | ☐ |
| Etoposide (Etopophos, Toposar) | ☐ |
| Everolimus (Afinitor, Zortress) | ☐ |
| Faslodex (Fulvestrant) | ☐ |
| Gemcitabine (Gemzar) | ☐ |
| Hexamethylmelamine (Hexalen) | ☐ |
| Hydroxyurea (Hydrea, Droxia) | ☐ |
| Idarubicin (Idamycin) | ☐ |
| Ifosfamide (Ifex) | ☐ |
| L-asparginase (crisantaspase) | ☐ |
| Lomustine (Ceenu) | ☐ |
| Melphalan (Alkeran) | ☐ |
| Mercaptopurine (Purinethol, Purixan) | ☐ |
| Methotrexate (Trexall, Rasuvo) | ☐ |
| Mitomycin | ☐ |
| Mitoxantrone | ☐ |
| Nab-paclitaxel (Abraxane): Mitoxantrone | ☐ |
| Nitrogen mustard | ☐ |
| Paclitaxel (Taxol) | ☐ |
| Panitumumab (Vectibix) | ☐ |
| Procarbazine (Matulane) | ☐ |
| Sorafenib (Nexavar) | ☐ |
| Teniposide (Vumon) | ☐ |
| Thioguanine (Tabloid) | ☐ |
| Thiotepa (Tepadina) | ☐ |
| Topotecan (Hycamtin) | ☐ |

| Drug | Yes |
|---|---|
| Vemurafenib (Zelboraf) | ☐ |
| Vinblastine | ☐ |
| Vincristine (Mariqibo, Vincasar) | ☐ |
| Vindesine | ☐ |
| Vinorelbine (Alocrest, Navelbine) | ☐ |
| Unknown | ☐ |

12. Please provide the following information regarding Taxotere® or Docetaxel:

    a)  Number of cycles: _____

    b)  Frequency: Every week ☐ Every three weeks ☐ Other:_____

    c)  First treatment date:_____

    d)  Last treatment date:_____

    e)  Dosage:_____

        (1) Combined with another chemotherapy drug: ☐

        (2) Sequential with another chemotherapy drug: ☐

        (3) If so, describe the combination or sequence:_____

13. Prescribing Physician(s):

| Prescribing Physician | Address |
|---|---|
|  | Street:<br>City:<br>State:<br>Zip: |
|  | Street:<br>City:<br>State:<br>Zip: |
|  | Street:<br>City:<br>State:<br>Zip: |

14. Treatment Facility:

| Treatment Facility | Address |
|---|---|
|  | Street: |

15

|  | City:<br>State:<br>Zip: |
|---|---|
|  | Street:<br>City:<br>State:<br>Zip: |
|  | Street:<br>City:<br>State:<br>Zip: |

15. Identify EACH state where you resided when you began and while taking Taxotere® or Docetaxel:

| State | From Date | To Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

16. Was your Taxotere® or Docetaxel treatment part of a clinical trial? Yes ☐ No ☐ Unknown ☐

17. If yes, please provide the name and location of the trial site:

    a) Name of trial site:_____

    b) Location of trial site:_____

## VI. CLAIM INFORMATION

Current Status

1. Are you currently taking Taxotere® or Docetaxel? Yes ☐ No ☐

2. Are you currently cancer-free? Yes ☐ No ☐

3. If no, check those that apply to your CURRENT status:

| Current Status | Yes |
|---|---|
| In remission | ☐ |
| Currently receiving chemotherapy | ☐ |
| Currently receiving radiation therapy | ☐ |
| Currently hospitalized for cancer or cancer-related complications | ☐ |

16

| Current Status | Yes |
|---|---|
| Currently in home health or hospice care for cancer or cancer-related complications | ☐ |
| Cancer returned after taking Taxotere® or Docetaxel | ☐ |

4. When was the last (most recent) date you consulted with an oncologist:_____

Alleged Injury

5. State the injury you allege in this lawsuit and the dates between which you experienced the alleged injury. Check all that apply:

| Alleged Injury | Yes | No | From | To |
|---|---|---|---|---|
| Persistent total alopecia – No hair growth on your head or body after six (6) months of discontinuing Taxotere® or Docetaxel treatment | ☐ | ☐ | | |
| Persistent alopecia of your head – No hair growth on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment.  Hair is present elsewhere on your body | ☐ | ☐ | | |
| Permanent/Persistent Hair Loss on Scalp | ☐ | ☐ | | |
| Diffuse thinning of hair:  partial scalp<br>    ☐ Top<br>    ☐ Sides<br>    ☐ Back<br>    ☐ Temples<br>    ☐ Other:_____ | ☐ | ☐ | | |
| Diffuse thinning of hair:  total scalp<br>    ☐ Top<br>    ☐ Sides<br>    ☐ Back<br>    ☐ Temples<br>    ☐ Other:_____ | ☐ | ☐ | | |
| Significant thinning of the hair on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment – There are visible bald spots on your head no matter how you style your hair | ☐ | ☐ | | |
| Moderate thinning of the hair on your head after six (6) months of discontinuing Taxotere® or Docetaxel treatment – There is noticeable hair loss but if you brush or style your hair, the hair loss is less evident | ☐ | ☐ | | |
| Small bald area in the hair on your head | ☐ | ☐ | | |
| Large bald area in the hair on your head | ☐ | ☐ | | |

| Alleged Injury | Yes | No | From | To |
|---|---|---|---|---|
| Multiple bald spots in the hair on your head | ☐ | ☐ | | |
| Change in the texture, thickness or color of your hair after Taxotere® or Docetaxel treatment | ☐ | ☐ | | |
| Other:_____ | ☐ | ☐ | | |
| Permanent/Persistent Loss of Eyebrows | ☐ | ☐ | | |
| Permanent/Persistent Loss of Eyelashes | ☐ | ☐ | | |
| Permanent/Persistent Loss of Body Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Genital Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Nasal Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Ear Hair | ☐ | ☐ | | |
| Permanent/Persistent Loss of Hair in Other Areas Describe:_____ | ☐ | ☐ | | |

6. Have you ever received treatment for the injury you allege in this lawsuit?  Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

7. Were you diagnosed by a healthcare provider for the injury you allege in this lawsuit? Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

8. Have you discussed with any healthcare provider whether Taxotere® or Docetaxel caused or contributed to your alleged injury? Yes ☐ No☐

| Name of Treating Physician | Dates of Treatment | Treatments |
|---|---|---|
| | | |
| | | |
| | | |

Statement Information

9. Were you ever given any written instructions, including any prescriptions, packaging, package inserts, literature, medication guides, or dosing instructions, regarding chemotherapy, Taxotere® or Docetaxel? Yes ☐ No☐

10. If yes, please describe the documents, if you no longer have them. If you have the documents, please produce them:

| Description of Document | I Have the Documents | I Do Not Have the Documents |
|---|---|---|
|  | ☐ | ☐ |
|  | ☐ | ☐ |
|  | ☐ | ☐ |

11. Were you given any oral instructions from a healthcare provider regarding chemotherapy or your use of Taxotere® or Docetaxel? Yes ☐ No☐

12. If yes, please identify each healthcare provider who provided the oral instructions:

| Name of Healthcare Provider |
|---|
|  |
|  |
|  |

13. Have you ever seen any advertisements (e.g., in magazines or television commercials) for Taxotere® or Docetaxel? Yes ☐ No☐

14. If yes, identify the advertisement or commercial, and approximately when you saw the advertisement or commercial:

| Type of Advertisement or Commercial | Date of Advertisement or Commercial |
|---|---|
|  |  |
|  |  |
|  |  |

15. Other than through your attorneys, have you had any communication, oral or written, with any of the Defendants or their representatives? Yes ☐ No☐

16. If yes, please identify:

| Date of Communication | Method of Communication | Name of Representative | Substance of Communication |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

17. Have you filed a MedWatch Adverse Event Report to the FDA? Yes ☐ No☐

19

**YOU MUST UPLOAD NOW ANY MEDICAL RECORDS IN YOUR POSSESSION DEMONSTRATING ALLEGED INJURY OR PHOTOGRAPHS SHOWING YOUR HAIR BEFORE AND AFTER TREATMENT WITH TAXOTERE® ALONG WITH THE DATE(S) THE PHOTOGRAPHS WERE TAKEN.**

Other Claimed Damages

18. Mental or Emotional Damages: Do you claim that your use of Taxotere® or Docetaxel caused or aggravated any psychiatric or psychological condition? Yes ☐ No☐

19. If yes, did you seek treatment for the psychiatric or psychological condition? Yes ☐ No☐

| Provider | Date | Condition |
|----------|------|-----------|
|          |      |           |
|          |      |           |
|          |      |           |

20. Medical Expenses: Do you claim that you incurred medical expenses for the alleged injury that you claim was caused by Taxotere® or Docetaxel?  Yes ☐ No☐

21. If yes, list all of your medical expenses, including amounts billed or paid by insurers and other third-party payors, which are related to any alleged injury you claim was caused by Taxotere® or Docetaxel:

| Provider | Date | Expense |
|----------|------|---------|
|          |      |         |
|          |      |         |
|          |      |         |

22. Lost Wages: Do you claim that you lost wages or suffered impairment of earning capacity because of the alleged injury that you claim was caused by Taxotere® or Docetaxel? Yes ☐ No☐

23. If yes, state the annual gross income you earned for each of the three (3) years before the injury you claim was caused by Taxotere® or Docetaxel.

| Year | Annual Gross Income |
|------|---------------------|
|      |                     |
|      |                     |
|      |                     |

24. State the annual gross income for every year following the injury or condition you claim was caused by Taxotere® or Docetaxel.

| Year | Annual Gross Income |
|------|---------------------|
|      |                     |
|      |                     |
|      |                     |

25. Out-of-Pocket Expenses: Are you making a claim for lost out-of-pocket expenses? Yes ☐ No☐

26. If yes, please identify and itemize all out-of-pocket expenses you have incurred:

| Expense | Expense Amount |
|---------|----------------|
|         |                |
|         |                |
|         |                |

## VII.   HAIR LOSS INFORMATION

Background

1. Did you ever see a healthcare provider for hair loss BEFORE taking Taxotere® or Docetaxel? Yes ☐ No ☐

2. Did your hair loss begin during chemotherapy treatment? Yes ☐ No☐

3. If yes, did you FIRST experience hair loss:

   a) After treatment with another chemotherapy agent: ☐

   b) After treatment with Taxotere® or Docetaxel: ☐

4. At any time before or during the hair loss were you:

| Condition | Yes | Description |
|-----------|-----|-------------|
| Pregnant | ☐ | |
| Seriously ill | ☐ | |
| Hospitalized | ☐ | |
| Under severe stress | ☐ | |
| Undergoing treatment for any other medical condition | ☐ | |

5. When did you FIRST discuss with or see a healthcare provider about your hair loss? _____

6. Have you started any special diets at any time before or during the hair loss? Yes ☐ No ☐ Describe:_____

21

Hair Loss History

| Question | No | Yes | Name of Healthcare Provider |
|---|---|---|---|
| Have you had a biopsy of your scalp to evaluate your hair loss problem? | ☐ | ☐ | |
| Have you had blood tests done to evaluate your hair loss problem? | ☐ | ☐ | |
| Have your hormones ever been checked to evaluate your hair loss problem? | ☐ | ☐ | |
| Have you ever been told by a doctor that you have a thyroid condition? | ☐ | ☐ | |
| Have you ever been treated with thyroid hormone? | ☐ | ☐ | |
| Have you ever been told by a doctor that you have a low iron level? | ☐ | ☐ | |

7. Have you ever been on endocrine or hormonal therapy, either before or after chemotherapy with Taxotere® or Docetaxel? Yes ☐ No☐

8. If yes, please identify:

| Treating Physician | Dates of Treatment | Treatment |
|---|---|---|
| | | |
| | | |
| | | |

9. Do you have any autoimmune diseases? Yes ☐ No☐

10. If yes, check the following which describes you:

| Autoimmune Disease | Yes |
|---|---|
| Lupus | ☐ |
| Rheumatoid arthritis | ☐ |
| Celiac disease | ☐ |
| Type 1 diabetes | ☐ |
| Sjogrens disease | ☐ |
| Vitiligo | ☐ |
| Hashimoto's | ☐ |
| Other:_____ | ☐ |

11. Were you taking any medications when your hair loss began? Yes ☐ No☐

22

| Medication |
|---|
| |
| |
| |

Hair Care

12. How often do you wash/shampoo your hair? Every _____ days

13. Check any of the following that apply to you currently or that have in the past:

| Hair Treatment | Yes | Period of Time | Frequency |
|---|---|---|---|
| Hair chemically processed or straightened (relaxers, keratin, Brazilian blowout, Japanese straightening, other) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair heat processed or straightened (blow drying/ flat ironing, curling) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair dyed | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Hair highlighted | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Braids | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Weaves | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |

| | | | |
|---|---|---|---|
| Tight hairstyles (ponytails) | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Extensions | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |
| Other:_____ | ☐ | | ☐ Never<br>☐ Once a week<br>☐ 2-3 times a week<br>☐ Once a month<br>☐ Once every 1-2 months<br>☐ A few times a year |

14. Have you ever used the following?

| Hair Treatment | Yes |
|---|---|
| WEN Cleansing Conditioners | ☐ |
| Unilever Suave Professionals Keratin Infusion | ☐ |
| L'Oréal Chemical Relaxer | ☐ |

15. Has your hair care regimen been different in the past? Yes ☐  No☐

    a)  If yes, describe:_____

Hair Loss Treatment

16. Did you use any other methods to prevent hair loss during chemotherapy?

| Hair Treatment | Yes |
|---|---|
| Folic Acid supplementation | ☐ |
| Minoxidil | ☐ |
| Other:_____ | ☐ |

17. Did you wear a cool cap during chemotherapy treatment? Yes ☐ No☐

18. If yes, which cooling cap did you wear: _____

25

19. Have you used any over-the-counter medications, supplements, or cosmetic aides for your hair loss? Yes ☐ No☐

20. If yes, please state the following:

| Treatment | When was it tried? | How long did you try it? | Did it help? |
|-----------|--------------------|--------------------------|--------------|
|           |                    |                          | ☐ Yes<br>☐ No |
|           |                    |                          | ☐ Yes<br>☐ No |
|           |                    |                          | ☐ Yes<br>☐ No |

21. Has anything helped your hair loss? Yes ☐ No☐

22. If yes, please specify:

| Type of Product | Dates of Use | Place of Purchase | Results of Use |
|-----------------|--------------|-------------------|----------------|
|                 |              |                   |                |
|                 |              |                   |                |
|                 |              |                   |                |

23. As of the date you verify your PFS, how long have you had alopecia or incomplete hair re-growth?_____

24. Has any hair regrowth occurred? Yes ☐ No☐

25. Have you ever worn a wig to conceal your hair loss? Yes ☐ No☐

26. Specify:

| Dates Used | Period of Use | Place Purchased | Cost of Item |
|------------|---------------|-----------------|--------------|
|            |               |                 |              |
|            |               |                 |              |
|            |               |                 |              |

## VIII.   RECORD HOLDER IDENTIFICATION

Healthcare Providers:

26

1. Identify each physician, doctor, or other healthcare provider who has provided treatment to you for any reason in the past eight (8) years and the reason for consulting the healthcare provider or mental healthcare provider.

**YOU MUST INCLUDE YOUR ONCOLOGIST, RADIOLOGIST, DERMATOLOGIST, DERMATOLOGIST-PATHOLOGIST, HAIR LOSS SPECIALIST, GYNECOLOGIST, OBSTETRICIAN, AND PRIMARY CARE PHYSICIAN, ALONG WITH ANY OTHER HEALTHCARE PROVIDERS IDENTIFIED ABOVE**

| Name | Area or Specialty | Address | Dates | Reason for Consultation |
|------|-------------------|---------|-------|-------------------------|
|      |                   |         |       |                         |
|      |                   |         |       |                         |
|      |                   |         |       |                         |

Hospitals, Clinics, and Other Facilities:

2. Identify each hospital, clinic, surgery center, physical therapy or rehabilitation center, or other healthcare facility where you have received inpatient or outpatient treatment (including emergency room treatment) in the past eight (8) years:

**YOU MUST INCLUDE THE LOCATIONS FOR SURGERIES, RADIOLOGY, IMAGING, BIOPSIES, CHEMOTHERAPY, CHILD BIRTHS, GYNECOLOGIC PROCEDURES OR TREATMENT, ALONG WITH ANY OTHER HEALTHCARE FACILITIES**

| Name | Address | Dates | Reason for Treatment |
|------|---------|-------|----------------------|
|      |         |       |                      |
|      |         |       |                      |
|      |         |       |                      |

Laboratories:

3. Identify each laboratory at which you had tests run in the past ten (10) years:

| Name | Address | Dates | Test | Reason for Tests |
|------|---------|-------|------|------------------|
|      |         |       |      |                  |
|      |         |       |      |                  |
|      |         |       |      |                  |

Pharmacies:

4. To the best of your recollection, Identify each pharmacy, drugstore, and/or other supplier (including mail order) where you have had prescriptions filled or from

27

which you have ever received any prescription medication within three (3) years prior to and three (3) years after your first treatment with Taxotere:

| Name | Address | Dates | Medications |
|------|---------|-------|-------------|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Retailers:

5.   Identify each pharmacy, drugstore, and/or other retailer (including mail order) where you have purchased over-the-counter medications, or hair products in the past ten (10) years:

| Name | Address | Dates | Purchases |
|------|---------|-------|-----------|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Insurance Carriers:

6.   Identify each health insurance carrier which provided you with medical coverage and/or pharmacy benefits for the last ten (10) years:

| Carrier | Address | Name of Insured & SSN | Policy Number | Dates of Coverage |
|---------|---------|-----------------------|---------------|-------------------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## IX. DOCUMENT REQUESTS AND AUTHORIZATIONS

*Please state which of the following documents you have in your possession. If you do not have the following documents but know they exist in the possession of others, state who has possession of the documents: Produce all documents in your possession (including writings on paper or in electronic form) and signed authorizations and attach a copy of them to this PFS.*

Requests

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---------------------|-----|-----|-------------------------------|
| Documents you reviewed to prepare your answers to this Plaintiff Fact Sheet. *Your attorney may withhold some documents on claims of attorney-client privilege or work product protection and, if so, provide a privilege log* | ☐ | ☐ |  |

28

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|:---:|:---:|---|
| Medical records or other documents related to the use of Taxotere® or Docetaxel at any time for the past twelve (12) years. | ☐ | ☐ | |
| Medical records or other documents related to your treatment for any disease, condition or symptom referenced above for any time in the past twelve (12) years. | ☐ | ☐ | |
| Laboratory reports and results of blood tests performed on you related to your hair loss. | ☐ | ☐ | |
| Pathology reports and results of biopsies performed on you related to your hair loss. *Plaintiffs or their counsel must maintain the slides and/or specimens requested in this subpart, or send a preservation notice, copying Defendants, to the healthcare facility where these items are maintained.* | ☐ | ☐ | |
| Documents reflecting your use of any prescription drug or medication at any time within the past eight (8) years. | ☐ | ☐ | |
| Documents identifying all chemotherapy agents that you have taken. | ☐ | ☐ | |
| Documents for any workers' compensation, social security or other disability proceeding at any time within the last five (5) years. | ☐ | ☐ | |
| Instructions, product warnings, package inserts, handouts or other materials that you were provided or obtained in connection with your use of Taxotere®. | ☐ | ☐ | |
| Advertisements or promotions for Taxotere®. | ☐ | ☐ | |
| Articles discussing Taxotere®. | ☐ | ☐ | |
| Any packaging, container, box, or label for Taxotere® or Docetaxel that you were provided or obtained in connection with your use of Taxotere®. *Plaintiffs or their counsel must maintain the originals of these items.* | ☐ | ☐ | |
| Documents which mention Taxotere® or Docetaxel or any alleged health risks related to Taxotere®. *Your attorney may withhold some legal documents, documents provided by your attorney, or documents obtained or created for the purpose of seeking legal advice or assistance on claims of attorney-client privilege or work product protection and, if so, provide a privilege log.* | ☐ | ☐ | |
| Documents obtained directly or indirectly from any of the Defendants. | ☐ | ☐ | |

29

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Communications or correspondence between you and any representative of the Defendants. | ☐ | ☐ | |
| Photographs, drawing, slides, videos, recordings, DVDs, or any other media that show your alleged injury or its effect in your life. | ☐ | ☐ | |
| Journals or diaries related to the use of Taxotere® or Docetaxel or your treatment for any disease, condition or symptom referenced above at any time for the past twelve (12) years. | ☐ | ☐ | |
| Social media or internet posts to or through any site (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Taxotere® or Docetaxel or any of your claims in this lawsuit. | ☐ | ☐ | |
| If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or Docetaxel, and every year thereafter or W-2s for each of the five (5) years preceding the injury you allege to be caused by Taxotere® or Docetaxel, and every year thereafter. | ☐ | ☐ | |
| If you claim any medical expenses, bills from any physician, hospital, pharmacy or other healthcare providers. | ☐ | ☐ | |
| Records of any other expenses allegedly incurred as a result of your alleged injury. | ☐ | ☐ | |
| If you are suing in a representative capacity, letters testamentary or letters of administration. | ☐ | ☐ | |
| If you are suing in a representative capacity on behalf of a deceased person, decedent's death certificate and/or autopsy report. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **before** treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **during** treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **six months after conclusion** of treatment with Taxotere® or Docetaxel. | ☐ | ☐ | |
| Photographs of you that are representative of your hair composition **in present day.** | ☐ | ☐ | |

30

| Type of Document(s) | Yes | No | If No, who has the document(s)? |
|---|---|---|---|
| Signed authorizations for medical records related to any cancer treatment identified herein and all pharmacy records from three (3) years before and three (3) years after your first treatment with Taxotere in the forms attached hereto. | ☐ | ☐ | |

## X.  DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in connection with this Plaintiff Profile Form is true and correct to the best of my knowledge information and belief at the present time.

_____          _____

Signature                                                      Date

## XI. AUTHORIZATIONS

See next page for Authorizations.

**LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION**
**Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03**
**(Excluding Psychiatric, Psychological, and Mental Health Treatment Notes/Records)**

TO:
Patient Name:
DOB:
SSN:

      I, _____ , hereby authorize you to release and furnish to: Shook Hardy & Bacon LLP, Keogh Cox & Wilson Ltd., Ulmer & Berne LLP, Greenberg Traurig LLP, Wheeler Trigg O'Donnell LLP, Adams and Reese LLP, Chaffe McCall LLP, Quinn Emanuel Urquhart & Sullivan LLP, Morrison & Foerster LLP, Leake & Anderson LLP, Hinshaw & Culbertson LLP, Kirkland & Ellis LLP and/or their duly assigned agents, copies of the following records and/or information **from the time period of twelve (12) years prior to the date on which the authorization is signed**:

* All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians. Said medical records shall include all information regarding AIDS and HIV status.
* All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and  cardiac catheterization reports.
* All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
* All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
* All billing records including all statements, itemized bills, and insurance records.
**\*\*Notwithstanding the broad scope of the above disclosure requests, the undersigned does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis as such terms are defined by HIPAA, 45 CFR §164.501.**

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV).

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5. A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name:_____ (plaintiff/representative)


Signature: _____ Date

**LIMITED AUTHORIZATION TO DISCLOSE EMPLOYMENT
RECORDS AND INFORMATION (HIPAA COMPLIANT
AUTHORIZATION FORM PURSUANT TO 45 CFR 164.508)**

TO: _____

Name of Employer

_____

Address, City State and Zip Code

RE:     Employee Name: _____ AKA: _____

Date of Birth: _____ Social Security Number: _____

Address: _____

I authorize the <u>limited</u> disclosure of my employment records including medical information protected by HIPAA, 45 CFR 164.508, for the purpose of review and evaluation in connection with a legal claim.

**This authorization only authorizes release of records and/or information from the time period of seven (7)** years **prior to the date on which this authorization is signed.** I expressly request that all entities identified above disclose full and complete records from the time period of seven (7) years prior to the date on which this authorization is signed, including the following:

This will authorize you to furnish copies of all applications for employment; resumes; records of all positions held; job descriptions of positions held; wage and income statements and/or compensation records; wage increases and decreases; evaluations, reviews and job performance summaries; W-2s; employee health files, and correspondence and memoranda regarding the undersigned.

I authorize you to release the information to:

_____

Name (Records Requestor)

_____

Street Address                                City                        State and Zip Code

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the Records Requestor at that time.

I acknowledge the right to revoke this authorization by writing to you at the above referenced address. However, / understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein.

_____

Signature of Employee or Personal Representative        Date        Name of Employee or Personal Representative

_____

Description of Personal Representative's Authority to Sign for Employee (attach documents that show authority)

7977065 v3

### LIMITED AUTHORIZATION FOR
### RELEASE OF WORKERS'
### COMPENSATION RECORDS

To: _____

          N a m e

         _____

          A d d r e s s

         _____

         City, State and Zip Code

This will authorize you to furnish copies of any and all workers' compensation records of any sort **for any workers' compensation claims filed within the last ten (10) years**, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

        _____

          *Name of Claimant*

whose date of birth is _____ and whose social security number is _____

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____

**Name of Representative**

Records Requestor
_____
**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

7977065 v3

      This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____

                                        _____
                                        Claimant Signature
                                        *[NAME]*

Date: _____

                                          _____
                                        Witness Signature

## LIMITED AUTHORIZATION FOR RELEASE OF
## DISABILITY CLAIMS RECORDS

T o :    _____

Name

_____

Address

_____

City, State and Zip Code

This will authorize you to furnish copies of any and all records of disability claims of any sort **for any disability claim(s) filed within the last ten (10) years**, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____

*Name of Claimant*

whose date of birth is _____ and whose social security number is _____

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____

**Name of Representative**

Records Requestor_____

**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

7977065 v3

This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

Date: _____          _____
                                        Claimant Signature
                                        *[NAME]*


Date: _____          _____
                                        Witness Signature

**FOR RELEASE OF
<u>HEALTH INSURANCE RECORDS</u>**

T o :   _____
Name

_____
Address

_____
City, State and Zip Code

This will authorize you to furnish copies of any and all insurance claims applications and benefits, and all medical, health, hospital, physicians, nursing or allied health professional reports, records or notes, invoices and bills, in your possession that pertain to the named insured identified below. **This authorization only authorizes release of Health Insurance records and/or information from the time period of ten (10) years prior to the date on which this authorization is signed.**

_____
*Name of Claimant*

whose date of birth is _____and whose social security number is _____

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____
**Name of Representative**

Records Requestor
_____
**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____
**Street Address**

_____
**City, State and Zip Code**

This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization is not valid unless the record requestor named above has executed the acknowledgement at the bottom of this authorization.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____

_____
Claimant Signature
*[NAME]*

Date: _____

_____
Witness Signature

**LIMITED AUTHORIZATION TO DISCLOSE PSYCHIATRIC,
PSYCHOLOGICAL AND/OR MENTAL HEALTH TREATMENT NOTES/RECORDS**
(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

TO:
Patient Name:
DOB:
SSN:

I, _____ , hereby authorize you to release and furnish to: Shook Hardy & Bacon LLP, Keogh Cox & Wilson Ltd., Ulmer & Berne LLP, Greenberg Traurig LLP, Wheeler Trigg O'Donnell LLP, Adams and Reese LLP, Chaffe McCall LLP, Quinn Emanuel Urquhart & Sullivan LLP, Morrison & Foerster LLP, Leake & Anderson LLP, Hinshaw & Culbertson LLP, Kirkland & Ellis LLP and/or their duly assigned agents, copies of the following records and/or information **from the time period of ten (10) years prior to the date on which the authorization is signed:**

- All "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversations during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize ex parte communication concerning same.

1.   To my medical and/or mental health provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, mental health history, care, treatment, diagnosis, prognosis, information revealed by or in the medical or mental health records, or any other matter bearing on his or her medical, psychological, or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, mental health history, care, treatment, diagnosis, prognosis, information revealed by or in the medical or mental health records, or any other matter bearing on my medical, psychological, or physical condition at a deposition or trial.**

2.   I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3.   I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4.   I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5.   A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____ Date _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  TAXOTERE (DOCETAXEL)** **PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2740** **SECTION "N" (5)** |
| **THIS DOCUMENT RELATES TO:** **ALL CASES** | **HON. KURT D. ENGELHARDT** |

## DEFENDANT FACT SHEET – PRODUCT IDENTIFICATION

Within seventy-five (75) days of receiving a substantially completed Plaintiff Fact Sheet ("PFS"), Defendants Sanofi S.A., Aventis Pharma S.A., and Sanofi-Aventis U.S., LLC, and Winthrop US (collectively referred to as "Defendants") must complete and serve this Defendant Fact Sheet ("DFS") and identify or provide DOCUMENTS and/or data responsive to the questions set forth below for each such Plaintiff.   Defendants must supplement their responses to the extent that additional information is provided by Plaintiff in a supplemental PFS, within sixty (60) days of receiving the supplemental information.  In the event the DFS does not provide YOU with enough space to complete YOUR responses or answers, please attach additional sheets if necessary.  Please identify any DOCUMENTS that YOU are producing as responsive to a question or request by bates number.

## DEFINITIONS & INSTRUCTIONS

As used herein, "YOU," "YOUR," or "YOURS" means the responding DEFENDANTS.

"DEFENDANTS" shall mean and refer to those companies involved in the development, manufacture and distribution of the drugs known as Taxotere (Docetaxel) including Sanofi S.A., Aventis Pharma S.A., Sanofi-Aventis U.S., LLC, and Winthrop US shall each answer each document request and question that not only calls for YOUR knowledge, but also for all knowledge that is available to YOU by reasonable inquiry, including inquiry of YOUR "officers," "directors," "agents," "employees," and attorneys.

As used herein, the phrase "HEALTHCARE PROVIDER" means: any physician or other individual healthcare provider, health care facility, clinic, hospital or hospital pharmacy identified by full name and address in PFS Section Sections V.13 and V.14 who administered, prescribed, and/or dispensed Taxotere (Docetaxel) to the Plaintiff.

"REMUNERATION" means anything of value, directly or indirectly, overtly or covertly, in cash or in kind, including but not limited to monetary payment, compensation, incentives, preceptorship fees, gifts, entertainment, sports and/or concert tickets, speaker fees, grants, SAMPLES, reimbursement assistance, beneficiary inducements, wellness programs, patience assistance

1

Exhibit "B"

programs, transportation and/or lodging assistance, adherence to treatment regimen programs, incentives or inducements to remain in network, navigator/care coordination programs, end of life and/or palliative care programs, third party payments of premiums, or any other inducements or programs.

As used herein, the term "DOCUMENT" shall, consistent with Federal Rule of Civil Procedure 34(a)(1)(A), refer to any "designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium form which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

If YOU are aware that any DOCUMENT that was, or might have been, responsive to any sections of this DFS which concern or relate to Plaintiff or Plaintiff's Named Facilities was destroyed, erased, surrendered or otherwise removed from YOUR possession, custody or control, at any time, provide, to the maximum extent possible, the following information: (a) the nature of the DOCUMENT (e.g., letter, memorandum, contract, etc.,) and a description of its subject matter; (b) the author or sender of the DOCUMENT; (c) the recipient(s) of the DOCUMENT; (d) the date that the DOCUMENT was authored, sent and received; (e) the circumstances surrounding the removal of the DOCUMENT from YOUR custody, possession or control; and (f) the identity of the person(s) having knowledge of such removal from YOUR custody, possession or control.

As used herein, "KEY OPINION LEADER" or "THOUGHT LEADER" shall mean and refer to physicians, often academic researchers, who are believed by DEFENDANTS to be effective at transmitting messages to their peers and others in the medical community. This term shall mean and refer to any doctors or medical professionals hired by, consulted with, or retained by DEFENDANTS to, amongst other things, consult, give lectures, respond to media inquiries, conduct clinical trials, write articles or abstracts, sign their names as authors to articles or abstracts written by others, sit on advisory boards and make presentations on their behalf at regulatory meetings or hearings.

The phrase "SAMPLES" refers to any medication or unit of a prescription drug not intended to be sold, which is given to promote the drug's sales.  This includes any vouchers or coupons that provide for the HEALTHCARE PROVIDERS or patients access to the medication for a specified period of time.

"PATIENT ASSISTANCE PROGRAM" means programs created by drug companies, such as Sanofi, to offer free or low cost drugs to individuals who are unable to pay for their medication. These Programs may also be called indigent drug programs, charitable drug programs or medication assistance programs.

The phrase "SALES REPRESENTATIVE" means any person presently or formerly engaged or employed by YOU whose job duties include calling on physicians or other health care professionals, healthcare facilities, hospitals, and/or physician practice groups; promoting drugs manufactured or licensed by YOU to physicians or other HEALTH CARE PROVIDERS; distributing drug SAMPLES to physicians or other HEALTH CARE PROVIDERS. "SALES REPRESENTATIVE" also includes those who occupy positions titled "Professional Sales Representative," "Sales Professional," "Specialty Sales Representative," "Senior Sales

Representative," "Senior Health Care Representative," "Professional Representative," "Health Care Representative," "Institutional" or "Managed Care" sales representative, "Oncology Sales Representative," "Medical Service Representative," and "Medical Sales Representative" or any other titles used by Defendants and any of its divisions SALES REPRESENTATIVE also includes any contract employees or SALES REPRESENTATIVES from other companies involved in the promotion or co-promotion of Taxotere (Docetaxel) .

The phrase "SALES MANAGER" means any person presently or formerly engaged or employed by YOU whose job duties include managing SALES REPRESENTATIVES and/or the promotion or marketing of pharmaceutical products in a specific geographic region. "SALES MANAGER" includes those who occupy positions titled "District Sales Manager," "Senior Regional Sales Manager," "Regional Sales Manager," "Area Business Manager", "Business Manager," or any other titles YOU use or have used in the past for managers involved in the promotion or marketing of Taxotere (Docetaxel).

The phrase "MEDICAL SCIENCE LIAISON(S)" means any person presently or formerly engaged or employed by YOU for the purpose of sales support and direct field communication with physicians or other HEALTH CARE PROVIDERS about medical and science information related to Taxotere (Docetaxel), and opinion leader management.  This includes employees with the titles of "Medical Science Liaison (MSL)," "Clinical Education Consultant (CEC)" or any other titles YOU use or have used in the past for these employees.

The phrase "MARKETING ORGANIZATION REPRESENTATIVE," means any person presently or formerly engaged or employed by YOU for the purpose of generating interest in Taxotere (Docetaxel) by creating and implementing a marketing campaign(s) to reach physicians or other HEALTHCARE PROVIDERS. This includes employees with the title of "Marketing Representative" or any other titles YOU use or have used in the past for these employees.

The phrase "CALL NOTES" means any and all writings, notations, electronically stored information, memoranda, DOCUMENTS, emails, database entries and reports or records, internal communications and any other information reflecting any contact with HEALTHCARE PROVIDERS, and/or information about or referring to HEALTHCARE PROVIDERS related to Taxotere (Docetaxel), oncology, or the treatment of cancer and chemotherapy.

The phrase "TARGETING INFORMATION" means any information the company uses to identify a particular person, group of people, type of health care provider or demographic within a larger audience regarding the promotion of Taxotere (Docetaxel).  This includes documentation, including electronically stored information, designating particular campaigns, PROMOTIONAL MATERIAL and/or other promotional efforts directed toward particular types or specialties of healthcare providers (e.g., oncologists) and/or specifically identified healthcare providers.


I.      CASE INFORMATION

3

This DFS pertains to the following case:

Case caption:_____

Civil Action No._____

Court in which action was originally filed:_____

Date this DFS was completed:_____

## II.     SALE OF TAXOTERE (DOCETAXEL) TO DISPENSER (HOSPITAL/PHARMACY) DIRECTLY AND/OR THROUGH GROUP PURCHASING ORGANIZATIONS

A.     Did YOU sell, distribute, deliver or otherwise provide Taxotere (Docetaxel) to, any HEALTHCARE PROVIDER, either directly or pursuant to a Group Purchasing Organization ("GPO"), identified by the Plaintiff in Sections V.13 and V.14 of the PFS, during the time period of twenty-four (24) months preceding Plaintiff's first administration of Taxotere through the Plaintiff's last administration of Taxotere (Docetaxel)?

Yes_____      No_____

B.     If YOUR answer is "Yes" to Question A. above, please provide a list of all deliveries or shipments of Taxotere (Docetaxel) sold, distributed or otherwise provided to each of the HEALTHCARE PROVIDERS, as identified by the Plaintiff in Sections V.13 and V.14 of the PFS, for the time period spanning from twenty-four (24) months prior to Plaintiff's first administration of Taxotere (Docetaxel) through Plaintiff's last administration of Taxotere (Docetaxel).  Please include the name of each HEALTHCARE PROVIDER, the date of shipment/distribution of Taxotere (Docetaxel), and the amount of Taxotere (Docetaxel) distributed on said date.

| Name of Healthcare Provider | Date of Shipment Distribution | Amount of Taxotere Distributed |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

C.     Please provide all DOCUMENTS reflecting sale or purchase agreements regarding Taxotere (Docetaxel) between DEFENDANTS and the HEALTHCARE PROVIDERS identified by Plaintiff in Section Sections V.13 and V.14 of the PFS in effect during the time period spanning from twenty-four (24) months prior to Plaintiff's first administration of Taxotere (Docetaxel) through Plaintiff's last administration of Taxotere (Docetaxel).

4

D.    Please provide all DOCUMENTS, including product labels, patient information packets, order forms, purchase orders, billing records, invoices, and other DOCUMENTS related to the shipments of Taxotere (Docetaxel) shipped to the HEALTHCARE PROVIDERS identified by Plaintiff in Sections V.13 and V.14 of the PFS for the time period spanning from twenty-four (24) months prior to Plaintiff's first administration of Taxotere (Docetaxel) through to Plaintiff's last administration of Taxotere (Docetaxel), and associate each label with the code numbers to which they are applicable.  With regard to product labels, identification of the labels that applied to applicable lot numbers or dates is acceptable.

## III.    COMMUNICATIONS AND CONTACTS WITH PLAINTIFF'S HEALTHCARE PROVIDERS

A.    For each HEALTHCARE PROVIDER identified in Sections V.13 and V.14 of the PFS:

1. Identify by name all of Defendants' SALES REPRESENTATIVES, MARKETING ORGANIZATIONS REPRESENTATIVES, MEDICAL SCIENCE LIAISONS, and/or any other detail persons ("Representative") who came in contact with any of Plaintiff's HEALTHCARE PROVIDER(S) in connection with Taxotere (Docetaxel) during the timeframe for which such records are available, namely 1996 to present.

| Name of Representative | Title |
|---|---|
|  |  |
|  |  |
|  |  |

2.   Identify the time period, and specifically the dates, during which the Representative had any such contact with the HEALTHCARE PROVIDER.

| Name of Representative | Healthcare Provider | Dates of Contact |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

3.   If the Representative is no longer an employee, Defendants will provide the dates of employment for the employee and will also provide the last known address, telephone number, and email address for the Representative.

| Name of Representative | Dates of Employment | Last Known Address | Telephone Number | Email Address |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

4. For each Representative, provide the names of the Representative's Supervising/District SALES MANAGER.  If the Representative's Supervising District SALES MANAGER is no longer an employee, Defendants will provide the dates of employment for the employee and will also provide the last known address, telephone number, and email address for the former employee.

| Supervising/District SALES MANAGER | Current or Former Employee | Dates of Employment | Last Known Address | Telephone Number | Email Address |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

B. For each Defendants' Sale Representatives, MARKETING ORGANIZATION REPRESENTATIVES, MEDICAL SCIENCE LIAISONS, and/or any other detail persons ("Representative"), previously identified in Section III.A of this DFS please produce the following:

1. His/her complete CALL NOTES for each such contact that relates to (a) Taxotere (Docetaxel); and/or (b) hair loss; and/or (c) permanent hair loss and/or alopecia.

2. Produce all emails or other written correspondence with the HEALTHCARE PROVIDER(S) that relates to (a) Taxotere (Docetaxel); and/or (b) hair loss; and/or (c) permanent hair loss and/or alopecia.

3. Produce any and all TARGETING INFORMATION related to the HEALTHCARE PROVIDER(S) identified by Plaintiff in Sections V.13 and V.14 of the PFS.

C. For the HEALTHCARE PROVIDERS identified by Plaintiff in Sections V.13 and V.14 of the PFS, please provide the following information related to SAMPLES of Taxotere (Docetaxel):

1. The date(s) on which such SAMPLES of Taxotere (Docetaxel) were provided;

2. The date(s) on which the Taxotere (Docetaxel) was provided through a PATIENT ASSISTANCE PROGRAM;

3. The amount, dosage, and lot numbers of such SAMPLES and/or Taxotere (Docetaxel) provided through a PATIENT ASSISTANCE PROGRAM;

4. The name(s) of the DEFENDANT representative(s) and/or department who provided such SAMPLES Taxotere (Docetaxel);

5. The name(s) of the DEFENDANT representative(s) and/or department who provided Taxotere (Docetaxel) through a PATIENT ASSISTANCE PROGRAM.

6

| HEALTHCARE PROVIDER | Date(s) Shipped and/or Provided | Amount and Dosage | Lot Number | Representative Who Provided |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## IV.    CONSULTING WITH PLAINTIFF'S HEALTHCARE PROVIDER

For each HEALTHCARE PROVIDER identified in Plaintiff's PFS, please answer the following:

A.    If the HEALTHCARE PROVIDER has been consulted, retained, or compensated by Defendants as a "KEY OPINION LEADER," "THOUGHT LEADER," member of a "speaker's bureau," "clinical investigator," "consultant," advisory board member or in a similar capacity or otherwise has or had a financial relationship with or has been provided REMUNERATION by DEFENDANTS, please state the following for each:

1.    Identify the HEALTHCARE PROVIDER.

2.    Identify the date(s) that the HEALTHCARE PROVIDER was consulted, retained, or compensated.

3.    State the nature of the affiliation.

4.    State the type amount of REMUNERATION provided to the HEALTHCARE PROVIDER.

| HEALTHCARE PROVIDER | Date(s) Consulted, Retained, or Compensated | Nature of Affiliation | REMUNERATION |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

5.    Please identify and produce any and all consulting agreements/contracts and/or retainer agreements/contracts entered into by DEFENDANTS with the HEALTHCARE PROVIDERS identified in Sections V.13 and V.14 of the PFS.

## V.    PLAINTIFF'S HEALTHCARE PROVIDER'S PRACTICES

A.    Provide all chemotherapy related prescriber-level data designed to track prescribing or treating practices that YOU obtained on Plaintiff's HEALTHCARE PROVIDERS identified in Sections V.13 and V.14 of the PFS.

B.    Was the HEALTHCARE PROVIDER(S) identified in Sections V.13 and V.14 of the PFS involved in any clinical trial sponsored by DEFENDANTS related to the treatment of cancer?

_____Yes _____ No

If yes, provide the final Investigator Protocol related to any such trial(s).

 C.  Did the Plaintiff's HEALTHCARE PROVIDER ever report any adverse events to DEFENDANTS as they pertain to Taxotere (Docetaxel)?

_____    Yes    _____    No

If yes, provide all DOCUMENTS related to the adverse event report/MedWatch form.

## **CERTIFICATION**

I am employed by _____, one of the DEFENDANTS in this litigation.   I am authorized by _____ [name of other DEFENDANTS] to execute this certification on each corporation's behalf.  The foregoing answers were prepared with the assistance of a number of individual, including counsel for DEFENDANTS, upon whose advice and information I relied.  I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Defendant Fact Sheet is true and correct to the best of my knowledge and that I have supplied all requested DOCUMENTS to the extent that such DOCUMENTS are in my possession, custody and control (including the custody and control of my lawyers).

_____       _____       _____
Signature                    Print Name                   Date

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION
                                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 39**
**[Streamlined Service on Sun Pharma Global, Inc.]**

## I.      SCOPE OF THE ORDER

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel

on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to

Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this

Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S.

citizen or resident based on usage or purchase of docetaxel in the United States.

## II.     STAY OF SERVICE OF PROCESS FOR SUN PHARMA GLOBAL INC.

All applicable limitations in Fed. R. Civ. P. 4(m) are stayed as of the date of this Order,

such that plaintiffs need not serve Sun Pharma Global Inc. until further order of the Court after a

meet and confer of the parties. Such stay shall not exceed ninety (90) days from the date of this

Order and may be lifted pursuant to an earlier motion to lift the stay by either party or by order of

the Court. Such extension shall not waive any rights, obligations, or defenses of the parties.

Further, Sun Pharma Global Inc. shall not move to dismiss a complaint under Fed. R. Civ. P. 4(m)

as to Sun Pharma Global Inc. until further order of the Court after a meet and confer of the parties.

Upon lifting of the stay, Plaintiffs shall serve Sun Pharma Global Inc. pursuant to the Streamlined Service of Process set forth below.

## III.     STREAMLINED SERVICE OF PROCESS FOR SUN PHARMA GLOBAL INC.

A.     Sun Pharma Global Inc. agrees to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of docetaxel cases that are properly commenced in, removed to, or transferred to this MDL. By waiving formal service of process, Sun Pharma Global Inc. does not waive any defenses available to it.

B.     These procedures for informal service of process are not available in cases in which the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking remand, all deadlines set forth in this Order run from the date on which remand is denied.

C.     Plaintiffs whose Complaints are not subject to Paragraph B above, who have not already served Sun Pharma Global Inc., and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL and the above stay has been lifted to serve the Complaint with a Summons. If the stay is still in place, Plaintiffs whose cases already have been docketed in this MDL shall have sixty (60) days from the lift of the stay to serve the Complaint with a Summons. The Complaint and a Summons shall be served by electronic mail ("email") to the following address: docetaxel@hinshawlaw.com. Each email sent to this address shall only contain one Complaint and Summons, and the subject line of each email shall state the plaintiff's first and last name as well as the originating court. The body of each email must also include contact information for counsel of record.

D.     Plaintiffs should receive an automatic reply from the mailbox address when a complaint is served. If no such reply is received within twenty-four (24) hours, Plaintiffs should

re-serve it pursuant to the terms of this Order. Upon successful e-mail service, the date of the initial

effort to serve the Complaint via email shall be deemed the date of service.

      E.     Service will be effective only if addressed as above. General mailing or use of other

methods of transmission, including but not limited to Federal Express or email to an alternate

address, will not be sufficient to effect service.  In accordance with Pretrial Order No. 1, Sun

Pharma Global Inc. is not required to respond to effectively served Complaints until a date to be

set by the Court. Sun Pharma Global Inc. agrees to provide thirty (30) days written notice before

moving to dismiss for a technical defect in the service process described in this section. Failure to

serve a Complaint within the time periods set forth above will be subject to the standards governing

Fed. R. Civ. P. 4(m). Other than those based on formal service of process, Sun Pharma Global Inc.

reserves all other rights and defenses available to it under federal or state law and under applicable

treaties and conventions.

      F.     For cases in which plaintiffs have served Sun Pharma Global Inc., any applicable

limitations in Fed. R. Civ. P. 4(m) are extended such that plaintiffs need not serve any other Sun

Pharma Global Inc. entities until further order of the Court after a meet and confer of the parties.

Such extension shall not waive any rights, obligations, or defenses of the parties. Further, Sun

Pharma Global Inc. shall not move to dismiss a complaint under Fed. R. Civ. P. 4(m) as to an

unserved Sun Pharma Global Inc. entity until further order of the Court after a meet and confer of

the parties.

      New Orleans, Louisiana, this 11th day of April, 2017.

                                   **KURT D. ENGELHARDT**
                                   **UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                 MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION

                                              SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 40
### [Streamlined Service on Hospira Worldwide, LLC and Pfizer Inc.]

## I.    SCOPE OF THE ORDER

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court.  The Order only applies to claims brought by a U.S. citizen or resident based on usage or purchase of docetaxel in the United States.

## II.    STREAMLINED SERVICE OF PROCESS FOR HOSPIRA WORLDWIDE, LLC AND PFIZER INC.

A.    For forty-five (45) days following the date of this Order, Defendants Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc. (together, "Defendants") agree to accept and return waivers of service of summons for docetaxel cases that are properly commenced in, removed to, or transferred to this MDL.  This agreement is contingent upon service being handled in accordance with the procedures outlined in Rule 4(d) of the Federal Rules of Civil Procedure and below.  By agreeing to waive service, Defendants do not waive any defenses available to them.

For the time period within forty-five (45) days of this Order, Defendants provide the following addresses to which Rule 4(d) requests for waiver should be sent via certified mail:

**<u>Pfizer Inc.</u>**

Pfizer Inc.
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

**<u>Hospira Worldwide, LLC</u>**

Hospira Worldwide, LLC
CT Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604

B.        However,   **IT IS ORDERED** that during this forty-five (45) day period, Defendants Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc. (together, "Defendants") shall update and modify their infrastructure for service of process and case tracking to allow, solely for purposes of this MDL, for a waiver of formal service of process under Federal Rule of Civil Procedure 4 and acceptance of service of docetaxel cases that are properly commenced in, removed to, or transferred to this MDL.  By waiving formal service of process, Defendants do not waive any defenses available to them.

Following forty-five (45) days of this Order, the Complaint and a Summons shall be served by electronic mail ("email") to an email address that shall be set up by Defendants to receive Taxotere MDL complaints and summons. Such email address is to be provided to the Court no later than forty-five (45) days from the date of this Order, so that the Court may publish that email address in a subsequent order. Each email sent to this address shall only contain one Complaint and Summons, and the subject line of each email shall state the plaintiff's first and last name as

well as the originating court. The body of each email must also include contact information for counsel of record.

Plaintiffs should receive an automatic reply from the mailbox address when a complaint is served. If no such reply is received within twenty-four (24) hours, Plaintiffs should re-serve it pursuant to the terms of this Order. Upon successful e-mail service, the date of the initial effort to serve the Complaint via email shall be deemed the date of service.

After forty-five (45) days from the date of this Order, service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service.

C.     These procedures for service are not available in cases in which the plaintiff seeks remand to state court unless and until remand is denied.  For plaintiffs seeking remand, all deadlines set forth in this Order run from the date on which remand is denied.

D.     Plaintiffs whose Complaints or Short Form Complaints are not subject to Paragraph C above, who have not already served Defendants, and whose cases have not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve a Complaint or Short Form Complaint, consistent with Pretrial Order No. 15, with a waiver of service summons.  Plaintiffs whose cases already have been docketed in this MDL shall have sixty (60) days from entry of this Order to serve the Complaint or Short Form Complaint, consistent with Pretrial Order No. 15, with a waiver of service summons.

E.     In accordance with Pretrial Order No. 1, Defendants are not required to respond to effectively served Complaints or Short Form Complaints until a date to be set by the Court. Defendants agree to provide thirty (30) days written notice before moving to dismiss for a technical defect in the service process.  Failure to serve a Short Form Complaint and/or Complaint within

the time periods set forth above will be subject to the standards governing Federal Rule of Civil

Procedure 4(m).  Other than those based on formal service of process, Defendants reserve all other

rights and defenses available to them under federal or state law and under applicable treaties and

conventions.

    New Orleans, Louisiana, this 12th day of April, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**                    **MDL NO. 2740**
        **PRODUCTS LIABILITY**
        **LITIGATION**

**THIS DOCUMENT RELATES TO:**                    **SECTION "N" (5)**
**ALL CASES**

## PRETRIAL ORDER NO. 41

### [Amended Exemplar Short Form Complaint]

THE COURT being fully advised on the matter, hereby **GRANTS** Plaintiffs' Co-Liaison

Counsel's Consent Motion to Amend Exhibit A (Rec. Doc. 318-1) to Pretrial Order No. 37 (Rec.

Doc. 318) to allow for the names of Plaintiff(s) and Defendant(s) to be inserted into the case

caption of the Exemplar Complaint and enters Pretrial Order No. 41.

**IT IS ORDERED** that Exhibit A to Pretrial Order No. 37 (Rec. Doc. 318-1) be and it is

hereby amended so that the names of Plaintiff(s) and Defendant(s) shall be inserted into the

case caption of the Exemplar Complaint (Rec. Doc. 318-1 ).

New Orleans, Louisiana, this <u>17th</u> day of April, 2017.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | **MDL NO. 2740** |
| **PRODUCTS LIABILITY LITIGATION** | : | |
| | : | **SECTION "N"(5)** |
| | : | **JUDGE ENGELHARDT** |
| | : | **MAG. JUDGE NORTH** |
| _____, | : | |
| | : | **COMPLANT & JURY DEMAND** |
| Plaintiff(s), | : | |
| | : | **Civil Action No.: _____** |
| vs. | : | |
| | : | |
| | : | |
| _____, | : | |
| | : | |
| Defendant(s). | : | |
| ------------------------------------------------------- : | | |

## **SHORT FORM COMPLAINT**

Plaintiff(s) incorporate by reference the Master Long Form Complaint and Jury Demand filed in the above-referenced case on March 31, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1.     Plaintiff:

_____

2.     Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

_____

**Exhibit A**

3.      Other type of Plaintiff and capacity (i.e., administrator, executor, guardian,

conservator):

_____

4.      Current State of Residence: _____

5.      State in which Plaintiff(s) allege(s) injury: _____

6.      Defendants (check all Defendants against whom a Complaint is made):

    a.      Taxotere Brand Name Defendants

            ☐   A.      Sanofi S.A.

            ☐   B.      Aventis Pharma S.A.

            ☐   C.      Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

            ☐   D.      Sanofi-Aventis U.S. LLC

    b.      Other Brand Name Drug Sponsors, Manufacturers, Distributors

            ☐   A.      Sandoz, Inc.

            ☐   B.      Accord Healthcare, Inc.

            ☐   C.      McKesson Corporation d/b/a McKesson Packaging

            ☐   D.      Hospira Worldwide Inc.

            ☐   E.      Hospira Inc

            ☐   F.      Sun Pharma Global FZE

            ☐   G.      Sun Pharma Global Inc.

            ☐   H.      Caraco Pharmaceutical Laboratories Ltd.

            ☐   I.      Pfizer Inc.

            ☐   J.      Allergan Finance LLC f/k/a Actavis Inc.

            ☐   K.      Actavis Pharma Inc.

☐   L.     Other:

7.      Basis for Jurisdiction:

        ☐    Diversity of Citizenship

        ☐    Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.      Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

9.      Brand Product(s) used by Plaintiff (check applicable):

        ☐    A.     Taxotere

        ☐    B.     Docefrez

        ☐    C.     Docetaxel Injection

        ☐    D.     Docetaxel Injection Concentrate

        ☐    E.     Unknown

        ☐    F.     Other:

10.     First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

<br><br><br><br>

11.     State in which Product(s) identified in question 9 was/were administered:

<br><br><br><br>

12.     Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

<br><br><br><br>

13.     Counts in Master Complaint brought by Plaintiff(s):

☐   Count I – Strict Products Liability - Failure to Warn
☐   Count II – Strict Products Liability for Misrepresentation
☐   Count III – Negligence
☐   Count IV – Negligent Misrepresentation
☐   Count V – Fraudulent Misrepresentation
☐   Count VI – Fraudulent Concealment
☐   Count VII – Fraud and Deceit
☐   Count VIII – Breach of Express Warranty (Sanofi Defendants only)

☐   Other:  Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

14.     Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION
                                                 SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

<u>**PRETRIAL ORDER NO. 42**</u>
<u>(Responsive Pleadings to Short Form Complaints Reserved)</u>

On April 6, 2017, the Court entered Pretrial Order No. 37 (R. Doc. 318) governing the entry of an exemplar Short Form Complaint and a Master Complaint for the MDL.  Further, Pretrial Order 15 (R. Doc. 230) provides that a Defendant's Master Answer does not waive any applicable defenses and that Defendants may respond to individual complaints, including Short Form Complaints, by way of motions permissible under the Federal Rules of Civil Procedure.  Pretrial Order 15 provides timelines for filing certain claims upon transfer of cases to the MDL or upon filing of the Master Answer.

It is further ordered that a plaintiff's filing of a Short Form Complaint does not trigger any responsive pleading deadline on the part of any Defendant at this time.  All responsive pleading obligations for Defendants shall remain stayed notwithstanding the filing of Short Form Complaints until further Order from the Court.  Defendants' only current responsive pleading obligations pertain to the Master Answer, as outlined in Pretrial Order 15.

To the extent Plaintiffs assert claims in their Short Form Complaint that are different from or in addition to those set forth in the Master Complaint, the parties will meet and confer, and a deadline will be set at a later date for Defendants to file supplemental responsive pleadings, if

1

warranted.  Defendants expressly retain the right to challenge those claims separately at a later date.

New Orleans, Louisiana this 26th day of April, 2017.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                              SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 43**
**(4/21/17 Liaison Counsel Meeting)**

On Friday, April 21, 2017, the Court held a meeting with Plaintiffs' Liaison Counsel, Dawn Barrios and Palmer Lambert, and Defendants' Liaison Counsel, Douglas Moore and John Olinde. During the meeting, the Court discussed with counsel the topics listed on the attached agenda. **IT IS ORDERED** that:

(1) The next general status conference will take place on **Friday, July 7, 2017, at 10:00 a.m.** in Judge Engelhardt's courtroom, with the meeting of liaison counsel at 8:30 a.m. and the meeting of the Plaintiffs' Steering Committee at 9:00 a.m. The Court has set up a conference line for the status conference. To participate, call (800) 260-0712 and enter access code 423344.

(2) The 505(b)(2) Defendants shall submit nominations of counsel to be appointed to the Settlement Committee via email (chynna_anderson@laed.uscourts.gov) on or before **Friday, April, 28, 2017, at 5:00 p.m.**

(3) The "Science Day" presentations, scheduled for May 3, 2017 at 8:30 a.m., shall be limited to thirty (30) minutes per side. These presentations shall be open to the public. However, attendance of the members of the Plaintiffs' Steering Committee is not

1

required. In addition, the Court has set up a conference line for the presentations. To participate, call (800) 260-0702 and enter access code 423343.

(4) The submission date for the Motions to Remand discussed at the April 21, 2017 meeting with liaison counsel shall be **Wednesday, June 21, 2017**.

(5) Liaison counsel, in drafting a proposed order regarding a discovery timeline and bellwether protocol, shall include a selection protocol for how plaintiffs shall be selected for bellwether trials and a proposed briefing schedule for the submission of potential bellwether cases to the Court.

New Orleans, Louisiana, this 27th day of April 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**MDL 2740 – *In Re: Taxotere (Docetaxel) Products Liability Litigation***
**Liaison Counsel Meeting Agenda**
**April 21, 2017**

1.　　Status of State Court Cases
　　　　a.　　City of St. Louis
　　　　b.　　Delaware
　　　　c.　　California
　　　　d.　　Remand Motion/Hearing Schedule

2.　　Revised MDL Centrality Order, PFS/DFS Implementation Order, and Short Form Complaint

3.　　Multi-Plaintiff Cases

4.　　Defendant Proposed Voluntary Dismissal Order

5.　　Status of ESI

6.　　Status of Fact Sheets

7.　　Discovery timeline and bellwether protocol

8.　　Science Day (May 3 at 8:30 a.m.)

9.　　505(b)(2) Settlement Committee

Exhibit "A"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                  MDL NO.  2740
        PRODUCTS LIABILITY
        LITIGATION
                                                             SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

<u>**PRETRIAL ORDER NO. 44**</u>
**(Order Appointing 505(b)(2) Defendants' Settlement Committee)**

The Court previously appointed counsel to the Plaintiff Settlement Committee and the

Defendant Settlement Committee on December 13, 2016, in Pretrial Order No. 6 (Rec. Doc. 133).

In addition to these committees, this Court now finds that it is appropriate to appoint counsel to a

separate committee for the non-Sanofi Defendants, referred to as the 505(b)(2) Defendants. This

Court contemplates that this 505(b)(2) Defendant Settlement Committee *may* become part of the

previously appointed Defendant Settlement Committee in the future, or there may be a need for

each 505(b)(2) Defendant to discuss settlement with the Plaintiff Settlement Committee

independently from other Defendants.

As previously stated in Pretrial Order No. 6 (Rec. Doc. 133), counsel appointed to the

settlement committees are charged with engaging in continuous general settlement discussions on

a regular basis, as opposed to participating in detailed discovery, trial preparations, and

presentations at trial, wherein those time-consuming tasks would distract counsel from pursuing

avenues for potential resolution of some or all of the issues in this multi-district litigation.  The

settlement committees are expected to hold regular discussions, in an attempt to establish common

understandings, potential ground rules, component parts and concepts, anticipated relief, necessary

approvals, and ultimately financial details, including drafting of all pertinent documents, in an

attempt to resolve this matter prior to remand of some or all of the member cases. These discussions are to be both among the separate committee members themselves and with each other across the adversarial divide, as well as with and/or without the input of the assigned Magistrate Judge in this matter. In addition, the Court will from time to time, meet by phone and in person with the settlement committees as so desired.

Therefore, based upon the nominations submitted to counsel from the 505(b)(2) Defendants, the Court hereby appoints the following:

**505(b)(2) Defendant Settlement Committee:**

- **On behalf of Accord Healthcare, Inc.:**

  John P. Wolff, III
  **Keogh, Cox & Wilson, Ltd.**
  701 Main Street
  Baton Rouge, LA 70802
  (Phone): 225-383-3796
  (Facsimile): 225-343-9612
  Email: jwolff@keoghcox.com

- **On behalf of Actavis Pharma, Inc.:**

  Rex A. Littrell
  **Ulmer & Berne LLP**
  65 East State Street, Suite 1100
  Columbus, OH 43215
  (Phone): 614-229-0012
  (Facsimile): 614-229-0013
  Email: rlittrell@ulmer.com

- **On behalf of Hospira Worldwide, LLC and Pfizer Inc.:**

  Sheila L. Birnbaum
  **Quinn Emanuel Urquhart & Sullivan, LLP**
  51 Madison Avenue, 22nd Floor
  New York, New York 10010
  (Phone): 212-849-7000
  (Facsimile): 212-849-7100

Email: sheilabirnbaum@quinnemanuel.com

- **On behalf of McKesson Corporation:**

  Habib Nasrullah
  **Wheeler Trigg O'Donnell LLP**
  370 Seventeenth Street, Suite 4500
  Denver, Colorado 80202
  (Phone): 303-244-1960
  (Facsimile): 303-244-1879
  Email: nasrullah@wtotrial.com

- **On behalf of Sandoz Inc.:**

  Lori G. Cohen
  **Greenberg Traurig LLP**
  Terminus 200
  3333 Piedmont Road NE, Suite 2500
  Atlanta, GA 30305
  (Phone): 678-553-2100
  (Facsimile): 678-553-2212
  Email: cohenl@gtlaw.com

- **On behalf of Sun Pharma Global Inc.:**

  Bradford R. Carver
  **Hinshaw & Culbertson LLP**
  28 State Street, 24th Floor
  Boston, MA 02109
  (Phone): 617-213-7002
  (Facsimile): 617-213-7001
  Email: bcarver@hinshawlaw.com

Moreover, Lori G. Cohen is appointed as chairperson of the committee. The chairperson shall be responsible for organizing meetings and handling communication with the counterpart committees as well as with the Court. The terms of appointment to these committees shall be the same as the appointment of counsel to the liaison committees (see Pretrial Order No. 2, Rec. Doc. 104), i.e., the initial term shall extend until January 1, 2018, and all other provisions of Paragraph 5 of Pretrial Order No. 2 shall apply.

In addition, the Court will, from time to time, meet by phone and in person with the settlement committees as so desired.

New Orleans, Louisiana, this 11th day of May 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                   MDL NO. 2740
   PRODUCTS LIABILITY
   LITIGATION                              SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

**PRETRIAL ORDER NO. 45**
**(Briefing Schedule for Motions to Remand)**

  The Court issues the following briefing schedule for omnibus motions to remand that applies only to cases transferred to this Court via Conditional Transfer Order in which a decision has not yet been rendered on remand, regardless of whether a motion to remand was previously filed in the transferor court.  This briefing schedule applies to all cases docketed in the MDL as of the time of entry of this Order in which remand to state court is sought.

1.  Pursuant to Pretrial Order #43, Plaintiffs shall file an omnibus motion to remand related to all cases in a given state (i.e., CA, DE, or MO) on or before May 19, 2017, with a notice of submission identifying the submission date of June 21, 2017 at 9:30 a.m.;

2.  Defendants shall file an opposition memorandum to each omnibus motion on or before June 2, 2017;

3.  Plaintiffs shall file a reply memorandum, if necessary to address issues raised in Defendants' opposition memorandum, on or before June 9, 2017; and

4.  A hearing before the Court with oral argument, if requested pursuant to the Local Rules and deemed appropriate by the Court, will be held on June 21, 2017.

The Court will issue further Orders regarding cases docketed in the MDL after the date of this Order in which remand is sought.

NEW ORLEANS, LOUISIANA, this 12th day of May 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                       MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION

                                   SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

**PRETRIAL ORDER NO. 46**
**(Order from May 12, 2017 Status Conference)**

A status conference was held on May 12, 2017, at 10:00 a.m. in Judge Kurt D. Engelhardt's courtroom. At the conference, Plaintiffs' Liaison Counsel, Dawn Barrios and Palmer Lambert, and Defendants' Liaison Counsel, Douglas Moore and John Olinde, reported to the Court on the topics listed in "Joint Report No. 3 of Liaison Counsel" (Rec. Doc. 454). **IT IS ORDERED** that:

(1) The next meeting of liaison counsel will take place on **Friday, June 23, 2017 at 9:00 a.m.**

(2) With regards to the proposed order discussing a discovery schedule and dates for bellwether trials contemplated by Pretrial Order No 27 (Rec. Doc. 298), counsel shall have until **Friday, May 26, 2017 at 5:00 p.m.** to submit such order to the Court.

(3) With regards to discovery related to the issue of personal jurisdiction over the French Sanofi entities, counsel shall have until **Wednesday, May 17, 2017**, to submit a schedule containing deadlines for when discovery shall be served, when Defendants shall object to such discovery, etc.

New Orleans, Louisiana, this 15th day of May 2017.

                                  **KURT D. ENGELHARDT**
                                  **UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)   MDL No. 2740
PRODUCTS LIABILITY LITIGATION

             SECTION "N" (5)

THIS DOCUMENT RELATES TO ALL ACTIONS

## CASE MANAGEMENT ORDER NO. 1
### (Personal Jurisdiction Discovery)

On May 16, 2017, the parties met with Magistrate Judge North to discuss various discovery issues.  Magistrate North set the following deadlines that the parties request this Court order:

On **May 26, 2017**, Plaintiffs will serve personal jurisdictional discovery relevant to Sanofi's and Aventis Pharma S.A.'s Motion to Dismiss (Rec. Doc. 346), following an initial meet and confer with the Sanofi Defendants scheduled for May 17, 2017.

By **June 2, 2017**, the parties will meet and confer again regarding any served personal jurisdictional discovery.

By **June 30, 2017**, the Sanofi Defendants shall provide responses and objections to any served personal jurisdiction discovery.

Pursuant to Magistrate Judge North's May 16, 2017 minute entry (Rec. Doc. 464), the Magistrate Judge will schedule a hearing to resolve any differences as to the jurisdictional discovery.

New Orleans, Louisiana, this 18th day of May 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT COURT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)               **MDL No. 2740**
**PRODUCTS LIABILITY LITIGATION**

                                                   **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO ALL ACTIONS**

### CASE MANAGEMENT ORDER NO. 2
#### (Discovery on French Sanofi Entities)

      Pursuant to Case Management Order No. 1 (Rec. Doc. 456), Plaintiffs were directed by the Court to serve personal jurisdiction discovery relevant to Sanofi's and Aventis Pharma S.A.'s Motion to Dismiss (Rec. Doc. 346), following an initial meet and confer with the Sanofi Defendants scheduled for May 17, 2017, on Friday, May 26, 2017.

      **IT IS ORDERED** that any foreign merits discovery relating to the French Sanofi entities shall be served on **Friday, May 26, 2017**, in conjunction with the personal jurisdiction discovery.

      **IT IS FURTHER ORDERED** that Defendants shall submit any objections to such foreign merits discovery by **Thursday, June 15, 2017**.

      New Orleans, Louisiana, this 23rd day of May 2017.

                                      **KURT D. ENGELHARDT**
                                      **UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                        MDL NO.  2740
         PRODUCTS LIABILITY
         LITIGATION
                                                   SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### PRETRIAL ORDER NO. 40A
#### (Amended Order Regarding Streamlined Service on Hospira, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Pfizer Inc.)

## I.      SCOPE OF THE ORDER

This Order amends and supersedes this Court's previous Pretrial Order No. 40 (Rec. Doc. 328) that was entered on April 14, 2017.[1]

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court.  The Order only applies to claims brought by a U.S. citizen or resident based on usage or purchase of docetaxel in the United States.

## II.     STREAMLINED SERVICE OF PROCESS FOR HOSPIRA, INC., HOSPIRA WORLDWIDE, LLC F/K/A HOSPIRA WORLDWIDE, INC., AND PFIZER INC.

A.     Solely for purposes of this Multidistrict Litigation ("MDL"), Hospira, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Pfizer Inc. agree to waive formal service of

---

[1]      For simplicity purposes, this Order completely supersedes Pretrial Order No. 40 and contains all information relevant to the form and schedule for service of Hospira, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Pfizer Inc.

process under Federal Rule of Civil Procedure 4 and to accept service of docetaxel cases that are properly commenced in, removed to, or transferred to this MDL. By waiving formal service of process, Hospira, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Pfizer Inc. do not waive any defenses available to them.

B.      These procedures for informal service of process are not available in cases in which the Plaintiff seeks remand to state court unless and until remand is denied. For Plaintiffs seeking remand, all deadlines set forth in this Order run from the date on which remand is denied.

C.      Plaintiffs whose Complaints or Short Form Complaints are not subject to Paragraph B above, who have not already served Hospira, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Pfizer Inc., and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint or Short Form Complaint, consistent with Pretrial Order No. 15, with a Summons.  Per the original Pretrial Order No. 40 [ECF No. 328], Plaintiffs whose cases were docketed in this MDL on or before April 14, 2017 shall have sixty (60) days from entry of the original Pretrial Order No. 40 (i.e., from April 14, 2017), to serve the Complaint or Short Form Complaint with a Summons.

For Pfizer Inc., the Complaint or Short Form Complaint, and a Summons shall be served by electronic mail ("email") to the following address: PfizerTaxotereMDL@WoltersKluwer.com. For Hospira, Inc. and/or Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., the Complaint or Short Form Complaint, and a Summons shall be served by email to the following address: HospiraTaxotereMDL@WoltersKluwer.com.  As to both Defendants, each email sent to these addresses shall only be for one Plaintiff and contain one Complaint and Short Form Complaint, if applicable, and Summons, and the subject line of each email shall state the Plaintiff's first and last

2

name as well as the originating court. The body of each email must also include contact information for counsel of record.

D.      Plaintiffs should receive an automatic reply from the mailbox address when a Complaint and/or Short Form Complaint is served. If no such reply is received within twenty-four (24) hours, Plaintiffs should re-serve it pursuant to the terms of this Order. Upon successful e-mail service, the date of the initial effort to serve the Complaint and/or Short Form Complaint via email shall be deemed the date of service.

E.      Service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service.

F.      In accordance with Pretrial Order No. 1, Hospira, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Pfizer Inc. are not required to respond to effectively served Complaints or Short Form Complaints until a date to be set by the Court. Hospira, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Pfizer Inc. agree to provide thirty (30) days written notice before moving to dismiss for a technical defect in the service process described in this section. Failure to serve a Short Form Complaint and/or Complaint within the time periods set forth above will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, Hospira, Inc., Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., and Pfizer Inc. reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions.

New Orleans, Louisiana, this 31st day of May 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION                                SECTION "N" (5)

THIS DOCUMENT RELATES TO:  ALL CASES

PRETRIAL ORDER NO. 47
[Granting Requests for Oral Argument on Omnibus Motions to Remand]

Considering the requests for oral argument (Rec. Docs. 468, 471, 477) in connection with "Plaintiffs' Omnibus Motion to Remand Certain Cases to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri" (Rec. Doc. 467), "Plaintiffs' Omnibus Motion to Remand Certain Cases to the Superior Courts of California" (Rec. Doc. 469), and "Delaware Plaintiffs' Motion to Remand to the Superior Court of Delaware" (Rec. Doc. 473);

IT IS ORDERED that the requests for oral argument are GRANTED, and oral argument on these motions shall be held on **Wednesday, June 21, 2017, at 10:00 a.m.**

Movants will collectively have a total of twenty (20) minutes to argue, and defendants will collectively have a total of twenty (20) minutes to argue. Any time reserved by movants for rebuttal must also come from the twenty (20) minutes allotted to movants.

New Orleans, Louisiana, this 13th day of June 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION                                            SECTION "N" (5)

THIS DOCUMENT RELATES TO:  ALL CASES


**PRETRIAL ORDER NO. 48**
**[Resetting Oral Argument on Omnibus Motions to Remand]**

    **IT IS ORDERED** that date of oral argument on "Plaintiffs' Omnibus Motion to Remand Certain Cases to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri" (Rec. Doc. 467), "Plaintiffs' Omnibus Motion to Remand Certain Cases to the Superior Courts of California" (Rec. Doc. 469), and "Delaware Plaintiffs' Motion to Remand to the Superior Court of Delaware" (Rec. Doc. 473) shall be reset for **Thursday, July 6, 2017, at 10:30 a.m**.

    Movants will collectively have a total of twenty (20) minutes to argue, and defendants will collectively have a total of twenty (20) minutes to argue. Any time reserved by movants for rebuttal must also come from the twenty (20) minutes allotted to movants.

    New Orleans, Louisiana, this 22nd day of June 2017.

                          **KURT D. ENGELHARDT**
                          **UNITED STATES DISTRICT JUDGE**

1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO:  ALL CASES


### PRETRIAL ORDER NO. 48
### [Resetting Oral Argument on Omnibus Motions to Remand]

**IT IS ORDERED** that date of oral argument on "Plaintiffs' Omnibus Motion to Remand Certain Cases to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri" (Rec. Doc. 467), "Plaintiffs' Omnibus Motion to Remand Certain Cases to the Superior Courts of California" (Rec. Doc. 469), and "Delaware Plaintiffs' Motion to Remand to the Superior Court of Delaware" (Rec. Doc. 473) shall be reset for **Thursday, July 6, 2017, at 10:30 a.m**.


Movants will collectively have a total of twenty (20) minutes to argue, and defendants will collectively have a total of twenty (20) minutes to argue. Any time reserved by movants for rebuttal must also come from the twenty (20) minutes allotted to movants.


New Orleans, Louisiana, this 22nd day of June 2017.

          **KURT D. ENGELHARDT**
          **UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)          MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION             SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

## PRETRIAL ORDER NO. 26A
### [Modification to Designation of Defense Counsel to Attend Plaintiffs' Steering Committee Meetings]

Pursuant to Pretrial Order No. 21 (Rec. Doc. 276), the Court entered Pretrial Order No. 26 (Rec. Doc. 289) to designate counsel on behalf of each of the Defendants to attend the Plaintiffs' Steering Committee meetings that take place prior to each status conference.

**IT IS ORDERED** that Pretrial Order No. 26 is hereby modified to permit Julie A. Callsen to be substituted in place and stead of Chad A. Sullivan to serve as the defense counsel to attend such meetings on behalf of Accord Healthcare, Inc.

New Orleans, Louisiana, this 28th day of June, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**          MDL NO. 2740
       **PRODUCTS LIABILITY
       LITIGATION**

**THIS DOCUMENT RELATES TO:**          **SECTION "N" (5)**
**ALL CASES**

<u>**PRETRIAL ORDER NO. 51**</u>
<u>**(Order from July 7, 2017 Status Conference)**</u>

    A status conference was held on July 7, 2017, at 10:00 a.m. in Judge Kurt D. Engelhardt's

courtroom. At the conference, Plaintiffs' Liaison Counsel, Dawn Barrios and Palmer Lambert, and

Defendants' Liaison Counsel, Douglas Moore and John Olinde, reported to the Court on the topics

listed in "Joint Report No. 4 of Liaison Counsel" (Rec. Doc. 622). **IT IS ORDERED** that:

    (1) The next status conference will take place on **<u>Friday, September 8, at 10:00 a.m.</u>** in

        Judge Engelhardt's courtroom, with the meeting of liaison counsel at 8:30 a.m. and

        meeting of the Plaintiffs' Steering Committee at 9:00 a.m. The Court has set up a

        conference line for the status conference. To participate, call (800) 260-0712 and enter

        access code 427302.[1]

    (2) A teleconference regarding issues related to personal jurisdiction discovery shall take

        place on **<u>Wednesday, July 12, 2017, at 10:00 a.m.</u>** Counsel are to email their

        respective positions to the Court (<u>chynna_anderson@laed.uscourts.gov</u>) by **<u>3:00 p.m.</u>**

        **<u>on Tuesday, July 11, 2017</u>**.

    (3) Liaison counsel shall submit four (4) proposed bellwether trial dates in 2019 to the

        Court by **<u>5:00 pm. on Wednesday, July 12, 2017</u>**.

---

[1]     In "Joint Report No. 4 of Liaison Counsel" (Rec. Doc. 622), the access code for the call was incorrectly listed as 423344. The code provided within this Order is the correct access code for the conference line.

(4) Liaison counsel shall have until **5:00 p.m. on Wednesday, July 19, 2017**, to submit a revised Case Management Order for the first bellwether trial to take place in 2018, which details the bifurcated discovery process contemplated at the July 7, 2017 status conference. Specifically, the first phase of discovery shall consist of limited discovery on proposed plaintiffs with the goal of designating and ranking which plaintiffs are most appropriately designated as trial plaintiffs. Further, the second phase of discovery shall consist of "trial discovery" on those plaintiffs who have been selected for trial.

(5) Liaison counsel are to confer with the chairpersons for each Settlement Committee regarding a date to participate in a teleconference with the Court.

(6) Following the conclusion of any liaison counsel meeting, teleconference, or status conference, liaison counsel shall submit a proposed order summarizing any important instructions, dates, and/or deadlines contemplated by the Court. Counsel shall submit such proposed order by 5:00 p.m. on the second business day following the meeting, teleconference, or status conference.

New Orleans, Louisiana, this 18th day of July 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT COURT**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**          **MDL NO. 2740**
       **PRODUCTS LIABILITY**
       **LITIGATION**

**THIS DOCUMENT RELATES TO:**          **SECTION "N" (5)**
**ALL CASES**

<u>**PRETRIAL ORDER NO. 52**</u>
<u>**(Amended Deadlines Regarding Personal Jurisdiction and Potential Discovery Protocols)**</u>

      The Court conducted a telephone conference in this matter on Wednesday, July 12, 2017, at 10:00 a.m. In addition to the undersigned and the undersigned's law clerks, Chynna Anderson and Jennifer Rogers, attorneys Christopher Coffin (Co-Lead Counsel), Karen Menzies (Co-Lead Counsel), Dawn Barrios (Co-Liaison Counsel), Palmer Lambert (Co-Liaison Counsel), Andrew Lemmon (Discovery Co- Chair), Harley Ratliff (Counsel for sanofi-aventis U.S. LLC), Douglas Moore (Liaison Counsel for sanofi-aventis U.S. LLC), and John Olinde (Liaison Counsel for 505(b)(2) Defendants) participated. As discussed during the teleconference, **IT IS ORDERED** that:

(1) The submission date on Sanofi and Aventis Pharma S.A.'s Motion for Protective Order (Rec. Doc. 542) is extended from Wednesday, July 19, 2017 to **<u>Wednesday, August 2, 2017.</u>** Plaintiffs, through the PSC, shall file their opposition no later than **<u>Tuesday, July 25, 2017</u>**, and Defendants shall file their reply, if necessary, no later than **<u>Tuesday, August 1, 2017.</u>**

(2) Defendants shall file their opposition to Plaintiffs' Motion to Compel (Rec. Doc. 626) no later than **<u>Tuesday, July 25, 2017</u>**, and Plaintiffs, through the PSC, shall file their reply, if necessary, no later than **<u>Tuesday, August 1, 2017</u>**.

(3) Notwithstanding the provisions of Pretrial Order No. 15(F) (Rec. Doc. 230), Plaintiffs, through the PSC, shall file their opposition to Sanofi and Aventis Pharma S.A.'s Motion

to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 346) no later than **Friday, September 22, 2017**, and Defendants shall file their reply, if necessary, no later than **Friday, October 6, 2017**.

(4) All personal jurisdiction discovery, relevant to Sanofi and Aventis Pharma S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 346) as to any Defendant or Third Party shall be completed by Plaintiffs, through the PSC, no later than **Friday, September 15, 2017.**

(5) The undersigned shall address the issues raised by the discovery served by Plaintiffs, through the PSC, pursuant to Case Management Order Nos. 1 (Rec. Doc. 465) and No. 2 (Rec. Doc. 474) related to: (1) the Hague Convention, (2) the French Blocking Statute, and (3) the French Data Protection Act.  All other issues related to this discovery shall be heard before the Honorable Magistrate Judge Michael B. North.

(6) The Parties shall continue to meet and confer regarding the foreign defendants and the related motions and discovery.

(7) As contemplated by Pretrial Order No. 51, the Parties shall jointly submit a protocol for the first phase of discovery, including the deadline for the completion of the first phase of discovery on or before **Wednesday, July 19, 2017.**

(8) The Parties shall meet and confer concerning a protocol regarding general discovery to be discussed at the next status conference before Magistrate Judge North.

New Orleans, Louisiana, this 18th day of July, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                           MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION
                                                       SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 53**
**[AMENDMENTS TO PLAINTIFFS' MASTER LONG FORM COMPLAINT,**
**EXEMPLAR SHORT FORM COMPLAINT AND PLAINTIFFS' FACT SHEET]**

By stipulation, the parties have informed the Court that Plaintiffs will be amending their

Master Long Form Complaint and Exemplar Short Form Complaint in the following manner:

(1) Replace defendant Hospira Worldwide, Inc. *with* Hospira Worldwide, LLC f/k/a

Hospira Worldwide, Inc.;

(2) Remove defendant Sun Pharma Global Inc.;

(3) Replace defendant Caraco Pharmaceutical Laboratories Ltd. *with* Sun Pharmaceutical

Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.; and

(4) Replace Allergan Finance LLC f/k/a Actavis Inc. *with* Actavis LLC f/k/a Actavis Inc.

Plaintiffs will likewise amend the Plaintiff Fact Sheet to reflect only those entities named

as defendants in Plaintiffs' Amended Complaint.

Defendants Hospira Worldwide, Inc., Sun Pharma Global Inc., Caraco Pharmaceutical

Laboratories Ltd., and Allergan Finance LLC f/k/a Actavis Inc. shall be dismissed without

prejudice, upon the Clerk of Court being apprised of the cases in which they are parties, and these

1

Defendants shall have no obligation to plead or otherwise participate in this litigation as of the date hereof. These amendments will not reset or alter the deadline for responding to the Master Long Form Complaint, Exemplar Short Form Complaint, or Plaintiff Fact Sheet for any Defendant not being dismissed pursuant to the Stipulation and this Order.

Any Plaintiff who had previously filed a case need not refile it to reflect the changes set forth in this Order and need not re-serve the defendant(s), with the exception of cases previously served on Sun Pharmaceuticals, Inc. f/k/a Caraco Laboratories Ltd. via the Docetaxel@hinshawlaw.com email address  Any Plaintiff who previously served a complaint via the Docetaxel@hinshawlaw.com email while the stay was in place as to Sun Pharmaceuticals, Inc. f/k/a Caraco Laboratories Ltd. must re-serve his/her complaint via the terms of the amending Pretrial Order No. 39A on Sun Pharmaceutical Industries, Inc.

Further, because not all cases name the defendants to be replaced as described above, within sixty (60) days of filing Plaintiffs' Amended Master Long Form and Amended Exemplar Short Form Complaints, the parties will provide the Clerk of Court with a list of cases that name the defendants to be removed or replaced. For each of the listed cases, plaintiffs will identify the defendant(s) to be removed or replaced, which will be dismissed without prejudice, and the defendants to be added.

New Orleans, Louisiana, this 20th day of July, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 2740 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: "N" (5) |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL ACTIONS | ) | |

**CASE MANAGEMENT ORDER NO. 3**
**(TRIAL SCHEDULING ORDER)**

**ALL COUNSEL ARE RESPONSIBLE FOR READING, UNDERSTANDING, FOLLOWING, AND COMPLYING WITH EACH OF THE PROVISIONS HEREAFTER:**

      **1.**      **Applicability of Order:**

      The following procedures and schedules will govern the identification and selection of the initial trial plaintiffs for the first trial. The Federal Rules of Civil Procedure shall apply, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications.

      The parties shall submit additional proposed Case Management Order(s) to the Court for each of the four additional trials to be set to begin in 2019.

      **2.**      **Selection of Trial  Plaintiffs Against the Sanofi Defendants**

      The parties have submitted to the Court the following cases, whose original jurisdiction and venue is in the Eastern District of Louisiana:

| | | | | |
|---|---|---|---|---|
| 1. | Chetta, Debra | 2:16-cv-17731 | 6. Kahn, Elizabeth | 2:16-cv-17039 |
| 2. | Durden, Antoinette | 2:16-cv-16635 | 7. Martin, Della | 2:16-cv-15678 |
| 3. | Earnest, Barbara | 2:16-cv-17144 | 8. Ray, Pearl | 2:16-cv-17031 |
| 4. | Francis, Tanya | 2:16-cv-17410 | 9. Thibodeaux, Cynthia | 2:16-cv-15859 |
| 5. | Johnson, Deborah | 2:16-cv-15607 | 10. Tuyes, Lisa | 2:16-cv-15473 |

      **3.**      **Phased Discovery**

      The above cases will be subject to phased discovery as set forth in a protocol established by the parties and submitted to the Court.  All cases identified herein will be subject to the first phase of discovery which will conclude on **February 6, 2018.**

      By **February 12, 2018**, the parties shall nominate to the Court and rank in order of preference the four (4) cases that will proceed to the second phase of discovery.  On **February 16, 2018**, the Court, after hearing from the parties, will select one Plaintiff (Primary Plaintiff) for the first trial date

and the three alternative Plaintiffs will be ranked second, third and fourth.  If the Primary Plaintiff's case is dismissed for any reason, the next highest ranked Plaintiff will be set for the first trial date instead.

### 4. **Motions:**

All pre-trial motions for the first trial, including dispositive motions, shall be **filed** and **served** on or before **July 30, 2018**. Opposition memoranda shall be **filed** and **served** on or before **August 20, 2018**, and reply memoranda shall be **filed** and **served** on or before **August 29, 2018**. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. Dispositive motions filed after this date, even pursuant to an extension or with leave of court, will likely be referred to trial due to time constraints. Trial will **not** be continued due to pending motions submitted after this date.

Requests for oral argument shall be submitted and handled in accordance with Local Rule 78.1.

Motions shall conform to the following:

A.   The Court requires concise, pertinent, and well-organized briefs and memoranda of law. Without leave of court, any original or initial opposition brief or memorandum shall be limited to 25 double-spaced pages, excluding exhibits.  All pages must be numbered at the bottom.

B.   Any reply or other supplemental memorandum shall be limited to ten (10) double-spaced and numbered pages, pursuant to Local Rule 7.7, and must be accompanied by a motion for leave to file. Unless otherwise ordered, if a motion is set for oral argument, the proposed reply memorandum must be filed no later than 12:00 p.m. on the third working day preceding the oral argument date. Thus, for example, if a motion is set for oral argument on a Wednesday, the proposed reply memorandum must be filed no later than 12:00 p.m. on the preceding Friday. For motions not set for oral argument, the proposed reply memorandum should be filed as soon as is practicable, unless otherwise ordered. Finally, if time is of the essence, *e.g.* the proposed reply concerns to a motion scheduled to be considered immediately before trial, counsel should apprise chambers by email or phone to expect an imminent reply, and such reply shall be filed post haste.

C.   Any brief or memorandum that has more than 15 pages must contain all items listed below. Briefs and memoranda that are 15 pages or less must contain items (3), (4), (5), (6), and (7) listed below.

(1)   A table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum.

2

(2)    A table of citations of cases, statutes, rules, textbooks, and other authorities, alphabetically arranged. All citations to United States Supreme Court cases should include a citation to the United States Supreme Court Reporter.

(3)    A short statement of the nature and stage of the proceeding. A separate time line of relevant factual events and procedural history is almost always helpful, and should be attached to the motion itself.

(4)    A statement of the issues to be ruled upon by the Court and, with respect to each issue, a short statement, supported by authority, of the standard of review.

(5)    A short summary of the argument.

(6)    The argument shall be divided under appropriate headings succinctly setting forth separate points.

(7)    A short conclusion stating the precise relief sought.

D.    If a party cites legal authority not found in the United States Code, Supreme Court Reporter, Federal Reporter, Federal Rules Decisions, Federal Supplement, Southern Reporter, West's Louisiana Revised Statutes and Codes Annotated, or Westlaw, the relevant parts of such authority must be submitted as an exhibit. If the authority is a case, the entire case must be included.

E.    One paper copy of any memorandum or brief that, together with its exhibits, totals more than 100 pages, must be submitted to chambers when filed. The submitted copy must include the case number, date filed, and record document number information appearing along the top of documents filed electronically utilizing the Court's CM/ECF system.

F.    A party who submits more than five exhibits shall include a table of contents describing each exhibit and listing the tab where it is located. <u>All exhibits submitted to chambers as a hard copy in support of a motion, brief, or memorandum must be tabbed at the right margin</u>. Exhibits shall not be submitted *in globo*; multi-page exhibits shall be numbered on each page for reference. All citations to an exhibit must refer to the letter or number of its tab.

<u>Citations to deposition or affidavit testimony must include the appropriate page, line or paragraph numbers. Citations to other documents or materials with three or more pages must include some sort of pinpoint citation. For example, a contract may be cited by section number, an employee handbook</u>

3

may be cited by page number, and a document without internal divisions may be Bates-stamped or otherwise marked and cited accordingly.

G.      All motions *in limine* for the first trial shall be filed and served on or before **August 17, 2018**.  Opposition memoranda shall be filed and served on or before **August 31, 2018**, and reply memoranda shall be filed and served on or before **September 7, 2018**.  Such motions shall conform to the provisions set forth hereinabove.

### 5.      Disclosures:

Counsel shall complete all disclosure of information as follows:

All parties have stipulated that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will not be conducted in this case.

### 6.      Discovery:

This case involves extensive documentary evidence, depositions, and other discovery.

For the 4 Trial Plaintiffs, second phase discovery and additional fact witness depositions for use at the first trial shall be taken and all other fact discovery of the first Defendants for trial shall be completed no later than **April 6, 2018**.

Expert depositions and discovery for use at the first trial shall be completed no later than **July 27, 2018**.

All discovery disputes shall be promptly brought before the assigned magistrate judge to ensure that discovery may be completed within this deadline. Trial will **not** be continued because of unresolved discovery disputes.

### 7.      Amendments:

Amendments to pleadings, shall be filed no later than **February 23, 2018**, in accordance with the Federal Rules of Civil Procedure and Local Rule 7.6.  Later amendments will not be allowed absent good cause, and may not be allowed if the trial date is thereby jeopardized.

### 8.      Experts:

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for plaintiffs shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **May 4, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for the first trial defendant shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **June 1, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

9.      <u>**Witnesses and Exhibits:**</u>

Counsel for the parties are ordered to file in the record and serve upon their opponents a preliminary list of all witnesses who may be called to testify at trial no later than **March 9, 2018**, and a preliminary list of all exhibits that may be used at trial no later than **July 20, 2018**.

Counsel for the parties are ordered to file in the record and serve upon their opponents a final list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **August 6, 2018**.

Except by order issued on motion for good cause shown, the Court will not permit any witness, expert or fact, to testify, or any exhibits to be used, unless there has been compliance with this Order as it pertains to the witness and/or exhibits.

10.      <u>**Final Pre-Trial Conference:**</u>

A final Pre-Trial Conference will be held in chambers before the undersigned on **Thursday, September 13, 2018 at 9:00 a.m.**

The Final Pre-Trial Conference must be attended **in person** by the attorneys who will try the case, unless, prior to the Conference, the Court grants permission for other counsel to attend. Counsel must be prepared to discuss this case in detail, as set forth in paragraph 1. Attendance by clients/client representatives is prohibited, unless specifically ordered by the Court.

A joint proposed Pre-Trial Order must be submitted to chambers electronically or by-hand no later than 4:00 p.m. on **September 11, 2018**. If submitted electronically, the joint proposed Pre-Trial Order shall be emailed to eFile-Engelhardt@laed.uscourts.gov, with a copy to the assigned law clerk. The joint proposed Pre-Trial Order submitted to the Court must be double spaced, paginated, and signed by all counsel. It shall be in the precise form set forth in the attached "Pre-Trial Order Instructions."

Final Pre-Trial Conferences will <u>not</u> be continued except for good cause shown in a **written** motion presented sufficiently in advance of the Conference for opposing counsel to be notified.

Failure on the part of counsel to appear at the Conference may result in **sanctions**, including but not limited to *sua sponte* dismissal of the suit, assessment of costs and attorney fees, entry of default judgment, or other appropriate sanctions.

11.      <u>**Trial:**</u>

5

Trial will commence on/or during the week beginning **MONDAY, September 24** at **8:30 A.M.** before the District Judge **with a jury**. Except when Monday is a holiday or as otherwise ordered by the Court, trial will commence on Monday. Attorneys are instructed to report for trial no later than 30 minutes prior to the scheduled commencement time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 10 days.

A.   **Hours:** The Court's hours during trial will vary depending upon the type of case and the needs of the parties, counsel, witnesses, and the Court. Court will normally convene at 8:30 a.m. and adjourn by 5:00 p.m., recessing for lunch between approximately 11:45 a.m. and 1:00 p.m.

B.   **Access at Other Times:** Counsel needing access to the courtroom to set up equipment or exhibits before or after normal hours of court must arrange in advance with the Case Manager to have the courtroom open.

C.   **Telephones:** Absent an emergency, telephone messages for counsel and/or witnesses will **not** be taken by the Judge's staff.

D.   **Filing of Documents:** Two copies of any documents filed immediately prior to and during trial should be submitted to the Case Manager who is present in the courtroom.

E.   **Witnesses:** Counsel should bear in mind the Court's hours and arrange for witnesses accordingly. The Court will **not** recess to permit counsel to call a missing witness unless he or she has been subpoenaed and has failed to appear.

F.   **Jurors:** Counsel shall not communicate with any juror or potential juror in any way or by any means, including online via Facebook or any other means of social media, using real or fictitious/alias identities. Counsel shall not instruct any other person to do so, or solicit or plan to receive any such information obtained in this fashion. Should counsel learn that anyone associated with this trial has acted in violation of this paragraph, he/she shall immediately advise the undersigned.

G.   **Seating:**

(1)   The Court does not designate seating at counsel tables; this is determined on a first-come, first-served basis on the first day of trial.

(2)   Unless otherwise instructed, counsel and parties are to enter and leave the courtroom only by the front doors; do not use the Court's entrance or the side entrances.

**12.**   **Conferences and Extensions:**

6

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. **Trial will not be continued, even on joint motion, absent good cause or compelling reason.** A trial will not be continued because of the unavailability of a witness. Counsel should anticipate such possibilities and be prepared to present testimony by written deposition, videotaped deposition, or by stipulation. If a continuance is granted, however, deadlines and cut-off dates will **not** be extended unless otherwise ordered by the Court.

13.    <u>**Settlement:**</u>

    **IT IS ORDERED**, that a Settlement Conference will be held with Magistrate Judge North prior to <u>**June 29, 2018.**</u>

    **Only the Magistrate Judge, in his/her discretion, shall have the authority to cancel and/or reset the settlement conference. The parties shall submit a Joint Confidential Status Report to the Magistrate Judge no later than July 6, 2018 in the event a resolution has not been reached by that date.**

14.    <u>**Courtroom Procedure and Conduct:**</u>

    A.    **IT IS ORDERED** that the following items are **STRICTLY PROHIBITED** from entry into the courtroom: **All portable communication devices,** including all cellular devices (cell phones, smartphones, personal digital assistants, BlackBerrys, iPhones, Droids, wristwatch cellular devices of any kind, etc.); ear piece devices (such as Bluetooth); **laptop computers** (including iPads or other tablet-style devices); and digital or other types of video **cameras or recorders**; google glasses, wearable computers, or any other similarly functioning device. You may turn in such devices to Susan Adams, judicial assistant in Section "N", upon arriving, and pick them up when you have completed business in Section "N."

    B.    The only exceptions to the above provision shall be (1) authorized **court personnel** working on this trial; (2) **law enforcement personnel** (including Court Security Officers and United States Marshals, but not witnesses) participating in this trial as assigned by the Court; and (3) attorneys who are **counsel of record** and who are seated at counsel tables (not in the public gallery), along with any paralegals or other staff seated at counsel tables (not in the public gallery), who are utilizing laptop computers (including iPads and comparable devices) <u>**provided**</u> that the use of any such device shall not access or be accessed or connected to the internet, cellular network, broad band, Wifi, or any other outside network designed to transmit or receive messages, sounds or visual images to anyone outside the courtroom. Prior to entry into the courtroom, counsel shall leave all other cellular phone devices or other such electronic devices in Section "N" chambers.

7

C.    Any person possessing a prohibited device within the Section "N" courtroom in violation of Paragraph A shall be subject to (1) monetary sanction and (2) expulsion and permanent prohibition from entry into the courtroom for the duration of this trial, both in addition to having such device confiscated and retained by the Court until trial of the matter is complete.

D.    **IT IS FURTHER ORDERED** that food and/or drink (including coffee and bottled water) shall be prohibited from the Section "N" courtroom (Room C-351) and any other designated "overflow" location (if separate from Room C-351); likewise, attendees shall refrain from chewing gum and wearing hats and/or sunglasses (over the eyes or on the head) in the Section "N" courtroom, and shall remove same upon entry. Eating, smoking, and/or reading newspapers or other impertinent books, magazines, etc., in the Section "N" courtroom is strictly prohibited.

E.    **IT IS FURTHER ORDERED** that any attempt to comment on or portray (positively or negatively) an opinion of the evidence, a witness, the attorneys, or the position of any party to these court proceedings through physical gestures; facial expressions; audible reactions; or pre-planned, organized or orchestrated selection of attire in the courtroom, shall be prohibited. Offenders shall summarily be excused from the courtroom, sanctioned, or both.

New Orleans, Louisiana, this 21st day of July, 2017.

**KURT D. ENGELHARDT**
**United States District Judge**

CLERK TO FORWARD COPY TO MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 2740 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: "N" (5) |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL ACTIONS | ) | |

**CASE MANAGEMENT ORDER NO. 4**
**[PROTOCOL FOR INITIAL PHASE OF CASE-SPECIFIC DISCOVERY**
**FOR CASES IDENTIFIED IN CASE MANAGEMENT ORDER NO. 3]**

The Court hereby Orders as follows:

1. **Applicability of Order.** This protocol governs the initial phase of case-specific discovery for cases identified in Case Management Order ("CMO') No. 3 (Rec. Doc. 669). The Federal Rules of Civil Procedure shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications.

2. **Expedited PFS and DFS Process.**

   a. All Plaintiffs identified in CMO No. 3 shall, within 15 days of this Order, make a good faith effort to cure or challenge deficiencies in the Plaintiff Fact Sheet (PFS) identified by Defendants.  If a dispute remains following 15 days and after a meet and confer, either Party may immediately seek determination of any deficiency issue by requesting a brief telephonic hearing before the Honorable Magistrate Judge North.  No formal briefing shall be required.

   b. For cases identified in CMO No. 3, once a Plaintiff's PFS is substantially complete as defined in PTO No. 22 (Rec. Doc. 325), Defendants' DFS becomes due in sixty (60) days instead of the period of seventy-five (75) days provided for by PTO No. 22. Within 15 days after notice by Plaintiffs of any deficiency in a DFS, Defendants shall make a good faith effort to cure or challenge deficiencies identified by Plaintiffs. If a

dispute remains following a Defendant's good faith effort to cure or challenge and after a meet and confer, either party may immediately seek determination of any deficiency issue by requesting a brief telephonic hearing before the Honorable Magistrate Judge North. No formal briefing shall be required. All other provisions of PTO No. 22 otherwise apply.

**3.** **<u>Case-Specific Depositions.</u>**

   **a.** Depositions in the initial phase of case-specific discovery for cases identified in CMO No. 3 shall be limited to the following: the Defendant(s) may depose the Plaintiff and select three (3) additional witnesses to depose, and Plaintiffs may select two (2) witnesses to depose. The parties shall meet and confer regarding the order of taking testimony and the allotment of time between the parties in the depositions. The parties shall meet and confer about whether additional depositions are reasonably necessary to determine if a case should be selected for trial. If an agreement cannot be reached, either party may immediately seek determination of the issue by requesting a brief telephonic hearing before Magistrate Judge North. No formal briefing shall be required.

   **b.** The parties shall meet and confer regarding the timing of the depositions and if necessary seek determination of the issue by requesting a brief telephonic hearing before Magistrate Judge North. No formal briefing shall be required.

New Orleans, Louisiana, this 21st day of July, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT COURT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
  PRODUCTS LIABILITY
  LITIGATION

                SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 54**
**(Docket Control Order –Voluntary Dismissals)**

Presently before the Court is "Defendants Sanofi-Aventis US LLC and Sanofi US Services, Inc.'s Motion for Entry of Voluntary Dismissal Order" (Rec. Doc. 551). Plaintiffs have filed a memorandum in opposition (Rec. Doc. 592), to which Defendants have replied (Rec. Doc. 604). Pursuant to Rule 41 of the Federal Rules of Civil Procedure, which contemplates a typical responsive pleading schedule that is triggered twenty-one (21) days after service of process, a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). However, this ability to file a notice of dismissal is limited "by any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A).

In the instant matter, Pretrial Order No. 15 (Rec. Doc. 230), extends the pleading deadlines beyond the default deadlines of the Federal Rules. While Pretrial Order No. 15 discusses voluntary dismissals after the Master Answer has been filed, it does not contemplate notices of dismissal filed prior to the filing of Defendants' Master Answer.  As the Court has seen an increase in the number of notices of voluntary dismissal filed into the record, it is necessary for the Court to address notices of voluntary dismissal without prejudice that are filed prior to Defendants' Master

1

Answer. "Other MDL courts, acting pursuant to statutory authority granted to transferee courts by 28 U.S.C. § 1407, have recognized that it is sometimes necessary to put certain restrictions on the exercise of Rule 41 dismissals in order to effectively and fairly manage complex, consolidated MDL Litigation." *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on Apr., 20, 2010*, No.  MDL 2179, 2011 WL 1464908, at *4 (E.D. La. Apr. 15, 2011) (citing *In re Genetically Modified Rice Litig.*, No. 4:06 MD 1811 CDP, 2010 WL 716190, at *8 (E.D.Mo. Feb. 24, 2010)).

At this point, with discovery underway and the Court and the parties actively engaged in identifying and preparing cases for trial, dismissal of cases without prejudice has a potentially detrimental effect on the Court the parties, and the MDL process. Accordingly, because the timeframe for responsive pleading has been extended beyond that ordinarily contemplated by Rule 41(a)(1)(A)(i), and notwithstanding the fact that Defendants have not yet answered,

**IT IS ORDERED**, pursuant to the Court's managerial authority, that:

(1)     All voluntary dismissals without prejudice pending in this MDL as of the date of this Order or filed hereafter that would result in the dismissal of an entire action against all named Defendants shall require leave of Court by properly filed motion. The following specific requirements shall apply:

A. A case will be dismissed only upon a properly noticed motion as to which the Plaintiff and the served Defendants have had an opportunity to be heard, or upon a stipulated order by both the Plaintiff and all of the Defendants who have been served in that action. With such motion to dismiss or stipulated order, Plaintiff must serve a completed Plaintiff Fact Sheet and accompanying disclosures in accordance with

Pretrial Order Nos. 18 (Rec. Doc. 236), 22 (Rec. Doc. 279), 23 (Rec. Doc. 280), and 24 (Rec. Doc. 286).

B. With all voluntary motions to dismiss without prejudice, counsel for the moving plaintiff must certify in the motion that Defendants' Lead and Liaison Counsel were contacted in writing at least fourteen (14) days prior to the filing of the motion, and all served Defendants have responded in writing stating either: (1) their consent or no intended opposition to the motion, or (2) that the motion is opposed and the grounds for such opposition.  Absent this certification by moving counsel, such motions may be stricken.

C. All motions of Plaintiffs' counsel to dismiss without prejudice that are opposed by one or more Defendants shall be noticed for hearing by moving counsel pursuant to the  Local Rules of this Court. The motion shall state with specificity: (1) the reason each plaintiff seeks dismissal; (2) whether dismissal is sought with or without prejudice; (3) the particular reason(s) why certain fields of the Plaintiff Fact Sheet may not be completed at this time; and (4) that Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel have been apprised of such intent to file a motion to dismiss at least fourteen (14) days prior to its filing.

D. The Court shall determine, based upon the showing made and consideration of the Plaintiff Fact Sheet, whether such dismissal shall be: (1) denied; (2) granted *with prejudice*; or (3) granted without prejudice. Motions to dismiss without a Plaintiff Fact Sheet (or insufficiently completed PFS) shall be granted *with* prejudice, absent a compelling sworn statement by counsel as to why a Plaintiff Fact Sheet cannot be substantially completed and submitted.

(2)     This Order shall apply to stipulations or motions filed hereafter as well as to previously-filed but still pending stipulations and/or motions to dismiss by plaintiffs' counsel (i.e., the member case has not yet been terminated by the Court). For those previously-filed but still pending stipulations and/or motions to dismiss, counsel shall refile a properly noticed motion, subject to the requirements set forth within this Order.

(3)     Plaintiffs retain the right to individually dismiss certain named defendants without dismissing the entire action. Specifically, this Order does not apply to dismissals of individual defendants in cases where it has been determined that defendants' product was not used and dismissal of that Defendant would not otherwise result in the dismissal of the entire action.  In such instances, Rule 41 remains applicable.

New Orleans, Louisiana this 21st day of July, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)            MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

<u>PRETRIAL ORDER NO. 55</u>
**[Order Regarding the Filing of the Amended Master Long Form Complaint and
Substitution of the Amended Exemplar Short Form Complaint and Amended Plaintiff Fact
Sheet]**

Considering the foregoing "Unopposed Motion for Leave to File First Amended Master
Long Form Complaint, for Substitution of Revised Plaintiff Fact Sheet, and for Substitution of
Revised Exemplar Short Form Complaint" (Rec. Doc. 673), **IT IS ORDERED** that:

(1) The Motion is hereby **GRANTED**, and the Clerk shall enter into the master docket
Plaintiffs' First Amended Master Long Form Complaint as the next available record
document number.

(2) Any responsive pleadings filed by Defendants to the original Master Long Form
Complaint and Demand for Jury Trial (Rec. Doc. 312) be deemed also responsive to
the First Amended Master Long Form Complaint and Demand for Jury Trial.

(3) The revised Plaintiff Fact Sheet (attached as Exhibit B to Plaintiffs' Consent Motion)
be and is hereby substituted in place of the current Plaintiff Fact Sheet (Rec. Doc. 236-
1) as of July, 25, 2017.

1

(4)  The revised Exemplar Short Form Complaint (attached Exhibit C to Plaintiffs' Consent

Motion) be and is hereby substituted in place of the current Exemplar Short Form

Complaint (Rec. Doc. 318-1) as of July 25, 2017.

New Orleans, Louisiana this 25th day of July, 2017.

**HONORABLE KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                      MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION
                                                                 SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

<u>PRETRIAL ORDER NO. 32(A)</u>
<u>(Streamlined Service on Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc.)</u>

**I.      SCOPE OF THE ORDER**

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel

on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to

Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this

Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S.

citizen or resident based on usage or purchase of docetaxel in the United States.

**II.     STREAMLINED SERVICE OF PROCESS FOR ACTAVIS LLC F/K/A ACTAVIS
         INC. AND ACTAVIS PHARMA, INC.**

A.      Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc. agree to waive formal

service of process under Federal Rule of Civil Procedure 4 and to accept service of docetaxel cases

that are properly commenced in, removed to, or transferred to this MDL. By waiving formal

service of process, Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc. do not waive any

defenses available to them.

B.      These procedures for informal service of process are not available in cases in which

the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking

remand, all deadlines set forth in this Order run from the date on which remand is denied.

1

C.      Plaintiffs whose Complaints or Short Form Complaints are not subject to Paragraph

B above, who have not already served Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc.,

and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date

the case is docketed in the MDL to serve the Complaint or Short Form Complaint with a Summons.

Plaintiffs whose cases already have been docketed in this MDL shall have sixty (60) days from

entry of this Order to serve the Complaint or Short Form Complaint with a Summons. The

Complaint or Short Form Complaint and a Summons shall be served by electronic mail ("email")

to the following address: actdocecomp@ulmer.com. Each email sent to this address shall only

contain one Complaint or Short Form Complaint and Summons, and the subject line of each email

shall state the plaintiff's first and last name as well as the originating court. The body of each email

must also include contact information for counsel of record.

D.      Plaintiffs should receive an automatic reply from the mailbox address when a

Complaint and Summons is served. If no such reply is received within twenty-four (24) hours,

Plaintiffs should re-serve it pursuant to the terms of this Order. Upon successful e-mail service,

the date of the initial effort to serve the Complaint or Short Form Complaint and a Summons via

email shall be deemed the date of service.

E.      If a Plaintiff has previously filed and served a Complaint against Actavis Pharma,

Inc. or Allergan Finance LLC f/k/a Actavis Inc., the plaintiff will not have to re-file an Amended

Complaint or re-serve the original Complaint.[1]

---

[1]      PTO 32A amends and supersedes PTO 32.  The amendment is necessary in connection
with the Parties' Stipulation Concerning Amendments to the Plaintiffs' Master Long Form
Complaint, Exemplar Short Form Complaint and Plaintiffs' Fact Sheet, which corrects the naming
of certain defendants.  The PSC will work with the Clerk's Office to replace Allergan Finance
LLC f/k/a Actavis Inc. with Actavis LLC f/k/a Actavis Inc.  Service on Allergan Finance LLC
f/k/a Actavis Inc. prior to entry of this Order shall be deemed effective on Actavis LLC f/k/a
Actavis Inc.

F.      Service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service.  In accordance with Pretrial Order No. 1, Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc. are not required to respond to effectively served Complaints or Short Form Complaints until a date to be set by the Court. Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc. agree to provide thirty (30) days written notice before moving to dismiss for a technical defect in the service process described in this section. Failure to serve a Complaint or a Short Form Complaint within the time periods set forth above will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, Actavis LLC f/k/a Actavis Inc. and Actavis Pharma, Inc. reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions.

New Orleans, Louisiana, this  2nd day of August, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                           MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION
                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**PRETRIAL ORDER NO. 39A**
**(Substitution of Defendant and Streamlined Service of Process on Sun Pharmaceutical Industries, Inc.)**

**I.      SCOPE OF THE ORDER**

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of October 4, 2016; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S. citizen or resident based on usage or purchase of docetaxel in the United States.

**II.     STREAMLINED SERVICE OF PROCESS FOR SUN PHARMACEUTICAL INDUSTRIES, INC.**

A.      Sun Pharmaceutical Industries, Inc. agrees to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of docetaxel cases that are properly commenced in, removed to, or transferred to this MDL. By waiving formal service of process, Sun Pharmaceutical Industries, Inc. does not waive any defenses available to it. Sun Pharmaceutical Industries, Inc. does not agree to accept service on behalf of any other Sun entity named in cases commenced in, removed to, or transferred to this MDL.

1

B.      These procedures for informal service of process are not available in cases in which the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking remand, all deadlines set forth in this Order run from the date on which remand is denied.

C.      Plaintiffs whose Complaints are not subject to Paragraph B above, who have not already served Sun Pharmaceutical Industries, Inc., and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint with a Summons. Plaintiffs whose cases already have been docketed in this MDL shall have sixty (60) days from entry of this Order to serve the Complaint with a Summons. The Complaint and a Summons shall be served by electronic mail ("email") to the following address: docetaxel@hinshawlaw.com. Each email sent to this address shall only contain one Complaint and Summons, and the subject line of each email shall state the plaintiff's first and last name as well as the originating court. The body of each email must also include contact information for counsel of record.

D.      Plaintiffs should receive an automatic reply from the mailbox address when a complaint is served. If no such reply is received within twenty-four (24) hours, Plaintiffs should re-serve it pursuant to the terms of this Order. Upon successful e-mail service, the date of the initial effort to serve the Complaint via email shall be deemed the date of service.

E.      Any Plaintiff who has previously filed a case against Sun Pharma Global FZE and/or Caraco Pharmaceutical Laboratories, Ltd. need not re-file the Complaint.[1] However, if the Plaintiff served the Complaint by emailing it to docetaxel@hinshawlaw.com while the stay was in

---

[1] PTO 39A amends and supersedes PTO 39.  The amendment is necessary in connection with the Parties' Stipulation Concerning Amendments to the Plaintiffs' Long Form Master Complaint, Exemplar Short Form Complaint and Plaintiffs' Fact Sheet, which corrects the naming of certain defendants.  The PSC will work with the Clerk's Office to (1) dismiss Sun Pharma Global Inc. without prejudice and replace Caraco Pharmaceutical Laboratories, Ltd. with Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd.

place beginning on April 19, 2017 through the date of the entry of this PTO 39A on the Court's docket, Plaintiff must re-serve the complaint in accordance with the terms of this Order.

      F.      Service will be effective only if addressed as above. General mailing or use of other methods of transmission, including but not limited to Federal Express or email to an alternate address, will not be sufficient to effect service.  In accordance with Pretrial Order No. 1, Sun Pharmaceutical Industries, Inc. is not required to respond to effectively served Complaints until a date to be set by the Court. Sun Pharmaceutical Industries, Inc. agrees to provide thirty (30) days written notice before moving to dismiss for a technical defect in the service process described in this section. Failure to serve a Complaint within the time periods set forth above will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, Sun Pharmaceutical Industries, Inc. reserves all other rights and defenses available to it under federal or state law and under applicable treaties and conventions.

      G.      For cases in which plaintiffs have served Sun Pharmaceutical Industries, Inc., any applicable limitations in Fed. R. Civ. P. 4(m) are extended such that plaintiffs need not serve any other Sun entities that have been named as defendants until further order of the Court after a meet and confer of the parties. Such extension shall not waive any rights, obligations, or defenses of the parties. Further, Sun Pharmaceutical Industries, Inc. shall not move to dismiss a complaint under Fed. R. Civ. P. 4(m) as to an unserved Sun entity until further order of the Court after a meet and confer of the parties.

      New Orleans, Louisiana, this 2nd day of August, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION
                                         SECTION "N" (5)


THIS DOCUMENT RELATES TO
ALL CASES


**PRETRIAL ORDER NO. 56**
**(Issuance of Summons with Corrected Defendants' Names)**

On July 14, 2017, Plaintiffs' Liaison Counsel filed a "Stipulation Concerning Amendments to Plaintiffs' Master Long Form Complaint, Exemplar Short Form Complaint and Plaintiffs' Fact Sheet" (Rec. Doc. 642), which informed the Court that counsel would amend the Master Long Form Complaint and Exemplar Short Form Complaint to (1) replace Defendant Hospira Worldwide, Inc. *with* Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.; (2) remove Defendant Sun Pharma Global Inc.; (3) replace Defendant Caraco Pharmaceutical Laboratories Ltd. *with* Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.; and (4) replace Defendant Allergan Finance LLC f/k/a Actavis Inc. *with* Actavis LLC f/k/a Actavis Inc. Subsequently, the Court issued Pretrial Order No. 55 (Rec. Doc. 688) on July 26, 2017, allowing Plaintiffs to make such amendments.

To facilitate such changes in the Court's CM/ECF system, the parties are to provide a list of cases that named the Defendants to be replaced, so that the Defendants being dismissed without prejudice may be terminated in any individual member case and the substituted Defendants may be added therein. The parties will do so within sixty (60) days of filing Plaintiffs' Amended Master Long Form and Short Form Complaints. Furthermore, due to these amendments, the Court has

1

issued Pretrial Orders No. 32A (Rec. Doc. 710), 39A (Rec. Doc. 711), 40A (Rec. Doc. 509), which correct the Defendants' names in the orders concerning streamlined service of process that were previously issued by this Court.[1]

Given the large number of cases that require Defendants' names to be corrected in the system, the Clerk's Office will need a reasonable time within which to complete all amendments. Moreover, given the deadlines for counsel to complete streamlined service of process on Defendants, the Clerk's Office may receive a Request for Summons as to a Defendant whose name has not yet been corrected in the CM/ECF system. In order to comply with Rule 4 of the Federal Rules of Civil Procedure, the Clerk's Office will not issue a Summons to a party whose name does not appear within a member case through the CM/ECF system. However, at this time, in order to facilitate the issuance of summons without undue or unnecessary delay, **IT IS ORDERED** that:

(1) The Court authorizes the Clerk's Office to issue a Summons to a Defendant whose name has not yet been corrected within the Court's CM/ECF system[2];

(2) Counsel shall refer to the Clerk's Office's instructions, attached to this Order as "Exhibit A," for guidance in how to request such Summons through the Court's CM/ECF system;

---

[1] The Court previously issued Pretrial Order Nos. 32 (Rec. Doc. 307), 39 (Rec. Doc. 327), and 40 (Rec. Doc. 328), which governed the procedure for streamlined service of process on various Defendants.

[2] This Order applies only to those cases in which a Defendant has been previously named in the member case, but the name of the Defendant has not yet been corrected by the Clerk's Office to reflect the amendment to the party name as provided by the parties' stipulation (Rec. Doc. 642) and Pretrial Order No. 55 (Rec. Doc. 688). For example, this Order would be applicable to a member case in which Caraco Pharmaceutical Laboratories Ltd. was previously named as a Defendant, but the Clerk's Office has not yet amended the member case to reflect the name of the Defendant as Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

(3) When filing a Request for Summons, counsel shall use the "Taxotere Request for Summons" form, attached to this Order as "Exhibit B."

New Orleans, Louisiana, this 2nd day of August, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

Exhibit "A"

## **Taxotere: MDL 2740 Request for Summons on Newly Substituted Defendants**

1. Filing attorney must file a completed Request for Summons form and Summons form.
2. Enter the member case number in which the Summon applies.
3. Under Service of Process Category Select – Request for Summons issued.



4. Attach the completed Request for Summons form as the Main Document and the prepared summon(s) as an attachment.
5. Select the appropriate filer(s) at the prompt.
6. Select the "New Party" tab to add newly substituted defendant at the prompt, "Select the party as to whom summons ISSUED."



7. Enter Party name in Last/Business Name field ( Party alias should not be included as the named party)



8. Select correctly named party listed in the Search Results.
9. Select the "Create New Party" tab.
10. Proceed accordingly through the docketing screens
11. Select the most recent Complaint/Amended Complaint at the prompt, "Select the appropriate event(s) to which your event relates."



12. Review your final docket text and submit entry.



Please contact the Court if further assistance is required.

Taxotere MDL Helpline 504-589-7715

Exhibit "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION
                                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO

_____

<u>TAXOTERE REQUEST FOR SUMMONS</u>

Please (issue) (re-issue) summons on the (__complaint) (__amended complaint) pursuant to

PTO # 53 and PTO#55 for the subsitution of the originally named defendant _____

Select new party to be served

____   1.  (name)  ___Hospira Worldwide, LLC fka Hospira Worldwide Inc._____

           (address)  _____

____   2.  (name)  Sun Pharmaceutical Industries, Inc fka Caraco Pharmaceutical Labortories Ltd

           (address)  _____

____   3.  (name)  _Actavis LLC fka Actavis Inc._____

           (address)  _____

____   4.  (name)  _____

           (address)  _____

                                    Very truly yours,

                            _____
                                       Signature

                    Attorney        _____

                    Address         _____

                                    _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                              MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION

                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

### PRETRIAL ORDER NO. 57
**[Setting a Meeting with Liaison Counsel]**

**IT IS ORDERED** that the next meeting of liaison counsel shall take place on **Thursday,**

**August 17, 2017, at 10:00 a.m.** in the undersigned's chambers.

New Orleans, Louisiana, this 3rd day of August 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO. 2740
   PRODUCTS LIABILITY
   LITIGATION                              SECTION "N" (5)

**THIS DOCUMENT RELATES TO:  ALL CASES**

**PRETRIAL ORDER NO. 58**
**[Granting Request for Oral Argument on Defendants' Motion to Dismiss Plaintiffs'**
**Master Long Form Complaint (Rec. Doc. 489)]**

   Considering the request for oral argument (Rec. Doc. 719) in connection with

Defendants' Motion to Dismiss Plaintiffs' Master Long Form Complaint (Rec. Doc. 489);

   **IT IS ORDERED** that the request for oral argument is **GRANTED**, and oral argument

on this motion shall be held on **Wednesday, August 30, 2017, at 9:30 a.m**.

   Movants will collectively have a total of fifteen (15) minutes to argue, and Plaintiffs

will collectively have a total of fifteen (15) minutes to argue. Any time reserved by Movants

for rebuttal must also come from the fifteen (15) minutes allotted to Movants.

   New Orleans, Louisiana, this 10th day of August 2017.

          **KURT D. ENGELHARDT**
          **UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**               **MDL NO. 2740**
        **PRODUCTS LIABILITY**
        **LITIGATION**

                                               **SECTION "N" (5)**
**THIS DOCUMENT RELATES TO:**
**ALL CASES**

**Case Management Order No. 6**
**[Setting Four Bellwether Trial Dates in 2019]**

As contemplated by this Court at the July 7, 2017 status conference and Pretrial Order No. 51 (Rec. Doc. 660), liaison counsel have submitted four (4) suggested bellwether trial dates in 2019 to the Court. Adopting the parties' joint submission, **IT IS ORDERED** that the following dates shall be set as the initial bellwether trial dates:

(1) Monday, January 28, 2019;

(2) Monday, April 8, 2019;

(3) Monday, July 15, 2019; and

(4) Monday, November 4, 2019.

The parties shall submit additional proposed Case Management Order(s) to the Court for each of these four additional trials to be set to begin in 2019 at a later date.

New Orleans, Louisiana, this 29th day of August, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**In Re:  TAXOTERE (DOCETAXEL)**           **MDL NO. 2740**
**PRODUCTS LIABILITY**
**LITIGATION**

**THIS DOCUMENT RELATES TO:**      **SECTION "N" (5)**
**ALL CASES**

### PRETRIAL ORDER NO. 59
### [Resetting the Submission Date on Motion to Dismiss Claims Barred by the Applicable Statutes of Limitations]

    **IT IS ORDERED** that the submission date on Defendants Sanofi-Aventis U.S. LLC and

Sanofi US Services Inc.'s Motion to Dismiss Claims Barred by the Applicable Statutes of

Limitations (Rec. Doc. 494) is hereby continued from Wednesday, August 30, 2017, to

**Wednesday, November 8, 2017**.

    New Orleans, Louisiana, this 5th day of September 2017.

                        **KURT D. ENGELHARDT**
                        **UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION                                SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

**PRETRIAL ORDER NO. 60**
**(Order Regarding the Collection of Data of Potential Claimants by the Plaintiffs'**
**Settlement Committee)**

**Scope and Applicability – "Responsible Attorney(s)" and "Covered Individual(s)"**

1. This order shall govern the gathering of certain information by the Plaintiffs' Settlement Committee appointed by this Court.  The goal of this Order and related process is to identify, both now and during the pendency of this matter, any and all individuals with potential docetaxel-related permanent hair loss claims, and thus any and all putative claimants who may be eligible to participate in any future resolution system.

2. This Order and its requirements apply to all attorneys and law firms (and their co-counsel) who have a case now pending, as well as those with a case later filed in, transferred or removed to MDL No. 2740 (*In Re:  Taxotere (Docetaxel) Products Liability Litigation*). This Order and its requirements further apply to all attorneys and law firms who participate or will participate in MDL No. 2740 common benefit work or expense, including all attorneys who sign, have signed or who are deemed to have signed the Participation Agreement (Exhibit A to PTO 19).  Finally, even for those attorneys or law firms not specifically covered previously in this paragraph, voluntary participation is strongly encouraged by this Court so that such other claimants may have the opportunity to participate in any eventual resolution process.  To that end, this Order and its requirements

1

may later be deemed to require compliance by all attorneys and law firms (who have notice of this Order) so that they and their clients may be eligible to participate in a future resolution system.  Each aforementioned attorney/law firm to whom this Order applies shall be referred to hereafter as "Responsible Attorney(s)."

3. Any Responsible Attorneys who fail to comply with this Order may be subject to enforcement measures by the Court, and may be prohibited from participating in any MDL No. 2740 future resolution system.

4. The information and data reporting requirements of this Order shall apply only with regard to those individuals whose use of docetaxel and permanent hair loss (of some degree) have been confirmed by counsel for said claimant.  These individuals will be referred to hereafter as "Covered Individual(s)." Information and data regarding individuals awaiting such confirmation should not be included (unless and until such confirmation is received).

**Reporting Requirements – by "Covered Individual(s)"**

5. For each Covered Individual represented by a Responsible Attorney, such Responsible Attorney shall report the following information/data (on an Excel spreadsheet in the format of  Exhibit A hereto):  *Responsible Attorney and Law Firm Name, Covered Individual Name, Date of Birth, City in which Docetaxel was Ingested, State in which Docetaxel was Ingested, Name of Facility where Docetaxel was administered (if known), Start Date of Docetaxel Use, Stop Date of Docetaxel Use, Name of Docetaxel Manufacturer(s) (drop-down provided), Filing Status (filed/unfiled), Filing Jurisdiction (if applicable), Cause Number (if applicable).* **The Responsible Attorney shall be as complete and accurate as possible and report and verify all reported information to the best of his/her knowledge and ability.**

2

**Reporting Periods**

6.  At some time between September 1 and September 30, 2017 (and no later than September 30, 2017), each Responsible Attorney shall upload the required data/information in a completed spreadsheet, in the format of Exhibit A hereto, to MDL Centrality via the "Plaintiffs Only" portal (Plaintiffs Only access and uploading instructions can be found on the MDL Centrality site).  Responsible Attorneys who have not yet registered with MDL Centrality can gain access via email request to taxotere@browngreer.com.

7.  Following the submission required by paragraph 5 above, Responsible counsel shall regularly supply updated data/information to MDL Centrality via the "Plaintiffs Only" portal.  Each updated submission shall be made on and to the Responsible Attorney's spreadsheet and shall be *comprehensive*, including individuals, data and information previously reported along with any new individuals, data and/or information highlighted in yellow.  Should any previously reported individual(s) need to be removed for any reason (including because they are no longer represented by the Responsible Attorney, or because their potential claim is no longer believed to have merit), those individuals should be promptly and clearly identified by counsel.  Responsible Attorneys should regularly update their spreadsheets so as to keep their submissions as current as possible, and Responsible Attorneys are ***required*** to ensure that Covered Individuals' identification and data/information are current at the end of each quarter (December 31, March 31, June 30, and September 30) of each year.

**Confidentiality/Privilege**

8. The raw information and data provided in compliance with this Order shall only be shared with representatives of the Plaintiffs' Settlement Committee and/or their representatives/designees and shall be otherwise kept confidential.  As the information and data provided in compliance with this Order are likely to be utilized by the Plaintiffs' Settlement Committee as part of its analysis of the strength of the case(s) and potential case qualification or exclusion criteria, and in furtherance of settlement, it shall be presumed to be Plaintiffs' "work product" by this Court.  The raw information and data provided in compliance with this Order shall not be shared with representatives of any MDL No. 2740 (past, present or future) Defendants, their counsel, or their affiliates.  Brown Greer shall maintain the provided information and data in a secure database accessible only by members of the Plaintiffs' Settlement Committee and/or their representatives/designees. In no circumstance shall any information or data provided in compliance with this Order be used against a Covered Individual by any Defendant or their counsel (past, present or future) in this litigation.  While the information provided must be as complete and accurate as possible, it shall not be binding upon any Covered Individual.

9. Should this litigation advance to the point where a resolution program is underway, the Court may then address methods and vehicles for Responsible Attorneys and Covered Individuals to provide similar information to the Defendants for their review, analysis and verification.

New Orleans, Louisiana, this 7th day of September 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

4

Exhibit "A"

MDL No. 2740 In Re: Taxotere (Docetaxel) Products Liability Litigation
PTO No._____ Potential Claimant Data Report
CONFIDENTIAL WORK PRODUCT FOR SETTLEMENT COMMITTEE PURPOSES ONLY

| Responsible Attorney and Firm Name | Law | Covered Individual Last Name | First Name | Date of Birth | City of Docetaxel Ingestion | State of Docetaxel Ingestion | Name of Docetaxel Administration Facility (If known) | Docetaxel Start Date | Docetaxel Stop Date | Docetaxel Manufacturer | Filing Status | Filing Jurisdiction | Cause Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**                    MDL NO. 2740
           **PRODUCTS LIABILITY**
           **LITIGATION**

                                                    SECTION "N" (5)
**THIS DOCUMENT RELATES TO:**
**ALL CASES**

## PRETRIAL ORDER NO. 61
### [Order Dismissing Count Two and Count Eight of the Master Long Form Complaint]

On August 30, 2017, the Court held oral argument on Defendants' Motion to Dismiss

Plaintiffs' Master Long Form Complaint (Rec. Doc. 489). At the conclusion of the hearing, the

Court denied Defendants' motion with respect to Count One and Counts Three through Seven of

Plaintiffs' First Amended Master Long Form Complaint.[1] *See* Rec. Doc. 784. In addition, the Court

ordered that, with respect to Counts Two and Eight, which allege strict liability and breach of

express warranty, respectively, Plaintiffs submit supplemental briefing or an Amended Master

Long Form Complaint to the Court within fourteen days of the Court's ruling, clearly identifying

what express statements or language constitutes the alleged misrepresentation of warranty. *See id.*

In response, Plaintiffs' Liaison Counsel advised the Court via email, attached hereto as

"Exhibit A," that the Plaintiffs' Steering Committee ("PSC") elected not to file supplemental

briefing or an amendment related to the allegations supporting Counts Two and Eight in the First

---

[1]        Defendants filed the motion to dismiss in response to Plaintiffs' original Master Long Form
Complaint (Rec. Doc. 312), filed on March 31, 2017. However, on July 25, 2017, Plaintiffs filed
a First Amended Master Long Form Complaint (Rec. Doc. 689) in order to correct the names of
various Defendants who were incorrectly named in the original document. This amendment,
however, did not affect the substantive counts of the original Master Long Form Complaint.
Therefore, as Plaintiffs' First Amended Master Long Form Complaint is now the operative
complaint in this MDL, this Court's Order pertains to Counts Two and Eight of Plaintiffs' First
Amended Master Long Form Complaint.

1

Amended Master Long Form Complaint. Therefore, the PSC respectfully requested that this Court enter an order dismissing Counts Two and Eight in the First Amended Master Long Form Complaint and setting a deadline of two weeks to allow any individual plaintiff to amend her Short Form Complaint to allege facts supporting analogous state law claims that may be viable on an individual basis.

Accordingly, **IT IS ORDERED** that Count Two and Count Eight of Plaintiffs' First Amended Master Long Form Complaint are **DISMISSED**.

**IT IS FURTHER ORDERED** that an individual plaintiff shall have fourteen (14) days from the date of this Order to amend her Short Form Complaint to allege analogous state law claims that may be viable on an individual basis.

New Orleans, Louisiana, this 27th day of September 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

Taxotere - Order of August 30, 2017                                   Exhibit "A"
Palmer Lambert
to:
Chynna Anderson
09/13/2017 09:46 PM
Cc:
Douglas Moore, John Olinde, "Jennifer_Rogers@laed.uscourts.gov", Dawn Barrios
Hide Details
From: Palmer Lambert <plambert@gainsben.com>
To: Chynna Anderson <chynna_anderson@laed.uscourts.gov>
Cc: Douglas Moore <dmoore@irwinllc.com>, John Olinde <olinde@chaffe.com>,
"Jennifer_Rogers@laed.uscourts.gov" <Jennifer_Rogers@laed.uscourts.gov>, Dawn Barrios <barrios@bkc-law.com>

Dear Chynna,

Our apologies to the Court and to Defendants' Liaison Counsel for the time of this email.  Despite diligent efforts, the decision on whether the PSC should amend the Master Complaint or submit further briefing was recently made.

Plaintiffs, through the PSC, have considered the Court's Order of August 30, 2017, and have elected not to file an Amended Complaint related to the allegations supporting Counts II and VIII in the Master Long Form Complaint.  The PSC is advising all non-PSC plaintiffs' counsel of this decision tomorrow.

Under PTO 15, individual Plaintiffs have the option to adopt allegations in the Master Complaint or to supplement those allegations. Individual Plaintiffs may yet be able to identify express statements or language that a Defendant may have communicated to them or their doctors. Therefore, the PSC respectfully requests that the Court enter an order dismissing Counts II and VIII in the Master Long Form Complaint and setting a deadline of two weeks to allow any individual counsel to amend an individual short form to allege facts supporting analogous state law claims that may be viable on an individual plaintiff basis.

Many thanks,
Dawn and Palmer

M. Palmer Lambert, Esq.
Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Telephone: 504-522-2304
Cell: 504-495-6857
Facsimile: 504-528-9973
Email: plambert@gainsben.com

www.gainsburghbenjamin.com

CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE RECIPIENT(S) NAMED ABOVE This message is sent by or on behalf of a lawyer at the law firm listed above, and is intended only for the use of the individual or entity to whom it is addressed. This message contains information and/or attachments that are privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or is not the employee or agent responsible for delivering this message to the intended recipient, please do not read, copy, use or disclose this communication to others. Please notify us immediately at 504-522-2304 if you receive this message in error, and immediately delete this message and all of its attachments. Thank you.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION

THIS DOCUMENT RELATES TO:                       SECTION "N" (5)
ALL CASES

**PRETRIAL ORDER NO. 62**
**[Master Answer Deadline]**

On August 30, 2017, this Court denied Defendants' Motion to Dismiss Plaintiffs' Master

Long Form Complaint as to Count One and Counts Three through Seven. With regard to Counts

Two and Eight, Plaintiffs were given fourteen (14) days to amend or provide supplemental briefing

in order to expressly identify what express statements or language constitutes the alleged

misrepresentation or warranty as alleged in those particular counts. (Rec. Doc. 784).   On

September 13, 2017, Plaintiffs advised the Court that they would not be amending their Master

Complaint as to Counts Two and Eight.   Therefore, the Court entered Pretrial Order No. 61,

dismissing Counts Two and Eight.  *See* Rec. Doc. 877.

Moreover, this Court previously issued Pretrial Order No. 15, in which Section "H" states

that, "Each Defendant shall file a Master Answer on or before 60 days following the filing of the

Master Complaint or within 30 days after the Undersigned's ruling on all Motions to Dismiss,

whichever is later." *See* Rec. Doc. 230. Given the aforementioned dismissal of Counts Two and

Eight, the parties have conferred as to when the Master Answer is due under Pretrial Order No.

1

15, and they have suggested to the Court a deadline of **Monday, October 16, 2017** to file the

Master Answer.[1]

Given the parties' agreement, **IT IS ORDERED** that the Master Answer deadline for each

Defendant is set for **Monday, October 16, 2017**.

New Orleans, Louisiana, this 27th day of September, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1]     The parties have also agreed that such deadline will not delay the litigation of this MDL.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                   MDL NO. 2740
      PRODUCTS LIABILITY
      LITIGATION

                                                SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

<u>**PRETRIAL ORDER NO. 63**</u>
**[Setting a Meeting with Liaison Counsel]**

**IT IS ORDERED** that the next meeting of liaison counsel shall take place on **<u>Friday,</u>**

**<u>October 6, 2017, at 9:30 a.m.</u>** in the undersigned's chambers.

New Orleans, Louisiana, this 27th day of September 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)  )       MDL No. 2740
PRODUCTS LIABILITY LITIGATION )
                             )       SECTION: "N" (5)
                             )
THIS DOCUMENT RELATES TO:    )
ALL ACTIONS                  )

## CASE MANAGEMENT ORDER NO. 8
## (TRIAL SCHEDULING ORDER- MDL TRIAL NO. 2)

**ALL COUNSEL ARE RESPONSIBLE FOR READING, UNDERSTANDING, FOLLOWING, AND COMPLYING WITH EACH OF THE PROVISIONS HEREAFTER:**

1.     **Applicability of Order:**

     The following procedures and schedules will govern the identification and selection of the trial plaintiffs for the second trial. The Federal Rules of Civil Procedure shall apply, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications.

     The parties shall submit additional proposed Case Management Order(s) to the Court for each of the three additional trials set in 2019.

2.     **Selection of Trial  Plaintiffs**

     By **October 20, 2017**, Plaintiffs and Defendants will each select four (4) cases and then submit to the Court the eight (8) cases as options for the second trial.  The Defendant is not limited to sanofi.  Neither side shall select more than two cases involving the same non-sanofi Defendant. The original jurisdiction and venue is not limited to the Eastern District of Louisiana.

     The location for the trial is subject to the Court's determination, after input from the parties, whether  (a) in the discretion of the Court, the Court determines after input from the Parties that trial of a Plaintiff's case in another venue is appropriate, (b) the Parties agree to waive *Lexecon* permitting the trial of a non-Louisiana Plaintiff's case in the Eastern District of Louisiana, or (c) the Court is able to obtain a temporary assignment to try a case in another district pursuant to 28

23482-00016/9527491.1
3013847-1

USC § 292.  Otherwise, all parties preserve all *Lexecon* rights and arguments as to jurisdiction and venue for trial, including all rights preserved under Pretrial Order No. 5, and cases involving any non-Eastern District of Louisiana plaintiff shall be remanded for trial in their transferee courts or the appropriate jurisdiction and venue after pre-trial proceedings are completed.

### 3.   **Phased Discovery**

The eight proposed cases will be subject to phased discovery as set forth in a protocol established by the parties and submitted to the Court.  All cases will be subject to the first phase of discovery which will conclude on **June 12, 2018.**

By **June 18, 2018**, the parties shall nominate to the Court and rank in order of preference the four (4) cases that will proceed to the second phase of discovery.  Cases identified in Case Management Order No. 3 that have not been dismissed or tried as of June 18, 2018 may be nominated as cases that will proceed to the second phase of discovery.  On **June 22, 2018**, the Court, after hearing from the parties, will select one or more Plaintiff(s) (Primary Plaintiff(s)) for the second trial date and will rank the remaining Plaintiffs as alternatives.  The parties reserve the right to object to and file motions addressing whether multiple plaintiffs may be tried in one trial. If the Primary Plaintiff's case is dismissed for any reason, the next highest ranked Plaintiff will be set for the second trial date instead.

### 4.   **Motions:**

All pre-trial motions for the second trial, including dispositive motions, shall be **filed** and **served** on or before **December 6, 2018**. Opposition memoranda shall be **filed** and **served** on or before **December 20, 2018**, and reply memoranda shall be **filed** and **served** on or before **January 3, 2019**. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. Dispositive motions filed after this date, even pursuant to an extension or with leave of court, will likely be referred to trial due to time constraints. Trial will **not** be continued due to pending motions submitted after this date.

Requests for oral argument shall be submitted and handled in accordance with Local Rule 78.1.

Motions shall conform to the following:

A.   The Court requires concise, pertinent, and well-organized briefs and memoranda of law. Without leave of court, any original or initial opposition brief or memorandum shall be limited to 25 double-spaced pages, excluding exhibits.  All pages must be numbered at the bottom.

B.   Any reply or other supplemental memorandum shall be limited to ten (10) double-spaced and numbered pages, pursuant to Local Rule 7.7, and must be accompanied by a motion for leave to file. Unless otherwise ordered, if a motion is set for oral argument, the proposed reply memorandum must be filed no later than 12:00 p.m. on the third working day preceding the oral

argument date. Thus, for example, if a motion is set for oral argument on a Wednesday, the proposed reply memorandum must be filed no later than 12:00 p.m. on the preceding Friday. For motions not set for oral argument, the proposed reply memorandum should be filed as soon as is practicable, unless otherwise ordered. Finally, if time is of the essence, *e.g.* the proposed reply concerns to a motion scheduled to be considered immediately before trial, counsel should apprise chambers by email or phone to expect an imminent reply, and such reply shall be filed post haste.

C.   Any brief or memorandum that has more than 15 pages must contain all items listed below. Briefs and memoranda that are 15 pages or less must contain items (3), (4), (5), (6), and (7) listed below.

    (1)   A table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum.

    (2)   A table of citations of cases, statutes, rules, textbooks, and other authorities, alphabetically arranged. All citations to United States Supreme Court cases should include a citation to the United States Supreme Court Reporter.

    (3)   A short statement of the nature and stage of the proceeding.  A separate time line of relevant factual events and procedural history is almost always helpful, and should be attached to the motion itself.

    (4)   A statement of the issues to be ruled upon by the Court and, with respect to each issue, a short statement, supported by authority, of the standard of review.

    (5)   A short summary of the argument.

    (6)   The argument shall be divided under appropriate headings succinctly setting forth separate points.

    (7)   A short conclusion stating the precise relief sought.

D.   If a party cites legal authority not found in the United States Code, Supreme Court Reporter, Federal Reporter, Federal Rules Decisions, Federal Supplement, Southern Reporter, West's Louisiana Revised Statutes and Codes Annotated, or Westlaw, the relevant parts of such authority must be submitted as an exhibit. If the authority is a case, the entire case must be included.

E.   One paper copy of any memorandum or brief that, together with its exhibits, totals more than 100 pages, must be submitted to chambers when

3

filed. The submitted copy must include the case number, date filed, and record document number information appearing along the top of documents filed electronically utilizing the Court's CM/ECF system.

F.    A party who submits more than five exhibits shall include a table of contents describing each exhibit and listing the tab where it is located. <u>All exhibits submitted to chambers as a hard copy in support of a motion, brief, or memorandum must be tabbed at the right margin</u>. Exhibits shall not be submitted *in globo*; multi-page exhibits shall be numbered on each page for reference. All citations to an exhibit must refer to the letter or number of its tab.

<u>Citations to deposition or affidavit testimony must include the appropriate page, line or paragraph numbers. Citations to other documents or materials with three or more pages must include some sort of pinpoint citation.</u> For example, a contract may be cited by section number, an employee handbook may be cited by page number, and a document without internal divisions may be Bates-stamped or otherwise marked and cited accordingly.

G.    All motions *in limine* for the second trial shall be filed and served on or before **December 6, 2018**.  Opposition memoranda shall be filed and served on or before **December 20, 2018**, and reply memoranda shall be filed and served on or before **January 3, 2019**.  Such motions shall conform to the provisions set forth hereinabove.

## 5.   <u>Disclosures:</u>

Counsel shall complete all disclosure of information as follows:

All parties have stipulated that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will not be conducted in this case.

## 6.   <u>Discovery:</u>

This case involves extensive documentary evidence, depositions, and other discovery.

For the 4 Trial Plaintiffs, second phase discovery and additional fact witness depositions for use at the second trial shall be taken and all other fact discovery of the Defendants for trial shall be completed no later than **August 1, 2018**.

Expert depositions and discovery for use at the second trial shall be completed no later than **November 16, 2018**.

All discovery disputes shall be promptly brought before the assigned magistrate judge to ensure that discovery may be completed within this deadline. Trial will **not** be continued because of unresolved discovery disputes.

7.      <u>**Amendments:**</u>

Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than **June 29, 2018**, in accordance with the Federal Rules of Civil Procedure and Local Rule 7.6.  Later amendments will not be allowed absent good cause, and may not be allowed if the trial date is thereby jeopardized.

Counsel adding new parties subsequent to the issuance of this Order shall provide each new party with a copy of it. Pleadings responsive thereto, when required, shall be filed no later than **July 6, 2018.**

8.      <u>**Experts:**</u>

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for plaintiffs shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **August 31, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for the second trial defendant shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **October 1, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

Any expert witness who was previously deposed in this MDL, shall not be deposed again absent good cause shown, unless such expert is offering a case-specific opinion or a new opinion not previously disclosed.

9.      <u>**Witnesses and Exhibits:**</u>

Counsel for the parties are ordered to file in the record and serve upon their opponents a preliminary list of all witnesses who may be called to testify at trial no later than **July 13, 2018**, and a preliminary list of all exhibits that may be used at trial no later than **November 19, 2018**.

Counsel for the parties are ordered to file in the record and serve upon their opponents a final list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **December 3, 2018**.

Except by order issued on motion for good cause shown, the Court will not permit any witness, expert or fact, to testify, or any exhibits to be used, unless there has been compliance with this Order as it pertains to the witness and/or exhibits.

10.      <u>**Final Pre-Trial Conference:**</u>

A final Pre-Trial Conference will be held in chambers before the undersigned on **Thursday, January 17, 2019 at 9:00 a.m.**

The Final Pre-Trial Conference must be attended **in person** by the attorneys who will try the case, unless, prior to the Conference, the Court grants permission for other counsel to attend. Counsel must be prepared to discuss this case in detail, as set forth in paragraph 1. Attendance by clients/client representatives is prohibited, unless specifically ordered by the Court.

A joint proposed Pre-Trial Order must be submitted to chambers electronically or by-hand no later than 4:00 p.m. on **January 15, 2019**. If submitted electronically, the joint proposed Pre-Trial Order shall be emailed to eFile-Engelhardt@laed.uscourts.gov, with a copy to the assigned law clerk. The joint proposed Pre-Trial Order submitted to the Court must be double spaced, paginated, and signed by all counsel. It shall be in the precise form set forth in the attached "Pre-Trial Order Instructions."

Final Pre-Trial Conferences will <u>not</u> be continued except for good cause shown in a **written** motion presented sufficiently in advance of the Conference for opposing counsel to be notified.

Failure on the part of counsel to appear at the Conference may result in **sanctions**, including but not limited to *sua sponte* dismissal of the suit, assessment of costs and attorney fees, entry of default judgment, or other appropriate sanctions.

11. <u>**Trial**</u>:

Trial will commence on/or during the week beginning **MONDAY, January 28, 2019** at **8:30 A.M.** before the District Judge **with a jury**. Except when Monday is a holiday or as otherwise ordered by the Court, trial will commence on Monday. Attorneys are instructed to report for trial no later than 30 minutes prior to the scheduled commencement time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 10 days.

    A. <u>**Hours:**</u> The Court's hours during trial will vary depending upon the type of case and the needs of the parties, counsel, witnesses, and the Court. Court will normally convene at 8:30 a.m. and adjourn by 5:00 p.m., recessing for lunch between approximately 11:45 a.m. and 1:00 p.m.

    B. <u>**Access at Other Times:**</u> Counsel needing access to the courtroom to set up equipment or exhibits before or after normal hours of court must arrange in advance with the Case Manager to have the courtroom open.

    C. <u>**Telephones:**</u> Absent an emergency, telephone messages for counsel and/or witnesses will **not** be taken by the Judge's staff.

D.   **Filing of Documents:** Two copies of any documents filed immediately prior to and during trial should be submitted to the Case Manager who is present in the courtroom.

E.   **Witnesses:** Counsel should bear in mind the Court's hours and arrange for witnesses accordingly. The Court will **not** recess to permit counsel to call a missing witness unless he or she has been subpoenaed and has failed to appear.

F.   **Jurors:** Counsel shall not communicate with any juror or potential juror in any way or by any means, including online via Facebook or any other means of social media, using real or fictitious/alias identities. Counsel shall not instruct any other person to do so, or solicit or plan to receive any such information obtained in this fashion. Should counsel learn that anyone associated with this trial has acted in violation of this paragraph, he/she shall immediately advise the undersigned.

G.   **Seating:**

(1)   The Court does not designate seating at counsel tables; this is determined on a first-come, first-served basis on the first day of trial.

(2)   Unless otherwise instructed, counsel and parties are to enter and leave the courtroom only by the front doors; do not use the Court's entrance or the side entrances.

## 12.   **Conferences and Extensions:**

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. **Trial will not be continued, even on joint motion, absent good cause or compelling reason.** A trial will not be continued because of the unavailability of a witness. Counsel should anticipate such possibilities and be prepared to present testimony by written deposition, videotaped deposition, or by stipulation. If a continuance is granted, however, deadlines and cut-off dates will **not** be extended unless otherwise ordered by the Court.

## 13.   **Settlement:**

**IT IS ORDERED**, that a Settlement Conference will be held with Magistrate Judge North prior to **November 5, 2018.**

**Only the Magistrate Judge, in his/her discretion, shall have the authority to cancel and/or reset the settlement conference. The parties shall submit a Joint Confidential Status Report to the Magistrate Judge no later than November 9, 2018 in the event a resolution has not been reached by that date.**

7

14. **<u>Courtroom Procedure and Conduct:</u>**

A.   **IT IS ORDERED** that the following items are **STRICTLY PROHIBITED** from entry into the courtroom: **All portable communication devices,** including all cellular devices (cell phones, smartphones, personal digital assistants, BlackBerrys, iPhones, Droids, wristwatch cellular devices of any kind, etc.); ear piece devices (such as Bluetooth); **laptop computers** (including iPads or other tablet-style devices); and digital or other types of video **cameras or recorders**; google glasses, wearable computers, or any other similarly functioning device. You may turn in such devices to Susan Adams, judicial assistant in Section "N", upon arriving, and pick them up when you have completed business in Section "N."

B.   The only exceptions to the above provision shall be (1) authorized **court personnel** working on this trial; (2) **law enforcement personnel** (including Court Security Officers and United States Marshals, but not witnesses) participating in this trial as assigned by the Court; and (3) attorneys who are **counsel of record** and who are seated at counsel tables (not in the public gallery), along with any paralegals or other staff seated at counsel tables (not in the public gallery), who are utilizing laptop computers (including iPads and comparable devices) **<u>provided</u>** that the use of any such device shall not access or be accessed or connected to the internet, cellular network, broad band, Wifi, or any other outside network designed to transmit or receive messages, sounds or visual images to anyone outside the courtroom. Prior to entry into the courtroom, counsel shall leave all other cellular phone devices or other such electronic devices in Section "N" chambers.

C.   Any person possessing a prohibited device within the Section "N" courtroom in violation of Paragraph A shall be subject to (1) monetary sanction and (2) expulsion and permanent prohibition from entry into the courtroom for the duration of this trial, both in addition to having such device confiscated and retained by the Court until trial of the matter is complete.

D.   **IT IS FURTHER ORDERED** that food and/or drink (including coffee and bottled water) shall be prohibited from the Section "N" courtroom (Room C-351) and any other designated "overflow" location (if separate from Room C-351); likewise, attendees shall refrain from chewing gum and wearing hats and/or sunglasses (over the eyes or on the head) in the Section "N" courtroom, and shall remove same upon entry. Eating, smoking, and/or reading newspapers or other impertinent books, magazines, etc., in the Section "N" courtroom is strictly prohibited.

E.   **IT IS FURTHER ORDERED** that any attempt to comment on or portray (positively or negatively) an opinion of the evidence, a witness, the attorneys, or the position of any party to these court proceedings through physical gestures; facial expressions; audible reactions; or pre-planned, organized or orchestrated selection of attire in the courtroom, shall be prohibited. Offenders shall summarily be excused from the courtroom, sanctioned, or both.

New Orleans, Louisiana, this 11th day of October, 2017.

**KURT D. ENGELHARDT**
**United States District Judge**

CLERK TO FORWARD COPY TO MAGISTRATE JUDGE

9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:   **TAXOTERE (DOCETAXEL)**                              **MDL NO. 2740**
         **PRODUCTS LIABILITY**
         **LITIGATION**                                        **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**

*Fuller v. Sanofi, S.A. et al.*, Case No. 2:17-cv-01812
*Pickrell v. Sanofi, S.A. et al.*, Case No. 2:17-cv-01813
*Wright v. Sanofi, S.A. et al.*, Case No. 2:17-cv-01814
*Castagnola v. Sanofi S.A.*, Case No. 2:17-cv-03864
*Jenkins v. Sanofi S.A., et al.*, Case No. 2:17-cv-03866
*Gardner v. Sanofi S.A. et al.*, Case No. 2:17-cv-03865
*Ernyes-Kofler, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-03867
*McCallister, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-02356
*Smith v. Sanofi-Aventis U.S. LLC, et al.*, Case No. 2:17-cv-05832
*Johnson  v. Sanofi S.A. et al.*, Case No. 2:17-cv-05833

<u>**PRETRIAL ORDER NO. 64**</u>
<u>**[Order Clarifying the Court's Ruling (Rec. Doc. 784) on California Plaintiffs' Motion to Remand]**</u>

On August 30, 2017, this Court ruled on Plaintiffs' Omnibus Motion to Remand Certain

Cases to the Superior Courts of California (Rec. Doc. 469), and the motion was **GRANTED IN**

**PART** and **DENIED IN PART**. For the sake of clarity in the record, the Court reiterates its

ruling herein.

With regard to: (1) *Pickrell v. Sanofi, S.A. et al.*, Case No. 2:17-cv-01813, (2) *Jenkins v.*

*Sanofi S.A., et al.*, Case No. 2:17-cv-03866, and (3)  *Smith v. Sanofi-Aventis U.S. LLC, et al.*, Case

No. 2:17-cv-05832, Plaintiffs' motion to remand is **GRANTED**, and these cases shall be

**REMANDED** to California state court.

With regard to: (1) *Fuller v. Sanofi, S.A. et al.*, Case No. 2:17-cv-01812**,** (2) *Wright v.*

*Sanofi, S.A. et al.*, Case No. 2:17-cv-01814, (3) *Castagnola v. Sanofi S.A.*, Case No. 2:17-cv-

1

03864**,** (4) *Gardner v. Sanofi S.A. et al.*, Case No. 2:17-cv-03865, and (5) *Johnson v. Sanofi S.A. et al.*, Case No. 2:17-cv-05833, Plaintiffs' motion to remand is **DENIED**.[1]

With regard to: (1) *Ernyes-Kofler, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-03867, and (2) *McCallister, et al. v. Sanofi S.A. et al.*, Case No. 2:17-cv-02356, counsel were ordered to submit supplemental briefing on the severance of these two multi-plaintiff cases within ten days of the Court's August 30, 2017 ruling.[2]

New Orleans, Louisiana, this 12th day of October 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1]     These Plaintiffs were further ordered to file a motion to dismiss without prejudice as to McKesson within ten days of the Court's August 30, 2017 ruling on the motion. Plaintiffs complied with this Court's ruling thereafter. *See* Rec. Docs. 792, 832, 836, 852, and 853.
[2]     Plaintiffs complied with this Court's Order and submitted supplemental briefing on September 11, 2017. *See* Rec. Doc. 837.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**                    **MDL NO. 2740**
        **PRODUCTS LIABILITY**
        **LITIGATION**

**THIS DOCUMENT RELATES TO:**                    **SECTION "N" (5)**
**ALL CASES**

<u>**PRETRIAL ORDER NO. 65**</u>
<u>**[Procedure for Severance of Multi-Plaintiff Cases]**</u>

The Court is aware of a number of complaints that have more than one plaintiff, excluding a plaintiff with a derivative claim.  For these multi-plaintiff cases,[1] the Court deems it appropriate to sever the individual claims and assign to each plaintiff's claim an individual civil action number.

The Court therefore issues this Order on these multi-plaintiff cases, as well as any multi-plaintiff cases later removed or transferred to this MDL, and the procedure to sever plaintiffs from these cases in order that each plaintiff (and any plaintiff with a derivative claim) has her own individual complaint.

To facilitate the efficient administration of these actions, **IT IS ORDERED** that:

(1) Within thirty (30) days of transfer into the MDL for cases not currently pending in the MDL, the lead plaintiff in each multi-plaintiff action shall file an *ex parte* motion and proposed order requesting severance of the individual plaintiffs in these multi-plaintiff cases. With regard to all pending multi-plaintiff cases as of the date of the entry of this Order, plaintiffs, through the PSC, shall file a single omnibus *ex parte* motion to sever within thirty (30) days of entry of this Order. Any motion and proposed order shall treat

---

[1]    In the multi-plaintiff City of St. Louis cases referenced in Plaintiffs' Omnibus Motion to Remand Certain Cases to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri (Rec. Doc. 467), those plaintiffs have agreed to withdraw their motions for remand and acquiesce in the transfer of their cases to this Court and, thus, this Order is applicable to those plaintiffs.

an individual plaintiff who has used a docetaxel product who is joined with a plaintiff with a derivative claim based on the other plaintiff's use of a docetaxel product as one "individual plaintiff."

(2) Upon the filing of any *ex parte* motion to sever by plaintiffs, this Court shall issue an Order of Severance for those cases.

(3) Within 45 days from the Order of Severance, the individual plaintiffs (and any plaintiff with a derivative claim) must file a Short Form Complaint,[2] as well as pay the filing fee. The Short Form Complaint shall have two attachments when filed: (1) the Severance Order; and (2) the originally filed complaint. The Clerk will assign a new docket number to each individual plaintiff's Short Form Complaint and the docket number that had been assigned to the original multi-plaintiff case will be terminated once 45 days from the Order of Severance have passed.

(4) Generally, neither Civil Cover Sheets nor Summons will be required for the severed civil actions. If a defendant has already been served in the case, no further service shall be required on that defendant. Service of the filed Short Form Complaint according to the procedures set forth by prior Pretrial Orders entered in this MDL shall be sufficient to effectuate service of the severed civil actions if service on the defendant(s) had not yet been accomplished in the multi-plaintiff action. Plaintiffs are not permitted to add new defendants when filing the Short Form Complaints in multi-plaintiff cases pursuant to this Pretrial Order. Rather, any substantive amendments to severed actions are governed by the Local Rules of the Eastern District of Louisiana.

---

[2]     *See* Pretrial Order No. 41. The Short Form Complaint shall be filed as an original complaint and not in the master docket. See attached "Exhibit A" for detailed filing instructions.

(5) Any individual Short Form Complaint filed within the time provided by this Pretrial Order and subject to the terms of this Pretrial Order will be deemed to have been filed on and relate back to the original filing date of the multi-plaintiff civil action from which the applicable action was severed. Additionally, any statute of limitations defense that existed as of the filing dates of the original multi-plaintiff complaints shall be preserved.

(6) Defendants' obligations with respect to filing responsive pleadings are not affected by this Order and are governed by prior Pretrial Orders entered in this MDL.

(7) For plaintiffs in multi-plaintiff cases removed to this Court, plaintiffs shall complete their Plaintiff Fact Sheets within the deadlines set forth in Amended PTO No. 22 (Rec. Doc. 325) as if the case were filed in the MDL on the date an individual civil action number is assigned.

(8) The named plaintiffs in the proposed class action, in which certification has been denied (Rec. Doc. 647), shall complete their Plaintiff Fact Sheets  within the deadlines set forth in Amended PTO No. 22 (Rec. Doc. 325) as if the case were filed in the MDL on the date an individual civil action number is assigned.

(9) Upon denial of subsequent motions to remand or motions for class certification, the plaintiffs in those cases shall complete the Plaintiff Fact Sheets within the deadlines set forth in Amended PTO No. 22 (Rec. Doc. 325) as if the case were filed in the MDL on the date of the Court's order denying plaintiffs' motion to remand or for class certification.

New Orleans, Louisiana, this 16th day of October, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

3

**Filing Individual Severed Taxotere Cases**

---

## Documents Needed

Have the following PDFs available before starting the severed civil case opening process:
- Short Form Complaint
- Severance Order
- Original Complaint

Note:  A civil cover sheet is not required

---

## Opening the Individual Severed Cases

Login to CMECF and select Civil on the main menu bar, then under Open a Case, click on the link **CIVIL CASE**.
- In the "Other Court Name" field enter "EDLA"
- In "Other court number" field enter the original case number of the Multi Plaintiff Complaint
- Jurisdiction is "4" (Diversity)
- For most cases: Cause of action is:  28:1332pl (Diversity - Product Liability)
- Nature of suit: 367 (Personal Injury: Health Care/Pharmaceutical Personal Injury Product Liability)
- Citizenship of 1st named pla: either 1-Citizen This State, or 2-Citizen Other State
- Citizenship of 1st named defendant: either 3 - Citizen or Subject of a Foreign Country (if Sanofi is named as a defendant), or 5 - Incorporated/Principal Business Other State
- Jury demand "p" for plaintiff, no Class Action, no $ demand
- County is the Louisiana parish of residence for the 1st named plaintiff, or "Out of State", or "Out of Country"
- Add individual plaintiffs as listed in the Short Form Complaint
- Add defendants as selected and indicated in the Short Form Complaint
- Do not select or enter named defendant with aliases.
  - *Ex.*(incorrect party name)**. Hospira Worldwide, LLC fka Hospira Worldwide, Inc**.)
  - *Ex.* (correct party name)  - select **Hospira Worldwide, LLC** then separately enter the alias name (**Hospira Worldwide, Inc**.) under the alias field for the applicable defendant.

---

## Docketing the Lead Event/Individual Severed Complaint
- Select the link "Docket Lead Event", select the event "Complaint"
- Select the plaintiff(s) as the filer
- Create the attorney/party association
- Select the defendant(s) that this filing is against

The Short Form Complaint will be the **Main document** with  **Attachments** of:
- Severance Order
- Original Complaint

Exhibit A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re:  **TAXOTERE (DOCETAXEL)**          MDL NO. 2740
     **PRODUCTS LIABILITY**
     **LITIGATION**                   SECTION "N" (5)

**THIS DOCUMENT RELATES TO:**

*MEMBER CASES LISTED HEREIN*

## PRETRIAL ORDER NO. 66
### [Order Clarifying this Court's Ruling on Delaware Motion to Remand (Rec. Doc. 784)]

On August 30, 2017, this Court ruled on Delaware Plaintiffs' Motion to Remand to the

Superior Court of Delaware (Rec. Doc. 473). Plaintiffs' motion was **GRANTED**, and the cases

listed herein[1] were ordered to be **REMANDED** to the Superior Court of Delaware. *See* Rec.

Doc. 784.  For the sake of clarity in the record, the Court reiterates its ruling herein.

**IT IS ORDERED** that Delaware Plaintiffs' Motion to Remand to the Superior Court of

Delaware (Rec. Doc. 473) is **GRANTED**, and the cases listed below are hereby **REMANDED**

to the Superior Court of Delaware:

1. *Gradney et al v. Sanofi U.S. Services Inc.,* Case No. 2:17-cv-01891

2. *Sullivan v. Sanofi U.S. Services Inc. et al*., Case No. 2:17-cv-02874

3. *Marino et al v. Sanofi U.S. Services Inc. et al*., Case No. 2:17-cv-02891

4. *Allen et al v. Sanofi U.S. Services Inc. et al.,* Case No. 2:17-cv-03871

5. *Arrington v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03893

---

[1]   Plaintiffs' counsel informed the Court that the list of cases contained in the Court's August 30, 2017 Minute Entry, which reflects the Court's ruling on the motion, is incomplete and/or contains duplicative case numbers. Therefore, the Court issues this Order to correctly identify those cases that were ordered to be remanded to the Superior Court of Delaware.

1

6. *Blunt v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03895

7. *Brooks v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03896

8. *Chapman et al v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03905

9. *Coleman et al v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03908

10. *Cook v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03909

11. *Cross et al v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03910

12. *Darden v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03911

13. *Davis v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03912

14. *Fair et al v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03917

15. *Garrett v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03933

16. *Hampton v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03935

17. *Harmon et al v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03938

18. *Haynes v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03939

19. *Haywood v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03941

20. *Youngblood v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03947

21. *Wilson v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03948

22. *Young v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03952

23. *Jackson v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03953

24. *Knighten et al. v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03954

25. *Washington v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03960

26. *Lamb v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03962

27. *Walker v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03964

28. *Lewis v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03965

29. *Livings v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03968

30. *Ray v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03969

31. *Walker v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03970

32. *Payton, et al., v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03974

33. *Walker et al v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03975

34. *Turner v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03976

35. *Nixon v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03978

36. *Marbury v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-03979

37. *Mullins v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04008

38. *Myrick v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04009

39. *Nation v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04011

40. *Self v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04016

41. *Smith v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04017

42. *Thomas v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04020

43. *Stewart v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04021

44. *Stone v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04023

45. *Taylor, et al v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04025

46. *Strother et al v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-04028

47. *Evans et al v. Sanofi U.S. Services Inc. et al.*, Case No. 2:17-cv-05419

New Orleans, Louisiana, this 24th day of October 2017.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  **TAXOTERE (DOCETAXEL)**                    **MDL NO. 2740**
       **PRODUCTS LIABILITY**
       **LITIGATION**

**THIS DOCUMENT RELATES TO:**                    **SECTION "N" (5)**
**ALL CASES**

**PRETRIAL ORDER NO. 67**
**[Order Setting Next Meeting of Liaison Counsel and Next General Status Conference]**

On October, 6, 2017, the Court held a meeting with liaison counsel in the undersigned's chambers. At that meeting, the Court set the date for the next meeting of liaison counsel as well as the date for the next general status conference. Thus, **IT IS ORDERED** that:

1. The next meeting of liaison counsel and the Court will take place on **Friday, November 17, 2017, at 9:30 a.m.** in the undersigned's chambers. Counsel are to submit a proposed agenda for the meeting via email on or before **Wednesday, November 15, 2017, by 5:00 p.m.**

2. The next general status conference will take place on **Friday, December 15, 2017, at 10:00 a.m.** in the undersigned's courtroom, with the meeting of liaison counsel at 8:30 a.m. and meeting of the Plaintiffs' Steering Committee at 9:00 a.m. The Court has set up a conference line for the status conference. To participate, call (866) 615-1886 and enter access code 432133.

New Orleans, Louisiana, this 26th day of October, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)                    MDL NO. 2740
        PRODUCTS LIABILITY
        LITIGATION

                                                SECTION "N" (5)
THIS DOCUMENT RELATES TO:
ALL CASES


PRETRIAL ORDER NO. 68
(October 27, 2017 Conference of the Steering Committees)

The Court held a Steering Committees conference of appointed counsel for Plaintiffs and

Defendants on October 27, 2017.  As discussed during the conference, **IT IS ORDERED** that:

1.  On or before **Thursday, November 2, 2017**, Plaintiffs, through the Plaintiffs' Steering

    Committee ("PSC"), shall submit via email to the Court the "Guidance Regarding

    Potential Sources of Electronically Stored Information" previously agreed to among

    the parties and distributed by the PSC to all Plaintiffs' counsel.   On or before

    **Thursday, November 2, 2017**, the PSC and the Defendants shall each separately

    submit: 1) any proposed amendments to the "Guidance Regarding Potential Sources of

    Electronically Stored Information;" and/or 2) protocols or instructions that the parties

    believe will resolve the concerns raised by Defendants in the October 27, 2017 Steering

    Committees conference regarding Plaintiffs' counsel's Electronically Stored

    Information ("ESI") obligations set forth in the Plaintiff Fact Sheet (Rec. Doc. 236-1).

2.  Defendants shall submit a revised proposed Order to Show Cause whereby the

    plaintiffs identified in Appendices C and D of Joint Report No. 5 (Rec. Doc. 839) that

    remain deficient as of October 27, 2017 are required to show cause why their case

    should not be dismissed with prejudice for failure to comply with Amended Pretrial

Order No. 22 (Rec. Doc. 325) in a written submission of no more than two pages double-spaced.  Defendants are not required to submit a response unless otherwise ordered by the Court.

3.  Pursuant to the revised Plaintiff Fact Sheet (Rec. Doc. 236-1), each plaintiff shall produce representative photographs that have meaning and provide insight into her hair at times relevant to her case. This is best demonstrated with dated photos taken both before and after the Taxotere/docetaxel treatment.  For clarity,  "before" photographs shall be dated; should be  portrait-type photographs taken closest in time to starting treatment; and, in any event, should be no earlier than five (5) years prior to infusion. The photographs should clearly depict the condition of the plaintiff's hair.  The plaintiff should not wear wigs, scarves, hats or any other accessories which conceal or cover her hair in the photograph.  Notwithstanding the clarifications herein, which are intended to reduce disputes regarding the sufficiency of photographs, the Plaintiffs' obligations as set forth and described in the PFS remain intact and are not altered by this Order.

New Orleans, Louisiana, this 9th day of November, 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                              **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                        **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

<u>**PRETRIAL ORDER NO. 69**</u>
<u>**[DEADLINE FOR SUBMISSION OF APPLICATIONS FOR COURT APPOINTED**</u>
<u>**POSITIONS WITHIN MDL 2740]**</u>

   Throughout the progression of MDL No. 2740, *In re: Taxotere (Docetaxel) Products*

*Liability Litigation*, the Court has appointed counsel to various positions for a term until January

1, 2018. These appointments include: (1) Plaintiffs' Liaison Counsel (Rec. Doc. 104); (2)

Defendants' Liaison Counsel (Rec. Doc. 104); (3) Plaintiffs' Steering Committee (Rec. Doc. 104);

(4) Plaintiffs' Settlement Committee (Rec. Doc. 133); (5) Defendants' Settlement Committee

(Rec. Doc. 133); (6) Plaintiffs' Federal-State Liaison Counsel (Rec. Doc. 156); (7) Defense

Counsel Designated to Attend Plaintiffs' Steering Committee Meetings (Rec. Doc. 289); and (8)

505(b)(2) Defendants' Settlement Committee (Rec. Doc. 371). With regard to all of these

appointed positions, counsel were given a deadline of <u>**Wednesday, November 15, 2017**</u>, to apply

or reapply for such positions for the upcoming term.

   **IT IS ORDERED** that counsel shall submit their applications to the Court in the same

manner in which the applications were originally ordered to be submitted for the present term.

Thus, counsel are advised to review the Pretrial Orders for instructions on how the applications

should be properly submitted to the Court. However, all applications shall also include a list or

1

summary of counsel's qualifications for the position, whether or not such list or summary was originally required by the Court.

New Orleans, Louisiana, this 14th day of November 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)      )      **MDL No. 2740**
PRODUCTS LIABILITY LITIGATION )
                                                    )      **SECTION: "N" (5)**
                                                    )
THIS DOCUMENT RELATES TO:        )
ALL ACTIONS                                  )

**CASE MANAGEMENT ORDER NO. 8A**
**THAT AMENDS AND SUPERSEDES CASE MANAGEMENT ORDER NO. 8**
**(TRIAL SCHEDULING ORDER- MDL TRIAL NO. 2)**

**ALL COUNSEL ARE RESPONSIBLE FOR READING, UNDERSTANDING,**
**FOLLOWING, AND COMPLYING WITH EACH OF THE PROVISIONS**
**HEREAFTER:**

     1.     **Applicability of Order:**

This Order amends and supersedes this Court's previous Case Management Order No. 8 (Rec. Doc. 935) that was signed on October 11, 2017.

The following procedures and schedules will govern the identification and selection of the trial plaintiffs for the second trial. The Federal Rules of Civil Procedure shall apply, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications.

The parties shall submit additional proposed Case Management Order(s) to the Court for each of the three additional trials set in 2019.

     2.     **Selection of Trial  Plaintiffs**

The parties have submitted to the Court the following cases:

1. Addelson, Barbara; Case No. 2:16-cv-16041     5. Kinderdine, Christine; Case No. 2:17-cv-00348
2. Cazayoux, Priscilla; Case No. 2:17-cv-00766     6. Mills, Jacqueline; Case No. 2:17-cv-02689
3. Crayton, Sheila; Case No. 2:17-cv-05923     7. Phillips, June; Case No. 2:16-cv-15397
4. Gahan, Kelly; Case No. 2:16-cv-15283     8. Sylvest, Lisa; Case No. 2:16-cv-15841

The selection of the Defendant was not limited to sanofi, and the original jurisdiction and venue was not limited to the Eastern District of Louisiana.

The location for the trial is subject to the Court's determination, after input from the parties, whether (a) in the discretion of the Court, the Court determines after input from the Parties that trial of a Plaintiff's case in another venue is appropriate, (b) the Parties agree to waive *Lexecon* permitting the trial of a non-Louisiana Plaintiff's case in the Eastern District of Louisiana, or (c) the Court is able to obtain a temporary assignment to try a case in another district pursuant to 28 USC § 292. Otherwise, all parties preserve all *Lexecon* rights and arguments as to jurisdiction and venue for trial, including all rights preserved under Pretrial Order No. 5, and cases involving any non-Eastern District of Louisiana plaintiff shall be remanded for trial in their transferee courts or the appropriate jurisdiction and venue after pre-trial proceedings are completed.

### 3.  **Phased Discovery**

The eight proposed cases will be subject to phased discovery as set forth in a protocol established by the parties and submitted to the Court. All cases will be subject to the first phase of discovery which will conclude on **June 12, 2018.**

By **June 18, 2018**, the parties shall nominate to the Court and rank in order of preference the four (4) cases that will proceed to the second phase of discovery. Cases identified in Case Management Order No. 3 that have not been dismissed or tried as of June 18, 2018 may be nominated as cases that will proceed to the second phase of discovery. On **June 22, 2018**, the Court, after hearing from the parties, will select one or more Plaintiff(s) (Primary Plaintiff(s)) for the second trial date and will rank the remaining Plaintiffs as alternatives. The parties reserve the right to object to and file motions addressing whether multiple plaintiffs may be tried in one trial. If the Primary Plaintiff's case is dismissed for any reason, the next highest ranked Plaintiff will be set for the second trial date instead.

### 4.  **Motions:**

All pre-trial motions for the second trial, including dispositive motions, shall be **filed** and **served** on or before **December 6, 2018**. Opposition memoranda shall be **filed** and **served** on or before **December 20, 2018**, and reply memoranda shall be **filed** and **served** on or before **January 3, 2019**. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. Dispositive motions filed after this date, even pursuant to an extension or with leave of court, will likely be referred to trial due to time constraints. Trial will **not** be continued due to pending motions submitted after this date.

Requests for oral argument shall be submitted and handled in accordance with Local Rule 78.1.

Motions shall conform to the following:

A.  The Court requires concise, pertinent, and well-organized briefs and memoranda of law. Without leave of court, any original or initial opposition brief or memorandum shall be limited to 25 double-spaced pages, excluding exhibits.  All pages must be numbered at the bottom.

B.  Any reply or other supplemental memorandum shall be limited to ten (10) double-spaced and numbered pages, pursuant to Local Rule 7.7, and must be accompanied by a motion for leave to file. Unless otherwise ordered, if a motion is set for oral argument, the proposed reply memorandum must be filed no later than 12:00 p.m. on the third working day preceding the oral argument date. Thus, for example, if a motion is set for oral argument on a Wednesday, the proposed reply memorandum must be filed no later than 12:00 p.m. on the preceding Friday. For motions not set for oral argument, the proposed reply memorandum should be filed as soon as is practicable, unless otherwise ordered. Finally, if time is of the essence, *e.g.* the proposed reply concerns to a motion scheduled to be considered immediately before trial, counsel should apprise chambers by email or phone to expect an imminent reply, and such reply shall be filed post haste.

C.  Any brief or memorandum that has more than 15 pages must contain all items listed below. Briefs and memoranda that are 15 pages or less must contain items (3), (4), (5), (6), and (7) listed below.

(1)  A table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum.

(2)  A table of citations of cases, statutes, rules, textbooks, and other authorities, alphabetically arranged. All citations to United States Supreme Court cases should include a citation to the United States Supreme Court Reporter.

(3)  A short statement of the nature and stage of the proceeding.  A separate time line of relevant factual events and procedural history is almost always helpful, and should be attached to the motion itself.

(4)  A statement of the issues to be ruled upon by the Court and, with respect to each issue, a short statement, supported by authority, of the standard of review.

(5)  A short summary of the argument.

(6)     The argument shall be divided under appropriate headings succinctly setting forth separate points.

(7)     A short conclusion stating the precise relief sought.

D.     If a party cites legal authority not found in the United States Code, Supreme Court Reporter, Federal Reporter, Federal Rules Decisions, Federal Supplement, Southern Reporter, West's Louisiana Revised Statutes and Codes Annotated, or Westlaw, the relevant parts of such authority must be submitted as an exhibit. If the authority is a case, the entire case must be included.

E.     One paper copy of any memorandum or brief that, together with its exhibits, totals more than 100 pages, must be submitted to chambers when filed. The submitted copy must include the case number, date filed, and record document number information appearing along the top of documents filed electronically utilizing the Court's CM/ECF system.

F.     A party who submits more than five exhibits shall include a table of contents describing each exhibit and listing the tab where it is located. <u>All exhibits submitted to chambers as a hard copy in support of a motion, brief, or memorandum must be tabbed at the right margin</u>. Exhibits shall not be submitted *in globo*; multi-page exhibits shall be numbered on each page for reference. All citations to an exhibit must refer to the letter or number of its tab.

<u>Citations to deposition or affidavit testimony must include the appropriate page, line or paragraph numbers. Citations to other documents or materials with three or more pages must include some sort of pinpoint citation.</u> For example, a contract may be cited by section number, an employee handbook may be cited by page number, and a document without internal divisions may be Bates-stamped or otherwise marked and cited accordingly.

G.     All motions *in limine* for the second trial shall be filed and served on or before **December 6, 2018**.  Opposition memoranda shall be filed and served on or before **December 20, 2018**, and reply memoranda shall be filed and served on or before **January 3, 2019.**  Such motions shall conform to the provisions set forth hereinabove.

## 5.     <u>Disclosures:</u>

Counsel shall complete all disclosure of information as follows:

4

All parties have stipulated that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will not be conducted in this case.

**6.**    **Discovery:**

This case involves extensive documentary evidence, depositions, and other discovery.

For the 4 Trial Plaintiffs, second phase discovery and additional fact witness depositions for use at the second trial shall be taken and all other fact discovery of the Defendants for trial shall be completed no later than **August 1, 2018**.

Expert depositions and discovery for use at the second trial shall be completed no later than **November 16, 2018**.

All discovery disputes shall be promptly brought before the assigned magistrate judge to ensure that discovery may be completed within this deadline. Trial will **not** be continued because of unresolved discovery disputes.

**7.**    **Amendments:**

Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than **June 29, 2018**, in accordance with the Federal Rules of Civil Procedure and Local Rule 7.6.  Later amendments will not be allowed absent good cause, and may not be allowed if the trial date is thereby jeopardized.

Counsel adding new parties subsequent to the issuance of this Order shall provide each new party with a copy of it. Pleadings responsive thereto, when required, shall be filed no later than **July 6, 2018.**

**8.**    **Experts:**

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for plaintiffs shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **August 31, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

Written reports of experts, as defined by Fed. R. Civ. P. 26(a)(2)(B), who may be witnesses for the second trial defendant shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **October 1, 2018**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

Any expert witness who was previously deposed in this MDL, shall not be deposed again absent good cause shown, unless such expert is offering a case-specific opinion or a new opinion not previously disclosed.

**9.      Witnesses and Exhibits:**

Counsel for the parties are ordered to file in the record and serve upon their opponents a preliminary list of all witnesses who may be called to testify at trial no later than **July 13, 2018**, and a preliminary list of all exhibits that may be used at trial no later than **November 19, 2018**.

Counsel for the parties are ordered to file in the record and serve upon their opponents a final list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **December 3, 2018**.

Except by order issued on motion for good cause shown, the Court will not permit any witness, expert or fact, to testify, or any exhibits to be used, unless there has been compliance with this Order as it pertains to the witness and/or exhibits.

**10.      Final Pre-Trial Conference:**

A final Pre-Trial Conference will be held in chambers before the undersigned on **Thursday, January 17, 2019 at 9:00 a.m.**

The Final Pre-Trial Conference must be attended **in person** by the attorneys who will try the case, unless, prior to the Conference, the Court grants permission for other counsel to attend. Counsel must be prepared to discuss this case in detail, as set forth in paragraph 1. Attendance by clients/client representatives is prohibited, unless specifically ordered by the Court.

A joint proposed Pre-Trial Order must be submitted to chambers electronically or by-hand no later than 4:00 p.m. on **January 15, 2019**. If submitted electronically, the joint proposed Pre-Trial Order shall be emailed to eFile-Engelhardt@laed.uscourts.gov, with a copy to the assigned law clerk. The joint proposed Pre-Trial Order submitted to the Court must be double spaced, paginated, and signed by all counsel. It shall be in the precise form set forth in the attached "Pre-Trial Order Instructions."

Final Pre-Trial Conferences will <u>not </u>be continued except for good cause shown in a **written** motion presented sufficiently in advance of the Conference for opposing counsel to be notified.

Failure on the part of counsel to appear at the Conference may result in **sanctions**, including but not limited to *sua sponte* dismissal of the suit, assessment of costs and attorney fees, entry of default judgment, or other appropriate sanctions.

11.     __Trial__:

      Trial will commence on/or during the week beginning **MONDAY, January 28, 2019** at **8:30 A.M.** before the District Judge **with a jury**. Except when Monday is a holiday or as otherwise ordered by the Court, trial will commence on Monday. Attorneys are instructed to report for trial no later than 30 minutes prior to the scheduled commencement time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 10 days.

     A.      __Hours:__ The Court's hours during trial will vary depending upon the type of case and the needs of the parties, counsel, witnesses, and the Court. Court will normally convene at 8:30 a.m. and adjourn by 5:00 p.m., recessing for lunch between approximately 11:45 a.m. and 1:00 p.m.

     B.      __Access at Other Times:__ Counsel needing access to the courtroom to set up equipment or exhibits before or after normal hours of court must arrange in advance with the Case Manager to have the courtroom open.

     C.      __Telephones:__ Absent an emergency, telephone messages for counsel and/or witnesses will **not** be taken by the Judge's staff.

     D.      __Filing of Documents:__ Two copies of any documents filed immediately prior to and during trial should be submitted to the Case Manager who is present in the courtroom.

     E.      __Witnesses:__ Counsel should bear in mind the Court's hours and arrange for witnesses accordingly. The Court will __not__ recess to permit counsel to call a missing witness unless he or she has been subpoenaed and has failed to appear.

     F.      __Jurors:__ Counsel shall not communicate with any juror or potential juror in any way or by any means, including online via Facebook or any other means of social media, using real or fictitious/alias identities. Counsel shall not instruct any other person to do so, or solicit or plan to receive any such information obtained in this fashion. Should counsel learn that anyone associated with this trial has acted in violation of this paragraph, he/she shall immediately advise the undersigned.

     G.      __Seating:__

       (1)      The Court does not designate seating at counsel tables; this is determined on a first-come, first-served basis on the first day of trial.

(2)    Unless otherwise instructed, counsel and parties are to enter and leave the courtroom only by the front doors; do not use the Court's entrance or the side entrances.

**12.    Conferences and Extensions:**

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. **Trial will not be continued, even on joint motion, absent good cause or compelling reason.** A trial will not be continued because of the unavailability of a witness. Counsel should anticipate such possibilities and be prepared to present testimony by written deposition, videotaped deposition, or by stipulation. If a continuance is granted, however, deadlines and cut-off dates will **not** be extended unless otherwise ordered by the Court.

**13.    Settlement:**

**IT IS ORDERED**, that a Settlement Conference will be held with Magistrate Judge North prior to **November 5, 2018.**

**Only the Magistrate Judge, in his/her discretion, shall have the authority to cancel and/or reset the settlement conference. The parties shall submit a Joint Confidential Status Report to the Magistrate Judge no later than November 9, 2018 in the event a resolution has not been reached by that date.**

**14.    Courtroom Procedure and Conduct:**

A.    **IT IS ORDERED** that the following items are **STRICTLY PROHIBITED** from entry into the courtroom: **All portable communication devices,** including all cellular devices (cell phones, smartphones, personal digital assistants, BlackBerrys, iPhones, Droids, wristwatch cellular devices of any kind, etc.); ear piece devices (such as Bluetooth); **laptop computers** (including iPads or other tablet-style devices); and digital or other types of video **cameras or recorders**; google glasses, wearable computers, or any other similarly functioning device. You may turn in such devices to Susan Adams, judicial assistant in Section "N", upon arriving, and pick them up when you have completed business in Section "N."

B.    The only exceptions to the above provision shall be (1) authorized **court personnel** working on this trial; (2) **law enforcement personnel** (including Court Security Officers and United States Marshals, but not witnesses) participating in this trial as assigned by the Court; and (3) attorneys who are

8

**counsel of record** and who are seated at counsel tables (not in the public gallery), along with any paralegals or other staff seated at counsel tables (not in the public gallery), who are utilizing laptop computers (including iPads and comparable devices) **provided** that the use of any such device shall not access or be accessed or connected to the internet, cellular network, broad band, Wifi, or any other outside network designed to transmit or receive messages, sounds or visual images to anyone outside the courtroom. Prior to entry into the courtroom, counsel shall leave all other cellular phone devices or other such electronic devices in Section "N" chambers.

C.  Any person possessing a prohibited device within the Section "N" courtroom in violation of Paragraph A shall be subject to (1) monetary sanction and (2) expulsion and permanent prohibition from entry into the courtroom for the duration of this trial, both in addition to having such device confiscated and retained by the Court until trial of the matter is complete.

D.  **IT IS FURTHER ORDERED** that food and/or drink (including coffee and bottled water) shall be prohibited from the Section "N" courtroom (Room C-351) and any other designated "overflow" location (if separate from Room C-351); likewise, attendees shall refrain from chewing gum and wearing hats and/or sunglasses (over the eyes or on the head) in the Section "N" courtroom, and shall remove same upon entry. Eating, smoking, and/or reading newspapers or other impertinent books, magazines, etc., in the Section "N" courtroom is strictly prohibited.

E.  **IT IS FURTHER ORDERED** that any attempt to comment on or portray (positively or negatively) an opinion of the evidence, a witness, the attorneys, or the position of any party to these court proceedings through physical gestures; facial expressions; audible reactions; or pre-planned, organized or orchestrated selection of attire in the courtroom, shall be prohibited. Offenders shall summarily be excused from the courtroom, sanctioned, or both.

New Orleans, Louisiana, this 14th day of November, 2017.

**KURT D. ENGELHARDT**
**United States District Judge**

CLERK TO FORWARD COPY TO MAGISTRATE JUDGE

9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

**PRETRIAL ORDER NO. 70**
**(Regarding Contact with Physicians)**

The following will govern the parties' interactions with an MDL Plaintiff's prescribing and treating physicians.  As used in this order, an "MDL Plaintiff's prescribing or treating physician" is a physician who has one or more patients who have filed a lawsuit (or whose representative has filed a lawsuit) pending in this MDL proceeding alleging that the patient sustained an injury caused by docetaxel.  A "prescribing physician" is the physician identified in Plaintiff's Fact Sheet as the physician who prescribed docetaxel to the Plaintiff, as recorded in MDL Centrality; a "treating physician" is the physician who treated the injury alleged in the Plaintiffs' Fact Sheet, as recorded in MDL Centrality.

1. Plaintiffs' counsel may engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician.  With respect to any such *ex parte* communications, at least 48 hours before the deposition of the Plaintiff's prescribing or treating physician, Plaintiff's counsel shall disclose to Defendants' counsel each of the following:

   a. the date(s) of each such *ex parte* communication;

   b. the approximate duration of each such *ex parte* communication;

      c.   the location of each such *ex parte* communication;

      d.   the participants in each such *ex parte* communication; and

      e.   the identity of the documents, photographs, or other materials that were shown or provided to the treating physician by Plaintiffs' counsel in connection with each such *ex parte* communication.

2.   Defendants' counsel will not engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician, except as permitted in paragraph 3 and its subdivisions and except that non-lawyer staff for Defendants' counsel may contact the office of a prescribing or treating physician for purposes of deposition scheduling.  Nothing herein shall bar any employee, agent or representative of the Defendants from engaging in communications with physicians in the ordinary course of business.

3.   Going forward from the date of this Order, Defendants' counsel may engage in *ex parte* communications with up to 30 MDL Plaintiffs' prescribing or treating physicians (to be divided between the Defendants, collectively) for the purpose of obtaining physician-experts with respect to the trial Plaintiffs.  In addition, Defendants' counsel may retain as expert witnesses up to 20 MDL Plaintiffs' prescribing or treating physicians (to be divided between the Defendants, collectively), no matter when the physicians were initially contacted by Defendants' counsel.

      a.   All *ex parte* communications by Defendants' counsel with an MDL Plaintiff's prescribing or treating physician prior to any fact deposition conducted of that physician must be limited to non-substantive discussions until the physician has affirmatively expressed a *bona fide* interest in being considered as a retained expert.

b.  Defendants' counsel shall not retain physician-experts who are prescribing or treating physicians of the trial Plaintiffs outlined in Case Management Order No. 3 ("CMO 3") [Doc. No. 669], until after those cases are tried, removed from the trial docket, or dismissed.

c.  Defendants' counsel shall disclose to Plaintiffs' counsel on the date set forth in CMO 3 for disclosure of testifying experts, the name of any testifying expert who per MDL Centrality has patients who are plaintiffs in the MDL proceeding, and the experts themselves shall have no further affirmative disclosure obligations.  No disclosures pursuant to CMO 3 are necessary for consulting experts until such time as an expert is identified as a testifying expert.  Consulting experts contacted or retained by Defendants' counsel shall be subject to all of the requirements of this Order to the same extent as testifying experts, except that the disclosure requirements set forth in this subparagraph 3(c) shall not apply to consulting experts until they are identified as testifying experts.

d.  Defendants' counsel may communicate with a prospective physician-expert about his or her general clinical experiences with docetaxel, provided the Defendants' counsel shall not communicate with a physician-expert who has acted as a prescribing or treating physician about any of his or her specific patients who has taken docetaxel.

e.  The Defendants shall not use a physician as a consulting or testifying expert in a case where that physician's present or former patient is a plaintiff in that case.

f.   Defendants may rely on the disclosures in Plaintiffs' Fact Sheets as recorded in MDL Centrality at the time the physician-expert is retained, in determining whether a physician is an MDL Plaintiff's prescribing or treating physician.  Subsequent disclosures in Plaintiffs' Fact Sheets as recorded in MDL Centrality shall not impact the count toward the cap in paragraph 3.

g.   The numerical limit in paragraph 3 above is subject to modification by agreement of the parties or by court order for good cause shown.  The limitation shall be subject to re-evaluation by the Court should any additional plaintiffs subsequently be selected for discovery or trial.

h.   This order denies in part and grants in part "Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc.'s Motion for Entry of a Protocol Regarding *Ex Parte* Contact With Physicians" [Doc. No. 917].  The Court overrules Defendants' and Plaintiffs' objections to the extent this order is inconsistent with the positions of either party as articulated in their written submissions or oral argument.

New Orleans, Louisiana, this 21st day of November 2017.

**KURT D. ENGELHARDT**
**United States District Judge**

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)        )        MDL NO. 2740
PRODUCTS LIABILITY LITIGATION )
                                                      )        SECTION: "N" (5)
                                                      )
THIS DOCUMENT RELATES TO:       )
ALL CASES                                        )

**CASE MANAGEMENT ORDER NO. 10**
**(PROTOCOL FOR INITIAL PHASE OF CASE-SPECIFIC DISCOVERY**
**FOR CASES IDENTIFIED IN CASE MANAGEMENT ORDER NO. 8A)**

The Court hereby Orders as follows:

1. **Applicability of Order**. This protocol governs the initial phase of case-specific discovery for cases identified in Case Management Order No. 8A ("CMO No. 8A") (Rec. Doc. 1099). The Federal Rules of Civil Procedure shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications.

2. **Expedited Plaintiff Fact Sheet and Defendant Fact Sheet Process.**

   a. All Plaintiffs identified in CMO No. 8A shall, within twenty-one (21) days of this Order, make a good faith effort to cure or challenge deficiencies in the Plaintiff Fact Sheet ("PFS") identified by Defendants.  If a dispute remains following twenty-one (21) days and after a meet and confer, either Party may immediately seek determination of any deficiency issue by requesting a brief telephonic hearing before the Honorable Magistrate Judge Michael B. North.  No formal briefing shall be required.

   b. For cases identified in CMO No. 8A, within fifteen (15) days after notice by Plaintiffs of any deficiency in a Defendant Fact Sheet ("DFS"), Defendants shall make a good faith effort to cure or challenge deficiencies identified by Plaintiffs. If a dispute remains following a Defendant's good faith effort to cure or challenge and after a meet and

1

confer, either party may immediately seek determination of any deficiency issue by requesting a brief telephonic hearing before the Honorable Magistrate Judge Michael B. North.  No formal briefing shall be required. All other provisions of Amended Pretrial Order No. 22 (Rec. Doc. 325) otherwise apply.

**3. Case-Specific Depositions.**

**a.** Depositions in the initial phase of case-specific discovery for cases identified in CMO No. 8A shall be limited to the following: (1) the Defendant(s) may depose the Plaintiff and select three (3) additional witnesses to depose; and (2) Plaintiffs may select two (2) witnesses to depose.  The parties shall meet and confer regarding the order of taking testimony and the allotment of time between the parties in the depositions.  The parties shall meet and confer about whether additional depositions are reasonably necessary to determine if a case should be selected for trial.  If an agreement cannot be reached, either party may immediately seek determination of the issue by requesting a brief telephonic hearing before Magistrate Judge Michael B. North.  No formal briefing shall be required.

**b.** The parties shall meet and confer regarding the timing of the depositions and if necessary seek determination of the issue by requesting a brief telephonic hearing before Magistrate Judge Michael B. North.  No formal briefing shall be required.

New Orleans, Louisiana, this 6th day of December 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                      MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                 SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

<u>**PRETRIAL ORDER NO. 71**</u>

<u>[Governing Plaintiffs' Responsibilities Relevant to ESI]</u>

Concerned that certain Plaintiffs in this MDL do not appear to have adequately and timely produced responsive electronically stored information ("ESI") as required by the Plaintiff Fact Sheet ("PFS"), the Court enters this Order governing Plaintiffs' identification, preservation, collection, and production of ESI.  The Court also orders all Plaintiffs and their counsel to review and familiarize themselves with the revised "Guidance Regarding Potential Sources of Electronically Stored Information," attached here as Exhibit A.

1.      **<u>Applicability</u>**.  This Order applies to all Plaintiffs in MDL 2740 and shall govern all document requests served on Plaintiffs, including the document requests in Section IX of the PFS and any future requests for production that may be served by Defendants.

2.      **<u>Sources of ESI</u>**. To the extent a plaintiff used or maintained any of the following ESI sources five (5) years prior to her docetaxel treatment or any time since her treatment, each plaintiff shall search the following sources for responsive ESI, regardless of whether such sources are currently in use by that plaintiff: (i) any email accounts used by plaintiff; (ii) any electronic devices used by plaintiff (e.g., desktop or laptop computers, tablets, mobile phones, digital cameras); (iii) any other hardware storage devices used by plaintiff (e.g., external hard drives,

1

memory cards, USB or thumb drives, CDs/DVDs); (iv) any social media used by plaintiff (e.g., Facebook, Instagram, LinkedIn, Twitter, MySpace, YouTube, Pinterest, or other online collaboration tools such as Google+ or Yahoo! groups); (v) any website where a plaintiff made online postings (e.g., on a blog, message board, etc.); (vi) any cloud storage used by plaintiff (e.g., DropBox, Microsoft Office365 Account, Google Drive, iCloud, Amazon Drive, etc.).

3. **Search obligations**. Each plaintiff shall do reasonable searches on each of the sources identified in ¶ 2 of this Order (to the extent they exist) to identify and collect potentially responsive ESI for counsel review.  Reasonably diligent searches may require running search terms; reviewing files, communications, videos, and photographs; or otherwise conducting an actual, physical search of the sources.  Plaintiff's counsel shall take an active role in identifying, preserving, collecting, reviewing, and producing all responsive ESI.  To the extent individual plaintiff's counsel has questions regarding these obligations, counsel shall consult with Plaintiffs' Liaison Counsel (Palmer Lambert and Dawn Barrios), Karen Barth Menzies or Plaintiffs' ESI Consultant, Paul McVoy, for clarification.

4. **Search terms**.  Where feasible, each plaintiff or her attorney shall run the following terms through any available search function on the sources identified in ¶ 2.  Each term should be run separately: (a) breast cancer; (b) cancer; (c) chemotherapy; (d) chemo; (e) hair loss; (f) hair; (g) bald; (h) taxotere; (i) docetaxel; (j) taxane; (k) alopecia; (l) sanofi; (m) pharmaceutical; (n) side effect; (o) warning; and any other terms likely to retrieve a ESI response to a request for production.

5. **Production format**. Plaintiffs shall produce all responsive ESI in a manner that preserves any metadata.  To the extent individual plaintiff's counsel needs assistance in how to properly preserve responsive metadata, counsel shall consult with Plaintiffs' Liaison Counsel

(Palmer Lambert and Dawn Barrios), Karen Barth Menzies or Plaintiffs' ESI Consultant, Paul McVoy.[1]

6.      **Disclosures**.  Each plaintiff shall provide a written statement to Defendants signed by the plaintiff and her attorney, which shall be produced along with the responsive documents. To the extent that a plaintiff's obligation to produce responsive documents has already come due by way of a previously submitted PFS or other request for production by Defendants as of the date of this Order, that plaintiff shall have 45 days from entry of this Order to produce the written statement. The written statement shall provide:

   a.  A description of any employer-owned email accounts, other individuals or other locations, and resources where responsive ESI may exist; and

   b.  A description of unique, non-duplicative ESI within the scope of discovery that was lost or destroyed and whether plaintiff used any consumer backup tools (e.g., Carbonite, Backblaze, Crashplan, etc.).

7.      **Rule 26(g) certification**.  Any statement, declarations or certifications made by a plaintiff or her attorney regarding information and documents produced in discovery in this litigation, including the PFS declaration and the disclosure required under ¶ 5 of this Order, shall be subject to Rule 26(g)(3).

New Orleans, Louisiana this 15th day of December 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] **Email**: counsel can collect the relevant .OST and .PST files from Outlook. See how to add email accounts to Outlook at https://support.office.com/en-us/article/Outlook-email-setup-6e27792a-9267-4aa4-8bb6-c84ef146101b.
**Facebook**: see how to download Facebook data at https://www.facebook.com/help/131112897028467.
**iPhone**: see how to download iPhone data at https://support.apple.com/en-us/HT203977.
**Computer zip files**: see how to collect loose files using a .ZIP file at https://support.microsoft.com/en-us/help/14200/windows-compress-uncompress-zip-files.

## EXHIBIT A

## Supplemental Guidance Regarding Potential Sources of Electronically Stored Information

This document contains guidance on how a lawyer and her client can comply with their shared discovery obligations relating to Electronically Stored Information ("ESI").  Individual Counsel are reminded of their obligations under Federal Rule of Civil Procedure (FRCP) 26(g) to conduct a "reasonable inquiry" into ESI.  Individual Counsel are reminded of the preservation requirements of PTO 1.

As a reminder, the Plaintiff Fact Sheet requires that you produce with the fact sheet certain documents and/or ESI.  Specifically, you must produce ["Social media or internet posts to or through any site (including, but not limited to, Facebook. MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Taxotere or Docetaxel or any of your claims in this lawsuit."] (see PFS [Document Request 18]) and representative photographs of your client from before her treatment, during her treatment, 6 months after her treatment, and how your client looks today (see [Document Requests 24-28]).

Keep in mind, this guidance does not provide an exhaustive list of sources that any individual may have, but it provides guidance on how you may discuss the information with your clients. The most important thing is to try and get your clients to think about how they use their computers, phones, and other technology so that you may then search those sources for potentially discoverable information.

Many times, individuals may not know what you mean with questions like "does your phone automatically synch with the cloud?" because relatives might have helped them set up their devices. When planning to talk with a client about these potential sources of discoverable information, it can be helpful if the individual brings along her own personal "tech nerd" (which may be a family member) to assist in answering questions.

Throughout your conversations with your client, you should keep in mind that your goal is to get that person to think about how they use technology now and how they have used technology in the past. If you get pushback from your client, it often helps to remind her that these are typical questions asked to everyone on both sides of the lawsuit. Assure your client of her privacy and that both sides have a legal obligation to protect confidential information produced during the course of the litigation.

Another important area to cover with your clients is replacing the hardware they use, like computers or phones. Individuals will often be involved in a case over many years and may not realize that the desktop computers, phones or other devices they want to upgrade may contain discoverable information. Have a discussion about future upgrades to devices and the importance of keeping your office informed about hardware changes. Let them know that an upgrade is fine, as long as the correct steps are taken to preserve the potentially discoverable information on the device.

Finally, you only need to concern yourself with sources of information within the scope of discovery. This can get confusing to people that are not accustomed to participating in litigation. One example is for an individual that currently works and has a work email address.  You should only be interested in that email source IF the person sends or receives discoverable emails using that account.

With regard to specific sources, here are some helpful points to consider when helping your clients think about how they communicate and store information.

**Traditional Electronically Stored Information**. Email and user created documents are what we often associate with ESI. You should consider discussing with your clients the various email accounts they may use or may have used in the past that may contain information that may be discoverable. Also, be sure to ask about old accounts that your clients may or may not have access to anymore. In addition to email, be sure to ask your clients about where they save documents that they may create, like journals or letters. It may be on a physical device or in some cloud storage location.

If your client says that she has emailed about her hair loss, it may be easiest to walk her through searching that email for certain terms, like (by way of example), (a) breast cancer; (b) cancer; (c) chemotherapy; (d) chemo; (e) hair loss; (f) hair; (g) bald; (h) taxotere; (i) docetaxel; (j) taxane; (k) alopecia; (l) sanofi; (m) pharmaceutical; (n) side effect; (o) warning; and any other terms likely to retrieve a ESI response to a request for production.  Remember, your client has probably never had to search for and turn emails over to a lawyer.  So, you should do more than tell your client she needs to send you emails and pictures relating to her chemotherapy and hair loss.

**Social Media**. More and more individuals communicate about their lives using social media. Exploring the individual's use of social media is important. In addition to the usual questions about Facebook and twitter, try and consider asking about applications that the person might not realize are social media, like LinkedIn or Flickr. Keep in mind that some clients may say that they do not use social media, but during the course of the conversation will realize that they do. You should identify both current and past accounts that your client may have used.

**Text or Instant messages**. Younger people may utilize text messaging more often than older people, but you should still discuss the use of these services with everyone.

**Photographs**.  The Plaintiff Fact Sheets calls for the production of certain photographs. Photographs that your client may have to produce with the PFS may be in electronic format.  You should make every effort to collect those photographs from your client in a way that preserves the metadata with the photographs, such as the date taken.  This guidance also applies to other documents or information your client may have.  To the extent it is proportional and not unduly burdensome, you should try to get the information in an electronic format that preserves the information's metadata and upload that through MDL Centrality.

Many attorneys have been uploading PDFs of pictures with dates written or typed on the PDF.  Where possible, you should upload to Centrality a copy of the original digital file, for example a .jpeg file and use a different method of indicating the date (such as putting the date in

the file name).  It is not helpful to print a picture that was originally in electronic form and scan it back in, or take a picture of an electronic picture and submit that file because all potential date information is lost.  Often times, the digital version of the picture will retain in its metadata the "date taken."  We have confirmed with the Centrality administrator that Centrality leaves this metadata information intact.  If you want to be sure that the date information is uploaded, you can also put the date of the photograph in the name of the picture file and the "document type description" on MDL Centrality.

The Court has made clear that it is the Plaintiff's obligation to provide photographic evidence which accurately and adequately reflects Plaintiff's hair loss injuries.  Providing sufficient photographs within 5 years prior to chemotherapy, which depict Plaintiff's hair prior to treatment with Taxotere, and providing sufficient current photographs, which demonstrate plaintiff's current hair loss following treatment with Taxotere, is needed to prove the client's claim.

Technology has become so pervasive in our world that oftentimes people forget about how much they use it to communicate with their community of friends, family and others. It is incumbent on each attorney to gently but firmly probe the responses to the PFS.  If a client indicates that she has no or very few photographs, probe beyond that initial answer.  Were her children or spouse with her at her chemotherapy treatments?  Might they have pictures on their phones from before, during or after chemotherapy treatments?  Does a parent, child, or spouse have recent picture on their phones?  It should be helpful if you explain to your client *why* these pictures are crucial to her case – so she understands that they are an important part of proving her case.

Having a conversation with your clients about how they communicate and store information up front will help focus your clients on areas that may need to be searched to see if they have potentially discoverable information. This process will help your clients help themselves by enabling the collection and production of the information now so as to avoid a spoliation issue down the road.  **Also, as lawyers, you have all seen defense counsel ask a plaintiff about how they communicate in depositions and whether they have information that they have not given you.**  Use your experience as a lawyer, having seen what defendants look for, to also help guide you through this process.

> **The PSC has lawyers who can assist your office if your staff has general questions on how to talk to your clients about ESI, how to retrieve ESI, how to upload it to Centrality, and how to respond to deficiencies.  Please use these lawyers as a resource.  For ESI-related questions, you can contact Zachary L. Wool at (504) 524-3300 or zwool@bkc-law.com, or you can contact Abby McClellan at (816) 714-7123 or mcclellan@stuevesiegel.com.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)                    **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**

                                               **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

<u>**PRETRIAL ORDER NO. 72**</u>
<u>**[Dismissal of Sanofi S.A. and Aventis Pharma S.A. ("French Defendants")]**</u>

On November 3, 2017, Plaintiffs in this MDL, through the Plaintiffs' Steering Committee, and Defendants, Sanofi S.A., Aventis Pharma S.A., Sanofi-Aventis U.S. LLC, and Sanofi US Services Inc., through their counsel, filed a "Stipulation of Terms Related to Defendants, Sanofi and Aventis Pharma S.A." (Rec. Doc. 1072). Thus, pursuant to the parties' stipulation, **IT IS ORDERED** that Sanofi S.A. and Aventis Pharma S.A. ("French Defendants") are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that in order to facilitate the efficient termination of the French Defendants in the individual member cases within the Court's CM/ECF system, liaison counsel shall provide a list of cases in which the French Defendants have been named to the Court on or before **Monday, January 22, 2018.**

New Orleans, Louisiana, this 4th day of January 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

1

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)                              MDL 2740
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:                               SECTION "N" (5)
ALL CASES

## PRETRIAL ORDER NO. 73
### [Granting Defendants' Motion for Substitution of Second Amended Exemplar Short Form Complaint and Amending the Exemplar Short Form Complaint]

On December 14, 2017, Defendants filed a Motion for Substitution of Second Amended Exemplar Short Form Complaint (Rec. Doc. 1254), through Defendant' Liaison Counsel, with the consent of Plaintiffs, through Plaintiffs' Liaison Counsel;

**IT IS ORDERED** that the Motion for Substitution of Second Amended Exemplar Short Form Complaint be and is hereby **GRANTED** and the version of the Short Form Complaint attached as Exhibit A to this Order[1] is substituted in place of the current Amended Exemplar Short Form Complaint that is found as Exhibit A (Rec. Doc. 318-1) to Pretrial Order No. 37 (Rec. Doc. 318).

Counsel are directed to only use this Court-approved version of the Short Form Complaint, which is effective as of January 4, 2018. This form is available on the Court's Taxotere webpage as well as through MDL Centrality. Counsel are further instructed that this Order does not require

---

[1] While the version of the Short Form Complaint adopted by this Court is substantively the same as the proposed Second Amended Short Form Complaint (Rec. Doc. 1254-2) submitted by counsel, the Court has made changes to the title of the Short Form Complaint. The Court-approved version of the Short Form Complaint that is attached to this Order and also found as Exhibit A (Rec. Doc. 318-1) to Pretrial Order No. 37 (Rec. Doc. 318) is entitled "Short Form Complaint (Effective as of January 4, 2018)" for purposes of clarity. Furthermore, the Court has inserted a footnote after this title to explain that this version of the Short Form Complaint shall supersede all other versions and should be the only version used by counsel for future filings.

1

counsel who have previously filed a Short Form Complaint on an old version of the form to refile a Short Form Complaint on the updated version of the form.

New Orleans, Louisiana, this 4th day of January 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | **MDL NO. 2740** |
| **PRODUCTS LIABILITY LITIGATION** | : | |
| | : | **SECTION "N" (5)** |
| | : | **JUDGE ENGELHARDT** |
| | : | **MAG. JUDGE NORTH** |
| _____, | : | |
| | : | **COMPLAINT & JURY DEMAND** |
| Plaintiff(s), | : | |
| | : | **Civil Action No.: _____** |
| vs. | : | |
| | : | |
| | : | |
| _____, | : | |
| | : | |
| Defendant(s). | : | |
| ---------------------------------------------------------- : | | |

## SHORT FORM COMPLAINT (Effective as of January 4, 2018)[1]

Plaintiff(s) incorporate by reference the Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on July 25, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1.      Plaintiff:

   _____

---

[1]     This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

2.      Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

_____

3.      Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

_____

4.      Current State of Residence: _____

5.      State in which Plaintiff(s) allege(s) injury: _____

6.      Defendants (check all Defendants against whom a Complaint is made):

   a.      Taxotere Brand Name Defendants

   ☐   A.      Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

   ☐   B.      Sanofi-Aventis U.S. LLC

   b.      Other Brand Name Drug Sponsors, Manufacturers, Distributors

   ☐   A.      Sandoz Inc.

   ☐   B.      Accord Healthcare, Inc.

   ☐   C.      McKesson Corporation d/b/a McKesson Packaging

   ☐   D.      Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

   ☐   E.      Hospira, Inc.

   ☐   F.      Sun Pharma Global FZE

   ☐   G.      Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

   ☐   H.      Pfizer Inc.

   ☐   I.      Actavis LLC f/k/a Actavis Inc.

   ☐   J.      Actavis Pharma, Inc.

2

☐   K.   Other:

7.   Basis for Jurisdiction:

☐   Diversity of Citizenship

☐   Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.   Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

9.   Brand Product(s) used by Plaintiff (check applicable):

☐   A.   Taxotere

☐   B.   Docefrez

☐   C.   Docetaxel Injection

☐   D.   Docetaxel Injection Concentrate

☐   E.   Unknown

☐   F.   Other:

10.     First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

11.     State in which Product(s) identified in question 9 was/were administered:

12.     Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

13.     Counts in Master Complaint brought by Plaintiff(s):

☐   Count I – Strict Products Liability - Failure to Warn
☐   Count III – Negligence
☐   Count IV – Negligent Misrepresentation
☐   Count V – Fraudulent Misrepresentation
☐   Count VI – Fraudulent Concealment
☐   Count VII – Fraud and Deceit

☐   Other:  Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

14.     Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

**PRETRIAL ORDER NO. 74**
[**Procedures for Withdrawal of Plaintiff's Counsel**]

This Order governs the procedure for all pending and future Motions for the Withdrawal of Plaintiff's Counsel.

1.    In addition to satisfying the requirements of Local Rule 83.2.11 of this Court and the applicable state Rules of Professional Conduct, a Motion for the Withdrawal of Plaintiff's Counsel which would leave the plaintiff unrepresented, even temporarily, requires leave of Court and must be accompanied by the following to be considered by the Court:

(a)    a written certification by moving counsel that Defendants' Liaison Counsel and the Contact Counsel for each named and served Defendant[1] have been contacted in writing at least fourteen (14) days prior to the filing of the motion and all served Defendants have responded in writing with either their consent to or no intention to oppose the motion, or have responded in writing that the motion is opposed. Absent such written certification, the Clerk of Court is directed not to accept the motion for filing;

---

[1]    See Exhibit "A" to this Order for the current list of names of Contact Counsel for each Defendant.

1

(b)     a written statement by moving counsel indicating whether or not each Plaintiff subject to the motion has communicated to moving counsel an objection to the requested withdrawal, and whether the Plaintiff has communicated an intention to obtain other counsel, and, if so, also has indicated the expected length of time required to do so. When moving counsel has been unable to communicate with the Plaintiff due to Plaintiff being unresponsive to Plaintiff's counsel's efforts to communicate with Plaintiff, moving counsel, as required by Local Rule 83.2.11, must submit in an affidavit (1) a statement that all reasonable efforts were made to communicate with the Plaintiff, such as by telephone, email, text message and certified mail, return receipt requested, and (2) detailed information for each attempted communication.   Moving counsel shall attach to the affidavit copies of the return receipts of any certified letters mailed to the Plaintiff in the course of efforts to communicate with her, and also shall preserve for potential Court review *in camera* copies of all text messages, emails and letters sent in the course of efforts to communicate with the Plaintiff. Moving counsel's inability to communicate with the client will not necessarily result in permission to withdraw as counsel;

(c)     a written statement by moving counsel indicating whether or not (1) each Plaintiff subject to the motion has complied with Amended Pretrial Order No. 22 (Rec. Doc. 325), which requires service via MDL Centrality of a Plaintiff Fact Sheet (PFS) in these proceedings within seventy-five (75) days from the date the case is docketed in this MDL, or is otherwise timely if the law firm has more than twenty-five (25) PFS due on the same day and (2) such Plaintiff is subject to a show cause order. If the Plaintiff does not comply with Court Orders (including the submission of a

completed PFS) as a result of being out of communication with the moving counsel, the Court may in its discretion dismiss the Plaintiff's case.

2.   This Order shall apply to motions filed hereafter and previously filed but still pending motions of Plaintiff's counsel to withdraw, and counsel seeking to withdraw shall amend or supplement the motion in order to comply with the provisions of this Order.

3.   All motions of Plaintiffs' counsel to withdraw, which are opposed by one or more Defendants, shall be noticed for hearing by moving counsel only on a date specified by the Court as the date for a general status conference in these proceedings, and any needed argument on such motions will be conducted immediately following the status conference on that date. For a motion to withdraw as counsel to be noticed for hearing at the status conference, however, the motion must be filed at least twenty-one (21) days before the conference.

New Orleans, Louisiana, this 4th day of January 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT "A"

Julie A. Callsen
Brandon D. Cox
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216-592-5000
Facsimile:  216-592-5009
julie.callsen@tuckerellis.com
brandon.cox@tuckerellis.com

*Counsel for Defendant Accord Healthcare Inc.*

R. Clifton Merrell
Evan Holden
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:  678-553-2100
Facsimile:  678-553-2100
cohenl@gtlaw.com
merrellc@gtlaw.com
holdene@gtlaw.com

*Counsel for Defendant Sandoz, Inc.*

Mark S. Cheffo
Mara Cusker Gonzalez
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone:  212-849-7000
Facsimile:  212-849-7100
markcheffo@quinnemanuel.com
maracuskergonzalez@quinnemanuel.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*

1

Harley V. Ratliff
Kelly Bieri
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard,
Kansas City, MO 64108
Telephone:  816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
kbieri@shb.com

*Counsel for Defendants Sanofi-Aventis U.S.*
*LLC and Sanofi U.S. Services Inc.*

Erin M. Bosman
Julie Y. Park
MORRISON & FOERSTER LLP
12531 High Bluff Dr.
San Diego, CA 92130-2040
Telephone:  858-720-5100
Facsimile:  858-720-5125
ebosman@mofo.com
juliepark@mofo.com

*Counsel for Defendant McKesson*
*Corporation d/b/a McKesson Packaging*
*Service*

Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
28 State Street
Boston, MA 02109
Telephone:  617-213-7000
Facsimile:  617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Counsel for Defendant Sun*
*Pharmaceuticals Industries, Inc. f/k/a*
*Caraco Laboratories, Ltd.*

Michael J. Suffern
Kimberly L. Beck
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:  513-698-5064
Facsimile:  513-698-5065
msuffern@ulmer.com
kbeck@ulmer.com

*Counsel for Defendant Actavis Pharma,*
*Inc.*

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 2740 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: "N" (5) |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL ACTIONS | ) | |

**CASE MANAGEMENT ORDER NO. 12**
**(PRODUCT IDENTIFICATION ORDER)**

Amended Pretrial Order No. 22 (Rec. Doc. 325) requires each Plaintiff to submit to the Defendants a complete and verified Plaintiff Fact Sheet ("PFS") to be accompanied by all responsive documents in Plaintiff's possession within seventy-five (75) days of the date the case is docketed in this MDL. The PFS has both questions related to the identification of the Taxotere/docetaxel/docefrez ("docetaxel") infused and to the production of records to identify the manufacturer of the docetaxel infused. *See* Pretrial Order 18, Attachment 1 (Rec. Doc. 236-1).[1]

Recognizing the importance of determining product identification in MDL 2740, **IT IS ORDERED** that:

1.      Within fifteen (15) days of the entry of this Order, or within thirty (30) days after filing a Short Form Complaint, each Plaintiff must make a diligent, good faith, and documented effort to: (a) determine the facility, center, hospital, or clinic (hereinafter "infusion facility") in which the Plaintiff was infused with docetaxel; (b) determine the time frame Plaintiff was treated with docetaxel at such infusion facility; and (c) request, order, and ultimately pay for medical,

---

[1]      Pretrial Order No. 18 (Rec. Doc. 236) requires each Plaintiff's PFS to be accompanied by any "records demonstrating use of Taxotere® or other docetaxel" in the Plaintiff's possession.  If the manufacturer of such docetaxel is unknown, the Plaintiff must certify to have made "reasonable, good faith efforts to identify the manufacturer of the Docetaxel used in my treatment, including requesting records from my infusion pharmacy." *See* Pretrial Order No. 18, Attachment 1 at Part III (Rec. Doc. 236-1).

pharmacy, billing (*i.e.*, a patient itemized statement), and/or insurance billing records from such infusion facility containing the National Drug Code ("NDC") number(s) for the docetaxel Plaintiff received, or other proof of the identity of the manufacturer of the docetaxel Plaintiff received as provided in Paragraph 6 of this Order ("Product ID Information").  All initial requests for records containing Product ID Information shall be in writing and accompanied by a medical authorization signed by the Plaintiff.  Plaintiff is strongly encouraged to contact the infusion facility by telephone before sending such written request to determine where and/or to whom such written request(s) should be sent.[2]  The written request shall request production of such Product ID Information no more than thirty (30) days after the written request.  If Plaintiffs have substantially complied with these obligations prior to the entry of this Order, they shall notify Defendants in accordance with Paragraph 3 of this Order, within seven (7) days of entry of this Order.

2.      If records are not received within thirty (30) days of the issuance of the written request, Plaintiff shall make a diligent, good faith, and documented effort to follow-up with the infusion facility in writing and/or by phone to obtain (i) Product ID Information; or (ii) written notice that the infusion facility either does not possess Product ID Information or will not provide Product ID Information to Plaintiff.

3.      If Plaintiff has not received Product ID Information within thirty (30) days of the Plaintiff's initial written request, or if Plaintiff receives written notice from the infusion facility that it does not possess or will not disclose Product ID Information to Plaintiff, Plaintiff shall notify the named Defendant(s) in writing within seven (7) days, through Defense Liaison Counsel (John

---

[2]   Plaintiffs should recognize that infusion facilities may maintain and/or store patient records in different departments and/or locations.  For instance, medical records may be maintained in the records department while billing records may be maintained in the billing department.

Olinde – 505b2liaison@chaffe.com and Douglas Moore – dmoore@irwinllc.com) and the contact person for the Defendant(s) named and served in the lawsuit,[3] that Product ID Information has not been received and shall provide Defendant(s) with the following information: (i) Plaintiff's name; (ii) Plaintiff's MDL case number; (iii) copies of all written requests for Product ID Information sent by Plaintiff to the infusion facility; (iv) copies of all documented responses from the infusion facility to Plaintiff; and (v) an executed certification by Plaintiff or Plaintiff's counsel certifying that Plaintiff has made a diligent, good faith, and documented effort to obtain Product ID Information.

4.    Within fourteen (14) days of receiving notice from Plaintiff that Plaintiff has not obtained Product ID Information, each named and served Defendant shall determine whether it possesses Product ID Information for Plaintiff.  If the named and served Defendant possesses Product ID Information, it shall provide all parties to the action with such Product ID Information within the fourteen (14) day period.  If a named and served Defendant does not possess Product ID Information, within twenty-one (21) days of notification to the Defendants that Plaintiff has taken all the steps described above, the named and served Defendants shall collectively send one letter to the infusion facility, identifying themselves as manufacturers of docetaxel and requesting Product ID Information to be produced within fourteen (14) days of receipt of the letter. If the infusion facility provides Product ID Information, Defendants shall provide counsel for Plaintiff and Plaintiffs' Liaison Counsel a copy of the response from the infusion facility within seven (7) days of receipt of the Product ID Information.   Should the infusion facility fail to provide the Defendants with Product ID Information within thirty (30) days of Defendants' letter to the

---

[3]    The name and email address of the contact person for each Defendant are listed in Exhibit A attached hereto.

infusion facility, Defendants shall provide counsel for Plaintiff a copy of the request letter to, and any responses from, the infusion facility.

5.      Within seven (7) days of Plaintiff receiving notice that named Defendant(s) do not possess Product ID Information after Defendants have taken the steps set forth in the preceding paragraph, Plaintiff shall issue a subpoena requiring the infusion facility to release Product ID Information within fourteen (14) days. Plaintiff shall provide a copy of the subpoena pursuant to FRCP 45, through Defense Liaison Counsel (John Olinde – 505b2liaison@chaffe.com and Douglas Moore – dmoore@irwinllc.com) and the contact person for the Defendant(s) named and served in the lawsuit.[4]  If the infusion facility fails to comply with the subpoena, the Court shall take appropriate action.

6.      The following information is presumed sufficient evidence to establish the identity of the manufacturer(s) or labeler of docetaxel in this MDL:

a.      National Drug Code ( "NDC") numbers contained in a patient's medical, pharmacy, billing or insurance records; or

b.      A Certificate of Authenticity of Product Identification Administered ("Certification") identifying the manufacturer(s) or labeler for Plaintiff and the correct dates of treatment, signed by an authorized person on behalf of the patient's infusion pharmacy, treatment facility, or other authorized health care professional. Such Certification need not be notarized and can be in the form of the Certification attached hereto as Exhibit B.

---

[4]      The name and email address of the contact person for each Defendant are listed in Exhibit A attached hereto.

      c.      Medical and/or billing records showing that docetaxel was administered prior to March 8, 2011, is evidence that the docetaxel was manufactured by sanofi.

7.      If Plaintiff obtains Product ID Information, Plaintiff shall upload such evidence to MDL Centrality within seven (7) days of receipt of such evidence.  Plaintiff shall submit such evidence under the "Product Identification" document type field.

8.      Where Product ID Information exists, Defendants in MDL 2740 will not dispute such evidence without offering testimonial or documentary evidence to rebut the presumption.  If any party obtains contrary testimonial or documentary evidence regarding Product ID Information, it shall notify counsel for all named parties of the existence of such evidence within seven (7) days of its discovery.  If such evidence is not produced by the close of discovery once a case is identified in a trial scheduling order, the existing Product ID Information will be deemed affirmative evidence of the identity of the manufacturer or labeler of a plaintiff's docetaxel, absent good cause shown.

9.      Within fourteen (14) days of the date Plaintiff uploads the Product ID Information to MDL Centrality, Plaintiff shall voluntarily dismiss any and all named Defendants not identified by the Product ID Information.

10.      If Plaintiff fails to voluntarily dismiss any Defendant not identified by the Product ID Information within fourteen (14) days of the date Plaintiff uploads such evidence to MDL Centrality, such Defendant may place the issue on the Agenda for the next Status Conference.  No briefing is required.  Twenty-one (21) days prior to the next Status Conference, Defense Liaison Counsel shall identify to Plaintiffs' Liaison Counsel the cases Defendants intend to place on the Agenda for the next Status Conference pursuant to this Order.  Any case naming Defendants without proper Product ID Information at the time of that Status Conference will be subject to an

Order to Show Cause, returnable at the following Status Conference, which will require Plaintiff to show cause why her claims against said Defendant (s) should not be dismissed.

11.     Any Plaintiff who has served a PFS as of the date of this Order and fails to comply with the requirements of Paragraphs 1-3 within forty-five (45) days of this Order, or fails to comply with the requirements of Paragraph 5, shall be subject to dismissal upon motion by Defendants, absent good cause shown.  For all other Plaintiffs, failure to comply with Paragraphs 1-3 of this Order within the time permitted to serve a PFS under Amended Pretrial Order No. 22 (Rec. Doc. 325), or failure to comply with the requirements of Paragraph 5 of this Order, shall subject such Plaintiff to dismissal upon motion by Defendants, absent good cause shown.

12.     Any Plaintiff who lacks Product ID Information after complying with Paragraphs 1-5 of this Order shall be authorized to conduct discovery to the relevant infusion facility, distributor, and healthcare providers, limited in scope solely to determine Product ID Information, for a period of no more than seventy-five (75) days from the issuance date on the subpoena issued pursuant to Paragraph 5 of this Order, regardless of whether a response is provided by the infusion facility.   If Product ID Information is not determined following the 75-day period set forth above, Plaintiff's case may be subject to dismissal upon motion by any named Defendant.

New Orleans, Louisiana, this 12th day of January 2018.

_____

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

Julie A. Callsen
Brandon D. Cox
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216-592-5000
Facsimile:  216-592-5009
noproductid@tuckerellis.com

*Counsel for Defendant Accord Healthcare Inc.*

R. Clifton Merrell
Evan Holden
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:  678-553-2100
Facsimile:  678-553-2100
Sandoz-Taxotere-ProdID@gtlaw.com

*Counsel for Defendant Sandoz, Inc.*

Mara Cusker Gonzalez
Sara Roitman
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone:  212-849-7000
Facsimile:  212-849-7100
docetaxelproductid@quinnemanuel.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*

Harley V. Ratliff
Kelly Bieri
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard,
Kansas City, MO 64108
Telephone:  816-474-6550
Facsimile:  816-421-5547
noproductid@shb.com

*Counsel for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

| | |
|---|---|
| Erin M. Bosman<br>Julie Y. Park<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Dr.<br>San Diego, CA 92130-2040<br>Telephone:  858-720-5100<br>Facsimile:  858-720-5125<br>noproductid@mofo.com | ***Counsel for Defendant McKesson Corporation d/b/a McKesson Packaging Service*** |
| Geoffrey M. Coan<br>Kathleen E. Kelly<br>HINSHAW & CULBERTSON LLP<br>28 State Street<br>Boston, MA 02109<br>Telephone:  617-213-7000<br>Facsimile:  617-213-7001<br>docenoprodid@hinshawlaw.com | ***Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*** |
| Sheryl Ritter<br>Kimberly L. Beck<br>ULMER & BERNE LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>Telephone:  513-698-5064<br>Facsimile:  513-698-5065<br>sritter@ulmer.com<br>kbeck@ulmer.com | ***Counsel for Defendant Actavis Pharma, Inc.*** |

## <u>STATEMENT REGARDING CHEMOTHERAPY DRUG ADMINISTERED</u>

PATIENT NAME: _____

DATE OF BIRTH:_____/_____/ _____          SSN:_____/_____/ _____

### TO BE COMPLETED BY REPRESENTATIVE OF ONCOLOGIST/INFUSION CENTER

**\*\*\*PLEASE MARK THE NDC FOR THE TAXOTERE/DOCETAXEL ADMINISTERED \*\*\***

**SANOFI AVENTIS US LLC**
- ☐ 0075-8003-01
- ☐ 0075-8004-04

**SANOFI AVENTIS US LLC d/b/a WINTHROP US**
- ☐ 0955-1020-01
- ☐ 0955-1021-04

**HOSPIRA, INC.**
- ☐ 0409-0201-02
- ☐ 0409-0201-10
- ☐ 0409-0201-20
- ☐ 0409-0201-25
- ☐ 0409-0201-26
- ☐ 0409-0201-27

**McKESSON PACKAGING SERVICES**
- ☐ 63739-932-11
- ☐ 63739-971-17

**SANDOZ INC.**
- ☐ 66758-050-01
- ☐ 66758-050-02
- ☐ 66758-050-03
- ☐ 66758-950-02
- ☐ 66758-950-03
- ☐ 66758-950-04

**ACCORD HEALTHCARE, INC.**
- ☐ 16729-120-49 KIT
- ☐ 16729-228-50 KIT
- ☐ 16729-267-63
- ☐ 16729-267-64
- ☐ 16729-267-65

**SAGENT PHARMACEUTICALS**
- ☐ 25021-222-01
- ☐ 25021-222-04
- ☐ 25021-222-07

**PFIZER LABORATORIES**
- ☐ 0069-9141-11
- ☐ 0069-9141-22
- ☐ 0069-9142-11
- ☐ 0069-9142-22
- ☐ 0069-9144-11

**ACTAVIS PHARMA, INC.**
- ☐ 45963-734-54
- ☐ 45963-765-52
- ☐ 45963-781-74
- ☐ 45963-790-56

**DR REDDYS LAB LTD.**
- ☐ 43598-258-11
- ☐ 43598-259-40

**TEVA PHARMS USA**
- ☐ 0703-5720-01
- ☐ 0703-5730-01

**NORTHSTAR RX LLC**
- ☐ 16714-465-01
- ☐ 16714-500-01

**EAGLE PHARMACEUTICALS**
- ☐ 42367-121-25
- ☐ 42367-121-29

**SUN PHARMACEUTICAL INDUSTRIES, INC.**
- ☐ 47335-285-41
- ☐ 47335-286-41

☐ **PATIENT WAS NOT ADMINISTERED TAXOTERE/DOCETAXEL**

**PATIENT**
☐ **WAS  /  ☐ WAS NOT ADMINISTERED TAXOL/PACLITAXEL**

_____ / _____ / _____          _____ / _____ / _____          _____
DATE OF FIRST TREATMENT                     DATE OF LAST TREATMENT                     # OF DOSES

_____          _____
SIGNATURE OF REPRESENATIVE OF                     NAME OF PRACTICE/INFUSION CENTER
PRACTICE/INFUSION CENTER

_____          _____
PRINTED NAME & TITLE OF REPRESENTATIVE            ADDRESS

_____          _____
DATE                                              CITY, STATE, ZIP

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                               **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO:**
**ALL CASES**

<u>**PRETRIAL ORDER NO. 75**</u>
<u>**[APPOINTMENT OF COUNSEL WITHIN MDL 2740]**</u>

Throughout the progression of MDL No. 2740, *In re: Taxotere (Docetaxel) Products Liability Litigation*, the Court appointed counsel to various positions for a term until January 1, 2018. These appointments include: (1) Plaintiffs' Liaison Counsel (Rec. Doc. 104); (2) Defendants' Liaison Counsel (Rec. Doc. 104); (3) Plaintiffs' Steering Committee (Rec. Doc. 104); (4) Plaintiffs' Settlement Committee (Rec. Doc. 133); (5) Defendants' Settlement Committee (Rec. Doc. 133); (6) Plaintiffs' Federal-State Liaison Counsel (Rec. Doc. 156); (7) Defense Counsel Designated to Attend Plaintiffs' Steering Committee Meetings (Rec. Doc. 289); and (8) 505(b)(2) Defendants' Settlement Committee (Rec. Doc. 371).

On November 14, 2017, the Court issued Pretrial Order No. 69 (Rec. Doc. 1095), reminding counsel to submit applications for Court-appointed positions within MDL 2740 by Wednesday, November 15, 2017 and ordering counsel to submit such applications to the Court in the same manner in which such applications were submitted for the initial term.

Having received and reviewed all applications submitted by counsel, **IT IS ORDERED** that the Court reappoints counsel to their respective positions within MDL 2740 from the previous term that concluded on January 1, 2018.

1

All appointments shall be for a term beginning from the date of this Order until January 1, 2019, at which time the Court will appoint or reappoint counsel for the next one year term. Applications for the subsequent term shall be submitted no later than November 15, 2018. Counsel are further advised to consult the Pretrial Orders to review the duties and responsibilities associated with their respective positions.

New Orleans, Louisiana, this 12th day of January 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                   MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                              SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

**PRETRIAL ORDER NO. 70A**
**(Replacing Pretrial Order No. 70 Regarding Contact with Physicians)**

      Pretrial Order No. 70 (Rec. Doc. 1137) is hereby replaced in its entirety by this Pretrial Order No. 70A.

      The following will govern the parties' interactions with an MDL Plaintiff's prescribing and treating physicians in cases subject to Case Management Orders 3, 8A, and any trial Plaintiffs once identified in a similar trial scheduling CMO ("Bellwether Trial CMOs"). As used in this order, an "MDL Plaintiff's prescribing or treating physician" is a physician who has one or more patients who have filed a lawsuit (or whose representative has filed a lawsuit) pending in this MDL proceeding alleging that the patient sustained an injury caused by docetaxel. A "prescribing physician" is the physician identified in Plaintiff's Fact Sheet as the physician who prescribed docetaxel to the Plaintiff, as recorded in MDL Centrality; a "treating physician" is the physician who treated the injury alleged in the Plaintiffs' Fact Sheet, as recorded in MDL Centrality.

    1.      Plaintiffs' counsel may engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician. With respect to any such *ex parte* communications, at least 48 hours before the deposition of the Plaintiff's prescribing or treating physician, Plaintiff's counsel shall disclose to Defendants' counsel each of the following:

a.  the date(s) of each such *ex parte* communication;

b.  the approximate duration of each such *ex parte* communication;

c.  the location of each such *ex parte* communication;

d.  the participants in each such *ex parte* communication; and

e.  the identity of the documents, photographs, or other materials that were shown or provided to the treating physician by Plaintiffs' counsel in connection with each such *ex parte* communication.

2.      Defendants' counsel will not engage in *ex parte* communications with any MDL Plaintiff s prescribing or treating physician, except as permitted in Paragraph 3 and its subdivisions and except that non-lawyer staff for Defendants' counsel may contact the office of a prescribing or treating physician for purposes of deposition scheduling. Nothing herein shall bar any employee, agent or representative of the Defendants from engaging in communications with physicians in the ordinary course of business.

3.      Going forward from the original date of Pretrial Order No. 70 (November 21, 2017), Defendants' counsel may engage in *ex parte* communications with up to 30 MDL Plaintiffs' prescribing or treating physicians within the State of Louisiana (to be divided between the Defendants, collectively) for the purpose of obtaining physician-experts and may retain as expert witnesses up to 20 MDL Plaintiffs' prescribing or treating physicians (to be divided between the Defendants, collectively), no matter when the physicians were initially contacted by Defendants' counsel. Counsel for each individual Defendant may also engage in *ex parte* communications with up to 30 MDL Plaintiffs' prescribing or treating physicians located outside of the State of Louisiana for the purpose of obtaining physician-experts and may retain as expert witnesses up to

20 MDL Plaintiffs' prescribing or treating physicians located outside of the State of Louisiana, no matter when the physicians were initially contacted by Defendants' counsel.

   a.   All *ex parte* communications by Defendants' counsel with an MDL Plaintiff's prescribing or treating physician prior to any fact deposition conducted of that physician must be limited to non-substantive discussions until the physician has affirmatively expressed a *bona fide* interest in being considered as a retained expert.

   b.   Once a Plaintiff becomes subject to a Bellwether Trial CMO, Defendants' counsel for the trial Defendant shall not retain physician-experts who are prescribing or treating physicians of such Plaintiffs until after those cases are tried, removed from the trial docket, or dismissed.  To the extent Defendants retained a physician-expert who is a prescribing or treating physician of a Plaintiff subject to a Bellwether Trial CMO before the Plaintiff became subject to a Bellwether Trial CMO, Defendants shall be permitted to use such physician-expert in any case, except as provided in Paragraph 3.e.

   c.   Defendants' counsel shall disclose to Plaintiffs' counsel on the date set forth in the applicable Bellwether Trial CMO for disclosure of testifying experts, the name of any testifying expert who per MDL Centrality has patients who are plaintiffs in the MDL proceeding, and the experts themselves shall have no further affirmative disclosure obligations. No disclosures pursuant to a Bellwether Trial CMO are necessary for consulting experts until such time

as an expert is identified as a testifying expert. Consulting experts contacted or retained by Defendants' counsel shall be subject to all of the requirements of this Order to the same extent as testifying experts, except that the disclosure requirements set forth in this subparagraph 3(c) shall not apply to consulting experts until they are identified as testifying experts.

d.  Defendants' counsel may communicate with a prospective physician-expert about his or her general clinical experiences with docetaxel, provided the Defendants' counsel shall not communicate with a physician-expert who has acted as a prescribing or treating physician about any of his or her specific patients who has taken docetaxel.

e.  The Defendants shall not use a physician as a consulting or testifying expert in a case where that physician's present or former patient is a plaintiff in that case.

f.  Defendants may rely on the disclosures in Plaintiffs' Fact Sheets as recorded in MDL Centrality at the time the physician-expert is retained, in determining whether a physician is an MDL Plaintiff's prescribing or treating physician. Subsequent disclosures in newly-filed or amended Plaintiffs' Fact Sheets as recorded in MDL Centrality shall not impact the count toward the cap in Paragraph 3.

g.  Given the numerical limitations on the number of physicians Defendants may contact as described in this Order, each Defendant shall maintain a current record of the number of physicians contacted and the number

4

retained and provide it to the Court or its designee *in camera* at the Court's request.

h.  This Order denies in part and grants in part "Sanofi-Aventis U.S. LLC and Sanofi US Services, Inc.'s Motion for Entry of a Protocol Regarding *Ex Parte* Contact With Physicians" (Rec. Doc. 917). The Court overrules Defendants' and Plaintiffs' objections to the extent this order is inconsistent with the positions of either party as articulated in their written submissions or oral argument.

New Orleans, Louisiana, this 26th day of January 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "N" (5)

THIS DOCUMENT RELATES
TO ALL CASES

**PRETRIAL ORDER NO. 71A**
**[Replacing Pretrial Order No. 71 Governing Plaintiffs' Responsibilities Relevant to ESI]**

        This Pretrial Order No. 71A amends and supersedes Pretrial Order No. 71 (Rec. Doc. 1306)

to provide Plaintiffs additional time to comply with the obligations set forth in the original Pretrial

Order No. 71.

        Concerned that certain Plaintiffs in this MDL do not appear to have adequately and timely

produced responsive electronically stored information ("ESI") as required by the Plaintiff Fact

Sheet ("PFS"), the Court enters this Order governing Plaintiffs' identification, preservation,

collection, and production of ESI. The Court also orders all Plaintiffs and their counsel to review

and familiarize themselves with the revised "Guidance Regarding Potential Sources of

Electronically Stored Information," attached here as Exhibit A.

        1.      **Applicability**. This Order applies to all Plaintiffs in MDL 2740 and shall govern

all document requests served on Plaintiffs, including the document requests in Section IX of the

PFS and any future requests for production that may be served by Defendants.

        2.      **Sources of ESI**. To the extent a plaintiff used or maintained any of the following

ESI sources five (5) years prior to her docetaxel treatment or any time since her treatment, each

plaintiff shall search the following sources for responsive ESI, regardless of whether such sources

are currently in use by that plaintiff: (i) any email accounts used by plaintiff; (ii) any electronic

devices used by plaintiff (e.g., desktop or laptop computers, tablets, mobile phones, digital cameras); (iii) any other hardware storage devices used by plaintiff (e.g., external hard drives, memory cards, USB or thumb drives, CDs/DVDs); (iv) any social media used by plaintiff (e.g., Facebook, Instagram, LinkedIn, Twitter, MySpace, YouTube, Pinterest, or other online collaboration tools such as Google+ or Yahoo! groups); (v) any website where a plaintiff made online postings (e.g., on a blog, message board, etc.); (vi) any cloud storage used by plaintiff (e.g., DropBox, Microsoft Office365 Account, Google Drive, iCloud, Amazon Drive, etc.).

3.     **Search obligations**. Each plaintiff shall do reasonable searches on each of the sources identified in ¶ 2 of this Order (to the extent they exist) to identify and collect potentially responsive ESI for counsel review. Reasonably diligent searches may require running search terms; reviewing files, communications, videos, and photographs; or otherwise conducting an actual, physical search of the sources. Plaintiff's counsel shall take an active role in identifying, preserving, collecting, reviewing, and producing all responsive ESI. To the extent individual plaintiff's counsel has questions regarding these obligations, counsel shall consult with Plaintiffs' Liaison Counsel (Palmer Lambert and Dawn Barrios), Karen Barth Menzies or Plaintiffs' ESI Consultant, Paul McVoy, for clarification.

4.     **Search terms**. Where feasible, each plaintiff or her attorney shall run the following terms through any available search function on the sources identified in ¶ 2. Each term should be run separately: (a) breast cancer; (b) cancer; (c) chemotherapy; (d) chemo; (e) hair loss; (f) hair; (g) bald; (h) taxotere; (i) docetaxel; (j) taxane; (k) alopecia; (l) sanofi; (m) pharmaceutical; (n) side effect; (o) warning; and any other terms likely to retrieve a ESI response to a request for production.

5.     **Production format**. Plaintiffs shall produce all responsive ESI in a manner that preserves any metadata. To the extent individual plaintiff's counsel needs assistance in how to

2

properly preserve responsive metadata, counsel shall consult with Plaintiffs' Liaison Counsel (Palmer Lambert and Dawn Barrios), Karen Barth Menzies, or Plaintiffs' ESI Consultant, Paul McVoy.[1]

6.    **Disclosures**. Each plaintiff shall provide a written statement to Defendants signed by the plaintiff and her attorney, which shall be produced along with the responsive documents. To the extent that a plaintiff's PFS and responsive documents are due, pursuant to Amended Pretrial Order No. 22 (Rec. Doc. 325), within 105 days of December 15, 2017, i.e., the date of entry of the original Pretrial Order No. 71 (Rec. Doc. 1306), that plaintiff shall have 105 days from the date the PFS is due to produce the written statement. To the extent that a plaintiff's obligation to produce responsive documents has already come due by way of a previously submitted PFS or other request for production by Defendants as of the date of this Order, that plaintiff shall have 105 days from December 15, 2017 to produce the written statement.[2] Notwithstanding the above deadlines, plaintiffs identified in Case Management Order No. 3 (Rec. Doc. 669) and Case Management Order No. 8A (Rec. Doc. 1099) shall have forty-five (45) days from December 15, 2017 to produce the written statement.  Plaintiffs subject to any future Bellwether Trial Case Management Orders, and who have not already completed the disclosure within the above described time period, shall have twenty (20) days from the date of selection to produce the written

---

[1] E-mail: counsel can collect the relevant .OST and .PST files from Outlook. See how to add email accounts to Outlook at          https://support.office.com/en-us/article/Outlook-email-setup-6e27792a-9267-4aa4-8bb6-c84ef146101b. **Facebook**: see how to download Facebook data at https://www.facebook.com/help/131112897028467. iPhone: see how to download iPhone data at https://support.apple.com/en-us/HT203977. Computer zip files: see how to collect loose files using a .ZIP file at https://support.microsoft.com/enus/help/14200/windows-compress-uncompress-zip-files.

[2] In the event any single law firm has more than fifty (50) written statements due on the same date for plaintiffs whose obligation to produce responsive documents has already come due by way of a previously submitted PFS or other request for production by Defendants as of December 15, 2017, that firm shall submit to Defendants at fifty (50) written statements in accordance with the above schedule, an additional fifty (50) written statements within forty-five (45) days of those submissions; and any additional written statements within forty-five (45) days of those submissions.

statement. The written statement may be uploaded to MDL Centrality within the deadlines set forth in this Order and shall provide:

a. A description of any employer-owned email accounts, other individuals or other locations, and resources where responsive ESI may exist; and

b. A description of unique, non-duplicative ESI within the scope of discovery that was lost or destroyed and whether plaintiff used any consumer backup tools (e.g., Carbonite, Backblaze, Crashplan, etc.).

7.    **Rule 26(g) certification**. Any statement, declarations or certifications made by a plaintiff or her attorney regarding information and documents produced in discovery in this litigation, including the PFS declaration and the disclosure required under ¶ 5 of this Order, shall be subject to Rule 26(g)(3).

New Orleans, Louisiana this 26th day of January 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

## Supplemental Guidance Regarding Potential Sources of Electronically Stored Information

This document contains guidance on how a lawyer and her client can comply with their shared discovery obligations relating to Electronically Stored Information ("ESI").  Individual Counsel are reminded of their obligations under Federal Rule of Civil Procedure (FRCP) 26(g) to conduct a "reasonable inquiry" into ESI.  Individual Counsel are reminded of the preservation requirements of PTO 1.

As a reminder, the Plaintiff Fact Sheet requires that you produce with the fact sheet certain documents and/or ESI.  Specifically, you must produce ["Social media or internet posts to or through any site (including, but not limited to, Facebook. MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Taxotere or Docetaxel or any of your claims in this lawsuit."] (see PFS [Document Request 18]) and representative photographs of your client from before her treatment, during her treatment, 6 months after her treatment, and how your client looks today (see [Document Requests 24-28]).

Keep in mind, this guidance does not provide an exhaustive list of sources that any individual may have, but it provides guidance on how you may discuss the information with your clients. The most important thing is to try and get your clients to think about how they use their computers, phones, and other technology so that you may then search those sources for potentially discoverable information.

Many times, individuals may not know what you mean with questions like "does your phone automatically synch with the cloud?" because relatives might have helped them set up their devices. When planning to talk with a client about these potential sources of discoverable information, it can be helpful if the individual brings along her own personal "tech nerd" (which may be a family member) to assist in answering questions.

Throughout your conversations with your client, you should keep in mind that your goal is to get that person to think about how they use technology now and how they have used technology in the past. If you get pushback from your client, it often helps to remind her that these are typical questions asked to everyone on both sides of the lawsuit. Assure your client of her privacy and that both sides have a legal obligation to protect confidential information produced during the course of the litigation.

Another important area to cover with your clients is replacing the hardware they use, like computers or phones. Individuals will often be involved in a case over many years and may not realize that the desktop computers, phones or other devices they want to upgrade may contain discoverable information. Have a discussion about future upgrades to devices and the importance of keeping your office informed about hardware changes. Let them know that an upgrade is fine, as long as the correct steps are taken to preserve the potentially discoverable information on the device.

Finally, you only need to concern yourself with sources of information within the scope of discovery. This can get confusing to people that are not accustomed to participating in litigation. One example is for an individual that currently works and has a work email address.  You should only be interested in that email source IF the person sends or receives discoverable emails using that account.

With regard to specific sources, here are some helpful points to consider when helping your clients think about how they communicate and store information.

**Traditional Electronically Stored Information**. Email and user created documents are what we often associate with ESI. You should consider discussing with your clients the various email accounts they may use or may have used in the past that may contain information that may be discoverable. Also, be sure to ask about old accounts that your clients may or may not have access to anymore. In addition to email, be sure to ask your clients about where they save documents that they may create, like journals or letters. It may be on a physical device or in some cloud storage location.

If your client says that she has emailed about her hair loss, it may be easiest to walk her through searching that email for certain terms, like (by way of example), (a) breast cancer; (b) cancer; (c) chemotherapy; (d) chemo; (e) hair loss; (f) hair; (g) bald; (h) taxotere; (i) docetaxel; (j) taxane; (k) alopecia; (l) sanofi; (m) pharmaceutical; (n) side effect; (o) warning; and any other terms likely to retrieve a ESI response to a request for production.  Remember, your client has probably never had to search for and turn emails over to a lawyer.  So, you should do more than tell your client she needs to send you emails and pictures relating to her chemotherapy and hair loss.

**Social Media**. More and more individuals communicate about their lives using social media. Exploring the individual's use of social media is important. In addition to the usual questions about Facebook and twitter, try and consider asking about applications that the person might not realize are social media, like LinkedIn or Flickr. Keep in mind that some clients may say that they do not use social media, but during the course of the conversation will realize that they do. You should identify both current and past accounts that your client may have used.

**Text or Instant messages**. Younger people may utilize text messaging more often than older people, but you should still discuss the use of these services with everyone.

**Photographs**.  The Plaintiff Fact Sheets calls for the production of certain photographs. Photographs that your client may have to produce with the PFS may be in electronic format.  You should make every effort to collect those photographs from your client in a way that preserves the metadata with the photographs, such as the date taken.  This guidance also applies to other documents or information your client may have.  To the extent it is proportional and not unduly burdensome, you should try to get the information in an electronic format that preserves the information's metadata and upload that through MDL Centrality.

Many attorneys have been uploading PDFs of pictures with dates written or typed on the PDF.  Where possible, you should upload to Centrality a copy of the original digital file, for example a .jpeg file and use a different method of indicating the date (such as putting the date in

the file name).  It is not helpful to print a picture that was originally in electronic form and scan it back in, or take a picture of an electronic picture and submit that file because all potential date information is lost.  Often times, the digital version of the picture will retain in its metadata the "date taken."  We have confirmed with the Centrality administrator that Centrality leaves this metadata information intact.  If you want to be sure that the date information is uploaded, you can also put the date of the photograph in the name of the picture file and the "document type description" on MDL Centrality.

The Court has made clear that it is the Plaintiff's obligation to provide photographic evidence which accurately and adequately reflects Plaintiff's hair loss injuries.  Providing sufficient photographs within 5 years prior to chemotherapy, which depict Plaintiff's hair prior to treatment with Taxotere, and providing sufficient current photographs, which demonstrate plaintiff's current hair loss following treatment with Taxotere, is needed to prove the client's claim.

Technology has become so pervasive in our world that oftentimes people forget about how much they use it to communicate with their community of friends, family and others. It is incumbent on each attorney to gently but firmly probe the responses to the PFS.  If a client indicates that she has no or very few photographs, probe beyond that initial answer.  Were her children or spouse with her at her chemotherapy treatments?  Might they have pictures on their phones from before, during or after chemotherapy treatments?  Does a parent, child, or spouse have recent picture on their phones?  It should be helpful if you explain to your client *why* these pictures are crucial to her case – so she understands that they are an important part of proving her case.

Having a conversation with your clients about how they communicate and store information up front will help focus your clients on areas that may need to be searched to see if they have potentially discoverable information. This process will help your clients help themselves by enabling the collection and production of the information now so as to avoid a spoliation issue down the road.  **Also, as lawyers, you have all seen defense counsel ask a plaintiff about how they communicate in depositions and whether they have information that they have not given you.** Use your experience as a lawyer, having seen what defendants look for, to also help guide you through this process.

> **The PSC has lawyers who can assist your office if your staff has general questions on how to talk to your clients about ESI, how to retrieve ESI, how to upload it to Centrality, and how to respond to deficiencies.  Please use these lawyers as a resource. For ESI-related questions, you can contact Zachary L. Wool at (504) 524-3300 or zwool@bkc-law.com, or you can contact Abby McClellan at (816) 714-7123 or mcclellan@stuevesiegel.com.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                      MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                                SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

<u>PRETRIAL ORDER NO. 76</u>
<u>[SETTING THE NEXT MEETING OF LIAISON COUNSEL AND THE NEXT</u>
<u>GENERAL STATUS CONFERENCE]</u>

**IT IS ORDERED** that:

1. The next meeting of liaison counsel and the Court will take place on **Monday, February 5, 2018, at 9:30 a.m.** in the undersigned's chambers. Counsel are to submit a proposed agenda for the meeting via email on or before **Thursday, February 1, 2018, by 5:00 p.m.**

2. The next general status conference will take place on **Wednesday, March 7, 2018, at 10:00 a.m.** in the undersigned's courtroom, with the meeting of liaison counsel at 8:30 a.m. and meeting of the Plaintiffs' Steering Committee at 9:00 a.m. The Court has set up a conference line for the status conference. To participate, call (800) 260-0702 and enter access code 444319.

New Orleans, Louisiana, this 31st day of January 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2740** |
| | **SECTION "N" (5)** |

**THIS DOCUMENT RELATES TO ALL CASES**

## PRETRIAL ORDER NO. 77
### [Additional California Plaintiffs' Motions to Remand]

This Court's August 30, 2017 **ORDER** on Plaintiffs' Omnibus Motion to Remand Certain Cases to the Superior Courts of California (Rec. Doc. 784) (the "ORDER") shall be instructive for future cases removed to this MDL from California Superior Courts naming McKesson Corporation ("McKesson") as a defendant.  The Court recognizes that future complaints may be filed naming McKesson as a defendant that present factual allegations that may be arguably distinguishable from those addressed by the ORDER.  In order to streamline the briefing of these future motions to remand by California Plaintiffs who name McKesson as a non-diverse defendant,

**IT IS ORDERED** that:

(1) Plaintiffs who file cases in California Superior Courts naming McKesson as a Defendant that are subsequently removed by a Defendant and transferred to this MDL shall meet and confer in an attempt to resolve the remand issue prior to submission of any briefing.  This meet and confer process shall require the following:

      a. The Plaintiff shall provide any information possessed concerning McKesson's alleged connection to the Plaintiff's use of Taxotere/docetaxel (including the Plaintiff's treatment time period, and the facility where Taxotere/docetaxel was

administered to the Plaintiff) within seven (7) days of the case being docketed in this MDL.

    b.   In response to Plaintiff's informational statement detailed above, Defendant McKesson shall provide Plaintiff's counsel with a written statement indicating whether McKesson distributed Taxotere/Docetaxel to the facility named in the Plaintiff's informational statement, during the timeframe that Plaintiff was being treated, OR the Defendant(s) shall provide any information contradicting or otherwise demonstrating a lack of McKesson's connection to the Plaintiff within seven (7) days of the Plaintiff providing such information.

If the parties are unable to informally resolve the matter after a meet and confer and exchange of information, they shall engage in the expedited briefing process set forth herein.[1]

(2) In the Court's minute entry of July 6, 2017 (Rec. Doc. 618), the Court required the Plaintiffs to file individualized statements regarding their alleged connection to McKesson as a supplement to the Plaintiffs' Omnibus Motion to Remand.  Similarly, Plaintiffs who seek remand to the California Superior Courts, and who are unable to reach agreement with Defendants on a consent remand order per the previous paragraph, shall submit brief, individualized statements, not to exceed two (2) pages in length per Plaintiff, regarding the alleged connection to McKesson within thirty (30) days of the case being docketed in this MDL. By this Pretrial Order No. 77, the

---

[1] To the extent counsel are participating in this MDL, the Court encourages an informal exchange of this information and a meet-and-confer prior to the service of the lawsuit on any Defendant, in an effort to avoid removal of cases that are not distinguishable from the cases remanded in the ORDER.  Any such meet-and-confer shall not otherwise alter any Defendant's deadline to remove a case as set forth in the Federal Rules of Civil Procedure and federal statutes.

Plaintiffs seeking remand shall be deemed to have adopted the prior briefing of the Plaintiffs supporting the Plaintiffs' Omnibus Motion to Remand.[2]

(3) Within fifteen (15) days of the Plaintiff's filing their individualized statement, Defendants may file a response brief not to exceed two (2) pages in length per Plaintiff. By this Pretrial Order No. 77, a Defendant or Defendants opposing remand shall be permitted to adopt the prior briefing of sanofi-aventis U.S. LLC in opposition to Plaintiffs' Omnibus Motion to Remand.

(4) No oral argument shall be held unless requested.

New Orleans, Louisiana, this 7th day of February, 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2] Should additional relevant case cites become available, these cases may be identified in the parties' 2-page submissions.

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re:  TAXOTERE (DOCETAXEL)                          MDL NO. 2740
       PRODUCTS LIABILITY
       LITIGATION                                        SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

**PRETRIAL ORDER NO. 37A**
**[Amends and Supersedes Pretrial Order No. 37 with Procedures for Short Form**
**Complaints and Motions for Leave to Amend Short Form Complaints]**

Pretrial Order No. 37 (Rec. Doc. 318) is hereby amended and superseded by this Pretrial Order No. 37A.

Pretrial Order No. 15 (Rec. Doc. 230) ordered the Plaintiffs, through the Plaintiffs' Steering Committee (PSC), to submit a proposed Pretrial Order with an attached exemplar Short Form Complaint. The exemplar Short Form Complaint is attached as Exhibit A to this Order, and this version of the exemplar Short Form Complaint was approved in Pretrial Order No. 73 (Rec. Doc. 1463). Short Form Complaints shall be used by Plaintiffs' counsel consistent with Pretrial Order No. 15, and counsel are encouraged to review it prior to using the form provided by the PSC. Only one Plaintiff (and any secondary/consortium/representative Plaintiff(s) claiming through or on behalf of the Plaintiff) is allowed on each Short Form Complaint.  The Short Form Complaint is intended to provide guidance for individual counsel who should refer to the Amended Master Long Form Complaint (Rec. Doc. 689) in conjunction with the use of the Short Form Complaint. Individual Plaintiffs' counsel shall tailor the form to correspond to each Plaintiff's claims/allegations.

1

If the Short Form Complaint is a Plaintiff's original pleading, it must be filed as a new complaint through the Court's CM/ECF system consistent with the Local Rules[1] and served with a summons, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or pursuant to relevant Pretrial Orders regarding "streamlined" service of process entered in this MDL, and not filed in the master MDL docket.  If the Short Form Complaint is filed as an amended complaint, it should be filed in the member case,[2] and not in the MDL master file.

For any case where Plaintiff seeks leave to amend a prior complaint, including a Short Form Complaint, counsel for Plaintiff shall contact in writing Defense Liaison Counsel (John Olinde – olinde@chaffe.com and Douglas Moore – dmoore@irwinllc.com) and the Contact person for each Defendant(s) presently named and for any Defendant sought to be added in the lawsuit, for consent or opposition to the proposed motion, at least fourteen (14) days in advance of filing the motion.[3]  If no notice of any opposition is received by Plaintiff's counsel from any Defendant within the fourteen (14) day period, Plaintiff may file the motion for leave to amend as unopposed.

Any unserved Defendant presently named or sought to be added by a motion to amend may enter a Special Appearance solely for the purpose of addressing the proposed motion or a motion filed.  Such Special Appearance does not waive service or any defenses, including defenses based on service of process or personal jurisdiction, if such defenses are available.  Further, such Special Appearance does not eliminate the requirement of proper service pursuant to Rule 4 of the Federal Rules of Civil Procedure or pursuant to relevant Pretrial Orders regarding "streamlined" service

---

[1]     *See* Eastern District of Louisiana website for instructions on opening a new case. http://www.laed.uscourts.gov/case-information/cmecf/efiling-new-case

[2]     Filing attorneys shall use the event "Taxotere Amended Complaint" found under the Service of Process Category in the Court's CM/ECF system.

[3]     The contact person for each Defendant for purposes of this Order are listed in Exhibit B attached.

of process entered in this MDL. The Court's authorization for such a Special Appearance does not have any effect on Plaintiffs' right to assert any challenges, including lack of standing, to an objection to the filing of an amending complaint filed by a Defendant in which Plaintiff seeks to add as a Defendant.

If any Defendant provides notice of opposition to a proposed motion for leave to amend within the timeframe set forth hereinabove, Plaintiff shall file the motion as opposed and shall notice the motion for submission in accordance with the Local Rules of the Eastern District of Louisiana.

If further direction regarding filing is needed, please contact the Court at (504) 589-7715. If further direction regarding the Short Form Complaint is needed, Counsel may contact Plaintiffs' Liaison Counsel, Dawn Barrios or Palmer Lambert, with any questions regarding the exemplar form.

New Orleans, Louisiana, this 14th day of February, 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | : | **MDL NO. 2740** |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | **SECTION "N" (5)** |
| | : | **JUDGE ENGELHARDT** |
| | : | **MAG. JUDGE NORTH** |
| _____, | : | |
| | : | **COMPLAINT & JURY DEMAND** |
| Plaintiff(s), | : | |
| | : | **Civil Action No.: _____** |
| vs. | : | |
| | : | |
| | : | |
| _____, | : | |
| | : | |
| Defendant(s). | : | |
| -------------------------------------------------- | : | |

**SHORT FORM COMPLAINT (Effective as of January 4, 2018)**[1]

Plaintiff(s) incorporate by reference the Amended Master Long Form Complaint and Jury Demand filed in the above-referenced case on July 25, 2017. Pursuant to Pretrial Order No. 15, this Short Form Complaint adopts allegations and encompasses claims as set forth in the Amended Master Long Form Complaint against Defendant(s).

Plaintiff(s) further allege as follows:

1.      Plaintiff:

      _____

---

[1]   This version of the Short Form Complaint supersedes all prior versions of the form pursuant to Pretrial Order No. 73. This Court-approved version of the Short Form Complaint is available on the Court's Taxotere webpage and through MDL Centrality.

2.      Spousal Plaintiff or other party making loss of independent/secondary claim (i.e., loss of consortium):

_____

3.      Other type of Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

_____

4.      Current State of Residence: _____

5.      State in which Plaintiff(s) allege(s) injury: _____

6.      Defendants (check all Defendants against whom a Complaint is made):

      a.      Taxotere Brand Name Defendants

          ☐    A.    Sanofi US Services Inc. f/k/a Sanofi-Aventis U.S. Inc.

          ☐    B.    Sanofi-Aventis U.S. LLC

      b.      Other Brand Name Drug Sponsors, Manufacturers, Distributors

          ☐    A.    Sandoz Inc.

          ☐    B.    Accord Healthcare, Inc.

          ☐    C.    McKesson Corporation d/b/a McKesson Packaging

          ☐    D.    Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

          ☐    E.    Hospira, Inc.

          ☐    F.    Sun Pharma Global FZE

          ☐    G.    Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories Ltd.

          ☐    H.    Pfizer Inc.

          ☐    I.    Actavis LLC f/k/a Actavis Inc.

          ☐    J.    Actavis Pharma, Inc.

2

☐   K.   Other:

7.   Basis for Jurisdiction:

☐   Diversity of Citizenship

☐   Other (any additional basis for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

8.   Venue:

District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

9.   Brand Product(s) used by Plaintiff (check applicable):

☐   A.   Taxotere

☐   B.   Docefrez

☐   C.   Docetaxel Injection

☐   D.   Docetaxel Injection Concentrate

☐   E.   Unknown

☐   F.   Other:

10.     First date and last date of use (or approximate date range, if specific dates are unknown) for Products identified in question 9:

11.     State in which Product(s) identified in question 9 was/were administered:

12.     Nature and extent of alleged injury (including duration, approximate date of onset (if known), and description of alleged injury):

13.     Counts in Master Complaint brought by Plaintiff(s):

☐     Count I – Strict Products Liability - Failure to Warn
☐     Count III – Negligence
☐     Count IV – Negligent Misrepresentation
☐     Count V – Fraudulent Misrepresentation
☐     Count VI – Fraudulent Concealment
☐     Count VII – Fraud and Deceit

☐     Other:  Plaintiff(s) may assert the additional theories and/or State Causes of Action against Defendant(s) identified by selecting "Other" and setting forth such claims below. If Plaintiff(s) includes additional theories of recovery, for example, Redhibition under Louisiana law or state consumer protection claims, the specific facts and allegations supporting additional theories must be pleaded by Plaintiff in sufficient detail as required by the applicable Federal Rules of Civil Procedure.

14.      Name of Attorney(s), Bar Number(s), Law Firm(s), Phone Number(s), Email Address(es) and Mailing Address(es) representing Plaintiff(s):

By:

# EXHIBIT B

Julie A. Callsen
Brandon D. Cox
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216-592-5000
Facsimile:  216-592-5009
julie.callsen@tuckerellis.com
brandon.cox@tuckerellis.com

*Counsel for Defendant Accord Healthcare Inc.*

*Counsel for Defendant Sandoz, Inc.*

R. Clifton Merrell
Evan Holden
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone:  678-553-2100
Facsimile:  678-553-2100
merrellc@gtlaw.com
holdene@gtlaw.com

Mark S. Cheffo
Mara Cusker Gonzalez
Lavinia Denniston
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone:  212-849-7000
Facsimile:  212-849-7100
markcheffo@quinnemanuel.com
maracuskergonzalez@quinnemanuel.com
LaviniaDenniston@quinnemanuel.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.*

1

Kelly Bieri
Chris Kaufman
SHOOK, HARDY& BACON L.L.P.
2555 Grand Boulevard,
Kansas City, MO 64108
Telephone:  816-474-6550
Facsimile:  816-421-5547
kbieri@shb.com
ckaufman@shb.com

*Counsel for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.*

Erin M. Bosman
Julie Y. Park
MORRISON & FOERSTER LLP
12531 High Bluff Dr.
San Diego, CA 92130-2040
Telephone:  858-720-5100
Facsimile:  858-720-5125
ebosman@mofo.com
juliepark@mofo.com

*Counsel for Defendant McKesson Corporation d/b/a McKesson Packaging Service*

Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
28 State Street
Boston, MA 02109
Telephone:  617-213-7000
Facsimile:  617-213-7001
gcoan@hinshawlaw.com
kekelly@hinshawlaw.com

*Counsel for Defendant Sun Pharmaceuticals Industries, Inc. f/k/a Caraco Laboratories, Ltd.*

Michael J. Suffern
Kimberly L. Beck
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:  513-698-5064
Facsimile:  513-698-5065
msuffern@ulmer.com
kbeck@ulmer.com

*Counsel for Defendant Actavis Pharma, Inc.*

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: "N" (5) |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL ACTIONS | ) | |

**CASE MANAGEMENT ORDER NO. 13**
**[ORDER SELECTING FIRST BELLWETHER TRIAL PLAINTIFF(S) PURSUANT TO**
**CASE MANAGEMENT ORDER NO. 3 (REC. DOC. 669)]**

As contemplated by Case Management Order No. 3 (Rec. Doc. 669),[1] the parties have, through memoranda submitted to the Court, nominated and ranked four (4) cases to proceed to the second phase of discovery for the first bellwether trial set for Monday, September 24, 2018. Having carefully considered the parties' written submissions, **IT IS ORDERED** that the following plaintiffs, in order of preference, are designated to proceed to the second phase of discovery:

(1) Antoinette Durden, Case No. 2:16-cv-16635 (Primary Plaintiff);
(2) Tanya Francis, Case No. 2:16-cv-17410;
(3) Barbara Earnest, Case No. 2:16-cv-17144;
(4) Lisa Tuyes, Case No. 2:16-cv-15473;

New Orleans, Louisiana, this 9th day of March 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court also issued Case Management Order No. 11 (Rec. Doc. 1430), which amended and superseded Case Management Order No. 3 (Rec. Doc. 669) with regard to certain deadlines. However, if not specifically listed in Case Management Order No. 11 as an amended deadline, all other deadlines established in Case Management Order No. 3 remain in effect.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: TAXOTERE (DOCETAXEL)                                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                                             SECTION "N" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

<u>**PRETRIAL ORDER NO. 78**</u>
<u>**[SETTING THE NEXT MEETING OF LIAISON COUNSEL AND THE NEXT**</u>
<u>**GENERAL STATUS CONFERENCE]**</u>

        **IT IS ORDERED** that:

   1. The next meeting of liaison counsel and the Court will take place on **<u>Monday, April</u>**

      **<u>16, 2018, at 9:30 a.m.</u>** in the undersigned's chambers. Counsel are to submit a proposed

      agenda for the meeting via email on or before **<u>Thursday, April 12, 2018, by 5:00 p.m.</u>**

   2. The next general status conference will take place on **<u>Thursday, April 26, 2018, at</u>**

      **<u>10:00 a.m.</u>** in the undersigned's courtroom, with the meeting of liaison counsel at 8:30

      a.m. and meeting of the Plaintiffs' Steering Committee at 9:00 a.m. The Court has set

      up a conference line for the status conference. To participate, call (800) 260-0719 and

      enter access code 447200.

New Orleans, Louisiana, this 5th day of April 2018.


                                        **KURT D. ENGELHARDT**
                                        **UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)           **MDL NO. 2740**
PRODUCTS LIABILITY LITIGATION

                                                    **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER NO. 77A**
**[Replacing Pretrial Order No. 77 Regarding California Plaintiffs' Motion to Remand]**

This Pretrial Order No. 77A replaces Pretrial Order No. 77 (Rec. Doc. 1633) to clarify when a case is considered to be docketed in the MDL.

The Court's August 30, 2017 **ORDER** on Plaintiffs' Omnibus Motion to Remand Certain Cases to the Superior Courts of California (Rec. Doc. 784) (the "ORDER") shall be instructive for future cases removed to this MDL from California Superior Courts naming McKesson Corporation ("McKesson") as a defendant.  The Court recognizes that future complaints may be filed naming McKesson as a defendant that present factual allegations that may be arguably distinguishable from those addressed by the ORDER.  In order to streamline the briefing of these future motions to remand by California Plaintiffs who name McKesson as a non-diverse defendant,

    **IT IS ORDERED** that:

(1) Plaintiffs who file cases in California Superior Courts naming McKesson as a Defendant that are subsequently removed by a Defendant and transferred to this MDL, shall meet and confer in an attempt to resolve the remand issue prior to submission of any briefing.  This meet and confer process shall require the following:

1

a. The Plaintiff shall provide any information possessed concerning McKesson's alleged connection to the Plaintiff's use of Taxotere/docetaxel (including the Plaintiff's treatment time period, and the facility where Taxotere/docetaxel was administered to the Plaintiff) within seven (7) days of the case being docketed in this MDL.  A case is considered docketed in this MDL when the online docket is made available for the individual case number *and* the parties who have appeared receive electronic notice that the docket is available online.

b. In response to Plaintiff's informational statement detailed above, Defendant McKesson shall provide Plaintiff's counsel with a written statement indicating whether McKesson distributed Taxotere/Docetaxel to the facility named in the Plaintiff's informational statement, during the timeframe that plaintiff was being treated, OR the Defendant(s) shall provide any information contradicting or otherwise demonstrating a lack of McKesson's connection to the Plaintiff within seven (7) days of the Plaintiff providing such information.

If the parties are unable to informally resolve the matter after a meet and confer and exchange of information, they shall engage in the expedited briefing process set forth herein.[1]

(2) In the Court's minute entry of July 6, 2017 (Rec. Doc. 618), the Court required the Plaintiffs to file individualized statements regarding their alleged connection to McKesson as a supplement to the Plaintiffs' Omnibus Motion to Remand.  Similarly,

---

[1] To the extent counsel are participating in this MDL, the Court encourages an informal exchange of this information and a meet-and-confer prior to the service of the lawsuit on any Defendant, in an effort to avoid removal of cases that are not distinguishable from the cases remanded in the ORDER.  Any such meet-and-confer shall not otherwise alter any Defendant's deadline to remove a case as set forth in the Federal Rules of Civil Procedure and federal statutes.

Plaintiffs who seek remand to the California Superior Courts, and who are unable to reach agreement with Defendants on a consent remand order per the previous paragraph, shall submit brief, individualized statements, not to exceed two (2) pages in length per Plaintiff, regarding the alleged connection to McKesson within thirty (30) days of the case being docketed in this MDL. By this Pretrial Order No. 77A, the Plaintiffs seeking remand shall be deemed to have adopted the prior briefing of the Plaintiffs supporting the Plaintiffs' Omnibus Motion to Remand.[2]

(3) Within fifteen (15) days of the Plaintiff's filing their individualized statement, Defendants may file a response brief not to exceed two (2) pages in length per Plaintiff. By this Pretrial Order No. 77A, a Defendant or Defendants opposing remand shall be permitted to adopt the prior briefing of sanofi-aventis U.S. LLC in opposition to Plaintiffs' Omnibus Motion to Remand.

(4) No oral argument shall be held unless requested.

New Orleans, Louisiana, this 11th day of April, 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2] Should additional relevant case cites become available, these cases may be identified in the parties' 2-page submissions.

3

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**In Re: TAXOTERE (DOCETAXEL)**          **MDL NO. 2740**
**PRODUCTS LIABILITY LITIGATION**

                                              **SECTION "N" (5)**

**THIS DOCUMENT RELATES TO**
**ALL CASES**

## PRETRIAL ORDER NO. 44A
## [ORDER AMENDING PRETRIAL ORDER NO. 44 REPLACING SETTLEMENT COUNSEL FOR ACCORD HEALTHCARE INC. AND SANDOZ INC.]

Having considered the 505(b)(2) Defendants' Motion to Replace Settlement Counsel for Accord Healthcare Inc. and Sandoz Inc. (Rec. Doc. 2266);

**IT IS HEREBY ORDERED** that Pretrial Order No. 44 (Rec. Doc. No. 371) is amended as follows:

(1) Matthew P. Moriarty is hereby appointed to the 505(b)(2) Settlement Committee in place of John P. Wolff, III on behalf of Accord Healthcare Inc.;

(2) Russell A. "Chip" Gaudreau is hereby appointed to the 505(b)(2) Settlement Committee in place of Lori G. Cohen on behalf of Sandoz Inc.; and

(3) Russell A. "Chip" Gaudreau will also assume Ms. Cohen's former role as Chairperson of the 505(b)(2) Settlement Committee.

New Orleans, Louisiana this 25th day of April 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)                    MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

---

### CASE MANAGEMENT ORDER NO. 8B
### [AMENDING CASE MANAGEMENT ORDER NO. 8A TO SUBSTITUTE TRIAL PLAINTIFF FOR MDL TRIAL NO. 2]

Considering the Unopposed Motion of Sandoz Inc. to Substitute Trial Plaintiff in the Trial Scheduling Order for MDL Trial No. 2 (Rec. Doc. 2330);

**IT IS HEREBY ORDERED** that Case Management Order No. 8A setting forth the Trial Scheduling Order for the second MDL trial (Rec. Doc. 1099) is amended as follows:

Plaintiff Priscilla Cazayoux, Case No. 2:17-cv-00766, is hereby removed from the pool of trial plaintiffs identified therein, and is hereby replaced by Plaintiff Keri Bland, Case No. 2:17-cv-06059.

New Orleans, Louisiana this 3rd day of May 2018.


                                    **KURT D. ENGELHARDT**
                                    **UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)          MDL NO. 16-2740
PRODUCTS LIABILITY LITIGATION

This document relates to all cases          SECTION H(5)

<u>PRETRIAL ORDER NO. 79</u>

**IT IS ORDERED** that the next general status conference is **SET** for
**July 18, 2018 at 10:30a.m.** in Judge Milazzo's courtroom (C224). It shall be
preceded by a meeting with liaison and lead counsel at 8:30 a.m. and a Steering
Committee meeting at 9:30 a.m. The Court will set up a conference line for the
status conference to be disseminated at a later date.

New Orleans, Louisiana this 13th day of June, 2018.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)    )    MDL No. 2740
PRODUCTS LIABILITY LITIGATION )
                             )    SECTION: "H" (5)
                             )
THIS DOCUMENT RELATES TO:    )
ALL ACTIONS                  )

## CASE MANAGEMENT ORDER NO. 14
## (TRIAL SCHEDULING ORDER)

The Court hereby Orders as follows:

1.    **Applicability of Order**. The following procedures and schedules will govern the identification and selection of the initial Plaintiffs (as defined below) whose claims will be adjudicated in a succession of trials. The Federal Rules of Civil Procedure shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the Parties to make appropriate modifications. The procedures, provisions and schedules set forth in Case Management Order Nos. 3, 4, 6, 8, 8A, 8B, 10, and 11 are no longer in effect and are hereby replaced and superseded by this Case Management Order.

2.    **Trials**. The Court believes that conducting successive trials will further the efficient progress of this litigation. The Court sets initial trials for the following dates:

    a.    May 13-24, 2019 (for a case involving only alleged use of Taxotere sold by sanofi)

    b.    September 16-27, 2019

    c.    January 27-February 7, 2020

    d.    May 11-22, 2020

    e.    September 14-25, 2020

The selection of a trial pool and the locations for the trials is subject to whether (i) in the discretion of the Court, the Court determines after input from the Parties that trial of a Plaintiff's

1

case in another venue is appropriate, (ii) the Parties agree to waive *Lexecon* permitting the trial of a non-Louisiana Plaintiff's case in the Eastern District of Louisiana, or (iii) the Court, after input from the Parties, is interested in and able to obtain a temporary assignment to try a case in another district pursuant to 28 U.S.C § 292.  Absent the above, all parties preserve all *Lexecon* rights and arguments as to jurisdiction and venue for trial, including all rights preserved under Pretrial Order No. 5, and cases involving any non-Eastern District of Louisiana plaintiff shall be remanded for trial in their transferor courts or the appropriate jurisdiction and venue after pre-trial proceedings are completed.

3.     **First Trial Plaintiff Selection**.  The trial selections for the first sanofi-only trial ("First Trial") were established in Case Management Order No. 13 (Rec. Doc. 1819):

| 1. Durden, Antoinette 2:16-cv-16635 |
| 2. Earnest, Barbara 2:16-cv-17144 |
| 3. Francis, Tanya 2:16-cv-17410 |
| 4. Tuyes, Lisa 2:16-cv-15473 |

Any additional fact witness depositions necessary for the First Trial shall be concluded by November 7, 2018.

4.     **Expert Discovery**. The following schedule shall apply to expert discovery for the First Trial:

a.     **Plaintiff General and Specific Expert Reports.** On or before **November 7, 2018**, Plaintiffs shall designate and provide reports for general causation and liability experts and, for each expert, provide at least three dates the expert is available for deposition before December 10, 2018.

b.     **Sanofi Defendant General and Specific Expert Reports.** On or before **December 10, 2018**, sanofi Defendants shall designate and provide reports for general causation and liability experts and, for each expert, provide at least three dates the expert is available for deposition before

January 25, 2019.

    **c.**    **Rebuttal Reports**. Rebuttal expert reports shall be submitted, if necessary and for good cause shown, to address only new issues raised in the Defendant expert reports, within fourteen (14) days of receipt of the expert report to which the rebuttal report is addressed. Rebuttal expert reports shall not be duplicative of the initial expert reports.

    **d.**    **Depositions**.  At least ten (10) days prior to an expert's deposition, any party may notify the party producing the expert that it was unable to obtain materials listed on an expert's "materials relied upon" list, pursuant to FRCP, Rule 26(a)(2)(B)(ii-iv), and request that said materials be provided. In response to such request, the producing party shall provide the requested documents or materials, or excerpts therefrom, to the requesting party within 72 hours of the deposition.

        **(i)**    The limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all cases subject to this Order.

Nothing in paragraphs 4(a) – (b) above preclude the parties from taking any expert's deposition after the deadline by which the producing party is to make them available.

**5.**    **Briefing Schedule for Dispositive/*Daubert* Motions for the First Trial**.[1]

    **a.**    **Motions and Briefs:** February 8, 2019

    **b.**    **Response in Opposition Briefs:** March 8, 2019

---

[1] The parties acknowledge that Defendants who were not parties to earlier trials may have different or additional legal, factual, and/or expert arguments and defenses than Defendants in earlier trials. Those non-party Defendants shall be deemed to preserve all such arguments and defenses.

  **c.**  **Reply Briefs:** March 15, 2019

  **d.**  **Hearing and Argument:** Week of March 25, 2019

**6.**  **Schedule for Trial Preparation Documents for the First Trial.**

  **a.**  **Jury Questionnaire:** April 1, 2019

  **b.**  **Final Witness List:** April 5, 2019

  **c.**  **Exhibit Lists and Deposition Designations:** April 12, 2019

  **d.**  **Motions** *in Limine:* April 15, 2019

  **e.**  **Plaintiffs' and Defendants' Counter Deposition Designations:** April 26, 2019

  **f.**  **Plaintiffs' and Defendants' Objections to Exhibits and Deposition Designations:** May 3, 2019

  **g.**  **Plaintiffs' and Defendants' Jury Charges:** May 3, 2019

  **h.**  **Oppositions to Motions** *in Limine***:** April 26, 2019

  **i.**  **Reply Briefs Regarding Motions** *in Limine:* May 6, 2019

  **j.**  **Final Pretrial Conference:** Week of May 6, 2019

  **k.**  **Trial Date:  May 13, 2019**

**7.**  **Second, Third, Fourth, and Fifth Trial Case Selection and Discovery.**

  **a.**  **Trial Pool**. The Trial Pool for the first five trial dates shall consist of forty (40) Plaintiffs.  The parties have already submitted to the Court the following sixteen (16) Plaintiffs, which remain in the eligible trial pool and are otherwise subject to the additional dates set forth herein:

| | |
|---|---|
| 1. Durden, Antoinette 2:16-cv-16635 | 9. Addelson, Barbara 2:16-cv-16041 |
| 2. Earnest, Barbara 2:16-cv-17144 | 10. Bland, Keri 2:17- cv-06059 |
| 3. Francis, Tanya 2:16-cv-17410 | 11. Crayton, Shelia 2:17-cv-05923 |
| 4. Tuyes, Lisa 2:16-cv-15473 | 12. Gahan, Kelly 2:16-cv-15283 |
| 5. Martin, Della 2:16-cv-15678 | 13. Kinderdine, Christine 2:17-cv-00348 |
| 6. Thibodeaux, Cynthia 2:16-cv-15859 | 14. Mills, Jacqueline 2:17-cv-02689 |

| 7. Johnson, Deborah 2:16-cv-15607 | 15. Phillips, June 2:16-cv-15397 |
| 8. Kahn, Elizabeth 2:16-cv-17039 | 16. Sylvest, Lisa 2:16-cv-15841 |

      **b.**      **Final Plaintiff Selection for the Second Trial.**  By **January 4, 2019**, the Parties shall submit briefing in which they each propose representative Plaintiffs from the previously selected sixteen (16) cases, identified in paragraph 7(a) *supra*, for the Second Trial.  Each Party shall propose three (3) Plaintiffs for the trial setting.  Plaintiffs and Defendants will each submit via email to the Court a letter brief no longer than five (5) pages in length describing: (i) the names and ranking in order of preference the plaintiffs that party is nominating, (ii) the reasons supporting these selections and suggested rankings, and (iii) the reasons why the other potential candidates are not appropriate selections.  These memoranda shall be submitted simultaneously on an ex parte basis at 5:30 p.m., and each party shall serve the other with a copy of their submission no later than 5:45 p.m. that day.  After considering the Parties' submissions, the Court shall select one (1) trial Plaintiff and one (1) alternate Plaintiff for the Second Trial, with such selection to occur no later than **January 11, 2019**.  In order to facilitate preparedness for trial, both the selected trial Plaintiff and alternate trial Plaintiff for each trial setting will involve the same, single Defendant.

      **c.**      **Trial Pool Nomination**.  By **November 1, 2018**, twenty-four (24) additional Plaintiffs shall be selected for inclusion in the Trial Pool for the third, fourth, and fifth trials as follows:

              **Plaintiffs:**                      12 Selections

              **Defendants (Collectively):**      12 Selections

Of them, the parties will each identify select six (6) plaintiffs (for a total of twelve (12)), who will be subject to Phase I discovery between **November 1, 2018** and **June 1, 2019**.  The remaining twelve (12) plaintiffs shall be subject to Phase I discovery between **June 1, 2019** and **September 30, 2019**. For the additional twenty-four (24) Plaintiffs, the Court expects the Parties to select

Plaintiffs whose claims are representative of the characteristics of claims in the litigation overall. Plaintiffs nominated for the Trial Pool must have product identification as defined in Case Management Order No. 12 (Rec. Doc. 1506). The Parties disagree on whether cases without single-defendant product ID should be selected for the Trial Pool and will address that issue with the Court prior to November 1, 2018. The Parties will each send their nominations in list format (including Plaintiff name and MDL Docket No.) to one another and the Court.

        d.      **Initial Case-Specific Depositions in Trial Pool Cases**. Absent good cause shown, or unless otherwise agreed upon, discovery in each of the Trial Pool cases shall be limited to the following: Defendant(s) may depose the Plaintiff and select three (3) additional witnesses to depose, and Plaintiffs may select two (2) witnesses to depose.  The deadline for completing Phase 1 depositions in the Trial Pool cases for the second trial shall be **December 14, 2018**.  The deadline for completing Phase 1 depositions in the Trial Pool cases for the third trial shall be **April 19, 2019**.  The deadline for completing Phase 1 depositions in the Trial Pool cases for the fourth and fifth trials will be **September 30, 2019.**

8.      **Schedule for Second, Third, Fourth, and Fifth Trials.**  All other corresponding dates for the second, third, fourth, and fifth trials, not specifically defined in the paragraphs hereinabove, are outlined in Table 1 attached hereto.

_____
HON. JANE T. MILAZZO
UNITED STATES DISTRICT COURT JUDGE

| Deadlines | Trial 1<br>May 13, 2019 | Trial 2<br>September 16, 2019 | Trial 3<br>January 27, 2020 | Trial 4<br>May 11, 2020 | Trial 5<br>September 14, 2020 |
|---|---|---|---|---|---|
| Trial Pool Nomination ¶ 7(a) | Completed | Completed | November 1, 2018 | November 1, 2018 | November 1, 2018 |
| Phase I Discovery in Trial Pool Cases ¶ 7(d) | Completed | December 14, 2018 | April 19, 2019 | Per paragraph 7(c) and (d) | Per paragraph 7(c) and (d) |
| Final Plaintiff Selection - Parties' Nomination ¶ 7(b) | Completed | January 4, 2019 | May 17, 2019 | August 30, 2019 | December 28, 2020 |
| Final Plaintiff Selection - Court's Selection ¶ 7(b) | Completed | January 11, 2019 | May 24, 2019 | September 6, 2019 | January 3, 2020 |
| Phase II Discovery in Selected Trial Pool Cases | November 7, 2018 | March 4, 2019 | July 15, 2019 | October 21, 2019 | February 14, 2020 |
| Plaintiff General Expert Reports ¶ 4(a) | November 7, 2018 | March 22, 2019 | August 2, 2019 | November 8, 2019 | March 6, 2020 |
| Defendant General Expert Reports ¶ 4(b) | December 10, 2018 | April 19, 2019 | September 6, 2019 | December 6, 2019 | April 10, 2020 |
| Plaintiff Expert depositions ¶ 4(a) | December 10, 2018 | April 19, 2019 | September 6, 2019 | December 6, 2019 | April 10, 2020 |
| Defendant Expert Depositions ¶ 4(b) | January 25, 2018 | May 17, 2019 | October 7, 2019 | January 6, 2020 | May 11, 2020 |
| Motions and Briefs ¶ 65(a) | February 8, 2019 | May 31, 2019 | November 1, 2019 | February 7, 2020 | June 5, 2020 |
| Opposition Briefs ¶ 5(b) | March 8, 2019 | July 19, 2019 | November 22, 2019 | March 6, 2020 | July 10, 2020 |
| Reply Briefs ¶ 5(c) | March 15, 2019 | July 26, 2019 | November 29, 2019 | March 13, 2020 | July 17, 2020 |
| Hearing and Argument ¶ 5(d) | Week of March 25, 2019 | Week of July 29, 2019 | Week of December 9, 2019 | Week of March 23, 2020 | Week of July 27, 2020 |
| Jury Questionnaire ¶ 6(a) | April 1, 2019 | August 5, 2019 | December 16, 2019 | March 30, 2020 | August 3, 2020 |
| Final Witness List ¶ 6(b) | April 5, 2019 | August 9, 2019 | December 20, 2019 | April 3, 2020 | August 7, 2020 |
| Exhibit Lists and Deposition Designations ¶ 6(c) | April 12, 2019 | August 16, 2019 | December 27, 2019 | April 10, 2020 | August 14, 2020 |
| Motions in Limine ¶ 6(d) | April 15, 2019 | August 19, 2019 | December 30, 2019 | April 13, 2020 | August 17, 2020 |
| Counter Designations ¶ 6(e) | April 26, 2019 | August 30, 2019 | January 10, 2020 | April 24, 2020 | August 28, 2020 |
| Oppositions to Motions in Limine ¶ 6(h) | April 26, 2019 | August 30, 2019 | January 10, 2020 | April 24, 2020 | August 28, 2020 |
| Objections to Designations ¶ 6(f) | May 3, 2019 | September 6, 2019 | January 17, 2020 | May 1, 2020 | September 4, 2020 |
| Plaintiffs' and Defendants' Jury Charges ¶ 6(g) | May 3, 2019 | September 6, 2019 | January 17, 2020 | May 1, 2020 | September 4, 2020 |
| Final Pretrial Conference ¶ 6(j) | Week of May 6, 2019 | September 11, 2019 | January 22, 2020 | May 6, 2020 | September 9, 2020 |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2740 |
| This document relates to all cases | SECTION H(5) |

## PRETRIAL ORDER NO. 80

**IT IS ORDERED** that the next general status conference is **SET** for **August 16, 2018 at 10:00a.m.** in Judge Milazzo's courtroom (B224). It shall be preceded by a meeting with liaison and lead counsel at 8:30 a.m. The Court will set up a conference line for the status conference to be disseminated at a later date.

New Orleans, Louisiana this 18th day of July, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: "N" (5) |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL ACTIONS | ) | |

**CASE MANAGEMENT ORDER NO. 12A**
**(AMENDED PRODUCT IDENTIFICATION ORDER)**

Case Management Order No. 12 ("CMO 12") (Rec. Doc. 1506) was entered on January 12, 2018.  An amendment to CMO 12 is necessary to clarify the parties' obligations and the procedures governing the discovery of Product ID Information and subsequent dismissal of defendants whose product was not used.  This Order applies to all present and future cases docketed in MDL 2740 as well as all parties in the litigation and supersedes CMO 12.  Each party must discharge the obligations of this Order in a diligent, good faith, and documented manner.

Amended Pretrial Order No. 22 (Rec. Doc. 325) requires each Plaintiff to submit to the Defendants a complete and verified Plaintiff Fact Sheet ("PFS") to be accompanied by all responsive documents in Plaintiff's possession within seventy-five (75) days of the date the case is docketed in this MDL. The PFS contains questions related to the identification of the Taxotere/docetaxel/docefrez ("docetaxel") infused and to the production of records to identify the manufacturer of the docetaxel infused. *See* Pretrial Order 18, Attachment 1 (Rec. Doc. 236-1).[1]

Recognizing the importance of determining product identification in MDL 2740, **IT IS ORDERED** that:

---

[1] Pretrial Order No. 18 (Rec. Doc. 236) requires each Plaintiff's PFS to be accompanied by any "records demonstrating use of Taxotere® or other docetaxel" in the Plaintiff's possession. If the manufacturer of such docetaxel is unknown, the Plaintiff must certify to have made "reasonable, good faith efforts to identify the manufacturer of the Docetaxel used in my treatment, including requesting records from my infusion pharmacy." See Pretrial Order No. 18, Attachment 1 at Part III (Rec. Doc. 236-1).

1

1.      Within sixty (60) days after filing a Short Form Complaint, each Plaintiff must: (a) determine the facility, center, hospital, or clinic (hereinafter "infusion facility") in which the Plaintiff was infused with docetaxel; (b) determine the time frame Plaintiff was treated with docetaxel at such infusion facility; and (c) request, order, and ultimately pay for medical, pharmacy, billing (*i.e.*, a patient itemized statement), insurance billing records from such infusion facility containing the National Drug Code ("NDC") number(s) for the docetaxel Plaintiff received, and/or completion of the attached Exhibit B form entitled "Statement Regarding Chemotherapy Drug Administered",[2] or other proof of the identity of the manufacturer or labeler of the docetaxel Plaintiff received as provided in Paragraph 6 of this Order ("Product ID Information"). All initial requests for records containing Product ID Information shall be in writing and accompanied by a valid medical authorization signed by the Plaintiff. Plaintiff is strongly encouraged to contact the infusion facility by telephone before sending such written request to determine where and/or to whom such written request(s) should be sent.[3]  The written request shall request production of such Product ID Information no more than thirty (30) days after the written request. If Plaintiffs have substantially complied with these obligations prior to the entry of this Order, they shall notify Defendants in accordance with Paragraph 3 or Paragraph 7 of this Order, within twenty-one (21) days of entry of this Order, unless Plaintiff has already done so in connection with the original CMO 12.

If a Plaintiff has already obtained Product ID Information, uploaded it in accordance with this Order, and dismissed any defendant named which, according to the Product ID Information

---

[2]    The Plaintiff's Letter shall request that the form (1) identify the Plaintiff and the correct dates of treatment, (2) is signed by an authorized person on behalf of the patient's infusion pharmacy, treatment facility, or other authorized health care professional, as defined in Paragraph 6 of this Order, and (3) need not be notarized.

[3]    Plaintiffs should recognize that infusion facilities may maintain and/or store patient records in different departments and/or locations. For instance, medical records may be maintained in the records department while billing records may be maintained in the billing department.

received did not manufacture or label the product Plaintiff received, in accordance with the presumption in Paragraph 6 of this Order, the Plaintiff has no further obligations under this Order. If all of Plaintiff's infusions of docetaxel occurred prior to March 8, 2011, the Plaintiff shall have no obligations under this Order.

2.      If records are not received within thirty (30) days of the issuance of the written request, Plaintiff shall make a diligent, good faith, and documented effort to follow-up with the infusion facility in writing and/or by phone to obtain (i) Product ID Information; or (ii) written notice that the infusion facility either does not possess Product ID Information or will not provide Product ID Information to Plaintiff.  In particular, if Plaintiff receives written notice from the infusion facility that Plaintiff has requested Product ID Information from the incorrect entity and identifies the appropriate facility(y/ies), Plaintiff shall request Product ID Information from the other facilities/record holders identified by the infusion facility pursuant to Paragraph 1.

3.      If Plaintiff has not received Product ID Information within sixty (60) days of the Plaintiff's initial written request, Plaintiff shall notify the named Defendant(s) in writing within seven (7) days, through Defense Liaison Counsel (John Olinde – 505b2liaison@chaffe.com and Douglas Moore – noproductid@shb.com) and the contact person for the Defendant(s) named[4] and served in the lawsuit, that Product ID Information has not been received and shall provide Defendant(s) with the following information: (i) Plaintiff's name; (ii) Plaintiff's MDL case number; (iii) copies of all written requests for Product ID Information sent by Plaintiff to the infusion facility; (iv) copies of all documented responses from the infusion facility to Plaintiff; and (v) unless provided as an attachment to Plaintiff's PFS in the form authorized by Rec. Doc. 236-1, a valid authorization for the release of Plaintiff's medical records, which contains Plaintiff's

---

[4]      Exhibit A provides the contact e-mail addresses for each Defendant in this litigation.

name, date of birth, social security number, and Plaintiff's signature.

4.     Within sixty (60) days of receiving notice from Plaintiff that Plaintiff has not obtained Product ID Information, each named and served Defendant shall determine whether it possesses Product ID Information for Plaintiff.  If the named and served Defendant possesses Product ID Information, it shall provide all parties to the action with such Product ID Information within the fourteen (14) day period.  If a named and served Defendant does not possess Product ID Information, within twenty-one (21) days of notification to the Defendants that Plaintiff has taken all the steps described above, the named and served Defendants shall collectively send one letter to the infusion facility at the facility and address of Plaintiff's Paragraph 1 and 2 requests, identifying themselves as manufacturers or labelers of docetaxel and requesting Product ID Information only and/or completion of the attached Exhibit B form entitled "Statement Regarding Chemotherapy Drug Administered" to be produced within fourteen (14) days of receipt of the letter. The letter will advise the infusion pharmacy the Product ID information is to be provided to the Defendant submitting the request and that Defendants' request is not intended to duplicate prior records responses from the facility and, if it would, to advise Defendants of the same.  If the infusion facility provides Product ID Information, Defendants shall provide counsel for Plaintiff and Plaintiffs' Liaison Counsel a copy of the response from the infusion facility within seven (7) days of receipt of the Product ID Information.  If such evidence satisfies the showing set forth in Paragraph 6 of this Order, Plaintiff shall comply with Paragraphs 7 and 9.

a.     If the infusion facility requires payment either before or after the production of such records, Defendants shall promptly notify the Plaintiffs and

Plaintiffs shall bear the cost of such payment.[5] The parties shall coordinate with each other and the infusion facility to effectuate such payment.

b.   Defendants shall use the authorization provided as an attachment to Plaintiff's PFS in the form authorized by Rec. Doc. 236-1 and if an authorization has not been uploaded, Defendant shall so notify Plaintiff and Plaintiff shall promptly provide a valid authorization.  If Defendants' request for Product ID Information is rejected by the infusion facility due to a deficient or invalid authorization, Defendants shall notify Plaintiff of the rejection by providing Plaintiff with a copy of the rejection notice; Plaintiff shall then promptly provide Defendants with an updated authorization that addresses each identified deficiency.  Once Plaintiff provides an updated authorization to Defendants, Defendants shall re-submit their request for Product ID Information using the updated authorization.

c.   If the infusion facility directs Defendants to a different facility, department, or location ("Different Facility") to obtain Product ID Information, Defendants shall notify Plaintiff within fourteen (14) days of receiving such notice by providing Plaintiff with a copy of such notice.  If Plaintiff did not request Product ID Information from such Different Facility, Plaintiff shall re-issue her request to such Different Facility by taking the steps outlined in paragraphs 1 and 2 above within fourteen (14) days of receipt of notice

---

[5]   Plaintiffs are not required to satisfy prepayment requests from a facility for records that are duplicative of previously obtained records or records that do not contain Product ID information, but the onus will be on Plaintiffs to investigate and demonstrate that such conditions are met if refusing to pay.

of the Different Facility.  If Plaintiff did request Product ID Information

from such Different Facility, Defendants shall re-issue their request to such

Different Facility by taking the steps outlined in Paragraph 4 within fourteen

(14) days of receipt of notice of the Different Facility.

d.  Should the infusion facility fail to provide the Defendants with Product ID

Information within thirty (30) days of Defendants' letter to the infusion

facility,[6] Defendants shall provide counsel for Plaintiff a copy of the request

letter to, and any responses from, the infusion facility within fourteen (14)

days.

5.  Within thirty (30) days of Plaintiff receiving notice that named Defendant(s) do not

possess Product ID Information after Defendants have taken the steps set forth in the preceding

paragraph, Plaintiff shall issue a subpoena[7] requiring the infusion facility to release Product ID

Information.[8]  Plaintiff shall provide a copy of the subpoena pursuant to FRCP 45, through Defense

Liaison Counsel (John Olinde –505b2liaison@chaffe.com and Douglas Moore –

noproductid@shb.com) and the contact person[9] for the Defendant(s) named and served in the

lawsuit.  If the infusion facility fails to comply with the subpoena, the Court shall take appropriate

action including a Show Cause Order and/or setting a hearing on a motion to compel.

6.  The following information is presumed sufficient evidence to establish the identity

---

[6]    Or within thirty (30) days of Defendants' letter to the Different Facility, if triggered by the preceding
paragraph (c), whichever is later.

[7]    Without waiver of any protections afforded third parties under FRCP 45 and upon prior confirmation from
the facility of consent to alternate service, the subpoena may be served via both Express Courier which has
tracking information (i.e., FedEx or UPS) or and certified mail, as a satisfaction of in lieu of personal service.

[8]    Without waiver of any protections afforded third parties under FRCP 45 and in an effort to reduce the costs
of this process, the infusion facility may be encouraged by the Plaintiff to produce responsive documents via
electronic production to Plaintiffs' counsel, rather than physical production within 100 miles of the infusion
facility.

[9]    *See* Exhibit A.

of the manufacturer(s) or labeler of docetaxel in this MDL:

      a.    National Drug Code ("NDC") numbers contained in a patient's medical, pharmacy, billing or insurance records; or

      b.    A Statement Regarding Chemotherapy Drug Administered ("Statement") identifying the manufacturer(s) or labeler of the drug administered to Plaintiff and the correct dates of treatment, certified and signed by an authorized person on behalf of the patient's infusion pharmacy, treatment facility, or other authorized health care professional, provider, or insurance carrier. Such Statement need not be notarized and can be in the form of the Statement attached hereto as Exhibit B. An "authorized person" must be an infusion pharmacist or other person who regularly keeps or reviews records of patient treatment in the course of employment by the Plaintiff's infusion facility, medical facility or health insurance company.

      c.    Medical and/or billing records showing that docetaxel was administered prior to March 8, 2011, is evidence that the docetaxel was manufactured by sanofi.

7.     If any party obtains Product ID Information at any time during this MDL proceeding, that party shall notify all other named parties within thirty (30) days of receipt of obtaining the Product ID Information.   Within thirty (30) days of obtaining Product ID Information, Plaintiff shall upload such evidence to MDL Centrality under the "Product Identification" document type field of MDL Centrality.

8.     Where Plaintiff has submitted Product ID Information as defined in Paragraph 6, Defendants in MDL 2740 will not dispute such evidence without offering testimonial or

documentary evidence to rebut the presumption. If any party obtains contrary testimonial or documentary evidence regarding Product ID Information ("contrary evidence"), it shall notify counsel for all named parties of the existence of such evidence within seven (7) days of its discovery. In all cases subject to a trial scheduling order, any contrary evidence obtained must be produced by the close of Phase I discovery. Otherwise, once a case is identified in a trial scheduling order and after the close of Phase I discovery, the existing Product ID Information will be deemed affirmative evidence of the identity of the manufacturer or labeler of a plaintiff's docetaxel, absent good cause shown.[10]

9.     Within thirty (30) days of the date Plaintiff uploads the Product ID Information for all docetaxel infusions to MDL Centrality, Plaintiff shall voluntarily dismiss any and all named Defendants not identified by the Product ID Information.

a.     The Form Dismissal to be used by Plaintiffs is attached as Exhibit C. This form, which requires a signature by plaintiffs' counsel only, shall be used to effectuate dismissals pursuant to this Order, notwithstanding the requirements of FRCP 41, and PTOs 15 (Rec. Doc. 230) and 54 (Rec. Doc. 671), which may require additional signatures by parties who have been served to effectuate dismissals pursuant to those provisions.

b.     Plaintiffs should also submit an Amended PFS to update Section III.1, 2, and 3 to reflect the correct defendant(s) and remove the defendants that are dismissed in connection with this Order.

c.     Defendants previously named and/or served on Plaintiff's Short Form Complaint hereby reserve any and all defenses that existed up to the time of

---

[10]     For all cases identified under CMO 14, Paragraph 3, contrary evidence must be produced prior to the close of Phase II discovery.

filing such dismissal.

d.      Plaintiffs acknowledge that Defendants have not confirmed the sufficiency of any product identification obtained and agree that Defendants retain their right to timely dispute product identification pursuant to Paragraph 8 above. Defendants acknowledge that if a Defendant disputes Product ID Information pursuant to Paragraph 8 above, the Plaintiff retains the right to reinstate her claims against any dismissed Defendant pursuant to Federal Rule of Civil Procedure 60(b)(6).

e.      To the extent Plaintiffs need to contact Defendants in connection with the procedure provided in Paragraph 9 specifically, plaintiff should use the contact information provided for each Defendant in Exhibit A.

10.     If Plaintiff fails to seek voluntary dismissal of any Defendant not identified by the Product ID Information within thirty (30) days of the date Plaintiff uploads such evidence for all docetaxel infusions to MDL Centrality, such Plaintiff's claims against said Defendants not identified by the Product ID information may be subject to dismissal pursuant to PTO No. 22A after the procedural steps set forth in PTO No. 22A are satisfied.

11.     Any Plaintiff who has served or will serve a PFS and failed or fails to comply with the requirements of Paragraphs 1-3 or Paragraph 5, shall be subject to dismissal pursuant to PTO No. 22A after the procedural steps set forth in PTO No. 22A are satisfied.

12      Any Plaintiff who lacks Product ID Information after complying with Paragraphs 1-5 of this Order shall be authorized to conduct discovery to the relevant infusion facility, distributor, and healthcare providers, limited in scope solely to determine Product ID Information, for a period of no more than one-hundred and twenty (120) days from the issuance date on the

subpoena issued pursuant to Paragraph 5 of this Order, or, in cases where such subpoenas have already been issued, within 120 days of entry of this Order, whichever is later, regardless of whether a response is provided by the infusion facility.  If any firm needs to conduct discovery pursuant to this provision for more than 25 Plaintiffs, it shall identify to Defendants sets of 25 Plaintiffs whose deadlines shall be extended by successive 30-day periods so that no firm is required to take more than 25 deposition pursuant to this Order in a calendar month. If Product ID Information is not determined following the 120-day (or staggered, if applicable) period set forth above, the issue may be brought to the attention of the Court for appropriate adjudication.

New Orleans, Louisiana, this 24th day of July, 2018.

JANET T. MILAZZO
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| | |
|---|---|
| Julie A. Callsen Brandon D. Cox TUCKER ELLIS LLP 950 Main Avenue, Suite 1100 Cleveland, OH 44113-7213 Telephone: 216-592-5000 Facsimile: 216-592-5009 noproductid@tuckerellis.com | *Counsel for Defendant Accord Healthcare Inc.* |
| R. Clifton Merrell Evan Holden GREENBERG TRAURIG, LLP Terminus 200 3333 Piedmont Road NE, Suite 2500 Atlanta, GA 30305 Telephone: 678-553-2100 Facsimile: 678-553-2100 Sandoz-Taxotere-ProdID@gtlaw.com | *Counsel for Defendant Sandoz, Inc.* |
| Mara Cusker Gonzalez Sara Roitman Dechert LLP Three Bryant Park 1095 Avenue of the Americas New York, NY 10036 Main: 212-698-3500 Fax: 212-698-3599 docetaxelproductid@dechert.com | *Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc., and Pfizer Inc.* |
| Chris Kaufman SHOOK, HARDY& BACON L.L.P. 2555 Grand Boulevard, Kansas City, MO 64108 Telephone: 816-474-6550 Facsimile: 816-421-5547 noproductid@shb.com | *Counsel for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.* |

Erin M. Bosman
Julie Y. Park
MORRISON & FOERSTER LLP
12531 High Bluff Dr.
San Diego, CA 92130-2040
Telephone:  858-720-5100
Facsimile:  858-720-5125
noproductid@mofo.com

***Counsel for Defendant McKesson
Corporation d/b/a McKesson Packaging
Service***

Geoffrey M. Coan
Kathleen E. Kelly
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone:  617-213-7000
Facsimile:  617-213-7001
docenoprodid@hinshawlaw.com

***Counsel for Defendant Sun
Pharmaceutical Industries, Inc. f/k/a
Caraco Pharmaceutical Industries,
Ltd.***

Kimberly L. Beck
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone:  513-698-5064
Facsimile:  513-698-5065
kbeck@ulmer.com

***Counsel for Defendant Actavis Pharma,
Inc.***

## EXHIBIT B

## STATEMENT REGARDING CHEMOTHERAPY DRUG ADMINISTERED

PATIENT NAME: _____

DATE OF BIRTH: _____/ _____/ _____          SSN: _____/ _____/ _____

### TO BE COMPLETED BY REPRESENTATIVE OF ONCOLOGIST/INFUSION CENTER

***PLEASE MARK THE NDC FOR THE TAXOTERE/DOCETAXEL ADMINISTERED ***

**SANOFI AVENTIS US LLC**
- ☐ 0075-8001-80
- ☐ 0075-8001-20
- ☐ 0075-8003-01
- ☐ 0075-8004-04

**SANOFI AVENTIS US LLC d/b/a WINTHROP US**
- ☐ 0955-1020-01
- ☐ 0955-1021-04
- ☐ 0955-1022-08

**HOSPIRA, INC.**
- ☐ 0409-0201-02
- ☐ 0409-0201-10
- ☐ 0409-0201-20
- ☐ 0409-0201-25
- ☐ 0409-0201-26
- ☐ 0409-0201-27
- ☐ 0409-0366-01
- ☐ 0409-0367-01
- ☐ 0409-0368-01
- ☐ 0409-0369-01

**McKESSON PACKAGING SERVICES**
- ☐ 63739-932-11
- ☐ 63739-971-17

**SANDOZ INC.**
- ☐ 66758-050-01
- ☐ 66758-050-02
- ☐ 66758-050-03
- ☐ 66758-950-02
- ☐ 66758-950-03
- ☐ 66758-950-04

**ACCORD HEALTHCARE, INC.**
- ☐ 16729-120-49 KIT
- ☐ 16729-228-50 KIT
- ☐ 16729-231-63
- ☐ 16729-231-64
- ☐ 16729-231-65
- ☐ 16729-267-63
- ☐ 16729-267-64
- ☐ 16729-267-65

**SAGENT PHARMACEUTICALS**
- ☐ 25021-222-01
- ☐ 25021-222-04
- ☐ 25021-222-07
- ☐ 25021-245-01
- ☐ 25021-245-04

**PFIZER LABORATORIES**
- ☐ 0069-9141-11
- ☐ 0069-9141-22
- ☐ 0069-9141-33
- ☐ 0069-9142-11
- ☐ 0069-9142-22
- ☐ 0069-9142-33
- ☐ 0069-9143-22
- ☐ 0069-9143-33
- ☐ 0069-9144-11
- ☐ 0069-9144-22
- ☐ 0069-9144-33

**ACTAVIS PHARMA, INC.**
- ☐ 45963-734-52
- ☐ 45963-734-54
- ☐ 45963-734-74
- ☐ 45963-765-52
- ☐ 45963-781-74
- ☐ 45963-790-56

**DR REDDYS LAB LTD.**
- ☐ 43598-258-11
- ☐ 43598-259-40

**TEVA PHARMS USA**
- ☐ 0703-5720-01
- ☐ 0703-5730-01

**NORTHSTAR RX LLC**
- ☐ 16714-465-01
- ☐ 16714-500-01

**EAGLE PHARMACEUTICALS**
- ☐ 42367-121-25
- ☐ 42367-121-29

**SUN PHARMACEUTICAL INDUSTRIES, INC.**
- ☐ 47335-285-41
- ☐ 47335-286-41

☐ **PATIENT WAS NOT ADMINISTERED TAXOTERE/DOCETAXEL**

**PATIENT**
☐ **WAS  /  ☐ WAS NOT ADMINISTERED TAXOL/PACLITAXEL**

13

_____/_____/ _____          _____/_____/ _____

           _____

DATE OF FIRST TREATMENT         DATE OF LAST TREATMENT        # OF DOSES

_____          _____

SIGNATURE OF REPRESENTATIVE OF          NAME  OF  PRACTICE/INFUSION  CENTER
PRACTICE/INFUSION CENTER

_____          _____

PRINTED NAME & TITLE OF REPRESENTATIVE     ADDRESS

_____          _____

DATE                               CITY, STATE, ZIP

14

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>JUDGE MILAZZO<br>MAG. JUDGE NORTH<br><br>**NOTICE OF PARTIAL DISMISSAL WITH PREJUDICE AS TO ALL EXCEPT [Defendant(s) for whom Plaintiffs have obtained product identification]**<br><br>Civil Action No.: 2:XX-cv-XXXXX |
| THIS DOCUMENT RELATES TO: | |

Pursuant to CMO 12A, Plaintiff dismisses with prejudice all previously named defendants in this matter except [defendant(s) for whom plaintiffs have obtained product identification], each party to bear its own costs.  Plaintiff seeks this partial dismissal pursuant to paragraph 9 of Case Management Order No. 12 (Rec. Doc. 1506).  Plaintiff's claims against the remaining defendants are not dismissed, or otherwise affected, by this Notice of Partial Dismissal with Prejudice.   If warranted under the circumstances, Plaintiff may seek relief from this dismissal of claims pursuant to Federal Rule of Civil Procedure 60(b)(6).

Dated this _____ day of _____, 2018

[Plaintiff's counsel's signature block]

15

## CERTIFICATE OF SERVICE

     I hereby certify that on _____, ___, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

     DATED: _____, ___, 2018     /s/_____

16

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)        )          MDL No. 16-2740
PRODUCTS LIABILITY LITIGATION   )
                                                        )          SECTION: "H" (5)
                                                        )
THIS DOCUMENT RELATES TO:        )
ALL ACTIONS                                       )

**PRETRIAL ORDER NO. 22A**
**(SHOW CAUSE ORDER PROCESS FOR DISMISSAL OF CASES)**

This Order modifies Amended Pretrial Order No. 22 (Rec. Doc. 325) ("PTO 22")[1],
paragraph 5, with respect to the procedure for show cause orders and governs the Defendants'
requests for dismissal of the Complaint of any Plaintiff who allegedly fails to submit a complete
and verified PFS.

1.        This Order applies to any Plaintiff who does not comply with the requirements of
PTO 22, Paragraphs 2-3 and Paragraphs 5-6 by providing a complete and verified PFS, signed and
dated Authorizations, and all responsive documents requested in the PFS within the time periods
set forth therein;

2.        In any such instance where thirty (30) days have passed, Defendants may serve a
Notice of Non-Compliance upon Plaintiffs' Liaison Counsel.   The Notice of Non-Compliance
shall be in spreadsheet format and shall include columns for the last name of the plaintiff, the first
name of the Plaintiff, the case number, the date the complaint was filed, the name and contact

---

[1]  Specifically, the following language from paragraph 5 of PTO 22 is superseded by this Pretrial Order:

*Afterwards, Defendants may add the name and case number of any Plaintiff who fails to cure deficiencies within the
thirty-day cure period to the Agenda for the next Status Conference. No briefing is required. Any Plaintiff who remains
deficient at the time of that Status Conference will be subject to an Order to Show Cause, returnable at the following
Status Conference, which will require Plaintiff to show cause why her Complaint should not be dismissed with
prejudice.*

information of the Plaintiff's counsel, the Plaintiff's MDL Centrality number, and a description of the discovery non-compliance.

3.      Within thirty (30) days of being identified on a Notice of Non-Compliance, each Plaintiff must serve Defendants with the complete and verified disclosures, along with the requisite responsive documents for PTO 22 by uploading such evidence to the applicable document-type field on MDL Centrality. Each Plaintiff shall at the same time confirm compliance by email to the counsel identified in attached Exhibit A and Plaintiffs' Liaison Counsel.  During this thirty (30) day period, the parties shall meet and confer through Plaintiffs' Liaison Counsel, or their designee, with Defendants' Liaison Counsel, or their designee.

4.      Any Plaintiff who remains non-compliant with Paragraph 3 above, may be placed on the call docket by the Defendants subject to possible dismissal with prejudice or other appropriate relief.  The call docket will be taken up after the status conferences, which date will be published by the Court on the Court's website.  No later than fourteen days before the call docket, Defense Liaison Counsel shall file the list of the cases by name and number subject to dismissal under this order.  There shall be no briefing by any party.  At the hearing, Liaison Counsel or their designees will advise the Court of any cases that may be removed from the list by agreement.  At the call docket, each party will have the opportunity to address the Court, in person or via telephone, or through Liaison Counsel or its designee, regarding the matter.  Any Plaintiff who fails to appear at the call docket and establish good cause for the failure to make discovery disclosures as required herein, may have her case dismissed with prejudice, or be subject to any other such relief as the Court may order.

5.      The Court will employ this same show cause procedure with regard to the alleged violations by the Plaintiffs of CMO 12A and PTO 71A, when the Court so directs.

New Orleans, Louisiana this 24th day of July, 2018.

HON. JANE T. MILAZZO
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| | |
|---|---|
| Julie A. Callsen<br>Brandon D. Cox<br>TUCKER ELLIS LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH 44113-7213<br>Telephone:  216-592-5000<br>Facsimile:  216-592-5000<br>noproductid@tuckerellis.com | *Counsel for Defendant Accord Healthcare Inc.* |
| R. Clifton Merrell<br>Evan Holden<br>GREENBERG TRAURIG, LLP<br>Terminus 200<br>3333 Piedmont Road NE, Suite 2500<br>Atlanta, GA 30305<br>Telephone:  678-553-2100<br>Facsimile:  678-553-2100<br>Sandoz-Taxotere-ProdID@gtlaw.com<br>insognan@gtlaw.com<br>higginsa@gtlaw.com | *Counsel for Defendant Sandoz, Inc.* |
| Mara Cusker Gonzalez<br>Sara Roitman<br>DECHERT LLP<br>Three Bryant Park 1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone:  212-698-3500<br>Facsimile:  212-698-3599<br>DocetaxelProductID@dechert.com | *Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, formerly doing business as Hospira Worldwide, Inc. and Pfizer Inc.* |
| Chris Kaufman<br>SHOOK, HARDY & BACON L.L.P.<br>2555 Grand Boulevard<br>Kansas City, MO 64108<br>Telephone:  816-474-6440<br>Facsimile:  816-421-5547<br>noproductid@shb.com | *Counsel for Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc.* |

| | |
|---|---|
| Erin M. Bosman<br>Julie Y. Park<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Dr.<br>San Diego, CA 92130-2040<br>Telephone:  858-720-5100<br>Facsimile:  858-720-5125<br>noproductid@mofo.com | ***Counsel for Defendant McKesson Corporation d/b/a McKesson Packaging Service*** |
| Geoffrey M. Coan<br>Kathleen E. Kelly<br>HINSHAW & CULBERTSON LLP<br>53 State Street, 27th Floor<br>Boston, MA 02109<br>Telephone:  617-213-7000<br>Facsimile:  617-213-7001<br>docenoprodid@hinshawlaw.com | ***Counsel for Defendant Sun Pharmaceutical Industries, Inc. f/k/a Caraco Pharmaceutical Laboratories, Ltd.*** |
| Michael J. Suffern<br>Kimberly L. Beck<br>ULMER & BERNE LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, OH 45202<br>Telephone:  513-698-5064<br>Facsimile:  513-698-5065<br>cmo12@ulmer.com | ***Counsel for Defendant Actavis Pharma, Inc.*** |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: "H" (5) |
| | ) | |
| This document relates to all cases | ) | |

### PRETRIAL ORDER NO. 81

**IT IS ORDERED** that the next general status conference is **SET** for **September 27, 2018, at 10:00 a.m.** in Judge Milazzo's courtroom (C224). It shall be preceded by a meeting with liaison and lead counsel at 8:30 a.m. The Court will set up a conference line for the status conference to be disseminated at a later date.

New Orleans, Louisiana this 21st day of August, 2018.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**